**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | ) | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | ) | **Consolidated Civil Action No. 1:04-cv-01639**<br>**Judge Richard J. Leon** |

**DEFENDANT FRANKLIN D. RAINES'S MOTION FOR CLARIFICATION OF THE COURT'S MARCH 13, 2007 ORDER RE DEADLINES FOR COMPLIANCE WITH CERTAIN *SUBPOENAS DUCES TECUM* TO THE OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT**

Defendant Franklin D. Raines moves for clarification of the Court's March 13, 2007 Order regarding the deadlines for compliance with certain *subpoenas duces tecum* to the Office of Federal Housing Enterprise Oversight ("OFHEO").

Pursuant to Local Civil Rule 7(m), counsel for Mr. Raines has conferred by telephone with counsel for OFHEO prior to filing this motion. OFHEO opposes this motion.

Accordingly, Mr. Raines seeks the requested relief. A proposed order is attached.

Dated: March 14, 2007

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Kevin M. Downey
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Daniel N. Marx (D.C. Bar No. 496786)
725 Twelfth Street, NW
Washington, DC 20005
202-434-5000 (phone)
202-434-5029 (facsimile)
*Counsel for Defendant Franklin D. Raines*

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2007, I electronically filed the foregoing Defendant Franklin D. Raines's Motion for Clarification of the Court's March 13, 2007 Order re Deadlines for Compliance with Certain *Subpoenas Duces Tecum* to the Office of Federal Housing Enterprise Oversight using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ Daniel N. Marx______________________
Daniel N. Marx

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | ) ) ) ) ) ) | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | ) ) ) ) ) | **Consolidated Civil Action No. 1:04-cv-01639**<br><br>**Judge Richard J. Leon** |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT FRANKLIN D. RAINES'S MOTION FOR CLARIFICATION**
**OF THE COURT'S MARCH 13, 2007 ORDER**
**RE DEADLINES FOR COMPLIANCE WITH CERTAIN *SUBPOENAS DUCES TECUM***
**TO THE OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT**

Despite the Court's admonition, at the recent status conference, that OFHEO must "get the job done," Hr'g Tr. (Mar. 2, 2007) at 45:11-12 (excerpts attached as Ex. 1), OFHEO has sought, and been granted, two further extensions of the discovery deadlines in this matter: (1) an extension until April 16, 2007, of the March 12, 2007 deadline for the production of documents responsive to our fourth priority requests, and (2) an extension until April 30, 2007, of the already extended April 16, 2007 deadline for a privilege log of documents withheld from the fourth installment of OFHEO's document production,[1] *see* Order (Mar. 13, 2007) [minute order granting Dkt. No. 363]; OFHEO's Motion for Extension of Time To Comply with Order Requiring Responsive Production in Connection with Certain *Subpoenas Duces Tecum* (Mar. 9, 2007) [Dkt. No. 363] ("OFHEO Mot.").

[1] The Court originally set a deadline of March 12, 2007, for the privilege log of documents withheld from the fourth installment of OFHEO's document production. *See* Order (Nov. 6, 2006) [Dkt. No. 275]. The Court then extended that deadline to April 16, 2007. *See* Hr'g Tr. (Mar. 2, 2007) at 43:16-20; 46:7-10.

We move for clarification of the Court's March 13, 2007 Order regarding the deadlines for OFHEO's compliance with our June 18 and 24, 2006 subpoenas, because we are concerned that OFHEO has also implicitly sought, and will claim to have been granted, a *third extension* of indefinite duration for the production of electronically stored information ("ESI") and privilege logs related to the same.

OFHEO has sought as many as ten extensions of time in this discovery litigation, yet only once before have we opposed OFHEO's request. We opposed OFHEO's most recent request for further extensions principally because of the agency's conduct with regard to ESI: OFHEO has failed to address in any meaningful way this significant outstanding discovery issue.[2]

The subpoenas that we served on the agency eight months ago, in July 2006, plainly call for the production of ESI, such as email communications, *see* Subpoena to James Lockhart, III, *In re Fannie Mae Sec. Litig.*, No. 04-cv-1639 (RJL) (D.D.C. July 18, 2006) (broadly defining "document" to include ESI) (attached as Ex. 3); Subpoena to James Lockhart, III, *In re Fannie Mae Sec. Litig.*, No. 04-cv-1639 (RJL) (D.D.C. July 24, 2006) (same) (attached as Ex. 4), a fact that OFHEO has only recently conceded, *see* OFHEO Mot. at 4. Initially, however, OFHEO flatly refused to collect, review or produce responsive ESI. Only two months ago, in early January 2007, did OFHEO begin to recognize its obligations, under the Court's November 6, 2006 Order, to comply fully with our subpoenas. Yet since that time, OFHEO has not made any

[2] When asked by OFHEO's counsel whether we would oppose OFHEO's motion for further extensions, we specifically inquired whether the requested extensions covered ESI, such that we would receive all of OFHEO's documents, including ESI, by April 16, 2007, and privilege logs for all of the withheld materials, including any ESI, by April 30, 2007. We opposed OFHEO's motion for extensions of time largely because OFHEO's response to our inquiry failed to provide any clarity on this important issue, *see* Email from John C. Truong to Daniel N. Marx (Mar. 8, 2007) (attached as Ex. 2), and effectively conceded what OFHEO then acknowledged in its motion: the agency believes that ESI is somehow beyond the Court's November 6, 2006 Order and that, therefore, the agency need not produce responsive ESI by any existing deadline.

significant progress toward compliance. In its own motion, OFHEO conceded that, to date, it has not done anything to restore and retrieve such responsive information. *See* OFHEO Mot. at 4-5. As of today, not a single page of responsive email, stored electronically in OFHEO's computer systems, has been produced or described on a privilege log.[3] This is so even though, as the Court is well aware, the Court has intervened extensively and imposed mandatory deadlines for OFHEO's compliance with our subpoenas.

Notwithstanding the assertions in OFHEO's motion and the supporting declaration of Deputy General Counsel David Felt, *see* OFHEO Mot. at 4; Felt Decl. ¶ 14, we have never agreed that the Court's discovery deadlines do not apply to OFHEO's ESI. Nor have we ever consented to OFHEO "bifurcat[ing] its search for, and production of, documents into two distinct processes: hard copy documents in the possession of OFHEO personnel; and electronic documents stored on OFHEO's computer systems, backup tapes and otherwise stored offsite," Felt Decl. ¶ 2, such that ESI is not governed by any court order or due by any fixed deadline. To the contrary, despite OFHEO's initial charge that our ESI request was "ludicrous" and its later insistence that it could not—and, thus, would not—produce ESI by March 12, 2007, we have never waived our right to demand the agency's complete and timely production of *all* documents in response to our subpoenas, as required by the Court's November 6, 2006 Order.[4]

---

[3] OFHEO has produced limited email that was apparently printed out and maintained in hard copy in agency files. But such email, despite its electronic origins, is simply a paper document, not ESI, as that term is understood in modern discovery parlance. *See* Fed. R. Civ. P. 34(a); *id.*, advisory committee notes (2006 amends).

[4] We have struggled mightily to understand how OFHEO could harbor such a remarkable misimpression. That task is complicated by the fact that neither OFHEO's motion nor Mr. Felt's declaration cites any actual agreement, whether in a letter, email or other correspondence. By way of contrast, when the parties brokered a deal regarding OFHEO's blanket confidentiality designations and assertions of the examination privilege, a letter agreement was executed and filed with the Court. *See* Letter from Alex G. Romain to John C. Truong (Feb. 9, 2007) (attached as Ex. 5) (previously filed as Ex. 1 to Motion to Withdraw Defendant Franklin D.

Ironically, OFHEO's motion lauded the agency for only now beginning to assess what the collection of such documents would entail. *See* OFHEO Mot. at 4. In fact, pursuant to the Court's November 6, 2006 Order, certain responsive documents that OFHEO stores electronically should have been produced three months ago, and all such documents should have been produced by yesterday.[5]

Moreover, the ESI assessment that OFHEO submitted to the Court as an exhibit to its motion is emblematic of the agency's contemptuous conduct. Put simply, the assessment grossly overestimates the cost and time for OFHEO's ESI production in response to our subpoenas and does so in a fashion so pronounced as to suggest bad faith. The Court need only compare what we have actually asked OFHEO to do, in our correspondence to OFHEO's counsel, *see* Letter from Alex G. Romain to John C. Truong (Feb. 18, 2007) (attached as Ex. 6) (providing "specific guidance" in order "[t]o minimize the burden on OFHEO"), with what OFHEO complains would be required to comply with our subpoenas. Demonstrably overstating the relevant figures, OFHEO's assessment refers to searches:

- for all types and formats of ESI (including Excel spreadsheets, Powerpoint presentations and Word or WordPerfect documents), even though we have limited our request to only emails stored on OFHEO's active email server, archived to PST, or stored on backup tapes;

- of 70 custodians, even though we have limited our request to only 10 specific individuals, whom we identified for OFHEO almost one month ago; and

---

Raines's Motion for an Order to Show Cause Why OFHEO Should Not Be Held in Contempt of the Court's November 6, 2006 Order (Feb. 9, 2007) [Dkt. No. 346]). Thus, we are left wondering whether OFHEO has attempted to take advantage of our sincere efforts to cooperate regarding ESI as an indication that we have acquiesced in its non-compliance with the Court's Order. We have not.

[5] The Court's March 13, 2007 Order has extended the March 12, 2007 deadline for the fourth and final installment of OFHEO's production until April 16, 2007, so all ESI should now be produced by that date.

- without any date limitations, even though we have limited our request to only discrete date ranges for each of the 10 custodians whom we identified;

In the same vein, OFHEO's assessment blatantly inflates the anticipated burden associated with attorney review of the agency's ESI production by referring to the total volume of ESI, notwithstanding the assessment's own estimate that as many as 92% of the documents are duplicative and, thus, can be eliminated by using computer software without requiring any attorney review.[6]

Based on this assessment, OFHEO cannot in good faith represent to us – or, more importantly, to the Court – the estimated burden of producing or logging on a privilege log the ESI that the defendants have requested. Nor can OFHEO identify a date certain by which the agency will be able to produce responsive ESI or log any privileged ESI. Thus, according to OFHEO, there is apparently *no final deadline* for its discovery in this litigation. Indeed, as it stands, OFHEO cannot even tell us when it will be prepared to set a final deadline for ESI. This is so even though the Court previously imposed deadlines for production of all documents and privilege logs, and deposition discovery is slated to begin in the first half of April.

What OFHEO has attempted to do in its request for further extensions – without explicitly so stating – is to gain the Court's and the parties' concurrence in multiple and consecutive periods of extended delay. Essentially, OFHEO proposes producing, for many months, the ESI that the agency deems responsive and non-privileged. It then proposes to take an additional multi-month period to log documents that it contends are privileged. That process will lead inevitably to motions practice concerning privilege logs and underlying privilege claims

---

[6] Because, despite our repeated requests in recent weeks, we received a copy of OFHEO's assessment less than two hours before OFHEO filed it as exhibit with the Court, we were denied any opportunity to raise our concerns with OFHEO directly. We have, however, raised our general concerns with OFHEO's counsel in telephone conferences yesterday and, again, today.

and, thus, delay this matter for many more months, if not years. Such a sequence cannot have been anyone's reasonable expectation when the Court ordered, four months ago, that OFHEO must complete production of its documents and privilege logs by yesterday, March 12, 2007. Nor should OFHEO be permitted, going forward, to interpret the Court's March 13, 2007 Order to permit such endless delay.

ESI is, of course, no minor detail in the discovery litigation between the defendants and OFHEO. We have demanded its production, as the Federal Rules entitle us to do, because we have reason to believe that, as in many cases in the modern information age, many of the most significant documents regarding the key issues in this case – documents supporting Mr. Raines's defenses to Plaintiffs' allegations – will be found only in OFHEO's ESI, *e.g.*, the email communications of OFHEO executive officers and examination personnel.[7]

For these reasons, we understand the Court's March 13, 2007 Order to have set a final April 16, 2007 deadline for the production of all remaining documents, including ESI, and also a final April 30, 2007 deadline for the production of any corresponding privilege logs. We will work diligently with OFHEO to assist the agency in meeting those deadlines.[8] If, however, the Court did not intend for the remaining deadlines to apply to ESI, then we seek a hearing regarding OFHEO's compliance with our subpoenas, with regard to ESI specifically, because once the pending April 2007 deadlines pass, there will be no governing court order and, thus, no applicable deadlines for OFHEO's outstanding electronic discovery.

---

[7] OFHEO's suggestion that its ESI is irrelevant to this case, *see* Felt Decl. ¶ 16, evidences the agency's inclination to exploit any ambiguity in the Court's March 13, 2007 Order to re-litigate issues, like relevance, that the Court resolved by granting our motion to compel four months ago.

[8] Almost immediately after receiving the Court's March 13, 2007 Order, we discussed with OFHEO's counsel various outstanding issues regarding ESI and set a date to meet and confer.

The lack of any final deadlines regarding ESI is entirely unacceptable for three reasons. First, given the centrality of OFHEO's role in this litigation and the importance to Mr. Raines's defenses of OFHEO's documents, including its ESI, any further delay would be prejudicial and unacceptable. Second, past experience proves that OFHEO will not respond to our subpoenas by producing or logging responsive documents unless it is subject to a court order – and the corresponding threat of sanctions for contempt. Third, the extensive discovery litigation to date has been, in a sense, merely prefatory. Only after OFHEO has complied fully with our subpoenas will the parties be positioned to engage in substantive litigation regarding the merit – or lack thereof – to OFHEO's privilege claims. We anticipate seeking the disclosure of documents, even if properly withheld under a qualified governmental privilege (*e.g.*, the deliberative process privilege), because Mr. Raines's need for OFHEO's documents to prepare his defense outweighs any conceivable interest in ongoing administrative secrecy.[9]

Therefore, we respectfully request clarification of the Court's March 13, 2007 Order regarding the deadlines for OFHEO's compliance with our subpoenas.

Dated: March 14, 2007

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

/s/ Kevin M. Downey
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Daniel N. Marx (D.C. Bar No. 496786)
725 Twelfth Street, NW
Washington, DC 20005
202-434-5000 (phone)
202-434-5029 (facsimile)
*Counsel for Defendant Franklin D. Raines*

[9] After all, as the Court has noted, "this is arguably one of the most publicly written-about, exposed, discussed issued in the business world in recent history." Hr'g Tr. (Oct. 20, 2006) at 60:15-17 (excerpts attached as Ex. 7).

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2007, I electronically filed the foregoing Memorandum in Support of Defendant Franklin D. Raines's Motion for Clarification of the Court's March 13, 2007 Order re Deadlines for Compliance with Certain *Subpoenas Duces Tecum* to the Office of Federal Housing Enterprise Oversight using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ Daniel N. Marx
Daniel N. Marx