**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | **Consolidated Civil No.:04-cv-01639 (RJL)** |

**NON-PARTY OFHEO'S RESPONSE TO DEFENDANT RAINES' MOTION**
**FOR CLARIFICATION OF THE COURT'S MARCH 13, 2007 ORDER**

On March 9, 2007, Non-Party Office of Federal Housing Enterprise Oversight ("OFHEO") filed its Motion For An Extension Of Time To Comply With Order Requiring Responsive Production In Connection With Certain Subpoenas Duces Tecum (the "Motion for an Extension of Time"). The Court granted OFHEO's Motion, which was opposed by Defendants, on March 13, 2007.

In the Motion for an Extension of Time, OFHEO catalogued the extensive efforts it has made toward completing its production of documents and fully complying with the subpoenas *duces tecum* served upon it in this action. OFHEO also stated, *inter alia*, that (1) it would produce all documents and privilege logs responsive to Defendants' Second Priority Requests on or before March 12, 2007, (2) it would complete its reasonable search of paper documents and produce all non-privileged paper documents responsive to Defendants' subpoenas on or before April 16, 2007, and that (3) it would complete the privilege log for those documents on or before April 30, 2007.[1]

[1] OFHEO produced documents in response to Defendants' Third Priority Request and there was no privilege log associated with this production.

As promised, on March 12, 2007, OFHEO delivered to all parties additional documents in response to the Defendants' Second Priority Requests and privilege logs describing in detail the documents that OFHEO withheld under claims of privilege. Further, OFHEO is working diligently and expending the necessary resources to make good on its promise to complete the production of paper documents on or before April 16, 2007, and to complete its privilege logs on or before April 30, 2007, which dates became part of the Court's March 13, 2007 Order.

OFHEO also informed the Court that the parties were cooperating to produce the electronically stored information ("ESI") responsive to the subpoenas. During that meet and confer process, on February 18, 2007, counsel for Mr. Raines sent to counsel for OFHEO a letter proposing 10 OFHEO personnel whose electronic mail would be mined pursuant to certain search terms, and also proposing those search terms. Counsel for Mr. Raines wrote on behalf of all Defendants. During the meet and confer sessions subsequent to the February 18, 2007 letter, while the parties were still negotiating in good faith to determine a course of action for the electronic document production and before OFHEO commissioned the assessment of its information systems, OFHEO sought to finalize the scope of Defendants' electronic document requests based on the February 18, 2007 letter. At the time, Defendants were unwilling to make such a commitment and expressly reserved their rights (to the extent they have any) to expand the scope of the electronic document search. It was the understanding of all parties involved, however, that the Court's production deadline of March 12, 2007, did not apply to the production of ESI.

Thereafter, as set forth in OFHEO's Motion for an Extension of Time, OFHEO contracted with Forensic Consulting Solutions ("FCS") for the assessment of OFHEO's information systems. A copy of the assessment was attached to the Motion for an Extension of Time. Because Defendants refused to commit to a final protocol for the search of

electronic documents, or to commit to paying for any of this very expensive process, OFHEO moved forward with the assessment under the assumption that Defendants would pursue their original, broad, and burdensome electronic document requests. Indeed, Defendants had given OFHEO no reason to believe otherwise.[2]

Given the ongoing meet and confer process regarding the ESI, and the fact that Defendants did not formally designate the scope of the electronic data for production until February 18, 2007, OFHEO was shocked to read Mr. Raines' Motion for Clarification of the Court's March 13, 2007 Order ("Motion for Clarification"), filed yesterday. In that Motion, Mr. Raines proposes that the deadline for all document production from OFHEO – including ESI – was March 12, 2007, now April 30, 2007.[3] This assertion is contrary to every effort that OFHEO has made to cooperate with Defendants during the past several months.

The fact of the matter is that Mr. Raines has decided to raise this issue with OFHEO for the first time in conjunction with his Motion for Clarification filed yesterday. OFHEO's position on electronic discovery has been extremely transparent for several months: OFHEO was proceeding with its search, review, and production of responsive, non-privileged hard-copy documents while the good faith negotiations regarding electronic discovery continued. Not once during any of the meetings and teleconferences concerning the ESI production has any Defendant insisted that electronic discovery be completed by March 12, 2007. In fact, when the issue was raised by OFHEO at the meet and confer session held on February 26,

---

2 The February 18, 2007 letter from counsel for Mr. Raines expressly states "We reserve the right to amend the search terms or construct new searches."

3 Defendant's claim that OFHEO has "sought as many as ten extensions of time in this discovery litigation, and yet only once before [they] opposed OFHEO's request." This is untrue. Prior to the current Motion for An Extension of Time, OFHEO has only once asked the Court to extend the deadlines for it to produce documents and the associated privilege logs. See Jan. 11 , 2007 Motion for Extension (Dkt. No. 324). Defendants vehemently opposed that motion. See Dkt. No. 327. Defendants also opposed the current Motion for Extension.

2007, OFHEO was assured point blank that the electronic discovery process is and has been subject to the continuing good faith negotiations and not subject to the Court's prior deadlines. Further, Mr. Raines failed to raise this issue in any of his previous filings regarding discovery in this matter, whether seeking sanctions or OFHEO's compliance with the Protective Order.

In an effort to resolve this issue outside of Court, OFHEO contacted counsel for Mr. Raines yesterday after receiving his Motion for Clarification. Although Mr. Raines would not agree to withdraw his motion or to a later deadline, OFHEO and Mr. Raines, presumably on behalf of all Defendants, were able to commit to a protocol for the search and collection of electronic documents. Mr. Raines agreed to use his February 18, 2007 letter as the final protocol for ESI production. This agreement will enable OFHEO, in the very near future, to inform all parties and the Court of the estimated cost and timeframe of the ESI production. In fact, the parties are scheduled to confer on March 21, 2007, at 1:00pm on ESI issues and, in advance of that meeting, the parties agreed to exchange additional information in an effort to refine the search for responsive documents. OFHEO has already contacted the necessary vendors to obtain a precise estimate of the cost of Mr. Raines' now final request for electronic documents.

Accordingly, OFHEO opposes Mr. Raines' instant motion to significantly shorten the time needed to respond to Defendants' requests for electronic documents. Although OFHEO is not in a position to propose an alternative date at this time, the agreement reached yesterday with Mr. Raines that defines the scope of ESI discovery will enable OFHEO, in the very near future and in conference with Defendants, to propose to the Court a reasonable and feasible timeframe for completing the production of electronic documents and the associated privilege logs.

Dated: March 15, 2007.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for OFHEO

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | **MDL No. 1668** |
| **In re Fannie Mae Securities Litigation** | **Consolidated Civil No. 1:04-cv-01639 (RJL)** |

ORDER

Upon consideration of Mr. Raines' Motion for Clarification of the Court's March 13, 2007 Order, OFHEO's Response thereto, and the entire record herein, it is this _____ day of ______, 2007,

ORDERED that Motion for Clarification of the Court's March 13, 2007 Order be and is hereby DENIED; and it is

FURTHER ORDERED that OFHEO confer with Defendants and, as soon as practicable, submit a proposed schedule governing the production of electronic documents and the associated privilege logs.

SO ORDERED.

______________________________
U.S. District Judge