# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

In re Fannie Mae Securities Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-cv-1639 (RJL)

TO: Office of Federal Housing Enterprise Oversight
1700 G Street, NW
Washington, DC 20552

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment

| PLACE    Mayer, Brown, Rowe & Maw LLP
1909 K Street, NW, Washington, DC 20006 | DATE AND TIME
2/27/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
_[signature]_  Attorney for Def. Leanne Spencer | DATE
2/6/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David S. Krakoff
Mayer, Brown, Rowe & Maw LLP, 1909 K Street, NW, Washington, DC 20006; (202) 263-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT TO SUBPOENA

### INSTRUCTIONS AND DEFINITIONS

1. As specified in Federal Rule of Civil Procedure 45(d), produce all documents within your possession, custody or control as they are kept in the usual course of business, or label and organize them to correspond with the appropriate request(s).

2. This subpoena is continuing in character so as to require you to provide supplemental responses and produce additional documents.

3. If any document is withheld under a claim of privilege or upon any other ground, as to each such document, please identify the privilege being asserted and provide information sufficient to permit the court to rule on your claim, including but not limited to the date, author(s), recipient(s) and a description of the document's contents.

4. If you claim that any request is beyond the scope of permissible discovery, specify each and every ground upon which such claim rests.

5. Draft or non-identical copies are to be considered separate documents for purposes of this subpoena.

6. The term "all" includes the terms "each" and "any," and vice versa. The singular shall include the plural, and the disjunctive shall include the conjunctive, and vice versa.

7. The term "document" is synonymous with the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and includes every conceivable form of communication, whether comprised of letters, words, numbers, pictures, sounds, symbols or any combination thereof, recorded in tangible form or capable of being produced in tangible form. This includes, but is not limited to, all writings and recordings, whether stored on paper or in any electronic media (such as computer files, hard drives, floppy disks, personal electronic devices, servers, backup tapes and the like). The term "document" also refers to all documents known or

available upon a reasonable search to you, your attorneys, accountants, agents, representatives, employees, subsidiaries or affiliates.

8. The terms "you," "your" or "OFHEO" mean the Office of Federal Housing Enterprise Oversight any of its present or former officers, employees, attorneys, accountants, advisers, consultants, agents or any other person or entity acting for, at the direction of, or on behalf of OFHEO.

9. The term "Fannie Mae" means the Federal National Mortgage Association, and each of its respective present and former officers, directors, employees, managing agents, partners, consultants, agents, attorneys, accountants, advisors, representatives and all other persons acting or purporting to act on their behalf.

10. The term "Paul Weiss" means Paul, Weiss, Rifkind, Wharton & Garrison LLP, and each of its present and former employees, partners, consultants, agents, attorneys, accountants, advisors, representatives and all other persons acting or purporting to act on their behalf.

11. The term "Government Agency" means any agency of the United States Government, including without limitation the Securities and Exchange Commission or the Department of Justice (including the Office of any United States Attorney), as well any officers, employees, advisers or consultants thereof.

12. The term "KPMG" means KPMG, KPMG International, and all current and/or former employees, accountants, officers, directors, partners, officials, and/or member firms of KPMG and/or KPMG International.

13. The term "Deloitte" means Deloitte & Touche LLP, Deloitte & Touche USA LLP, Deloitte & Touche Tohmatsu, and all current and/or former employees, accountants,

officers, directors, partners, officials, and/or member firms of Deloitte.

14. The term "Final Report" means the "Report of the Special Examination of Fannie Mae," issued by OFHEO on or about May 23, 2006.

15. The term "Interim Report" means the "Report of Findings to Date," issued by OFHEO on or about September 17, 2004.

16. The term "Special Examination" means the investigation and/or examination conducted by OFHEO into Fannie Mae's accounting practices, internal controls, financial reporting, corporate governance and other safety and soundness matters at Fannie Mae, as described in the Interim Report and/or the Final Report.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to Leanne G. Spencer generated or obtained in connection with the Special Examination.

2. All documents tending to support or refute any of the allegations, charges, contentions, assertions or characterizations regarding Leanne G. Spencer made in the Interim Report and/or the Final Report.

3. All documents produced or provided (by any entity other than Fannie Mae) to OFHEO in connection with the Special Examination.

4. All documents relating to communications between OFHEO and Paul Weiss related to Fannie Mae and/or the Special Examination.

5. All documents relating to communications between OFHEO and Fannie Mae regarding Leanne G. Spencer, including without limitation communications relating to possible legal claims by or against Leanne G. Spencer.

6. All documents relating to communications between OFHEO and Fannie Mae regarding possible legal claims by or against any current or former officers of Fannie Mae

relating to the matters addressed in the Special Examination.

7. All documents relating to communications between OFHEO and any individual or entity that was interviewed or provided testimony in connection with the Special Examination.

8. All documents concerning the responsibilities of Ms. Spencer, Mr. Howard, and Mr. Raines at Fannie Mae from January 1, 1998 until they either retired, resigned, or terminated their employment, including but not limited to their responsibilities for Fannie Mae's internal controls.

9. All documents relating to the operations of Fannie Mae's Controller's Office from January 1, 1998 through January 1, 2005, including without limitation documents relating to the adequacy of staffing levels or resources or the skills and experience of Controller's Office employees.

10. All documents relating to Michelle Skinner.

11. All documents relating to KPMG's reviews or audits of Fannie Mae's accounting policies and procedures for the years 1998 through 2004.

12. All documents relating to any review or audit of Fannie Mae's accounting policies and procedures performed by Deloitte.

13. All documents (other than those produced in response to Paragraphs 1-12 above) responsive to the subpoenas served upon OFHEO in the above-captioned matter by Franklin D. Raines or J. Timothy Howard.