UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation** | MDL NO. 1668 |
| **In Re Fannie Mae Securities Litigation** | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |

### INDIVIDUAL DEFENDANTS' REQUEST FOR SANCTIONS AGAINST THE OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT

As of this Friday, December 21, 2007, the Office of Federal Housing Enterprise Oversight ("OFHEO") will—once again—have violated the Court's discovery orders in this litigation.

At the December 3, 2007 status conference regarding OFHEO's production of electronically stored information ("ESI"), the Court clarified that, pursuant to the September 27, 2007 Stipulated Order (Dkt. No. 525), OFHEO must produce all responsive, non-privileged documents and provide a privilege log for the first 21 custodians by December 21, 2007 (an extension from the original deadline of November 30, 2007) and then produce all responsive, non-privileged documents and provide a privilege log for the next 10 custodians by January 4, 2008.[1] The Court identified these deadlines as "[d]efinitely firm." Hr'g Tr. (Dec. 3, 2007) at 6:19; *see id.* at 8:2–4 ("Now, Mr. Truong, if the Court is going to do this [grant OFHEO's previous request for forbearance], it is critical that the people you are working with [at OFHEO] understand how firm these deadlines are."). The Court further cautioned OFHEO that "there will

---

[1] Paragraph 10 of the Stipulated Order entitles the Individual Defendants to identify four additional custodians by January 31, 2008.

be fines levied against OFHEO . . . for every day that they miss a deadline." *Id.* at 8:6–8; *see id.* at 8:9 (suggesting "very serious consequences" including fines of $10,000 per day).

In response to the Court's statements, counsel for OFHEO represented that the agency was "working toward that goal," and assured the Court that complying with these deadlines was the agency's "objective." *Id.* at 6:11–13. At no time during the December 3 conference, did counsel for OFHEO alert the Court that compliance may not be possible—much less impossible. The implication was clear: if the Court granted the requested forbearance, then OFHEO would comply with the deadlines and complete its discovery.

*Yet only 10 days later*, OFHEO sent a letter to counsel for Defendants Franklin D. Raines, J. Timothy Howard and Leanne G. Spencer (collectively, the "Individual Defendants") asserting that compliance with the Court's deadlines was "impossible" and asking for our consent to further extensions, until the end of February 2008. *See* Letter from Kenneth A. Adebonojo to Alex G. Romain, *et al.* (Dec. 13, 2007) at 2 (attached as Ex. A).[2]

Thus, notwithstanding the Court's clear discovery orders and explicit admonitions regarding sanctions, OFHEO has now stated to counsel for the Individual Defendants that *the agency will not comply with the Court's definitive deadlines*. OFHEO will not produce all responsive, non-privileged documents and provide a privilege log for the first 21 custodians by December 21, 2007. *See* Adebonojo Letter at 2 ("Given the sheer volume of documents yielded by the Defendants' search terms and the resulting strain on OFHEO's resources, it is impossible to complete the document review and prepare all of the privilege logs for the first 21 custodians by December 21, 2007."). Nor will OFHEO provide a privilege log for the next 10 custodians by January 4, 2008. *See id.* ("Although the *initial* review [of the documents for the next 10

---

[2] The Individual Defendants have not consented to any further delay of OFHEO's discovery. *See* Letter from Alex G. Romain to Kenneth A. Adebonojo (Dec. 18, 2007) (attached as Ex. B).

custodians] should be completed and all non-privileged documents produced by the January 4, 2008 deadline, the privilege logs for those documents cannot be completed before February 29, 2008.") (emphasis in original).[3]  At best, OFHEO will miss the Court's already extended deadlines by *two months*.

In light of OFHEO's anticipated non-compliance with the Court's discovery orders, the Individual Defendants respectfully request that the Court impose sanctions, in the form of monetary fines of at least $10,000 per day, *starting on December 22, 2007*, and continuing until OFHEO complies in full with the Court's orders.  OFHEO's chronic delay and consistent disregard for discovery orders establishes the need for serious sanctions to compel the agency's timely and complete compliance with its obligations in this litigation.[4]

Furthermore, to avoid potential prejudice to *all* of the parties in this litigation, the Individual Defendants also respectfully request that the Court find that OFHEO has waived any privilege claims over all responsive documents that have not been produced or logged by January 4, 2008.  *See* Hr'g Tr. (Dec. 3, 2007) at 8:20–22 ("I want the Defendants to understand that they

---

[3] OFHEO's letter misleadingly suggests that the agency will complete its document production by January 4, 2008, and will require additional continuances only to provide privilege logs.  Yet at the same time, OFHEO concedes—as it did at the December 3 conference—that it has withheld many "potentially" privileged documents and anticipates making a "supplemental production."  Adebonojo Letter at 2; *see also* Hr'g Tr. (Dec. 3, 2007) at 5:4–9.  Given that OFHEO appears to have withheld as many as 70 to 80 percent of the documents for certain custodians, the agency's supposed "supplemental production" will likely prove voluminous.  Therefore, OFHEO will not have meaningfully concluded even its document production by the applicable deadlines, much less provided privilege logs, as ordered by the Court.

[4] The Court is obviously aware of the statements that it made at the December 3 conference.  OFHEO is aware of the Court's intention to impose sanctions along the lines of those it described at the hearing.  Given that OFHEO does not intend to comply, despite the Court's statements, the question arises whether some other more dramatic remedy is appropriate.  The Court should consider whether individuals from OFHEO, including its Director, should appear in court to be educated as to both the importance of compliance and the consequences for the agency and individuals at the agency if non-compliance continues.

3

will not be prejudiced by these delays in terms of their ability to prepare for upcoming depositions . . . ."). The parties on all sides of this litigation have worked diligently to schedule dozens of depositions between January and July 2008.[5] Yet many critical depositions—for example, of current and former OFHEO employees, key Fannie Mae personnel, KPMG employees, Deloitte employees, and possibly others—cannot reasonably proceed until OFHEO completes its production and the Court resolves the inevitable (and likely extensive) litigation regarding OFHEO's privilege claims. That process alone could consume as many as four or five months, including briefing, argument, rulings, the potential production of additional, non-privileged documents, and a reasonable time for all parties to review OFHEO's additional production.

Because OFHEO has represented that it cannot "accelerate the process significantly," even by "adding additional resources" to its discovery effort, Adebonojo Letter at 3, the only way to avoid significant disruption to the deposition schedule is to short-circuit the agency's protracted process altogether. Finding that OFHEO has waived its privilege claims, by failing to comply with the Court's discovery orders, would eliminate the agency's need to spend extensive resources over the next two months (if not more) reviewing and logging responsive documents. Alternatively, allowing OFHEO to drag out its production of documents and privilege logs for an additional two months (or more) would seriously disrupt the entire deposition schedule in this litigation. Delaying many key depositions for months would, of course, require that the discovery cut-off be postponed for a similar period.

---

[5] The Individual Defendants have agreed to schedule many such depositions in reliance on the Court's multiple orders requiring OFHEO to produce all responsive, non-privileged documents (on a rolling basis) and to provide privilege logs by the court-ordered deadlines—as well as OFHEO's representations that it could and would comply with those deadlines.

Had OFHEO and its counsel initially committed the resources necessary to comply with the Individual Defendants' subpoenas, the first of which was served in June 2006, *see* Hr'g Tr. (Nov. 3, 2006) (granting motions to compel OFHEO and stating that "[t]he Court expects the U.S. Attorney's Office to put the appropriate amount of resources into this effort . . . ."), we would not now be before the Court. Indeed, the Court initially ordered OFHEO to produce all responsive documents—both paper documents and ESI—by March 12, 2007. *See* Order (Nov. 6, 2006) (Dkt. No. 275). As the Court has already recognized, "[t]here have been too many delays." Hr'g Tr. (Dec. 3, 2007) at 8:20. At this late stage, OFHEO alone should suffer the consequences of its non-compliance.

Dated: December 18, 2007                    Respectfully submitted,

/s/ Kevin M. Downey_____
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
202-434-5614 (telephone)
202-434-5029 (facsimile)
    *Counsel for Defendant Franklin D. Raines*

/s/ Steven A. Salky_____
Steven A. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW – Suite 1000
Washington, DC  20036
202-778-1800 (telephone)
202-822-8106 (facsimile)
    *Counsel for Defendant J. Timothy Howard*

        /s/ David S. Krakoff_____
David S. Krakoff (D.C. Bar No. 229641)
Christopher F. Regan (D.C. Bar No. 433972)
MAYER BROWN LLP
1909 K Street, NW
Washington, DC  20006
202-263-3000 (telephone)
202-263-3300 (facsimile)
    *Counsel for Defendant Leanne G. Spencer*

**CERTIFICATE OF SERVICE**

I certify that, on December 18, 2007, I electronically filed the foregoing Individual Defendants' Request for Sanctions Against the Office of Federal Housing Enterprise Oversight with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ Daniel N. Marx
Daniel N. Marx