## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | **MDL NO. 1668** |

| | |
|---|---|
| In Re Fannie Mae Securities Litigation | **Consolidated Civil Action No. 1:04-cv-01639**<br><br>**Judge Richard J. Leon** |

### INDIVIDUAL DEFENDANTS' PROPOSAL
### REGARDING OFHEO'S DISCOVERY

The Individual Defendants maintain, for reasons set forth elsewhere, that the Court should find OFHEO has waived any deliberative process privilege claims over documents responsive to the Individual Defendants' subpoenas and further that waiver is an available and appropriate sanction for OFHEO's non-compliance with the Court's discovery orders in this matter.[1]  We understand, however, that the Court is presently disinclined to find OFHEO has waived any qualified privilege claims and that, as an alternative to waiver, the Court may order OFHEO to produce certain responsive documents that have been withheld on the basis of qualified privileges (e.g., the deliberative process and attorney work product privileges), *without waiving those privileges*, so that the parties can limit the inevitable privilege litigation and, thereby, avoid any unnecessary delay of the discovery schedule in this case.  As we have

---

[1] *See* Individual Defendants' Motion for Sanctions Against the Office of Federal Housing Enterprise Oversight (Dec. 18, 2007) (Dkt. No. 558); Defendant Franklin D. Raines's Motion to Hold the Office of Federal Housing Enterprise Oversight in Contempt (Aug. 21, 2007) (Dkt. No. 499) (and cases cited therein).

indicated to the Court, we are aware of no governing legal authority which would prohibit such an order.[2]

This submission, therefore, serves two limited purposes.  First, as an attachment to this submission, we provide, for the Court's consideration and convenience, a proposed order which we believe would effectively implement the Court's intended solution to the practical problem created by OFHEO's discovery delays.  Avoiding both unfair prejudice to the Individual Defendants and also unnecessary harm to OFHEO, the proposed order charts an efficient course for completing OFHEO's document production, identifying and resolving privilege disputes, and proceeding on schedule with important depositions (including those of OFHEO witnesses).

Second, in this submission, we identify—and propose a sensible solution to—a related practical problem regarding OFHEO's discovery.  The Court has already indicated that, at a minimum, it may order OFHEO to produce, *without waiving any privileges*, all documents that (i) are responsive to the Individual Defendants' requests for ESI, as specified in the Stipulated Order (Sept. 27, 2007) (Dkt. No. 525); (ii) have been withheld on the basis of any qualified privilege (e.g., the deliberative process and attorney work product privileges); and (iii) were not identified on any privilege log by the Court's January 4, 2008 deadline.  As one practical problem is resolved, however, a related problem arises.

An order that addresses only certain ESI—specifically, documents responsive to the Stipulated Order, but withheld on the basis of any qualified privilege, and not logged by the Court's deadline—does not reckon with the other, substantial subsets of documents over which

---

[2] A limited, non-waiver production appears consistent with the revised Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26(b)(5); *id.*, Adv. Comm. Notes to the 2006 Amend., the Manual on Complex Litigation, *see* MCL 4th § 11:43 (2004), and the case law, *see Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228 (D. Md. 2005) (*discussing SEC v. Lavin*, 111 F.3d 927 (D.C. Cir. 1997)).

OFHEO has also asserted privilege. These include the thousands of documents found on (i) the numerous privilege logs from OFHEO's "paper" production, (ii) the redaction log from OFHEO's production of ESI from the custodial file of Chief Accountant Wanda DeLeo,[3] (iii) the privilege log from Deloitte & Touche's production of documents over which OFHEO has asserted privilege, and (iv) the privilege log of ESI from the custodial file of Sherry Spruill, which OFHEO provided by the January 4, 2008 deadline. These outstanding privilege claims must be resolved as well.

The position of the Individual Defendants, as reflected by our proposed order, is that if the Court decides to proceed with a limited, non-waiver production with regard to portions of OFHEO's ESI production, the Court should do the same for the analogous portions of OFHEO's other productions, i.e., for all other responsive documents currently withheld by the agency on the basis of any qualified privilege. The concept is straightforward: there should be one procedure to address *all* outstanding privilege disputes. That one privilege procedure should require only one round of briefing, provide for only one hearing, and set only one schedule, which would be designed to resolve all document discovery issues without any unnecessary delay to the deposition discovery schedule. At this late stage, neither the parties nor the Court can afford to start down two parallel tracks of privilege litigation—one limited, non-waiver track which would permit focused and efficient privilege litigation for certain ESI (because the Individual Defendants would be able to review OFHEO's documents and make selective challenges to OFHEO's privilege claims) and, at the same time, a second track for all other

---

[3] OFHEO produced this privilege log on July 26, 2007, nearly two months after the May 31, 2007 deadline set by the Court for the production of all responsive ESI and the corresponding privilege logs.

documents which would necessitate wide-ranging and wasteful privilege litigation (because the Individual Defendants would have to challenge thousands of entries on OFHEO's various logs).[4]

To be clear, the Individual Defendants' proposal is *not* intended to seek a sanction with respect to these other subsets of documents over which OFHEO has already asserted qualified privileges.  Rather this proposal is intended to avoid the practical problem of proceeding with two parallel tracks of privilege litigation.[5]

As for the equities are concerned, this practical problem is one of OFHEO's own creation.  OFHEO will surely argue, as it has before, that the Individual Defendants could have already challenged OFHEO's privilege assertions over documents in OFHEO's "paper" production.  Indeed, the Individual Defendants previously filed motions to compel the production of critically relevant documents (e.g., regarding OFHEO's analysis of executive compensation and accounting practices at Fannie Mae).[6]  As the Court recalls, however, the Individual

---

[4] For example, the Individual Defendants previously challenged 635 documents on the privilege logs for OFHEO's "paper" production alone.  A limited, non-waiver production of those withheld documents would permit the Individual Defendants to review the documents, identify only those documents critical to their defenses, and significantly narrow the scope of the privilege litigation.

[5] If the Court prefers to order a limited, non-waiver production of only certain ESI responsive to the Stipulated Order, and to proceed with traditional privilege litigation regarding all remaining documents (the "paper" production, the DeLeo redactions, the Deloitte production, and the Spruill ESI production), then Paragraph 1 of the proposed order can be modified by using the bracketed language which replaces the phrase "responsive to the subpoenas served on OFHEO by the Individual Defendants in this matter" with the more limited phrase "responsive to the Individual Defendants' requests for ESI as specified in the Stipulated Order" and adds the qualifying phrase "but not logged by the January 4, 2008 deadline."

[6] *See* Defendant Franklin D. Raines's Motion to Compel Production of Documents from the Office of Federal Housing Enterprise Oversight (June 20, 2007) (Dkt. No. 445); J. Timothy Howard's Memorandum in Support of Defendant Franklin D. Raines's Motion to Compel Production of Documents from the Office of Federal Housing Enterprise Oversight (June 20, 2007) (Dkt. No. 446); Leanne G. Spencer's Memorandum in Support of Defendant Franklin D. Raines's Motion to Compel Production of Documents from the Office of Federal Housing Enterprise Oversight (June 20, 2007) (Dkt. No. 447).

Defendants withdrew those motions only when it became clear that OFHEO had not yet
completed its document production, that the agency had misrepresented its compliance with the
Court's order to produce both paper documents and ESI, and that the Court would order OFHEO
to produce additional ESI.  *See* Defendant Franklin D. Raines's Consent Motion to Withdraw His
Motion to Compel Production of Documents from the Office of Federal Housing Enterprise
Oversight (Aug. 1, 2007) (Dkt. No. 483).  The logic of deferring privilege litigation until later,
when OFHEO's production was finally complete, was spelled out in our motion:

> In order to present an efficient and comprehensive challenge to
> OFHEO's improper privilege claims, Mr. Raines moves to
> withdraw the pending motion, without prejudice to his right to re-
> file after OFHEO has produced additional responsive documents
> and provided corresponding privilege logs.  Addressing OFHEO's
> privilege claims at a later date will relieve the parties—and the
> Court—of the unnecessary burden associated with seriatim
> litigation over each successive privilege log provided by OFHEO.

*Id.* at 4.  Notably, OFHEO, which clearly understood that we would eventually challenge its
expansive privilege assertions, consented to our motion.[7]

Put simply, when the Individual Defendants subpoenaed OFHEO, we demanded that
OFHEO produce *all* responsive documents, whether paper or ESI.  The Court, when it ordered
OFHEO to comply with our subpoenas, drew no distinction between paper and ESI.  *See* Order
(Nov. 6, 2006) (Dkt. No. 275) (ordering OFHEO to produce "all responsive, non-privileged
documents").  And when OFHEO attempted surreptitiously to insert such a distinction in the
Court's order, the Court rejected that gambit.  *See* Hr'g Tr. (Apr. 26, 2007) at 49:18–20
("[W]hen I wrote that order [i.e., the November 6, 2006 Order], . . . I didn't make any distinction

---

[7] OFHEO produced the log of information withheld from the ESI production of Wanda DeLeo
almost five weeks after the Individual Defendants filed their motion to compel.  The agency
produced the log of documents withheld from Deloitte's production on November 27, 2007, five
months after our motion.  OFHEO is only now providing privilege logs for its ESI production
pursuant to the Stipulated Order.

between paper or not paper or whatever."). Nevertheless, OFHEO's bifurcation of its paper and ESI productions has left us in a situation, today, where we have different subsets of documents for which privilege disputes must yet be resolved.[8] These distinctions do not reflect meaningful differences between the documents at issue, much less the Court's discovery orders. The applicability of a privilege does not turn on whether a particular document is a piece of paper or an e-mail. If the parties and the Court are to complete OFHEO's production and resolve all outstanding privilege issues without delaying discovery in this matter, we must now deal with all privilege issues for all documents at one time and with one procedure, as the Court intended from the outset.

As the Court has indicated, and as our proposed order spells out, OFHEO's production would not waive any privilege claims. Documents would be produced pursuant to the Protective Order pending the Court's ruling on any disputed privilege claims. Those documents could be reviewed (to determined whether the Individual Defendants want to challenge OFHEO's privilege claims) but not shown, referred to, or made an exhibit in discovery, court filings, or hearings except with regard to litigation over OFHEO's privilege claims.

Notably, OFHEO has already, by agreement with the Individual Defendants, produced many examination documents over which the agency had, at least initially, asserted the examination privilege. Although OFHEO produced these documents almost one year ago, the agency continues to function—by its own reports, effectively—and has not suffered any harm.[9]

---

[8] Even within OFHEO's production of ESI, we have different subsets of documents: those withheld from the Spruill production, for which OFHEO provided a timely privilege log, and those withheld from all other custodians' productions, for which OFHEO failed to do so.

[9] *See* OFHEO 2007 Performance and Accountability Report, at 4 ("Despite limitations with OFHEO's current statutory framework, the agency continued to strengthen its supervisory operations and standards and to review the Enterprises' risks and risk management throughout 2007. OFHEO completed its annual examinations of Fannie Mae and Freddie Mac, issued its

This fact is significant because the examination and deliberative process privileges are closely related. The two privileges have been characterized as "close cousin[s]," *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998), and "strikingly similar," *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, Misc. No. 94-329 (TFH), Misc. No. 95-06 (TFH), 1997 U.S. Dist. LEXIS 22102, at *4 (D.D.C. Aug. 7, 1997). It has even been suggested that the "examination privilege falls within the penumbra of the deliberative process privilege." *In re Midlantic Corp. Shareholder Litig.*, Misc. No. 92-99, 1994 U.S. Dist. LEXIS 21514, at *6 (D.D.C. Oct. 24, 1994). That characterization is appropriate because both privileges serve the same purpose. *See In re Subpoena Served upon Comptroller of Currency*, 967 F.2d 630, 635 (D.C. Cir. 1992) (*citing EPA v. Mink*, 410 U.S. 73, 90 (1973)) ("The bank examination privilege, like the deliberative process privilege, shields from discovery only agency opinions or recommendations; it does not protect purely factual material.").[10] Furthermore, many of these documents, which OFHEO has already produced, are *drafts* of examination workpapers, precisely the sort of internal agency material over which OFHEO now asserts the deliberative process privilege.

---

report to Congress two months earlier than required and monitored the progress each Enterprise made in resolving weaknesses and returning to timely financial reporting. In January 2007, OFHEO completed an updated Supervision Handbook improving the scope and transparency of the supervision program. In addition, OFHEO made improvements by establishing new groups for quality assurance and financial analysis.") (excerpts attached as Ex. 1).

[10] Tellingly, OFHEO itself, when defending its assertions of *deliberative process privilege* over documents withheld from OFHEO's "paper" production, cited cases which explicitly address the *examination privilege*. *See* Non-Party OFHEO's Opposition to the Motions Filed by Defendants Raines, Howard and Spencer to Compel the Production of Privileged Documents (July 11, 2007) (Dkt. No. 471) at 30–31 (*citing Schreiber v. Soc'y for Sav. Bancorp.*, 11 F.3d 217 (D.C. Cir. 1993), and *In re Subpoena Served on the Comptroller of the Currency*, 967 F.2d 630 (D.C. Cir. 1992)). Such argument was entirely appropriate because "two privileges overlap significantly," *In re Midlantic Corp. Shareholder Litig.*, 1994 U.S. Dist. LEXIS 21514, at *6, and the law applicable to each one is essentially identical.

That OFHEO has previously produced documents over which the agency had initially asserted the examination privilege proves that no harm will come from a limited, non-waiver production of documents withheld on the basis of other qualified privileges.  In fact, OFHEO's Associate General Counsel, David A. Felt, who has overseen OFHEO's compliance with the subpoenas in this matter, previously advised the agency to produce examination workpapers because no harm would come from such disclosure.

> [B]ecause most of these documents [i.e., OFHEO's examination workpapers] dealt with matters more than two years old and I advised OFHEO management that they would be subject to confidential treatment under the protective order, OFHEO determined not to withhold the workpapers under its examination privilege with the exception of some of the most recent of these documents.  *OFHEO was mindful, in this regard, of the Court's statements at hearings of the importance of this case and sought to provide those documents that it could, without impairing significantly its ability to communicate candidly and openly with current management at Fannie Mae.*

Decl. of David A. Felt (Jan. 11, 2007) at ¶ 8 (emphasis added) (excerpts attached as Ex. 2).  The same would be true for the documents now at issue, over which OFHEO has asserted other qualified privileges:  these documents deal with matters that are more than two years old, and any production would be subject to confidential treatment, as appropriate, under the Protective Order.  Therefore, according to OFHEO's own counsel, no harm would come from a limited, non-waiver production of the documents currently withheld on the basis of qualified privileges.

In the absence of any credible claim of harm to the agency, and in light of the practical problems facing the Court, the Individual Defendants' proposed order is offered as a way to resolve all outstanding privilege issues regarding OFHEO's discovery and to avoid any unnecessary delay or prejudice to the parties in this case.  That, we understand, is the Court's goal, and it is one to which we are similarly committed.

We respectfully request that the Court enter our proposed order.

Dated:  January 11, 2008                    Respectfully submitted,

                                             /s/ Kevin M. Downey
                                             Kevin M. Downey (D.C. Bar No. 438547)
                                             Alex G. Romain (D.C. Bar No. 468508)
                                             WILLIAMS & CONNOLLY LLP
                                             725 Twelfth Street, NW
                                             Washington, DC  20005
                                             202-434-5614 (telephone)
                                             202-434-5029 (facsimile)
                                                  *Counsel for Defendant Franklin D. Raines*

                                             /s/ Steven A. Salky
                                             Steven A. Salky (D.C. Bar No. 360175)
                                             Eric R. Delinsky (D.C. Bar No. 460958)
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street, NW – Suite 1000
                                             Washington, DC  20036
                                             202-778-1800 (telephone)
                                             202-822-8106 (facsimile)
                                                  *Counsel for Defendant J. Timothy Howard*

                                             /s/ David S. Krakoff
                                             David S. Krakoff (D.C. Bar No. 229641)
                                             Christopher F. Regan (D.C. Bar No. 433972)
                                             MAYER BROWN LLP
                                             1909 K Street, NW
                                             Washington, DC  20006
                                             202-263-3000 (telephone)
                                             202-263-3300 (facsimile)
                                                  *Counsel for Defendant Leanne G. Spencer*

**CERTIFICATE OF SERVICE**

I certify that, on January 11, 2008, I electronically filed the foregoing Individual

Defendants' Proposal Regarding OFHEO's Discovery with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the counsel of record in this

matter who are registered on the CM/ECF system.


/s/ Daniel N. Marx
Daniel N. Marx