FILED

JAN 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

**ORDER** wd
(January 22, 2008)

Upon consideration of Defendant Franklin D. Raines's Motion to Hold the Office of Federal Housing Enterprise Oversight in Contempt (Dkt. #499); Defendant J. Timothy Howard's and Defendant Leanne G. Spencer's Joinder in Defendant Franklin D. Raines's Motion to Hold the Office of Federal Housing Enterprise Oversight in Contempt (Dkt. #500); Individual Defendants' Motion for Sanctions Against the Office of Federal Housing Enterprise Oversight (Dkt. #558); OFHEO's Memorandum Regarding Status of OFHEO's Production of Documents and Request for Forbearance of Deadline for Completion of Privilege Logs (Dkt. #561); the hearings and chamber conferences, and the entire record herein, it is hereby:

**ORDERED** that as soon as practicable, but no later than February 5, 2008, OFHEO shall produce all documents that are (i) responsive to the Individual Defendants' requests for ESI as specified in the Stipulated Order (Dkt. #525, Sept. 27, 2007), but (ii) have been withheld by the agency on the basis of the deliberative process privilege but not logged by the January 4, 2008 deadline. OFHEO need not produce, at this time, any responsive documents, or portions thereof, that the agency believes are protected by the attorney-client or attorney work product privileges; and it is further

**ORDERED** that OFHEO's production of documents pursuant to this Order shall not, in and of itself, constitute a waiver of any privileges or protections to which any of the documents may be subject; and it is further

**ORDERED** that pursuant to the Third Amended Stipulated Pretrial Protective Order (Dkt. #566, Dec. 11, 2007), OFHEO may designate the documents it produces pursuant to this Order as "confidential" or "highly confidential," as appropriate, and the documents shall be treated accordingly. Furthermore, until and unless the Court rules



otherwise, no document produced pursuant to this Order may be referenced, quoted from, shown, or made an exhibit in discovery, any hearing or filing, or any other proceeding, except in connection with any challenges to or litigation concerning OFHEO's privilege claims. Moreover, until and unless the Court orders otherwise, no document produced pursuant to this Order may be disclosed directly or indirectly by the person receiving such material to anyone other than (i) persons identified in the documents or through testimony as already having seen or received such material; and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary to challenge any claim of privilege: (a) the Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing or any appeal therefrom; (b) counsel of record for the Individual Defendants, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in any challenge to any claim of privilege; (c) any Court-appointed mediator or other individual acting pursuant to Court appointment; and (d) other persons upon further order of the Court or written consent of the producing party; and it is further

**ORDERED** that on a rolling basis, but by no later than February 29, 2008, OFHEO will provide to the Individual Defendants privilege logs for all of the documents withheld on the basis of the attorney-client and attorney work product privileges from OFHEO's production pursuant to the Court's Stipulated Order (Dkt. #525, Sept. 27, 2007). To the extent that OFHEO's review reveals that any document or portion thereof is not subject to the attorney-client or attorney work product privileges, the document shall be produced on a rolling basis, and by no later than February 29, 2008; and it is further

**ORDERED** that the Individual Defendants have up to and including February 29, 2008, to file any motions challenging OFHEO's assertion of the deliberative process privilege. Unless otherwise informed by OFHEO in writing, any document produced pursuant to this Order is a document over which OFHEO is deemed to have asserted the deliberative process privilege; and it is further

**ORDERED** that a status conference will be held on March 3rd, 2008 at 3 pm.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

2