IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Fannie Mae Securities Litigation | ) | Consolidated Civil Action No.: 1:04-CV-01639 |
| | ) | |
| | ) | Judge Richard J. Leon |
| _____ | ) | |

### NON-PARTY GRAY COMPANY, LLC'S OBJECTIONS TO KPMG LLP'S DOCUMENT SUBPOENA

Pursuant to Federal Rules of Civil Procedure 26 and 45(c)(2)(B) and Rules 5.2, 26.2(d) and 30.4 of the United States District Court for the District of Columbia, non-party Gray Company, LLC ("Gray"), through undersigned counsel, objects to the subpoena of KPMG LLP ("KPMG") requesting the production of documents.

### GENERAL OBJECTIONS

Gray makes the following general objections to the subpoena as a whole and to each individual request in "Attachment A" of the subpoena.

1.  Gray objects to the subpoena and each and every request, instruction, and definition therein, to the extent it purports to impose obligations on Gray beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of Practice of the United States District Court for the District of Columbia.

2.  Gray objects to the subpoena to the extent that it seeks documents or information that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Gray objects to the subpoena as overly broad, unduly burdensome and vague. To the extent, if any, that Gray is required to produce documents, the subpoena fails to allow a

2

reasonable time for compliance.  The burden and expense of producing the documents requested far outweigh the likely benefits.  In addition, the requests are unreasonably cumulative and duplicative, and most of the documents sought are obtainable from other sources that are more convenient, less burdensome and less expensive.

   4. Gray objects to the subpoena because many of the requests would require disclosure of privileged and/or protected materials, including materials protected by the attorney-client privilege, the work product privilege, the common interest privilege and the joint defense privilege, the First Amendment privilege, and any other applicable privilege.  Gray does not waive, intends to preserve, and is preserving, the attorney-client privilege, the work product privilege, the common interest privilege, the First Amendment privilege, and any other applicable privilege.

   5. Gray objects to the subpoena, and each and every request, instruction, and definition therein, to the extent that it seeks the production of proprietary, confidential, private, personal, or financial information, including but not limited to, social security numbers, home addresses, and tax records.

   6. Gray objects to the extent that the subpoena seeks the production of electronically stored documents in their native format or in a materially similar electronic format, including electronic mail, which may possibly be responsive to the subpoena.  Furthermore, Gray objects to the subpoena as unduly burdensome to a non-party, overbroad, and not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence, to the extent that it purports to require Gray to search for documents beyond the files pertinent to the subject matter of the subpoena and the files of Gray employees known or reasonably believed to be personally involved in, or knowledgeable about, the subjects included within the subpoena.

7. Gray objects to the extent that the subpoena purports to require the production of documents by or in the possession of any party or person other than Gray. Furthermore, Gray objects to the subpoena to the extent that the documents sought are publicly available or in the possession of the parties or other persons, as those documents may be obtained by KPMG more easily from those sources than they might be from Gray.

8. Gray objects on the grounds that, in serving the subpoena, KPMG's counsel failed to take reasonable steps to avoid imposing undue burden or expense on Gray, as required by Federal Rule of Civil Procedure 45(c)(1). To the extent, if any, that Gray is required to produce certain of the documents requested, Gray requests full compensation for its personnel costs, reproduction costs, and all other costs and fees, including attorneys' fees, it incurs in so doing. Any production or response by Gray does not constitute a waiver of any of the objections stated herein.

9. To the extent, if any, that Gray is required to produce certain of the documents requested, inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery shall not constitute a waiver of any such claim with respect to such information, to the subject matter thereof, to any other documents, or to any other communications, or of the right of Gray to object to the use of any such information or the subject matter thereof during subsequent proceedings. In the event of inadvertent disclosure of such information or documents, KPMG will return the information and documents to Gray and will be precluded from disclosing or relying upon such information or documents in any way.

10. Gray objects to Instruction 1 of the subpoena as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gray, a non-party, is a government relations firm that was engaged by Fannie Mae with respect

to many subject areas unrelated to this litigation. Requiring a non-party government relations firm to produce a log that would itemize all privileged communications is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11. Gray objects to the subpoena, and each and every request, instruction, and definition therein, to the extent that it calls for the production of invoices and billing records to Fannie Mae as duplicative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Fannie Mae, through its counsel, has advised Gray that Fannie Mae is not seeking to recover from KPMG any fees paid by Fannie Mae to Gray. Therefore, Gray objects to the subpoena, and each and every request, instruction, and definition therein, as requesting information not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.

12. Gray objects to the subpoena, and each and every request, instruction, and definition therein, to the extent that it is duplicative of any requests for production of documents previously served on the parties to the litigation. Furthermore, Gray objects to the subpoena to the extent that it calls for the production of documents that have already been produced in this litigation, or that are readily available from the parties to this litigation. Making such requests to Gray, a non-party government relations firm, is duplicative, oppressive, harassing, and unduly burdensome.

13. In providing these objections to the subpoena, Gray does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, authenticity and admissibility;

    b. All rights to object on any grounds to the use of any of the responses herein or information in any subsequent proceedings, including the trial of this or any other action; and

      c. All rights to object on any grounds to any further subpoena *duces tecum*.

    14. Gray objects to the definition of the "Relevant Period" (i.e. from January 1, 1990 to the present) in the subpoena to the extent that it is overbroad, not relevant to a claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence.

    15. Gray objects to the subpoena, and each and every request, instruction, and definition therein, to the extent it seeks production of an entire document when only a portion or portions of the document are responsive. To the extent, if any, that Gray is required to produce certain of the documents requested, Gray reserves the right to produce only those portions of the documents that are responsive to the subpoena.

    16. Gray incorporates the above general objections into all of the below responses. By responding to this subpoena, Gray does not adopt any of the characterizations made by KPMG in the subpoena concerning the documents it is seeking or facts that remain in dispute. The fact that Gray has responded to this subpoena shall not be interpreted as implying that responsive documents exist or that Gray acknowledges the propriety of the specific request.

## SPECIFIC OBJECTIONS TO DOCUMENTS TO BE PRODUCED

    Subject to and in addition to the foregoing General Objections, set forth below are Gray's further specific objections to KPMG's individual document requests.

REQUEST NO. 1    All documents concerning work, including lobbying work, you performed for or on behalf of Fannie Mae or OFHEO, including but not limited to:

    a.    all documents concerning any fees, payments, or other compensation you received for services provided to Fannie Mae, including invoices, time records, and account statements;

    b.    contracts and engagement letters between you and Fannie Mae or any third party for any such work, including drafts;

    c.    all documents that you prepared, edited or created in connection with your engagement with Fannie Mae, including any index and legend that describes any referencing system reflected in the documents;

  d.  all documents concerning communications between or among you, Fannie Mae and any third party, including but not limited to any government officials, employees, or agents; and

  e.  all documents presentations by you to Fannie Mae, the Fannie Mae Board, any of its committees or any members of the Fannie Mae Board.

SPECIFIC OBJECTION: Gray further objects to this request as overly broad, unduly burdensome, vague, and duplicative, and as seeking Gray's confidential information. Gray also objects to the extent that the request seeks documents or information that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Gray understands that extensive document productions have already occurred in this litigation and related investigations, and it would be extremely burdensome to determine if any documents in Gray's possession are not already part of the reported millions of pages of documents already produced in this litigation. KPMG has not stated any basis to claim that non-privileged, relevant documents are in Gray's possession that have not previously been produced.

  Gray also objects to Request No. 1 on the grounds that it is informed that discovery is ongoing between KPMG and Fannie Mae, and KPMG has not stated any basis why Gray should be put to the burden of the extensive searches called for in this subpoena before discovery between the parties has been fully exhausted.

REQUEST NO. 2: Documents sufficient to identify all individuals who provided any services, including lobbying services, on your behalf concerning Fannie Mae or OFHEO.

SPECIFIC OBJECTION: Gray further objects to this request as overly broad, unduly burdensome, vague, and duplicative, and as seeking Gray's confidential information. Gray also objects to the extent that the request seeks documents or information that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

DSMDB-2554035v01

<u>REQUEST NO. 3</u>:   All of your policies concerning the preservation or destruction of documents.

<u>SPECIFIC OBJECTION</u>:   Gray further objects to this request as overly broad, unduly burdensome, vague, and duplicative, and as seeking Gray's confidential information.  Gray also objects to the extent that the request seeks documents or information that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

<u>REQUEST NO. 4</u>:   All of your policies concerning your computers, computer systems, electronic data and electronic media.

<u>SPECIFIC OBJECTION</u>:   Gray further objects to this request as overly broad, unduly burdensome, vague, and duplicative, and as seeking Gray's confidential information.  Gray also objects to the extent that the request seeks documents or information that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: January 13, 2009

                DICKSTEIN SHAPIRO LLP


                By:  /s/ Steven J. Roman
                    Steven J. Roman (Bar #392959)
                    Dickstein Shapiro LLP
                    1825 Eye Street, NW
                    Washington, DC  20006
                    (202) 420-2200

## CERTIFICATE OF SERVICE

I hereby certify that, on January 13, 2009, I caused a copy of the foregoing Non-Party Gray Company LLC's Objections to KPMG LLP's Document Subpoena to be served via the CM/ECF System of the United States District Court for the District of Columbia and by first-class U.S. Mail upon the following:

>Michael F. Flanagan, Esq.
>Gibson, Dunn & Crutcher LLP
>1050 Connecticut Ave., NW
>Washington, DC  20036
>
>*Counsel for KPMG LLP*

>  /s/ Steven J. Roman
>Steven J. Roman

DSMDB-2554035v01