## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivate, and "ERISA" Litigation | MDL No. 1688 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

### MEMORANDUM IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT

By letter to this Court dated February 25, 2009, OFHEO acknowledges that for more than a year it has withheld and not logged approximately 30,000 documents that were required to be produced pursuant to the September 27, 2007 Stipulated Order ("Stipulated Order") (Dkt. No. 525). *See* Letter from John C. Truong to the Hon. Richard J. Leon at 2 (Feb. 25, 2009) (attached as Exhibit 1). OFHEO attempts to absolve itself of its production deficiencies by asserting that these documents are subject to the exemptions in Paragraph 6 of the Stipulated Order. *Id.* ¶ 6(a) (exempting from production documents relating exclusively to Freddie Mac). OFHEO's letter to the Court ignores the central issue that the Court asked the agency to address: how OFHEO can reconcile (i) its prior, repeated and consistent representations to the Individual Defendants, this Court and the D.C. Circuit that the agency would be harmed because the 30,000 documents at issue here were subject to production pursuant to the Court's January 22, 2008 Contempt Order ("Contempt Order") (Dkt. No. 580) with (ii) its new explanation that those documents were not, in fact, subject to that Contempt Order. Thus, OFHEO has failed to comply with the Court's recent instruction that the agency must either produce the missing documents, provide a detailed, written explanation of the basis for its failure to produce these documents, or provide a log

stating an individualized, "document-by-document basis" for any document withheld on the grounds of privilege. *See* Hr'g Tr. at 31:11-13, 32:5-9 (Feb. 20, 2009) (excerpts attached as Exhibit 2). In other words, despite the Court's clear directive to do so, OFHEO has offered no basis for its withholding of 30,000 documents that should have been produced or logged more than a year ago. Accordingly, the Individual Defendants respectfully request that the Court order OFHEO to produce those documents immediately, or, in the alternative, provide deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding the agency's failure to produce the 30,000 documents identified in OFHEO's February 25 letter, including, but not limited to, the agency's processes, review, and evaluation of documents that are purportedly exempt from production under Paragraph 6 of the Stipulated Order.[1]

## I.    OFHEO Has Consistently Represented That It Was Withholding "More Than 170,000 Documents" Based Solely on the Deliberative Process Privilege.

Since January 2008, OFHEO has asserted to the Individual Defendants, this Court, and the United States Court of Appeals for the District of Columbia Circuit that compliance with the Court's Stipulated Order and Contempt Order would compel the agency to produce "more than 170,000 documents." OFHEO would now temper its prior representations by arguing that it

---

[1] OFHEO, in its latest submission, unequivocally asserts that the *sole* basis for its withholding the 30,000 documents is that they are subject to the exemptions of Paragraph 6 of the Stipulated Order. Consequently, it is precluded from any future assertion that some subset of the 30,000 documents are, instead, not subject to production because of some hitherto unasserted privilege. This is because any such assertion of privilege would contradict OFHEO's repeated representations that it produced all logs as of February 29, 2008, *see infra* at 4, and OFHEO's failure to log these documents constitutes a waiver of any assertion of privilege, *see* Fed. R. Civ. P. 45(d)(2); *GFL Advantage Fund Ltd. v. Colkitt*, 316 F.R.D. 189, 195 (D.D.C. 2003) ("[Rule 45(d)(2)] is obviously mandatory. Failure to comply with it 'is deemed to waive the underlying privilege claim.'" (quoting *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001)). Moreover, any such assertion of privilege would violate the Court's clear directive that OFHEO provide a log stating an individualized, "document-by-document basis" for any document withheld on the grounds of privilege by February 25, 2009. *See* Hr'g Tr. at 32:5-9 (Feb. 20, 2009).

"made clear at the time" that its declarations regarding the number of documents withheld "were estimates and that, upon second review, the numbers would be reduced."  Letter from John C. Truong to the Hon. Richard J. Leon at 2 (Feb. 25, 2009).  If OFHEO had ever revised this estimate, or ever indicated that a significant subset of these documents were not subject to the Stipulated and Contempt Orders (collectively, "the Orders"), then its new explanation might be more credible.  Instead, the agency has consistently and repeatedly indicated that there were "more than 170,000 documents" which were subject to production pursuant to the January 22, 2008 Contempt Order.[2]  In its most recent reiteration of this claim, on September 23, 2008, OFHEO told the D.C. Circuit that the agency has "more than 170,000 documents that it ha[s] flagged as privileged" and that would otherwise be subject to production pursuant to the Contempt Order.  Appellant's Reply Brief at 3 (Sept. 23, 2008) (U.S. Court of Appeals for the D.C. Circuit, No. 08-5014) (excerpts attached as Exhibit 6).

---

[2] *See*, *e.g.*, Emergency Motion for Stay Pending Appeal at 1 (Jan. 31, 2008) (U.S. Court of Appeals for the D.C. Circuit, No. 08-5014) (excerpts attached as Exhibit 3) (asking for stay of district court's January 22, 2008 Contempt Order ordering OFHEO "to produce to defendants' counsel by no later than February 5, 2008 approximately 170,000 documents that have been designated as subject to privilege"); *id.* at 3 ("Absent a stay, however, defendants' counsel will gain immediate access to 170,000 documents that OFHEO has designated as privileged . . . ."); Reply in Support of Emergency Motion for Stay Pending Appeal at 1 (Feb. 8, 2008) (U.S. Court of Appeals for the D.C. Circuit, No. 08-5014) (excerpts attached as Exhibit 4) (asserting that "the court's extraordinary order will force the disclosure of some 170,000 documents that [OFHEO] has designated as privileged"); Appellant's Brief at 2 (Aug. 5, 2008) (U.S. Court of Appeals for the D.C. Circuit, No. 08-5014) (excerpts attached as Exhibit 5) (describing statement of the issues as "Whether the district court abused its discretion in holding a non-party agency in civil contempt for missing a deadline when responding to improper discovery demands, and for ordering as a sanction that the agency divulge more than 170,000 privileged documents"); *id.* at 3 ("On January 22, 2008, the district court granted [Individual Defendants' Motion for Contempt] and, as a sanction, ordered OFHEO to disclose more than 170,000 privileged documents to defendants' counsel."); *id.* at 21 ("For a brief delay in providing a privilege log, the district court ordered OFHEO to divulge more than 170,000 documents designated as subject to the deliberative process privilege."); *id.* at 37 ("Under the district court's contempt order, OFHEO would be forced to divulge roughly 170,000 documents that it designated as subject to the deliberative process privilege to defendants' counsel.") (emphases added for all).

3

OFHEO has declared that it complied—albeit belatedly—with the Stipulated Order by February 29, 2008. *See* Notice Re: Privilege Logs at 1 (Mar. 4, 2008) (Dkt. No. 617) ("This is to notify the Court that, in accordance with its representation, non-party [OFHEO] produced privilege logs for thirty one (31) custodians to the Individual Defendants by February 29, 2008"). By that date, OFHEO had logged approximately 54,761 documents and made additional productions of approximately 96,516 documents, accounting for a total of 151,277 documents (of the "more than 170,000" documents withheld). Eight months later, on October 28, 2008, OFHEO made another "supplemental" production of approximately 7,350 documents. By the Accordingly, as of January 2009, OFHEO had accounted for only 158,627 of the "more than 170,000" documents withheld. In other words, nearly one year after the agency declared that it had complied with the Orders, OFHEO had not accounted for at least 11,373 documents— unlogged and unproduced—that the agency said were subject to the Orders.[3] Thus, despite the fact that these unaccounted for documents were undisputedly responsive to the Individual Defendants' search terms, and despite OFHEO's representations that they were privileged and consequently subject to Paragraphs 8 and 9 of the Stipulated Order, *see* Stipulated Order ¶¶ 8-9 (requiring detailed privilege logs for any documents withheld as privileged), or the Contempt Order (requiring OFHEO to produce all documents over which it asserted deliberative process privilege but for which it had not provided a log), OFHEO had no explanation as to why these documents were both withheld and not logged.

---

[3] Based on OFHEO's representation on December 19, 2007, that the agency was withholding 177,000 documents, *see* Memorandum Regarding Status of OFHEO's Production of Documents and Request for Forbearance of Deadline for Completion of Privilege Logs at 1 (Dec. 19, 2007) (Dkt. No. 561), the agency could not account for 18,373 documents. As the Court has acknowledged, however, the exact number of outstanding documents subject to the Orders "has been"—and continues to be—"a moving target." Hr'g Tr. at 31:23 (Feb. 20, 2009).

4

At an in-chambers conference on February 17, 2009, OFHEO asserted, for the first time, that the 11,373 missing documents were exempt from production under the Stipulated Order because they *all* related exclusively to Freddie Mac.  *See* Stipulated Order ¶ 6(a).  OFHEO maintained this new position at the Court's February 20, 2009 status conference.  *See* Hr'g Tr. at 23:16-24:24, 27:22-28:17 (Feb. 20, 2009) (excerpts attached as Exhibit 2).  The Court then ordered the agency to account for these documents by February 25, 2009, either by producing a "written explanation in detail with appropriate authorities cited as to what [OFHEO's] basis is for not producing" the remaining documents," or, in the alternative, by providing a log stating an individualized, "document-by-document basis" for any document withheld on the grounds of privilege by February 25, 2009.  *Id.* at 31:11-13, 32:5-9.

## II.    OFHEO's February 25, 2009 Letter Fails To Reconcile the Agency's Contradictory Positions Regarding its Productions.

OFHEO's February 25 letter asserts that it "has withheld a total of approximately 30,000 documents as exempt from the September 2007 Stipulated Order" because they are subject to the exclusions of Paragraph 6 in the Stipulated Order.  Letter from John C. Truong to the Hon. Richard J. Leon at 1 (Feb. 25, 2009) (citing Stipulated Order ¶ 6).  To justify its exclusion of 19,400 documents, the agency notes that "[a]fter the February 20 hearing, OFHEO asked its vendor to search the exempt documents using the search term 'Freddie Mac' or a variant," and that the search results "confirmed that approximately 19,400 documents are Freddie Mac documents and exempt" pursuant to Paragraph 6 of the Stipulated Order.  *Id.*  According to OFHEO, the remaining 11,000 documents fall into "one of the categories" of Paragraph 6.[4]

---

[4] Paragraph 6 of the Stipulated Order exempts from production documents relating exclusively to Freddie Mac (¶ 6(a)); documents created after December 31, 2004 that discuss remedial measures taken or to be taken by new management to address any accounting practices and policies or other allegations identified during the course of its Special Examination or in other examination reports produced after that date (¶ 6(b)); and documents created after December 31,

5

OFHEO's explanation is inadequate.  First, Paragraph 6 of the Stipulated Order excludes from production only those "documents relating *exclusively* to Freddie Mac."  Stipulated Order ¶ 6(a) (emphasis added).  Pursuant to this provision, OFHEO now hopes to justify its withholding of 19,400 documents based solely on a search for documents containing the term "Freddie Mac" or any variant thereof.  This mechanical approach is insufficient because it inevitably results in the withholding of responsive documents.  Compliance with Paragraph 6 of the Stipulated Order requires that OFHEO have an adequate basis to declare that *each* of the 19,400 excluded documents relates *exclusively* to Freddie Mac, and pursuant to the Court's February 20, 2009 instruction, OFHEO was to have explained that basis in writing.  The agency's February 25 letter does not satisfy this burden.  OFHEO regulates two similar entities, Fannie Mae and Freddie Mac, and the inclusion of the phrase "Freddie Mac" (or its variant) in a document does not automatically mean that the document does not pertain to Fannie Mae and the issues raised in this litigation.  Indeed, the remainder of OFHEO's production of documents (which do *not* relate exclusively to Freddie Mac) proves the point: OFHEO has produced at least 38,389 documents containing the term "Freddie Mac" or a variant thereof.  This example alone invalidates the agency's approach and belies the conclusion that, based on a search alone, the withheld documents relate exclusively to Freddie Mac.

Second, OFHEO made representations as to the nature of *all* of the withheld documents even before the agency had asked its vendor, Forensic Consulting Solutions ("FCS"), why the documents had been excluded.  At an in-chambers conference on February 17, counsel for OFHEO declared that *all* of the withheld documents (which the agency numbers at 30,000) related exclusively to Freddie Mac.  But OFHEO concedes that it waited until *after* the February

---

2004 that pertain solely to Fannie Mae's ongoing compliance with or implementation of Fannie

6

20 status conference to ask FCS to "search the exempt documents" and examine their content. Letter from John C. Truong to the Hon. Richard J. Leon at 1 (Feb. 25, 2009). In other words, only *after* OFHEO had made representations to the Individual Defendants, to this Court, and to the D.C. Circuit about the contents of the withheld documents did the agency bother to examine the contents of the documents it had knowingly withheld. And its purported "examination"—a word search for "Freddie Mac" and unspecified variants—was inadequate.

Third, OFHEO offers *no explanation* for its conclusory assertion that the "remaining 11,000 documents fall into one of the categories" of Paragraph 6 of the Stipulated Order. Letter from John C. Truong to the Hon. Richard J. Leon (Feb. 25, 2009) at 2 n.1. The agency fails to provide any explanation (much less the detailed one ordered by the Court) as to how many of these documents fall under the exemptions of Paragraph 6(b) or 6(c), or how the agency concluded that these 11,000 documents were exempt pursuant to Paragraph 6. Moreover, the assertion that 11,000 out of the 30,000 documents withheld were subject to Paragraph 6(b) or 6(c) of the Stipulated Order contradicts OFHEO's assertion in chambers and in Court that *all* of the documents being withheld were "Freddie Mac documents" and excluded from production under Paragraph 6(a), an inconsistency that the agency does not even acknowledge in its letter to the Court.

---

Mae's September 27, 2004 and March 7, 2005 Regulatory Agreements (¶ 6(c)).

7

**CONCLUSION**

OFHEO was required to treat its obligations under the Stipulated Order seriously, and in good faith. In the face of this obligation, the agency's tardy invocation of the exclusions under Paragraph 6—without what appears to be an adequate factual basis—is troubling. For a year, OFHEO has repeatedly represented that these documents were privileged and consequently subject to Paragraphs 8 and 9 of the Stipulated Order or, in the alternative, the Contempt Order. But now, OFHEO asserts that these same documents are subject to Paragraph 6 of the Stipulated Order. What is clear, however, is that the agency is withholding without basis 30,000 documents that are undisputedly responsive to the Individual Defendants' requests pursuant to the Stipulated Order, and thus potentially critical to their legal defense. Accordingly, the Individual Defendants request that the Court order OFHEO to produce the 30,000 documents as required by the Stipulated Order.[5]

In the alternative, the Individual Defendants request that the Court direct OFHEO to provide deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding the agency's failure to produce the 30,000 documents identified in OFHEO's February 25 letter, including, but not limited to, the agency's processes, review, and evaluation of documents that are purportedly exempt from production under Paragraph 6 of the Stipulated Order. *See*, *e.g.*, *Hubbard v. Potter*, 247 F.R.D. 27, 30 (D.D.C. 2008) (Facciola, M.J.) (concluding that plaintiffs' request for additional discovery was warranted in light of multiple occasions where defendant produced responsive documents it had failed to initially produce yet maintained they were

---

[5] Because the D.C. Circuit's mandate is scheduled to issue tomorrow—February 27, 2009—any relief afforded the Individual Defendants pursuant to this motion should not be ordered until Monday, March 2, 2009. *See* Fed. R. App. P. 40(b)(1) (allowing United States agencies 45 days to seek rehearing after entry of judgment); *id.* 41(b) (requiring issuance of mandate seven

nonresponsive, and ordering evidentiary hearing to determine if supplemental production was warranted).

 In light of the delays already endured in this litigation, we request that the Court order an expedited briefing and argument schedule for this motion.

Dated:  February 26, 2009        Respectfully submitted,

               /s/ Alex G. Romain
               Kevin M. Downey (D.C. Bar No. 43847)
               Alex G. Romain (D.C. Bar No. 468508)
               WILLIAMS & CONNOLLY LLP
               725 Twelfth Street, NW
               Washington, DC 20005
               (202) 434-5164 (telephone)
               (202) 434-5029 (facsimile)

               *Counsel for Defendant Franklin D. Raines*

               /s/ Eric R. Delinsky
               Steven M. Salky (D.C. Bar No. 360175)
               Eric R. Delinsky (D.C. Bar No. 460958)
               ZUCKERMAN SPAEDER LLP
               1800 M Street, NW, Suite 1000
               Washington, DC 20036
               (202) 778-1800 (telephone)
               (202) 822-8106 (facsimile)

               *Counsel for Defendant J. Timothy Howard*

---

calendar days after the time to file petition for rehearing expires) so as to avoid any potential jurisdictional conflict.

/s/ Christopher F. Regan
David S. Krakoff (D.C. Bar No. 229641)
Christopher F. Regan (D.C. Bar No. 433972)
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)

*Counsel for Defendant Leanne G. Spencer*

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2009, I electronically filed the foregoing Memorandum in Support of the Individual Defendants' Motion to Compel Production of Documents from the Office of Federal Housing Enterprise Oversight with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

/s/ Alex G. Romain_____
Alex G. Romain