UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivate, and "ERISA" Litigation | MDL No. 1688 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

**MEMORANDUM IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION
TO COMPEL THE FEDERAL HOUSING FINANCE AGENCY
TO PRODUCE DOCUMENTS AFTER *IN CAMERA* REVIEW**

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Franklin D. Raines, J. Timothy Howard, and Leanne G. Spencer (the "Individual Defendants") move to compel the Federal Housing Finance Agency ("FHFA")[1] to produce certain documents responsive to the *subpoenas duces tecum* that the Individual Defendants caused to be served on FHFA's predecessor agency, the Office of Federal Housing Enterprise Oversight ("OFHEO"). The Individual Defendants respectfully request that the Court review *in camera* 128 documents over which FHFA has asserted the deliberative process privilege. These documents fall into two categories:

- Contempt Production:  68 documents produced pursuant to the Court's Order of January 22, 2008 (Dkt. No. 580) ("Contempt Order"). These documents are listed in Exhibit 1, entitled "Contempt Production—Challenge Log," and have been provided under separate cover to the Court in a binder labeled "Contempt Production—Challenged Documents."

- Privilege Logs:  60 documents listed in privilege logs provided by the agency prior to the Court's Stipulated Order of September 27, 2007 (Dkt. No. 525) ("Stipulated Order"). These documents, which are in FHFA's possession, have never been produced to the Individual Defendants. Their corresponding privilege log entries are listed in Exhibit 2, entitled "Privilege Logs—Challenge Log."

---

[1] Pursuant to the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, §§ 1301-1313, 122 Stat. 2654, 2794, the Federal Housing Finance Agency—now a party to this litigation—is the successor agency to the Office of Federal Housing Enterprise Oversight. *See* 12 U.S.C.A. § 4511(a)-(c) (West 2009).

After *in camera* review, the Court should compel production of the 128 above-referenced documents[2] because: (1) FHFA has improperly asserted the deliberative process privilege over many of the challenged documents; (2) the Individual Defendants' substantial need for these documents outweighs any harm to the agency in producing these documents.[3]

**Proposed Method and Schedule for Resolving Challenges.**

The Individual Defendants respectfully request that this Court address the challenges as follows: (i) schedule a motions hearing in May 2009 for oral argument on this motion; (ii) order FHFA to produce the documents listed in Exhibit 2 (Privilege Logs—Challenge Log) for *in camera* review; (iii) review *in camera* the challenged Contempt Production and the Privilege Log documents; and (iv) rule on the Individual Defendants' challenges.

For the convenience of the Court, the Individual Defendants have compiled two logs listing the documents challenged in this motion. The first challenge log relates to documents produced pursuant to the Contempt Order. *See* Contempt Production—Challenge Log (Exhibit 1). For each document, that log provides a unique number and indicates the bases of the Individual Defendants' challenges. In conjunction with that log, the Individual Defendants have provided to the Court (under separate cover) a binder of all of the documents challenged. The tabs in this binder correspond to the document numbers in the Contempt Production—Challenge

---

[2] For purposes of this motion, the Individual Defendants refer to a compound document—i.e., a cover e-mail and two attachments—as one document because cover e-mails often provide context necessary to establish the bases for challenging the asserted privileges.

[3] Following the 30(b)(6) depositions recently taken by the Individual Defendants, FHFA has acknowledged that it has not yet finished its production and produced approximately 28,063 documents this morning, with 3,413 documents to be delivered within the next two weeks. Further, FHFA will voluntarily allow the Individual Defendants (and all other parties) a "sneak peek" of the documents withheld from production as exempt. *See* Stipulated Order ¶ 6 (Sept. 27, 2007) (Dkt. No. 525). The Individual Defendants reserve their rights to seek any appropriate relief after receiving and reviewing these documents.

Log. Further, the documents are highlighted to draw the Court's attention to some of the most critical text in the documents. Where the agency has proposed redactions to a document, these are denoted by boxes surrounding the proposed redactions. Finally, the documents are each stamped with boxes identifying the bases for the challenges to each document, i.e., "not predecisional," "not deliberative," or "substantial need."

The second challenge log contains selected documents listed in FHFA's various privilege logs, which were provided prior to the Stipulated and Contempt Orders. *See* Privilege Logs—Challenge Log (Exhibit 2). (The descriptions of documents contained in Exhibit 2 are taken verbatim from the privilege logs provided by FHFA to the Individual Defendants.) Those documents, of course, have never been provided to the Individual Defendants and must be provided to the Court by FHFA.

The Individual Defendants respectfully suggest that the Court can rule on these challenges at its convenience, without oral argument as to each of the challenged documents. And because the first merits deposition of FHFA personnel is scheduled for July 1, 2009, we respectfully request that the Court rule on this motion by June 1, 2009.

**I.    FHFA CANNOT ESTABLISH THAT THE DELIBERATIVE PROCESS PRIVILEGE APPLIES TO MANY OF THE CHALLENGED DOCUMENTS**

The deliberative process privilege offers qualified protection for "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). "Two requirements are essential to the deliberative process privilege: the material must be predecisional and it must be deliberative." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (per curiam). The burden lies on FHFA to establish "what deliberative process is involved, and the role played by the documents in issue in the

course of that process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). Many of the documents withheld and logged by FHFA do not meet these requirements.[4]

First, FHFA is withholding documents that are not predecisional, i.e., that were not "generated *before* the adoption of an agency policy." *Id.* at 866; *see also Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 514 F. Supp. 2d 36, 43 (D.D.C. 2007). A document is predecisional only if it "was prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made." *Petrol. Info. Corp. v. U.S. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (internal quotation marks omitted). Second, the agency is withholding documents that are not "deliberative," i.e., that do not "bear on the formulation or exercise of agency policy oriented *judgment*," *id.* at 1435, but merely involve the agency's discussions of matters unrelated to agency policy. The privilege does not protect such discussions, as it only applies to discussions related to "the process by which *policy* is formulated." *Id.* In other words, "where material could not reasonably be said to reveal an agency's or official's mode of formulating or exercising policy-implicating judgment, the deliberative process privilege is inapplicable."[5] *Id.*

---

[4] OFHEO's privilege log entries are insufficiently detailed, in violation of Federal Rule of Civil Procedure 45(d)(2)(A). On that basis alone, the Court could find that the agency has waived any privilege claims over these documents. *See Black v. Sheraton Corp. of America*, 371 F. Supp. 97, 101 (D.D.C. 1974) ("An improperly asserted claim of privilege is no claim of privilege.").

[5] With regard to the document found at Tab 2 of the Contempt Production—Challenged Documents binder (OFHEO_DEL_00010719 to OFHEO_DEL_00010720), the relevant portions of this document have already been disclosed to the Department of Housing and Urban Development ("HUD"), and are quoted in the Report of Investigation released by the HUD's Office of Inspector General. *See* U.S. Department of Housing and Urban Development, *Report of Investigation* at 10 (Oct. 5, 2004). (For the Court's convenience, the Individual Defendants have provided the relevant portions of the HUD IG Report at the end of the document at Tab 2 of the Contempt Production binder.) FHFA cannot reasonably claim privilege over information that has already been disclosed to the public.

## II. THE INDIVIDUAL DEFENDANTS' SUBSTANTIAL NEED FOR THESE DOCUMENTS OUTWEIGHS ANY POTENTIAL HARM TO FHFA.

The deliberative process privilege is a *qualified* privilege that gives way where necessary to promote "the paramount interest of the Government in having justice done between litigants." *In re Subpoena Served Upon the Comptroller of Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992) (quotation marks omitted). In determining whether a party's need for the evidence is sufficient to pierce the privilege, courts consider five factors: (i) "the relevance of the evidence"; (ii) "the availability of other evidence"; (iii) "the seriousness of the litigation"; (iv) "the role of the government"; and (v) the "possibility of future timidity by government employees." *In re Sealed Case*, 121 F.3d at 737-38 (quotation marks omitted).

With regard to the challenged documents, the first four factors are not in serious dispute. First, the Individual Defendants have long argued that these documents help to demonstrate that, *inter alia*: (i) the Individual Defendants lacked the scienter requisite to sustain the Lead Plaintiffs' claims; (ii) Fannie Mae and the Individual Defendants were fully transparent with OFHEO with regard to Fannie Mae's accounting and compensation practices; and (iii) OFHEO's special examinations reports—which contradicted the agency's annual reports to Congress that stressed that Fannie Mae's accounting practices were safe and sound—were motivated by personal and political bias and the desire of OFHEO's leadership to push legislation to expand the agency's power and shrink Fannie Mae's size and influence. Further, the Court has long since concluded that the documents are relevant—a position that has now been conceded (and joined) by the Lead Plaintiffs, *see* Lead Pls.' Mem. in Supp. of Mot. for Access at 2 (Jan. 22, 2009) (Dkt. No. 691), and that will be further confirmed by the Court's *in camera* review. The critical relevance of these documents also informs the Individual Defendants' substantial need for these documents. Second, the documents challenged in this motion are in FHFA's exclusive

possession, a fact which militates strongly in favor of production.  <u>Third</u>, as this Court has recognized, this case is a matter of national significance.  <u>Fourth</u>, FHFA plays a critical role in this case because the Lead Plaintiffs "rely in significant part on [its] various reports regarding the [I]ndividual Defendants' alleged conduct," Hr'g Tr. 7:4-6 (Jan. 22, 2008) (excerpts attached as Exhibit 3), and FHFA is now a party to this litigation.

With regard to the fifth factor, FHFA cannot demonstrate that the compelled production of these documents poses a risk of tangible harm to the agency.  This Court has recognized that any possibility of future timidity by government employees must be measured against the inherent "risk of harm to [FHFA] employees' ability to function [that] otherwise already exists with this qualified privilege."  Hr'g Tr. 26:25-27:2 (Jan. 22, 2008).  Even against that background, FHFA represented, in connection with the Court's consideration of a Contempt Order in January 2008, that production of these documents would harm the agency in two ways: (i) by having a "chilling impact" on FHFA's "decision-making processes [and] deliberations," Hr'g Tr. 100:10-12 (Jan. 16, 2008) (testimony of Mr. David Felt) (excerpts attached as Exhibit 4); and (ii) by informing FHFA's examiners that the deliberative process privilege is qualified, not absolute, *id.* at 54:20-55:12 (testimony of Mr. Kyle Roberts).

Since that time, however, FHFA itself has exposed its purportedly deliberative processes.  Through its own negligence, the agency produced at least 7,352 documents that it later claimed were privileged.  In other words, almost 20 percent of the approximately 42,000 documents FHFA ultimately designated as privileged pursuant the Stipulated Order (and formed the basis for its appeal to the D.C. Circuit) had already been produced by the agency.  Unfortunately, all of the parties in this litigation have reviewed and relied upon these documents for more than a year.  Yet, despite the agency's assertion that the production of these documents (even pursuant to the

protective order in this case) would undermine its capacity to function, the agency itself has admitted that it "continue[d] to strengthen its supervisory standards and operations" through "continuous monitoring, research and analysis and risk-based examinations." FHFA 2008 Performance and Accountability Report at 18 (excerpt attached as Exhibit 5); *see also* OFHEO 2007 Performance and Accountability Report at 4 (noting that OFHEO was strengthening its supervisory operations during 2007) (excerpt attached as Exhibit 6). The ultimate aim of the deliberative process privilege "is to prevent injury to the quality of agency decisions." *Petrol. Info. Corp.*, 976 F.2d at 1433-34 (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)) (internal quotation marks omitted). FHFA's own actions and assessments undermine its claims of harm and this Court should find that the Individual Defendants' substantial need for these documents outweighs any harm to the agency.

## CONCLUSION

For all of the reasons stated above, the Individual Defendants respectfully request that the Court compel the production of the above-referenced documents.

Dated: April 17, 2009                                    Respectfully submitted,

/s/ Alex G. Romain
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Samuel B. Davidoff (D.C. Bar No. 978175)
Eun Young Choi (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5164 (telephone)
(202) 434-5029 (facsimile)

*Counsel for Defendant Franklin D. Raines*


/s/ Eric R. Delinsky
Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
Cory Way (D.C. Bar No. 981090)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)

*Counsel for Defendant J. Timothy Howard*


/s/ Christopher F. Regan
David S. Krakoff (D.C. Bar No. 229641)
Christopher F. Regan (D.C. Bar No. 433972)
Adam Miller (D.C. Bar No. 496339)
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)

*Counsel for Defendant Leanne G. Spencer*

- 9 -

## **CERTIFICATE OF SERVICE**

      I certify that on April 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on CM/ECF.

                                              /s/ Eun Young Choi
                                              Eun Young Choi