UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivate, and "ERISA" Litigation | MDL No. 1688 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

**MEMORANDUM IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO COMPEL THE FEDERAL HOUSING FINANCE AGENCY TO PRODUCE DOCUMENTS DUE TO WAIVER OF PRIVILEGE**

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Franklin D. Raines, J. Timothy Howard, and Leanne G. Spencer (the "Individual Defendants") move to compel the Federal Housing Finance Agency ("FHFA") to produce certain documents responsive to the *subpoenas duces tecum* that the Individual Defendants caused to be served on FHFA's predecessor agency, the Office of Federal Housing Enterprise Oversight ("OFHEO"). The Individual Defendants respectfully request that the Court find that, for the 134 documents listed in Exhibit 1,[1] FHFA has waived any claims of privilege in light of its prior production and disclosure of the documents. The Court should find a waiver of privilege over these documents because FHFA failed to implement even the most rudimentary steps to protect its purported privileges:

- FHFA produced documents ***without first reviewing the documents***, and now argues that many of those documents are privileged and the productions were "inadvertent";

- FHFA relied on the Individual Defendants—***its adversaries***—to protect its privileges, and even then ***delayed for up to six months*** in responding to notices of potentially inadvertently produced documents; and

- FHFA never notified many of the parties to this litigation of its purported inadvertent productions, thereby allowing those parties ***full access to the documents to this day.***

---

[1] For purposes of this motion, the Individual Defendants have counted a compound document—i.e., a cover e-mail and two attachments—as one document.

The Court should "grant no greater protection to those who assert the privilege than their own precautions warrant." *In re Grand Jury*, 475 F.3d 1299, 1305 (D.C. Cir. 2007) (quotation marks omitted).

**Proposed Method and Schedule for Resolving Challenges.**

The Individual Defendants respectfully request that this Court address its challenges as follows: (i) order that FHFA respond to this motion by April 27, 2009; (ii) order that the Individual Defendants file their reply by May 4, 2009; (iii) schedule a motions hearing in May 2009 for oral argument on this motion; and (iv) rule on this motion by June 1, 2009.[2]

I.  **FHFA HAS WAIVED ANY PRIVILEGE CLAIMS OVER DOCUMENTS THAT WERE INADVERTENTLY PRODUCED.**

    A.  **The Applicable Law Requires a Finding of Waiver Because of FHFA's Inadvertent Productions.**

In this motion, the Individual Defendants challenge a total of 134 documents. For the 120 documents over which the agency has explicitly asserted a privilege, 114 of those documents are purportedly protected by the deliberative process privilege, 3 by the attorney-client privilege, and 3 by a combination of the deliberative process, attorney-client, and attorney work product privileges. Federal Rule of Evidence 502(b) governs the preservation of privilege in the face of inadvertent disclosures with regard to the attorney-client and attorney work product privileges.[3]

---

[2] The first merits deposition of FHFA personnel is scheduled for July 1, 2009.

[3] The 2008 Amendment to the Federal Rules of Evidence, quoted here, applies to matters pending on September 19, 2008 "insofar as is just and practicable." Act of Sept. 19, 2008, Pub. L. No. 110-322, § 1(c), 122 Stat. 3537, 3538.

It states, in relevant part:

> When made in a Federal proceeding . . . the disclosure does not operate as a waiver in a Federal or State proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). For documents over which FHFA asserts the attorney-client privilege and attorney work product doctrine, therefore, Rule 502(b) supersedes the strict waiver rule that previously governed in this Circuit. *See In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) (holding that "privilege was lost even if the disclosure is inadvertent"). Rule 502(b) contemplates that courts should consider several factors in assessing whether to find the privilege waived, including: (1) "the reasonableness of precautions taken"; (2) "the time taken to rectify the error"; (3) "the scope of discovery"; (4) "the extent of disclosure"; and (5) "the overriding issue of fairness." Fed. R. Evid. 502(b) advisory committee's notes. As demonstrated below, FHFA fails to satisfy Rule 502(b)'s requirements because the agency failed to take reasonable steps to prevent inadvertent disclosures or to rectify its errors.

But Rule 502(b) does not govern waiver for documents over which FHFA asserts the deliberative process privilege. For these documents, this Circuit's strict waiver rule remains in place. Accordingly, any documents that the agency inadvertently produced and that the agency purports to be covered by the deliberative process privilege must be produced. *Cf. SEC v. Lavin*, 111 F.3d 921, 929 (D.C. Cir. 1997) (noting that the D.C. Circuit has traditionally adhered "to a strict rule on waiver of privileges"). However, even if the Court applies the less stringent Rule 502(b) to the documents FHFA asserts are covered by the deliberative process privilege, the Court should find that FHFA has waived its privilege claims with respect to those documents, as demonstrated below.

**B.    FHFA Failed To Implement Reasonable Steps To Prevent Inadvertent Disclosures.**

Sixty of the documents challenged in this motion were produced prior to the Stipulated Order and were never reviewed for responsiveness or privilege.[4]  *See* Exhibit 1.  With respect to that production, the Chief Supervisor for FHFA's production, Mr. Kyle Roberts, testified that FHFA was "not able to review each document that went out" for production, *see* Kyle D. Roberts Dep. 201:9-10 (Mar. 16 and Apr. 1, 2009) ("Roberts Dep.") (excerpts attached as Exhibit 2), and only conducted limited, ad hoc "sampling" and "spot-checking" of documents to be produced, *id.* at 201:9-18, in an effort to identify documents that were privileged but erroneously marked for production, *id.* at 202:22-203:7.  In other words, for those never-reviewed documents, FHFA conducted no privilege review whatsoever and implemented no precautions to protect its purported privileges.  This approach fails to meet the first, and most elementary, requirement of Rule 502(b): that the producing party take <u>reasonable</u> steps to protect its privileges.  In this case, FHFA took no steps, much less any reasonable ones.

Forty-two of the documents challenged in this motion were produced pursuant to the Court's Contempt Order and thus subject to some privilege review, but nevertheless ***had already been produced and were available to all parties for up to two years***.  *See* Exhibit 1.  Remarkably, FHFA's production pursuant to the Contempt Order—documents which formed the basis of the agency's appeal to the D.C. Circuit—contained at least 7,352 documents (nearly 20 percent of the agency's contempt production) that had already been produced and made available

---

[4] During the Individual Defendants' recent 30(b)(6) depositions of FHFA, the Individual Defendants examined the privilege review processes raised in the <u>first instance</u> by FHFA in its opposition to the Individual Defendants' Motion to Compel and supporting affidavit.  *See* OFHEO's Opp. to Indiv. Defs.' Motion to Compel Production of Documents at 4-8 (Mar. 4, 2009) (Dkt No. 704) (discussing process for making privilege determinations and creating privilege logs) and Decl. of James Jordan in Support of OFHEO's Opposition ¶ 6-7 (Mar. 4, 2009) (Dkt. No. 704-2) (discussing levels of privilege review and creation of privilege logs).

to all parties. And in some cases, the agency withheld as privileged documents that it had previously produced up to 25 times. *See*, *e.g.*, Letter from Alex G. Romain to Kenneth A. Adebonojo at 3 (Mar. 10, 2009) (attached as Exhibit 3). FHFA's utter failure to guard against producing and withholding supposedly privileged documents establishes that the agency did not implement the required, reasonable steps to protect its privilege. *See*, *e.g.*, *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1996) (concluding that "[i]t is axiomatic that a screening procedure that fails to detect confidential documents that are actually listed as privileged is patently inadequate"). The glaring problem of FHFA's differing privilege determinations only undermines the strength of the agency's current privilege assertions. And the review and reliance on these documents, by all parties for up to two years, militates strongly in favor of finding that FHFA has waived any privilege assertions, through its own negligence. *See In re Grand Jury Investigation of Ocean Transp.*, 604 F.2d 672, 675 (D.C. Cir. 1979) ("[I]t would be unfair and unrealistic now to permit the privilege's assertion as to these documents which have been thoroughly examined and used by the Government for several years.").

### C. FHFA Failed To Take Prompt and Reasonable Steps To Rectify Its Inadvertent Productions.

Despite being notified of the magnitude of its production problems, FHFA failed to take prompt and reasonable steps to rectify its errors. First, despite being put on notice that its processes resulted in numerous inadvertent disclosures, the agency took no measures to prevent any additional inadvertent productions. *See* Roberts Dep. 560:14-561:14. For example, the agency made no attempt to determine if documents withheld pursuant to the Contempt Order (and the subject of the D.C. Circuit appeal) had actually been produced, a step FHFA concedes it could have taken. *Id.* at 561:15-16.

Second, for 82 of the documents challenged in this motion, FHFA waited at least three months (and, for some documents, up to six months) to assert any privilege claim, either in response to the Individual Defendants' correspondence, or after the agency had produced the documents to all parties and then identified its inadvertent production in the first instance.[5] A delay of three months belies any claim that the agency cared to protect its purported privileges and is sufficient to find a waiver of any privilege claims. *See*, *e.g.*, *United States v. Ary*, 518 F.3d 775, 784 (10th Cir. 2008) (finding a six-week delay in asserting privilege protection sufficient to constitute waiver); *Harmony Gold U.S.A.*, 169 F.R.D. at 117 (finding that Harmony Gold had "dragged its feet" by having waited two weeks after being put on notice of inadvertent productions to request return of documents and another two weeks thereafter to prepare a motion to exclude evidence, so as to warrant waiver of privilege).

Third, for 14 of the documents identified by the Individual Defendants as potentially inadvertently produced, the agency failed to assert any specific privilege over these documents in response to the Individual Defendants' letters. *See* Exhibit 1 (identifying the documents for which the agency has not asserted any privilege: Nos. 2, 10, 13, 18, 19, 20, 21, 24, 27, 28, 29, 31, 38, 44). Pursuant to the ethics rules, the Individual Defendants notified FHFA that these documents may have been inadvertently produced. But FHFA's only response was that the documents were privileged: the agency failed to identify which privilege (or privileges) applied and to provide a basis for its assertions. The agency's failure to do so constitutes a waiver of any

---

[5] In one instance, FHFA explicitly declined to assert privilege over 25 specific documents, *see* Letter from Kenneth A. Adebonojo to Alex G. Romain, Eric Delinsky, Christopher Regan, and Melanie Corwin at 4 (Nov. 13, 2007) ("[W]e do not intend to assert privilege over any other document . . . not specifically referenced above.") (attached as Exhibit 4). But five months later, the agency asserted privilege over those same 25 documents. *See* Letter from John C. Truong to Alex G. Romain, Eric Delinsky, Christopher Regan, and Melanie Corwin (Apr. 17, 2008) (attached as Exhibit 5). For 18 of these documents, listed in Exhibit 1, Nos. 7, 8, 9, 11, 12, 14, 15, 16, 17, 22, 23, 25, 26, 30, 32, 33, 34, 35, the agency continues to assert privilege.

privilege assertions.  *See Black v. Sheraton Corp. of America*, 371 F. Supp. 97, 101 (D.D.C. 1974) ("An improperly asserted claim of privilege is no claim of privilege."); *see also* Roberts Dep. 504:4-505:7 (stating failure to respond to certain documents "could be that the remaining documents weren't actually privileged); *id.* at 506:15-507:7 (acknowledging that it would be a "fair inference" that any privilege over these documents has been waived).

Fourth, when FHFA finally responded to the Individual Defendants' notices and asserted privilege, the agency informed the Individual Defendants and the Lead Plaintiffs of its desire to "claw back" the documents, but failed to notify systematically all of the other parties to the consolidated multi-district litigation.  *See* Roberts Dep. 553:8-554:2 (stating that he was unaware of any steps taken by the agency to inform other parties of its intention to assert privilege over documents); *id*. at 554:21-555:3 (admitting that parties not addressed by OFHEO's letters may still be relying upon these documents today).  This failure to notify all parties demonstrates further that the agency did not take the steps necessary to protect its purported privileges.

Finally, FHFA should not be allowed to manipulate the requirements of the D.C. Rules of Professional Conduct by abusing the Individual Defendants' ethical obligations under those rules.  The Individual Defendants, at significant effort and expense over the course of nearly two years, notified the agency on numerous occasions of any documents that they believed were inadvertently produced because the Rules require the Individual Defendants to do so.  *See* D.C. Rule of Professional Conduct 4.4(b); D.C. Bar Ethics Op. 256.  Nevertheless, FHFA allowed months to lapse before asserting its own privileges over these documents and never took any steps to validate or improve its processes for safeguarding its privileges.  FHFA understood that if the Individual Defendants had reason to believe that the documents were privileged, the Individual Defendants could not use those documents until FHFA responded (or this Court ruled

- 7 -

on any challenges), and so FHFA relied on the Individual Defendants' ethical obligations to "protect" their purported privileges. *See* Roberts Dep. 562:14-20 (admitting as a "practical matter" that "the agency has relied on . . . the [I]ndividual [D]efendants . . . to point out to it over a two-year period thousands of documents that have been inadvertently produced"). This Court should neither endorse nor reward the agency's deliberate abuse of the Rules of Professional Conduct and its near-complete failure to protect its privileges.

## CONCLUSION

For all the reasons stated above, the Individual Defendants respectfully request that the Court compel the production of the above-referenced documents.

Dated:  April 17, 2009                    Respectfully submitted,

/s/ Alex G. Romain
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Samuel B. Davidoff (D.C. Bar No. 978175)
Eun Young Choi (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5164 (telephone)
(202) 434-5029 (facsimile)

*Counsel for Defendant Franklin D. Raines*

/s/ Eric R. Delinsky
Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
Cory Way (D.C. Bar No. 981090)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)

*Counsel for Defendant J. Timothy Howard*

/s/ Christopher F. Regan
David S. Krakoff (D.C. Bar No. 229641)
Christopher F. Regan (D.C. Bar No. 433972)
Adam Miller (D.C. Bar No. 496339)
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)

*Counsel for Defendant Leanne G. Spencer*

## **CERTIFICATE OF SERVICE**

      I certify that on April 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on CM/ECF.

                                              /s/ Eun Young Choi
                                              Eun Young Choi