UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

MEMORANDUM ORDER
(June 8, 2009) [#721]

Upon consideration of the Individual Defendants' Motion to Compel the Federal Housing Finance Agency to Produce Documents Due to Waiver of Privilege, the opposition thereto, and oral argument held May 27, 2009, the Court will GRANT the Individual Defendants' motion.

The Individual Defendants contend that the Office of Federal Housing Enterprise Oversight ("OFHEO") – the responsibilities of which have been assumed by the Federal Housing Finance Agency ("FHFA") – has waived any privilege claims it may have over 134 documents inadvertently produced pursuant to the Individual Defendants' *subpoena duces tecum*. The documents fall into two broad categories: 1) those inadvertently produced before this Court's January 22, 2008 Contempt Order ordering a "sneak-peek" of certain documents over which OFHEO asserts deliberative process privilege (92

1

documents) and 2) those produced after, and pursuant to, the Contempt Order (42 documents), each of which OFHEO had previously, inadvertently, produced.[1]

As to those in the first category, the totality of the circumstances persuades the Court that OFHEO did not take "reasonable steps" to prevent the documents' inadvertent disclosure or to promptly rectify such disclosure. Fed. R. Evid. 502(b).[2] In essence, OFHEO seeks to have its cake and it eat too! While the Court is particularly mindful of the "magnitude of OFHEO's productions," (OFHEO Opp'n Br. at 18), and the time pressures OFHEO faced, those circumstances should have evoked a heightened concern about inadvertent disclosures, particularly given that OFHEO relied solely on a system of contract-attorney review plus "quality control" spot-checking to protect its privileges

---

[1] Of the 134 total documents, OFHEO asserts attorney-client privilege over three, a combination of attorney-client, attorney work product, and deliberative process privilege over three, and deliberative process privilege over the remainder.

[2] Federal Rule of Evidence 502(b) provides, in pertinent part:

Rule 502. Attorney-Client Privilege and Work Product; Limitations on Waiver

The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

* * *

(b) Inadvertent disclosure.
When made in a Federal proceeding . . ., the disclosure does not operate as a waiver in a Federal . . . proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

While the Individual Defendants argue that Rule 502(b) applies only to attorney-client and attorney work product privilege claims and that a strict waiver rule applies to inadvertent disclosure of documents covered by deliberative process privilege, *see In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989), the Court need not resolve this question as it finds that OFHEO waived all of its privilege claims, including its deliberative process claims, applying Rule 502(b).

prior to its productions, (OFHEO Opp'n Br. at 13-14). Yet, rather than promptly respond when the Individual Defendants' identified potential inadvertent disclosures, OFHEO, by its own concession, concedes that it waited *months* to respond with its privilege claims, (OFHEO Opp'n Br. at 15), and in some cases either failed to respond at all or initially responded that certain documents were not produced inadvertently only to assert a privilege claim several months later, (Ex. 1 to Ind'l Defs.' Mot.). Thus, it is abundantly clear that OFHEO's pre-production steps to protect its privileges and its post-production steps to rectify its inadvertent disclosures were both inadequate for purposes of Rule 502(b).

As to the second category of documents, the same conclusion is equally warranted. While there may be an inherent risk of privilege coding inconsistencies when a group of contract attorneys review federal agency documents for deliberative process privilege, and while Rule 502(b) does not require the producing party to engage in a post-production review to insure it did not occur, Fed. R. Evid. 502(b), Advisory Committee Notes, the fact that several *thousand* of the very documents OFHEO objected to disclosing through a "sneak-peek" had *already been produced* to the Individual Defendants belies OFHEO's contention that it had taken "reasonable steps" to protect its deliberative process privilege. Thus, the Individual Defendants, who have had possession of these documents for months, if not years, at this point, should continue to have access to the same. *See In re Grand Jury*, 475 F.3d 1299, 1305 (D.C. Cir. 2007) (noting that, in attorney-client privilege context, "[t]he courts will grant no greater protection to those who assert the privilege than their own precautions warrant") (quoting *In re Sealed Case*,

877 F.2d 976, 980 (D.C. Cir. 1989)); *In re Grand Jury Investigation of Ocean Transp.*, 604 F.2d 672, 675 (D.C. Cir. 1979) ("[I]t would be unfair and unrealistic now to permit the privilege's assertion as to these documents which have been thoroughly examined and used by the Government for several years.").

\* \* \*

Accordingly, for the foregoing reasons and for the reasons stated on the record May 27, 2009, it is hereby

**ORDERED** that the Individual Defendants' motion to compel FHFA to produce documents due to waiver of privilege is GRANTED; and it is further

**ORDERED** that FHFA shall produce the 134 documents listed in Exhibit 1 of the Individual Defendants' motion forthwith.

**SO ORDERED.**

*[signature]*
RICHARD J LEON
United States District Judge