UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivate, and "ERISA" Litigation | MDL No. 1688 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

### STIPULATED ORDER

Upon consideration of the motions hearing on May 27, 2009; the Office of Federal Housing Enterprise Oversight's Motion for Entry of Order Granting Limited, "Sneak Peek" Review of Documents Exempt From Production Under The Stipulated Order of September 27, 2007 (Dkt. No. 735) and the responses thereto; the telephonic conference held on March 13, 2009; the motions hearing held on March 6, 2009; the Individual Defendants' Motion to Compel the Production of Documents from the Office of Federal Housing Enterprise Oversight (Dkt. No. 700) and the responses thereto; and with the agreement of the Individual Defendants and OFHEO, it is hereby:

1. **ORDERED** that OFHEO shall produce to the Individual Defendants pursuant to the terms and limitations of this Order, any and all documents withheld ("Exempt Documents") from production pursuant to Paragraph 6 of this Court's Stipulated Order (Sept. 27, 2007) (Dkt. No. 525) ("Stipulated Order"); and it is further

2. **ORDERED** that OFHEO shall produce all of the Exempt Documents as soon as possible after the entry of this Order, but no later than two calendar days thereafter. OFHEO need not produce any Exempt Documents, or portions thereof, that the agency believes are protected by the attorney-client privilege or work product doctrine; and it is further

3. **ORDERED** that OFHEO's production of documents pursuant to this Order shall not, in any way, constitute a waiver of any privileges or protections to which any of the Exempt Documents may be subject; and it is further

4. **ORDERED** that any Exempt Document that OFHEO produces pursuant to this Order shall be deemed "highly confidential" under the terms of the Third Amended Stipulated Pretrial Protective Order (Dec. 12, 2007) (Dkt. No. 556), as long as that document is marked by OFHEO according to Paragraph Four of the protective order. Furthermore, until and unless the Court rules otherwise or the parties to this Order agree, no document produced pursuant to this Order may be referenced, quoted from, shown, or made an exhibit in discovery, any hearing or filing, or any other proceeding, except in connection with any challenges to or litigation concerning OFHEO's exemption or privilege claims.

Moreover, until and unless the Court orders otherwise, no document produced pursuant to this Order may be disclosed directly or indirectly by the person receiving such material to anyone other than (i) persons identified in the documents or through testimony as already having seen or received such material; and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary to challenge any claim of exemption or privilege: (a) the Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing or any appeal therefrom; (b) counsel of record for the Individual Defendants, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in any challenge to any claim of exemption or privilege; (c) any Court-appointed mediator or other individual acting pursuant to Court appointment; and (d) other persons upon further order of the Court or written consent of the producing party; and it is further

5. **ORDERED** that within 14 calendar days of the production of Exempt Documents, the Individual Defendants shall provide to OFHEO a list of the Exempt Documents that the Individual Defendants may challenge on the grounds that the documents (i) were improperly withheld as exempt from production under the terms of the Stipulated Order and (ii) should be produced, even if OFHEO asserts a privilege over the documents ("Challenged Documents"); and it is further

6. **ORDERED** that OFHEO shall review the Challenged Documents and respond to the Individual Defendants within four business days, provided that the Individual Defendants identify no more than 500 Challenged Documents. OFHEO will indicate, for each of the Challenged Documents, whether the agency will (i) continue to assert that the document was properly withheld as exempt pursuant to Paragraph 6 of the Stipulated Order and/or (ii) assert attorney-client privilege, the attorney work product doctrine, or deliberative process privilege over the document, even if the document was not properly withheld as exempt. If the Individual Defendants identify more than 500 Challenged Documents, then the parties may agree to a new deadline for OFHEO to respond to the Individual Defendants' challenges to the additional documents. If the parties cannot agree to a new deadline for OFHEO to respond to the challenges for the additional documents, then the Court will set a new deadline; and it is further

7. **ORDERED** that no later than six business days after OFHEO responds to the Individual Defendants' challenges, OFHEO will provide to the Individual Defendants privilege logs for all documents over which it asserts the attorney-client privilege and/or attorney work product; and it is further

8. **ORDERED** that the Individual Defendants must file any motion challenging OFHEO's exemption and/or privilege assertions by no later than five calendar days after receipt of OFHEO's privilege logs under Paragraph 7 of this Order. OFHEO must file its opposition, if any, within five business days after the Individual Defendants' motion. The Individual Defendants must file their reply, if any, within three business days after OFHEO's opposition. If the Individual Defendants move to compel the production of more than 500 Challenged Documents, then the parties may agree to a new deadline for

OFHEO to respond to the motion with respect to the additional documents. If the parties cannot agree to a new deadline for OFHEO to respond to the motion with respect to the additional documents, then the Court will set a new deadline; and it is further

9. **ORDERED** that, without further demand, within ten business days of the final resolution of all of the Individual Defendants' challenges, if any, to the Exempt Documents, the Individual Defendants will destroy all documents (electronic and/or paper) that were produced by OFHEO pursuant to this Order that were either (i) not challenged by the Individual Defendants or (ii) determined by the Court to be properly withheld as exempt under the Stipulated Order or privileged. No document produced pursuant to this Order (except documents as to which all privilege claims have been withdrawn by OFHEO or rejected by the Court) may be transmitted by any party or non-party to another party or non-party via electronic mail; and it is further

10. **ORDERED** that the Individual Defendants' Motion to Compel Production of Documents from the Office of Federal Housing Enterprise Oversight (Dkt. No. 700) is held in abeyance.

**SO ORDERED.**

Date: June ___, 2009

_____
RICHARD J. LEON
United States District Judge