UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br>Judge Richard J. Leon |
| Fannie Mae v. KPMG | |

## [PROPOSED] STIPULATED ORDER SETTING FORTH PROCEDURES REGARDING APPOINTMENT AND DUTIES OF SPECIAL MASTER

Upon consideration of the Joint Motion of Fannie Mae and KPMG for appointment of a Special Master, and the Court having found good cause shown, it is this 25th day of June, 2009, ORDERED:

1. It is in the interest of all parties to streamline the discovery process and to facilitate the efficient and expeditious resolution of certain discovery disputes.

2. Appointment of a Special Master is appropriate in this case for the limited purpose of resolving the types of discovery disputes set forth below. First, the volume of disputed documents prevents the Court from addressing certain discovery disputes in an effective and timely manner. *See* Fed. R. Civ. P. 53(a)(1)(C) ("[A] court may appoint a special master only to: . . . (C) address pre-trial and post-trial matters that cannot be addressed effectively and timely by an available district judge."). Second, pursuant to Fed. R. Civ. P.

53(a)(1)(A), Fannie Mae and KPMG have consented to the appointment of a Special Master to resolve the types of discovery disputes described below. Fed. R. Civ. P. 53(a)(1)(A) permits a federal court to appoint a Special Master to "perform duties consented to by the parties."

3. The Special Master shall be authorized to hear, resolve, and rule on the discovery disputes set forth in Section I and to establish procedures for handling such disputes.

## I. DUTIES OF THE SPECIAL MASTER

4. The Special Master shall not have any authority to decide threshold questions of law involving privilege disputes. If the parties disagree whether a dispute is a threshold matter, it shall be submitted to the Court for resolution. With the exception of these threshold issues of law, the Special Master shall supervise document discovery involving Fannie Mae and KPMG with respect to claims of confidentiality, privilege, and the redaction of documents.

5. Upon request of Fannie Mae or KPMG, the Special Master shall review privilege logs, privilege redaction logs, and any documents identified to him to the extent necessary to resolve any challenges to privilege.

6. The parties agree and acknowledge that providing privileged materials to the Special Master will not in any way be deemed to constitute a waiver of any applicable privileges.

7. The Special Master is hereby authorized to receive and consider information and documents designated "Confidential" and "Highly Confidential" pursuant to the operative Stipulated Protective Order entered in this matter. The Special Master agrees to be bound by that Protective Order.

8.  The Special Master shall not order any deposition to be reopened. Disputes regarding the reopening of depositions that have already been completed shall be resolved solely by the Court.

9.  The Special Master shall not consider disputes beyond those enumerated in this section absent the express written agreement of Fannie Mae and KPMG.

10. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with all reasonable diligence.

## II.  *EX PARTE* COMMUNICATIONS AND *IN CAMERA* REVIEW

11. Fed. R. Civ. P. 53(b)(2)(B) directs the Court to set forth the circumstances in which the Special Master may communicate *ex parte* with the Court or a party. The Special Master may communicate *ex parte* with the Court, without notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and appropriate procedural matters. The Special Master will attempt to limit such communications with the Court to those reasonably necessary to perform the Special Master's duties pursuant to this Special Master Order.

12. The Special Master may not communicate *ex parte* with any party or counsel without first providing opposing counsel notice and an opportunity to be heard. Such notice shall indicate the general nature of the proposed communication.

13. The Special Master shall review all documents and information which is in dispute *in camera*. Counsel for Fannie Mae and KPMG shall each designate a representative or representatives to be available to receive communications from the Special Master. The Special

Master may contact designated representatives of the parties to ask any questions that the Special Master may have regarding these disputed documents pursuant to a process negotiated and agreed upon by KPMG and Fannie Mae.

### III. REVIEW OF SPECIAL MASTER'S FINDINGS

14. The Special Master's findings shall be final and non-appealable by the parties.

15. To the extent any party appearing before the Special Master challenges the authority of the Special Master to resolve discovery disputes, those challenges shall be resolved by this Court.

16. Nothing in this Special Master order shall be construed to waive the rights of third parties who appear before the Special Master.

### IV. SELECTION OF SPECIAL MASTER

17. Subject to a conflicts check, the Court shall in its sole discretion appoint a Special Master as soon as practicable.

18. The Special Master shall be deemed appointed throughout the course of this litigation unless terminated earlier by agreement of KPMG and Fannie Mae and ordered by the Court.

### V. COMPENSATION OF SPECIAL MASTER

19. The parties shall agree to compensate the Special Master at an agreed-upon hourly rate, with costs to be divided equally between Fannie Mae and KPMG. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue.

20. The Special Master in this proceeding shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities.

21. Upon the Court's request, the Special Master shall submit a written formal report of his activities for filing in these coordinated proceedings.

The Honorable Richard J. Leon
United States District Judge

Dated: 6/25, 2009