IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04-cv-01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*,<br><br>*Defendants*. | No. 1:06-cv-00139 (RJL) |

**KPMG LLP'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT TO PRODUCE DOCUMENTS WITHHELD AS EXEMPT**

OFHEO withheld over 67,000 documents as "exempt" from the production and privilege log requirements of the September 27, 2007 Stipulated Order (Dkt. No. 525). Pursuant to the Stipulated Order dated June 17, 2009 (Dkt. No. 746), KPMG performed a quick peek review of the withheld documents. KPMG now respectfully moves this Court to compel OFHEO to produce 11 of those documents, which OFHEO asserts are either privileged, exempt from production, or both. OFHEO's justifications for withholding these documents are without support, and to the extent the deliberative process privilege applies to any KPMG has a substantial need that overrides the privilege.

**Background**

Through the September 27, 2007 Stipulated Order, OFHEO agreed to produce (or log as privileged) a broad set of documents no later than November 30, 2007. It also agreed to produce

(or log as privileged) another set of documents no later than January 4, 2008. (Dkt. No. 525). The Stipulated Order contained three narrow exemptions to the obligation to produce or log documents. The exemptions are:

a) Documents relating exclusively to Freddie Mac;

b) documents created after December 31, 2004, that discuss remedial measures taken or to be taken by new management to address any accounting practices and policies or other allegations identified by OFHEO during the course of its Special Examination or in other examination reports produced after that date;

c) documents created after December 31, 2004, that pertain solely to Fannie Mae's ongoing compliance with or implementation of Fannie Mae's September 27, 2004 and March 7, 2005 Regulatory Agreements.

Stipulated Order, September 27, 2007, at ¶ 6 (Dkt. No. 525).

Because OFHEO failed to meet the September 27, 2007 Stipulated Order's deadlines, this Court held OFHEO in contempt. *See* Contempt Order of January 22, 2008, (Dkt. No. 580) ("Contempt Order"). The Contempt Order required OFHEO to produce for a quick peek review all documents that were subject to production under the September 27, 2007 Stipulated Order, if OFHEO was withholding them solely on the basis of the deliberative process privilege, *and* OFHEO had not yet logged them as privileged by the deadlines set forth in the September 27, 2007 Stipulated Order. *Id.*; *see also* Order of March 12, 2009 (Dkt. No. 706) (granting KPMG access to OFHEO's contempt production). The Contempt Order also required OFHEO to log all documents withheld under any privilege no later than February 29, 2008.

In order to comply with both the Stipulated Order and the Contempt Order, OFHEO needed to exercise care in invoking the exemptions. It did not do so, as is evident from its inability to keep track of even the number of times it invoked an exemption. OFHEO originally told this Court that it withheld approximately 30,000 documents as exempt; an OFHEO 30(b)(6)

2

witness later testified that over 47,000 were withheld as exempt; and still later, OFHEO indicated the number was "approximately 50,459." *See* Individual Defendants' Opposition to Motion for Entry of Order, May 18, 2009, at 2 and exhibits cited therein (Dkt. No. 736). Ultimately, OFHEO agreed to produce for a quick peek review all the documents it withheld as exempt. Quick Peek Stipulated Order (Dkt. No. 746). And based on that order, OFHEO produced 67,468 documents.

KPMG reviewed the more than 67,000 documents and determined that a large number were not exempt. Limiting itself to those for which it has a substantial need, KPMG moves this Court to compel the production of only 11 documents.

For 8 of these 11 documents, OFHEO asserts privilege and nothing more. In other words, it agrees these 8 documents should not have been withheld as exempt. For another 2 documents, OFHEO claims *both* exemption *and* privilege; and it is withholding the final document as exempt only (that is, with no claim of privilege). *See* Letter from J. Aronica to C. Barrett, July 8, 2009 (Attached as Exhibit 1). Each of OFHEO's privilege claims has been waived, is unsupported by the privilege asserted, or has been overcome by KPMG's substantial need for the documents. OFHEO's application of the exemption categories is also unfounded as to each document where exemption is still asserted. All 11 documents should be produced.

**I. OFHEO Has Long Since Waived Any Privilege Claims Over Non-Exempt Documents.**

OFHEO admits that 8 of the 11 documents currently at issue do not fall within any of the Stipulated Order's exemption categories, even though exemption was the sole basis for withholding the documents. Although these documents therefore should have been produced or logged as privileged long ago, it was not until July 8, 2009 that OFHEO asserted privilege over

3

them.  *See* Letter from J. Aronica to C. Barrett (Ex. 1); Challenge Log, Document Nos. 4-11 (Attached as Exhibit 2).

Under the September 27, 2007 Stipulated Order, OFHEO needed to produce or log as privileged any non-exempt document no later than January 4, 2008.  Stipulated Order (Dkt. No. 525).  The Court later extended the deadline to February 29, 2008.  Contempt Order (Dkt. No. 580).  And to the extent OFHEO only asserts the deliberative process privilege as the basis for withholding the documents (which is true for all but one of the documents at issue in this motion for which OFHEO claims privilege), then OFHEO should have already produced these documents during the initial quick peek review.  *Id.*

OFHEO cannot be allowed to assert privilege for these 8 documents simply because it has waited until now to concede what was true all along:  that no exemption applies.  This is especially so where, as here, the documents clearly were not exempt.  It bears noting that the sole reason OFHEO is "only" a year and a half late in claiming privilege is that this Court ordered production of the "exempt" documents on a quick-peek basis.  Without that production, the Court and the parties never would have known that these documents were non-exempt, and OFHEO may *never* have complied with the order's production requirements.  As this Court has previously stated, "Failure to assert the privilege within a reasonable time, without a showing of good cause, constitutes a waiver of the privilege." *Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper*, 233 F.R.D. 1, 9 (D.D.C. 2005) (citing Fed. R. Civ. P. 26(b)(5); *see also Gen. Elec. v. Johnson*, 2007 U.S. Dist. LEXIS 8275, at *13 (D.D.C. Feb. 5, 2007) (imposing waiver for untimely assertion of privilege).  OFHEO's claims of privilege over these documents should have been made by February 29, 2008.  OFHEO has asserted privilege a year and a half too late.  Its claims are therefore waived.

4

**II. OFHEO's Assertion Of The Deliberative Process Privilege Is Invalid And Superseded by KPMG's Substantial Need.**

OFHEO asserts the deliberative process privilege over 10 of the 11 documents. *See* Letter from J. Aronica to C. Barrett (Ex. 1); Challenge Log, Document Nos. 1-2, 4-11 (Ex. 2). The burdens OFHEO must satisfy to make a valid claim of deliberative process privilege are fully described in KPMG's Memorandum in Support of Motion to Compel, April 17, 2009, at 7-11, (Dkt. No. 722), which was the subject of the Court's July 2009 *in camera* review. KPMG incorporates that Memorandum here. In short, OFHEO must show that "the information sought is *predecisional* and *deliberative*." *Alexander v. FBI*, 192 F.R.D. 50, 55 (D.D.C. 2000) (emphasis added). The privilege does not protect *all* items reflecting an agency's internal workings, nor does it shield everything that provides a window into the mindset or thinking of those employed at an agency. OFHEO's earlier reliance on *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980), to refute this point is curious, because that very decision repudiates OFHEO's view that every discussion about what members of an agency should do is predecisional deliberation. The court there rejected a claim of privilege because, among other things, "the documents were not suggestions or recommendations as to what agency policy should be." *Id.* at 868.

> Characterizing these documents as "predecisional" simply because they play into an ongoing audit process would be a serious warping of the meaning of the word. No "decision" is being made or "policy" being considered; rather the documents discuss established policies and decisions the agency regulations in the light of a specific, and often hypothetical, fact pattern.

*Id.* Only through a similar "warping" of the meaning of "predecisional" can OFHEO's claims prevail here.

Even if OFHEO had properly invoked the deliberative process privilege, it still should be ordered to produce the documents because "[t]he deliberative process privilege is a qualified

5

privilege and can be overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). KPMG needs each of the 10 documents over which OFHEO asserts deliberative process in order to pursue its claims and defenses: *e.g.,* they are relevant to scienter, causation, and damages because they bear on OFHEO's prior approval of Fannie Mae's audit and accounting functions and on the sources and effects of OFHEO's examination misconduct and other regulatory hostility between OFHEO and Fannie Mae. These categories of need—which this Court recently considered in reviewing the documents from the first quick-peek challenge—are more fully described in KPMG's Memorandum in Support of Motion to Compel at 11-12, (Dkt. No. 722).

### III.   OFHEO's Claims of Exemption Are Invalid.

Of the 11 documents that KPMG seeks from a collection of more than 67,000 that OFHEO withheld solely on a ground of exemption, OFHEO defends only 3 as exempt after all. *See* Letter from J. Aronica to C. Barrett, July 8, 2009 (Ex. 1); Challenge Log, Document Nos. 1-3 (Ex. 2). Because all 3 documents were created in 2003, only the first exemption category can possibly apply: "Documents relating exclusively to Freddie Mac." OFHEO has misapplied this exemption category, thereby undermining the truth-seeking function of discovery.

The documents OFHEO withholds as exempt certainly meet the usual standards for discovery: they are relevant and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Among other things, these documents reflect the political motivations of the OFHEO employees who ran the special examination of Fannie Mae and drafted the report whose conclusions are central to the plaintiffs' allegations. For that reason alone, these documents do not relate *exclusively* to Freddie Mac, a fact that is further apparent from a review of the documents themselves.

## Conclusion

For the reasons stated above, OFHEO should be ordered to produce the 11 documents that are identified in the chart attached to this motion (Ex. 2), and included in a binder being provided to the court under separate cover.

DATED: July 24, 2009

                Respectfully submitted,

                /s/ Andrew S. Tulumello
                F. Joseph Warin (D.C. Bar No. 235978)
                Scott A. Fink (*pro hac vice*)
                Michael F. Flanagan (D.C. Bar No. 435942)
                Andrew S. Tulumello (D.C. Bar No. 468351)
                David Debold (D.C. Bar No. 484791)
                GIBSON, DUNN & CRUTCHER LLP
                1050 Connecticut Avenue, N.W.
                Washington, D.C.  20036
                Telephone: (202) 955-8500
                Facsimile: (202) 467-0539

                *Counsel for Defendant KPMG LLP*