UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

## ORDER

Upon consideration of KPMG LLP's Motion to Compel the Office of Federal Housing Enterprise Oversight (now succeeded by the Federal Housing Finance Agency) to Produce Documents Withheld as Exempt (Dkt. No. 763), the response thereto of the Federal Housing Finance Agency, and the entire record, it is this _____ day of _____, 2009, ORDERED that the Motion to Compel (Dkt. No. 763) is hereby DENIED.

SO ORDERED.

_____
Judge Richard J. Leon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

### FHFA's OPPOSITION TO KPMG's
### MOTION TO COMPEL DOCUMENTS WITHHELD AS EXEMPT

The Federal Housing Finance Agency ("FHFA" or "agency"), successor to the Office of Federal Housing Enterprise Oversight ("OFHEO" or the "agency"), submits its Opposition to KPMG LLP's Motion to Compel the Office of Federal Housing Enterprise Oversight to Produce Documents Withheld as Exempt (Dkt. No. 763). FHFA respectfully requests that the Court deny the motion to compel.

**I.   INTRODUCTION**

KPMG LLP ("KPMG") filed the instant motion to compel on July 24, 2009, pursuant to the Stipulated Orders of June 17, 2009, and of June 11, 2009 (Dkt. Nos. 746 and 742), regarding the "sneak peek" review of "exempt" documents that OFHEO withheld pursuant to paragraph 6 of the Stipulated Order of September 27, 2007 (Dkt. No. 525) (the "2007 Stipulated Order"). *See* KPMG's Motion to Compel at Ex. 2 (Dkt. No. 763-5) (exhibit listing 11 documents).[1]

The instant motion challenges 11 documents.

---

[1]   "Exempt" documents are those documents that were exempt from production under the 2007 Stipulated Order because they pertain exclusively to Freddie Mac.

- Three of the 11 documents (Nos. 1, 2, and 3) are "exempt" from production under the Court's orders because they are "Documents relating exclusively to Freddie Mac." See 2007 Stipulated Order at ¶ 6.

- Eight of the 11 documents (including two of the exempt documents) (Nos. 1, 2, and 6 through 11) are protected by the deliberative process privilege.

- One of the 11 documents (No. 11), a communication between OFHEO and Judge Stanley Sporkin's law firm, Weil Gotshal & Manges, is protected by the attorney-client privilege, work product doctrine, and the deliberative process privilege. OFHEO retained Weil Gotshal & Manges as legal counsel during the Special Examination of Fannie Mae.

- Two of the 11 documents (Nos. 4 and 5) are not exempt from production and OFHEO no longer maintains any privilege over them. Thus, KPMG's motion is moot as to these two documents.

## II.     DISCUSSION

### A.     Documents 1, 2, And 3 Are Exempt From Production.

The Stipulated Order of September 27, 2007 required the production of a vast amount of electronic data. Three subject areas were nonetheless exempt from production, including "Documents relating exclusively to Freddie Mac." Here, Documents 1, 2, and 3 are exempt from production because they relate exclusively to Freddie Mac. In the face of the plain wording of the Stipulated Order, however, KPMG argues that the documents are not exempt because, according to KPMG, the documents "meet the usual standard for discovery" under Fed. R. Civ. P. 26. KPMG Mot. at 6.

KPMG is wrong. First, the documents do not "meet the usual standard for discovery," whatever that is meant to connote. Rather, they pertain to OFHEO's regulatory activities regarding not Fannie Mae, but Freddie Mac, an entirely different Enterprise not involved in this litigation. Thus, they are irrelevant and not subject to production under Fed. R. Civ. P. 26 and 45.

Second, discovery from OFHEO in this case is governed by the several stipulated orders. According to the express language of the 2007 Stipulated Order, these three documents are exempt from production. That order specifically carved out documents relating exclusively to Freddie Mac. KPMG specifically agreed to be bound by, and is in fact bound by, that limitation when it sought and obtained permission from the Court to view the documents. *See* Stipulated Order of June 17, 2009 (Dkt. No. 746). KPMG cannot re-write history and the Court's orders because it is now unsatisfied with the strategic decisions it made years ago.

KPMG has been involved in the MDL for many years and strategically decided not to pursue discovery from OFHEO, a third party, separately from what the Court has already ordered.[2] KPMG now has access to the documents at issue in this motion solely as a result of negotiations between OFHEO and the Individual Defendants, which culminated in the 2007 Stipulated Order. Thus, under "the usual standard for discovery," KPMG would never have received any of these documents because KPMG chose not to pursue discovery from OFHEO separate and apart from what OFHEO was already ordered to produce. Instead, even though KPMG has been involved in this litigation for many years, KPMG remained on the sidelines and

---

[2]    KPMG became a party in December 2006 when Fannie Mae filed a complaint against KPMG. KPMG sought to consolidate that case with the securities litigation, arguing in its Motion to Consolidate that Fannie Mae's claims against it presented "identical" issues as those presented in the securities litigation. *See* KPMG's Motion to Consolidate (March 2, 2007); *see also* KPMG's Reply Brief (March 26, 2007) (Dkt. No. 384-2) ("There is simply no good reason to oppose consolidation."). Fannie Mae's suit against KPMG was consolidated into the MDL. KPMG next filed an answer and cross-claims against Fannie Mae on April 16, 2007. (Dkt. No. 391.) KPMG admits that its claims against Fannie Mae "'aris[e] out of the same transaction or occurrence that is the subject matter . . . of' the consolidated actions of the MDL." (Dkt. No. 391 at ¶ 6.)

On January 31, 2008, KPMG finally decided to serve a subpoena on OFHEO under Rule 45. OFHEO objected. *See* Letter from U.S. Attorney to Joseph Warin (Feb. 6, 2008), attached hereto as Exhibit 1. KPMG withdrew the subpoena and opted not to file a motion to compel.

3

accepted the terms of the deal negotiated with OFHEO by other parties to the litigation.  Thus, KPMG is obliged to live with its prior decisions, as any other party would be.

Third, KPMG's argument that the documents do not pertain exclusively to Freddie Mac is specious.  Under KPMG's self-serving analysis, no document at OFHEO would relate exclusively to Freddie Mac or exclusively to Fannie Mae merely because OFHEO is statutorily responsible for regulating both enterprises.  According to KPMG's flawed logic, all OFHEO documents necessarily relate to this litigation, and no OFHEO documents would relate exclusively to either enterprise.[3]  KPMG's argument is both flat wrong and a complete departure from the meaning of the 2007 Stipulated Order, which expressly excludes these documents from production.

### B. OFHEO Has Not Waived Any Privilege Asserted Over The Privileged Documents At Issue Here.

KPMG argues that OFHEO has waived its right to assert a privilege over 10 of the 11 documents at issue in this motion.  Notably, KPMG does not argue that these documents were inadvertently produced.  Instead, KPMG argues that OFHEO waived its privilege assertions because it initially withheld these documents as exempt, rather than as privileged.  KPMG is wrong and its position flies in the face of the deal it struck with OFHEO that is memorialized in

---

[3]    Ironically, in KPMG's Motion to Quash the Rule 45 subpoena served by Lead Plaintiffs in March 2006, prior to KPMG's becoming a party, KPMG argued that the subpoena was "a sweeping, all-encompassing nonparty subpoena that seeks production of all documents relating to services (whether audit related or not) provided by KPMG to Fannie Mae dating back to 1998."  KPMG Mot. to Quash at 1 (April 25, 2006) (Dkt. No. 138).  KPMG further argued that, "By its terms, the subpoena seeks every document in KPMG's custody, possession, or control that concerns any engagement (whether audit related or not) performed by KPMG for Fannie Mae from 1998 to the present."  *Id.* at 2-3.  If KPMG considered discovery requests about Fannie Mae, a party, overbroad and irrelevant, it follows that KPMG would also object to a subpoena for information regarding its engagements with companies other than Fannie Mae.  By its own standards, KPMG's attempt to discover information from OFHEO that relates to Freddie Mac, and not Fannie Mae, must be rejected.

4

the express language of the Court's orders.  The Stipulated Order of June 11, 2009, which provided for the "sneak peek" production of "exempt" documents expressly provides that:

> ORDERED that OFHEO's production of documents pursuant to this Order shall not, in any way, constitute a waiver of any privileges or protections to which any of the Exempt Documents may be subject.

Stipulated Order of June 11, 2009, at ¶ 3 (Dkt. No. 742).

Moreover, that Stipulated Order provided for a process by which OFHEO would assert privileges over the documents *after* the parties had a "sneak peek" of them.  *Id.* at ¶ 6-7.  If OFHEO had waived its right to assert privileges over these documents (which OFHEO did not do), then the provisions of the Stipulated Order allowing OFHEO to assert privileges would be utterly meaningless.  OFHEO was under absolutely no obligation to produce these documents and agreed to the "sneak peek" only because of the safeguards it negotiated and built into the Stipulated Order.  Quite obviously, OFHEO otherwise never would have agreed to a "sneak peek" of the documents.  As such, no waiver of privilege over these documents has occurred.

    **C.  The Deliberative Process Privilege Applies To Documents 1, 2, and 6 through 11.**

KPMG challenges 10 documents over which OFHEO has asserted the deliberative process privilege.  Attached hereto as Exhibit 2 is the Third Declaration of Alfred M. Pollard in support of the agency's assertion of the deliberative process privilege.  Mr. Pollard is the General Counsel of the Federal Finance Agency ("FHFA").  Mr. Pollard's declaration attests that the documents are subject to the privilege and provides the factual and procedural background to substantiate the agency's assertion of the deliberative process privilege.  Exhibit A to Mr. Pollard's Third Declaration provides a description of each document and also describes how each document and the information therein fits into the agency's decision-making processes.

5

Accordingly, OFHEO has properly asserted the deliberative process privilege over these documents.

KPMG's Motion contains neither facts nor argument that would permit the Court to pierce the agency's privilege regarding these 10 documents. KPMG claims it has a substantial need for these documents because they relate to its claims and defenses including "scienter, causation, and damages, because they bear on OFHEO's prior approval of Fannie Mae's audit and accounting functions and on the sources and effects of OFHEO's examination misconduct and other regulatory hostility between OFHEO and Fannie Mae." KPMG Mot. at 6. OFHEO has already fully responded to these theories in its response to KPMG's prior motion to compel, filed by OFHEO on April 27, 2009, and incorporated herein by reference (Dkt. No. 724).

In short, for a document to relate to scienter, causation, or damages, the information necessarily must have been known to individuals outside of OFHEO. The documents at issue here are all internal agency communications. As such, these documents cannot possible relate to the issues of scienter, causation, or damages. KPMG's argument of "substantial need" is belied by the very nature of the documents they seek. Further, KPMG's defense theory of "government misconduct" is prohibited by the law of this Circuit. *See, e.g.*, Fed. R. Civ. P. 26, 45; *Alexander v. FBI*, 186 F.R.D. 154, 159 (D.D.C. 1999); *see also* OFHEO's Consolidated Opposition to the Motions of the Individual Defendants and KPMG to Compel the Production of Privileged Documents, at 19-23 (April 27, 2009) (Dkt. No. 724). Therefore, these documents could not possibly lead to the discovery of admissible evidence, as a matter of law. In addition, KPMG has not identified a single pleading in which it claims to be raising a "defense" of government misconduct. KPMG has not met its burden to compel the production of these documents.

D. **Document 11 Is Protected by the Attorney-Client Privilege, Work Product Doctrine, and the Deliberative Process Privilege.**

Document 11 is protected by the attorney-client privilege, work product doctrine, and the deliberative process privilege. This document is a confidential communication between Deirdre Kvartunas, OFHEO examiner, and an associate who worked with Judge Stanley Sporkin at Weil Gotshal & Manges, providing legal advice to OFHEO. As the email chain reflects, Ms. Kvartunas forwards the message from Weil Gotshal to Charlotte Reid, an attorney in OFHEO's Office of General Counsel. OFHEO retained Judge Sporkin and Weil Gotshal & Manges as legal counsel during the Special Examination of Fannie Mae. The attorney-client privilege is an absolute privilege and cannot be pierced because KPMG claims they have a "substantial need" of the privileged information. As such, the motion to compel should be denied as to Document 11.

### III. CONCLUSION

For the foregoing reasons, FHFA respectfully requests that the Court deny KPMG LLP's Motion to Compel the Office of Federal Housing Enterprise Oversight to Produce Documents Withheld as Exempt (Dkt. No. 763).

Dated: July 31, 2009                    Respectfully submitted,

                                         /s/ Joseph J. Aronica
                                        Joseph J. Aronica, D.C. Bar No. 446139
                                        DUANE MORRIS LLP
                                        505 9th Street, Suite 1000
                                        Washington, D.C. 20004
                                        Phone: (202) 776-7825
                                        Fax: (202) 478-1885

                                        Attorneys for the Federal Housing Finance Agency