UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1688 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

**MEMORANDUM IN SUPPORT OF FRANKLIN D. RAINES'S
MOTION TO COMPEL 30(B)(6) TESTIMONY FROM THE
<u>SECURITIES AND EXCHANGE COMMISSION</u>**

To support their allegations against Defendant Franklin D. Raines, the Lead Plaintiffs seek to draft the Securities and Exchange Commission ("SEC"), along with its former Chief Accountant, Donald Nicolaisen, to serve as *de facto* experts regarding the propriety of Fannie Mae's accounting policies and practices. *See*, *e.g.*, Second Am. Compl. ¶¶ 7, 10, 54-58, 92-96, 110, 112, 128, 148, and 151-52 (excerpts attached as Exhibit 1); *see also* Lead Plaintiffs' Notice of Issuance of Deposition Subpoena on Donald Nicolaisen (June 24, 2008) (attached as Exhibit 2). By way of example, the Lead Plaintiffs allege in the Second Amended Complaint that:

- "As a result of the massive accounting fraud at Fannie Mae, the SEC directed Fannie Mae to restate it[s] financial statements from 2001 through mid-2004." Second Am. Compl. ("SAC") ¶ 10.[1]

- "[T]he SEC found that the Fannie Mae Defendants [which includes Mr. Raines, *see* Second. Am. Compl. ¶ 19], in violation of FAS 91, failed to record timely adjustments to the recorded amounts of its loans based on changes in the estimated speed with which those loans would be prepaid." SAC ¶ 110 (emphasis added).

---

[1] For this allegation, the Lead Plaintiffs rely on Mr. Nicolaisen's December 15, 2004 statement, directing Fannie Mae to restate its financial statements. Notwithstanding the Lead Plaintiffs' characterization, Mr. Nicolaisen's statement makes no mention of "fraud" or Mr. Raines's scienter. *See* Nicolaisen Statement (Dec. 15, 2004) (attached as Ex. 3).

- "One such policy that was found by . . . the SEC to violate FAS 91, was Fannie Mae's policy to recognize adjustments to the carrying amount of its loans only if they exceeded a self-defined materiality limit, referred to as a 'precision threshold,' which allowed the Company to avoid making adjustments that otherwise would be required under SFAS 91."  SAC ¶ 112 (emphasis added).

- "OFHEO and the SEC both found numerous violations of SFAS 133 by Fannie Mae."  SAC ¶ 128 (emphasis added).

In addition to these allegations, the Lead Plaintiffs have subpoenaed the deposition testimony of Mr. Nicolaisen, presumably to elicit his opinion that Fannie Mae's accounting practices for FAS 133 did not comply with GAAP.  See SAC ¶¶ 56-58.  Further, the Lead Plaintiffs will apparently rely upon the complaint brought by the SEC against Fannie Mae—a complaint that does not even purport to reach conclusions regarding Mr. Raines's scienter or liability.  See, e.g., SAC ¶¶ 92-96.

None of this proposed evidence—the SEC's opinions or conclusions regarding the propriety of Fannie Mae's accounting policies and practices; Mr. Nicolaisen's December 15, 2004 statement and opinion regarding Fannie Mae's application of FAS 133; and the SEC's complaint against Fannie Mae—is properly admissible against Mr. Raines, see Fed. R. Evid. 701, 702, and the Court should reject the Lead Plaintiffs' attempt to do so.  But until the Court makes such a determination, Mr. Raines must be given the opportunity to defend himself against those claims.

To that end, Mr. Raines has subpoenaed the deposition testimony of the SEC, pursuant to Federal Rule of Civil Procedure 30(b)(6), regarding: (i) the bases for the SEC's conclusions and (ii) the process by which the SEC reached those conclusions, including any information regarding the documents the SEC reviewed and the SEC's meetings with OFHEO and Deloitte & Touche USA LLP ("Deloitte").  Mr. Raines agrees with the SEC that the agency's opinions and conclusions are not relevant and admissible in this case.  But if the Court admits the SEC's

opinions or conclusions into evidence, then the information sought in Mr. Raines's subpoena is necessary and helpful to rebut Lead Plaintiffs' allegations, which necessarily rely upon the SEC's opinions and conclusions.

The SEC has raised several objections (including relevance) to Mr. Raines's subpoena, and proposes to make a "final" decision by August 20, 2009. As a practical matter, however, the SEC has already decided not to produce a witness, as evidenced by the objections in its response to Mr. Raines's subpoena. *See* Letter from Kathleen Cody to Alex G. Romain (July 20, 2009) (attached as Exhibit 4).[2] Further, the SEC's claim that it needs an additional month—Mr. Raines sent the first request for this testimony to the SEC on June 22, 2009—has the effect of denying Mr. Raines the opportunity to obtain this evidence prior to the close of fact discovery.

Accordingly, Mr. Raines respectfully moves the Court to compel the SEC to designate and produce one or more representatives to testify as to the noticed topics set forth in the Amended 30(b)(6) Notice of Deposition, by September 30, 2009.

## BACKGROUND

On July 7, 2009, Mr. Raines caused a *subpoena ad testificandum* to be served upon the SEC. That subpoena requested that the SEC designate and produce one or more representatives to provide testimony on the noticed topics pursuant to Federal Rule of Civil Procedure 30(b)(6). The subpoena was limited in scope, and sought information regarding: (i) the bases for the SEC's conclusions with regard to FAS 91 and FAS 133, as announced in the December 15, 2004 statement by its Chief Accountant, Donald Nicolaisen, *see* Nicolaisen Statement (Exhibit 3); (ii) the nature and scope of the documents relied upon by the SEC in reaching its conclusions; and

---

[2] The SEC may not, of course, withhold deposition testimony on the basis of its *Touhy* regulations. *See Yousuf v. Samantar*, 451 F.3d 248, 254-57 (D.C. Cir. 2006).

(iii) any meetings or communications the SEC held with either OFHEO or Deloitte[3] personnel or agents concerning Fannie Mae's accounting practices and policies. *See* Raines Subpoena to SEC (July 7, 2009) (attached as Exhibit 5); *see also* Letter from Alex G. Romain to Elizabeth M. Murphy, Secretary of the Commission (July 7, 2009) (attached as Exhibit 6). Both the *subpoena duces tecum* as well as the Amended 30(b)(6) Notice requested that the SEC produce its designated individual(s) on August 24, 2009.[4]

On July 20, 2009, the SEC wrote to counsel for Mr. Raines, stating that the SEC would evaluate his request for deposition testimony in accordance with its *Touhy* regulations. *See* Letter from Kathleen Cody (Exhibit 4). The SEC also objected to the testimony on the grounds that: (i) the requested testimony is not relevant to the Lead Plaintiffs' complaint; (ii) some of the requested testimony is not factual in nature and is protected by various privileges, including the deliberative process privilege; (iii) production of a 30(b)(6) witness would constitute an "undue burden"; and (iv) the requested testimony constitutes improper expert testimony. *See id.* at 2-3.

## ARGUMENT

In light of the Lead Plaintiffs' attempt to rely on the opinions and conclusions of the SEC and Mr. Nicolaisen, Mr. Raines is entitled to obtain the requested testimony from the SEC and the SEC's objections cannot justify the preclusion of such testimony.

First, with regard to the relevance of the testimony sought, Mr. Raines agrees that the opinions and conclusions of the SEC and Mr. Nicolaisen are not admissible evidence in this case. Nevertheless, the Lead Plaintiffs' complaint relies upon those conclusions and it is clear that

---

[3] Deloitte served as a consultant to OFHEO during the agency's special examination of Fannie Mae, and was present at multiple meetings with the SEC and OFHEO after OFHEO issued its preliminary report in September 2004.

[4] Mr. Raines put this date in the subpoena after conferring with the SEC and at the SEC's request.

Lead Plaintiffs will seek to admit them at trial. (Lead Plaintiffs have served a subpoena for Mr. Nicolaisen's testimony, but his deposition has not yet been scheduled. *See* Lead Plaintiffs' Deposition Subpoena for Donald Nicolaisen (Exhibit 2).) If the Lead Plaintiffs may rely on the SEC's conclusions at trial, then Mr. Raines must be allowed to test those conclusions before the close of the fact discovery period. In early October 2004, Mr. Raines asked the SEC to review the conclusions in OFHEO's preliminary report. The SEC reached its conclusions less than two-and-a-half months later. *See* Exhibit 3 (Nicolaisen Statement). Mr. Raines is entitled to examine whether the SEC conducted a thorough assessment as to Fannie Mae's accounting policies and practices and to what extent the SEC relied upon OFHEO's accounting determinations, as reflected in OFHEO's special examination reports.[5] Such an examination will allow Mr. Raines to argue, if necessary, about the appropriate weight that a jury should assign to the SEC's conclusions.[6] Accordingly, Mr. Raines needs either a determination by this Court that the conclusions of the SEC and Mr. Nicolaisen are not relevant, or an order directing the SEC to produce a witness to testify in response to Mr. Raines's subpoena.

Second, with regard to any privilege assertions, the SEC cannot withhold the requested testimony based only on the assertion that some unspecified testimony is subject to some unspecified privilege, including the deliberative process privilege. *See* Letter from Kathleen Cody (July 20, 2009) at 2. As the Court is acutely aware, the information Mr. Raines seeks has been the subject of numerous motions, oral arguments, evidentiary hearings, in-chambers

---

[5] As counsel for Mr. Raines has already noted, the Lead Plaintiffs cannot admit OFHEO's special examination reports into evidence.

[6] The SEC also queries whether the requested testimony is available from any other source. *See* Letter from Kathleen Cody (Ex. 4). If that query is an objection, then it does not merit much discussion: only the SEC is privy to the processes it employed in reaching its conclusions regarding Fannie Mae's accounting policies and practices.

conferences, and orders during the past three years, and the Court has already denied many (albeit not all) of OFHEO's privilege assertions. To be clear, Mr. Raines does not currently seek to challenge any privilege claims by the SEC. Such a challenge would be premature because the SEC has not asserted any privilege claims over specific testimony. If the SEC wants to withhold information on the basis of any privilege, then it should assert its claims in connection with specific questions asked at the deposition so that the Court may resolve any specific disputes. *See Flanagan v. Wyndham Intern.*, 231 F.R.D. 98, 103 (D.D.C. 2005) (noting this Court's preference that a deposition proceed and the deponent assert objections during the deposition, "thus allowing the deposing party to develop circumstantial facts in order to explore the propriety of the . . . objection.") (internal quotations marks omitted).

Third, the SEC complains that the testimony sought is expert in nature. As noted above, Mr. Raines agrees that evidence regarding the SEC's conclusions is evidence regarding expert testimony and that such testimony must be excluded at trial. If the Lead Plaintiffs will use the SEC's opinions and conclusions at trial, then they must comply with all of the requirements of the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's orders. Federal Rule of Evidence 702, for example, provides that such testimony may not be admitted unless the SEC has been qualified as an expert and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Unless the Lead Plaintiffs can meet these requirements in designating the SEC as an expert in this case, it cannot avoid the requirements of Rule 702 by adopting and admitting the SEC's opinions and conclusions. The Lead Plaintiffs' reliance on Mr. Nicolaisen's opinions regarding Fannie Mae's application of FAS 133, *see* SAC ¶¶ 56-58, is similarly misplaced. Federal Rule of Evidence

701 provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Unless Mr. Nicolaisen is designated as an expert witness, produces the required expert witness report, and is subject to cross-examination and any other appropriate hearings, the Lead Plaintiffs may not introduce his opinions into evidence.  *See* Fed. R. Civ. P. 26; Case Management Order No. 6 at 8 (directing parties to identify experts and substance of expected testimony)  And the Lead Plaintiffs cannot avoid the rules of evidence and procedure by disguising this expert testimony as mere "facts."  If the Lead Plaintiffs will rely on any opinions or conclusions of the SEC, they must designate the SEC as an expert and submit an expert report from the SEC.  But if Lead Plaintiffs are permitted to ignore the rules and elicit the SEC's opinions and conclusions during fact discovery, then Mr. Raines must be permitted as well to depose the SEC regarding the bases for those opinions and conclusions during fact discovery.

Finally, the SEC's timid suggestion that producing one witness to testify about events that occurred over a four-month period would constitute an undue burden is not a serious argument.  *See Fagan v. District of Columbia*, 136 F.R.D. 5 (D.D.C. 1991) ( "The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden.").  Counsel for Mr. Raines first caused to be served upon the SEC a *subpoena duces tecum* on July 24, 2006, requesting the documents on which the SEC relied in reaching its conclusions.  *See* Notice of Service of Third Party Subpoena (July 24, 2006) (attached as Exhibit 7).  The SEC produced a total of 22 pages and 106 privilege log entries in response to this

subpoena, and directed counsel for Mr. Raines to seek any additional documents from OFHEO and Fannie Mae.  Mr. Raines did exactly as the SEC suggested, but now seeks information that only the SEC holds:  which of the documents produced the SEC ultimately reviewed, and the processes the SEC employed to reach its conclusions.  The SEC cannot deny Mr. Raines the opportunity to properly defend himself based on the marginal burden the provision of this testimony may impose.

*   *   *   *   *

On November 16, 2009, the Lead Plaintiffs will submit their initial designations of experts who will presumably support their allegations.  Eventually, the Lead Plaintiffs will provide written reports from those experts and Mr. Raines will have an opportunity to cross-examine those experts based on the opinions in their reports.  The Lead Plaintiffs' attempt to draft the SEC and Mr. Nicolaisen as *de facto* experts during the fact discovery period is improper and should not be permitted.  Mr. Raines therefore requests that the Court either determine that the Lead Plaintiffs may not rely on the opinions or conclusions of the SEC and Mr. Nicolaisen or allow Mr. Raines the opportunity to mount a defense to such allegations.

Dated:  August 4, 2009

Respectfully submitted,

/s/ Kevin M. Downey
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Eun Young Choi (D.C. Bar No. 987677)
Antony K. Haynes (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5164 (telephone)
(202) 434-5029 (facsimile)

*Counsel for Defendant Franklin D. Raines*

- 9 -

## **CERTIFICATE OF SERVICE**

I certify that on August 4, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on CM/ECF, and caused to be served a copy by e-mail to:

Kathleen Cody, Esq.
Assistant General Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612

*Counsel for the Securities and Exchange Commission*

                                      /s/ Alex G. Romain
                                      Alex G. Romain