UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Federal National Mortgage | ) | |
| Association Securities, Derivative, | ) | MDL No. 1688 |
| and "ERISA" Litigation | ) | |
| | ) | |
| In re: Fannie Mae Securities Litigation | ) | Consolidated Civil Action No. 04-1639-RJL |

OPPOSITION OF SECURITIES AND EXCHANGE COMMISSION
TO DEFENDANT RAINES' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

The Securities and Exchange Commission ("Commission"), which is not a party to this

civil action, opposes defendant Franklin D. Raines' Motion to Compel 30(b)(6) Testimony From

the Commission, filed on August 4, 2009. That motion is premature and not ripe for disposition

at this time, and may be moot in any case.

On July 7, 2009, defendant Raines served on the Commission a deposition subpoena,

pursuant to Federal Rule of Civil Procedure 30(b)(6), with a return date of August 24, 2009, for a

Commission witness to testify concerning four topics:

> (1) the bases for the SEC's conclusions regarding Fannie Mae's
> accounting practices and policies with respect to FAS 91 and FAS 133 (as
> announced in its December 15, 2004 statement);

> (2) the scope and nature of the documents reviewed and relied upon by
> the SEC in reaching its conclusions regarding Fannie Mae's accounting practices
> and policies with respect to FAS 91 and FAS 133 (as reflected in its December 15,
> 2004 statement), including but not limited to, which documents the SEC reviewed
> and relied upon in reaching its conclusions concerning Fannie Mae's accounting
> practices and policies with respect to FAS 91 and FAS 133;

> (3) the SEC's meetings, telephone conferences, or other consultations or
> communications with the Office of Federal Housing Enterprise Oversight, its
> agents, or its other representatives, concerning Fannie Mae's accounting policies
> and practices, including, but not limited to: Armando Falcon, Stephen
> Blumenthal, Christopher Dickerson, Wanda DeLeo, Stanley Sporkin, and Lynn
> Turner; and

(4) the SEC's meetings, telephone conferences, or other consultations or communications with Deloitte & Touche LLP (now known as Deloitte), its agents, or its other representatives, concerning Fannie Mae's accounting practices, including, but not limited to: Robert Maxant, Elizabeth Choi, Sachin Sethi, Elias Habayeb, Allen Thomas, James Mountain, and Timothy Schott.

A copy of this subpoena is attached as Exhibit A. A copy of the deposition notice that accompanied the subpoena is attached as Exhibit B. Defendant Raines then filed his motion to compel this testimony on August 4, twenty days before the return date on the subpoena, at a time when Commission staff was engaged in review of the subpoena and had not reached any decision about compliance. In fact, the Commission to date has not reached a decision concerning whether it would serve the public interest to comply with this subpoena, because defendant Raines has not complied with the Commission's request for information related to the subpoena.

Like other federal agencies, the Commission has regulations that apply when a litigant in an action to which the Commission is not a party seeks to obtain testimony from the Commission through its current or former employees. These regulations are commonly called Touhy regulations, named after the decision in United States ex rel. Touhy v. Ragen, 340 U.S. 462, 467-69 (1951). Under the Commission's Touhy regulations, current and former Commission employees must receive authorization before they may testify as to matters learned during their Commission employment. 17 C.F.R. 200.735-3(b)(7)(iii). In accordance with these regulations, the General Counsel or his delegatee may in an appropriate circumstance authorize non-privileged, factual staff testimony. In deciding whether to authorize such testimony, the General Counsel or his delegatee considers "the desirability in the public interest of making available such information," including whether it would invade the Commission's privileges and whether it would impose undue harm, burden, or expense on the witness or the Commission. See Fed. R.

2

Civ. P. 45(c).

Upon receipt of defendant Raines' subpoena, Commission staff reviewed it, in
accordance with the Commission's customary procedure, and wrote to counsel for defendant
Raines expressing some preliminary concerns about the subpoena and requesting further
information. A copy of the Commission's letter is attached as Exhibit C. In part, the letter states
(at 2):

> [W]e ask that you provide us with information to clarify the intended
> scope of the deposition, and the anticipated relevance of the desired testimony to
> the private shareholder action. Specifically, we ask that you set forth in writing
> the reasons for your request, the questions that you would pose in the deposition,
> and the intended use of the testimony. We also request that you discuss how the
> testimony you seek is factual, relevant, and not privileged, why other testimony
> reasonably suited to your needs is not available from any other source, and why
> documents could not be used in lieu of testimony. We would also like you to
> address why you believe Commission participation in this private litigation would
> serve the public interest, given the many demands upon the Commission's scarce
> resources and the burden the testimony would entail.

The letter then concludes: "After we receive and review this information, we will inform you
whether or not the testimony is authorized."

Defendant Raines has not responded to the Commission's letter requesting further
information, other than by his counsel's telephone call (which his motion characterizes as a
conference in accordance with Local Civil Rule 7(m)) shortly before the motion to compel was
filed, in which counsel stated that unless the Commission could then represent it would comply
with the subpoena, he was going to file this motion. Soon thereafter, defendant Raines in fact
filed this motion to compel, acknowledging that the Commission "proposes to make a 'final'
decision by August 20, 2009", Mem. at 3, but then incorrectly stating, citing the Commission's

3

letter requesting further information (Exhibit C), that "[a]s a practical matter, however, the SEC

has already decided not to produce a witness." Id.

As defendant Raines' motion to compel was filed twenty days before the return date for

the subpoena, at a time when the Commission had not reached a decision concerning the

subpoena, defendant Raines' motion to compel was filed prematurely and is not ripe for

disposition by the court. A "claim is not ripe for adjudication if it rests upon 'contingent future

events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United

States, 523 U.S. 296, 300 (1998). "The 'basic rationale' of the ripeness doctrine 'is to prevent

the courts, through avoidance of premature adjudication, from entangling themselves in abstract

disagreements over administrative policies, and also to protect the agencies from judicial

interference until an administrative decision has been formalized and its effects felt in a concrete

way by the challenging parties.'" CTIA –The Wireless Association v. FCC et al., 530 F.3d 984,

987 (D.C. Cir. 2008) (citing Abbott Labs v. Gardner, 387 U.S. 136, 148-49 (1967)). See also

Cornell Research Foundation, Inc. et al. v. Hewlett Packard Co., 223 F.R.D. 55 (N.D.N.Y. 2003)

(discussing that district's "meet and confer" rule comparable to Local Civil Rule 7(m), and

stating: "The importance of this provision cannot be overstated; the proper functioning of this

rule ensures that when limited court resources are taxed to address discovery disputes, they are in

fact ripe for determination, the issues have been framed for ease of the court, and the parties are

firmly convinced of their inability to arrive at a mutually acceptable compromise among

themselves.").

Not only is defendant Raines' motion to compel premature, but it may be moot.

Defendant Raines indicates in his motion papers that the purpose for his Rule 30(b)(6) deposition

4

subpoena to the Commission is to defend against potential testimony from a former Chief Accountant at the Commission. Mem. at 4-7. A deposition subpoena for the former Chief Accountant's testimony previously was served upon the Commission by plaintiffs in this litigation. That subpoena was given full consideration in accordance with the Commission's Touhy process. On August 14, 2009, the authorized delegatee of the Commission's General Counsel issued a decision letter declining to produce the former Chief Accountant for a deposition. A copy of that decision letter is attached as Exhibit D. In sum, the letter states that, upon consideration of the various factors encompassed within Federal Rule of Civil Procedure 45, the authorized delegatee does not conclude it would be in the public interest for the Commission to comply with the plaintiffs' request and produce its former Chief Accountant for deposition. Accordingly, any theoretical need that defendant Raines may have had for the Rule 30(b)(6) deposition he has requested from the Commission may have dissipated.

In light of the foregoing, there is no good reason for the Court to grant defendant Raines' motion to compel. In the future, if it becomes necessary after meaningfully conferring with the Commission as Local Civil Rule 7(m) intends, defendant Raines can file a timely motion that raises an issue that is ripe for disposition and is not otherwise moot.

5

CONCLUSION

Defendant Raines' motion to compel the Commission to produce a deposition witness pursuant to Federal Rule of Civil Procedure 30(b)(6) should be denied in all respects.

Respectfully submitted,


   /s/ Samuel M. Forstein
SAMUEL M. FORSTEIN
D.C. Bar # 961912

KATHLEEN CODY
D.C. Bar # 412517

Counsel for Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126 (Cody)
Fax: (202) 772-9263

Dated: August 17, 2009

CERTIFICATE OF SERVICE

I certify that on August 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on CM/ECF, and caused to be served a copy by e-mail to:

Alex G. Romain, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005


   /s/ Kathleen Cody
Kathleen Cody

6