UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1688 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 (RJL) |

**REPLY MEMORANDUM IN SUPPORT OF FRANKLIN D. RAINES'S
MOTION TO COMPEL 30(B)(6) TESTIMONY
FROM THE SECURITIES AND EXCHANGE COMMISSION**

The Securities and Exchange Commission ("SEC") apparently agrees with Mr. Raines on the central issue in his motion: Lead Plaintiffs may not properly rely on the opinions and conclusions of the SEC and Mr. Nicolaisen, the SEC's former Chief Accountant, at the trial in this case. *See, e.g.*, Letter from Richard M. Humes [SEC] to Melanie S. Corwin at 2 (Aug. 14, 2009) ("Mr. Nicolaisen is not in a position to provide anything of potential relevance <u>other than his opinion</u>, and it does not appear that his opinion would be admissible in your litigation." (emphasis added)); *id.* at 4 ("Nicolaisen's views and opinions do not appear to qualify as evidence, and it is not clear how they could lead to the discovery of admissible evidence.").[1] But rather than expressly designate the SEC and Mr. Nicolaisen as experts, the Lead Plaintiffs would import their conclusions and opinions under the guise of "fact" testimony. Mr. Raines's motion to compel exposes the Lead Plaintiffs' gambit and requests that the Court either rule that the Lead Plaintiffs may not rely upon the conclusions or opinions of the SEC or Mr. Nicolaisen (in which case the Court could deny Mr. Raines's motion), or allow Mr. Raines the opportunity to defend himself against Lead Plaintiffs' allegations.

---

[1] Notably, the SEC also notes that Mr. Nicolaisen's opinion was formed "based on limited information." Letter from Richard M. Humes [SEC] to Melanie S. Corwin at 6 (Aug. 14, 2009).

Unfortunately, the SEC's opposition altogether misses the point of Mr. Raines's motion, arguing that it is not ripe and may be moot. The SEC's opposition requires only a brief response.

First, the SEC argues that Mr. Raines's motion is not ripe because the agency has not yet made a decision regarding his subpoena. That argument—which strains credulity, given the SEC's stated objections—is further belied by the SEC's latest stance. After the SEC had filed its opposition, the agency indicated to counsel for Mr. Raines that it had "suspended" any administrative processes until Mr. Raines submits a written response to the SEC's objections and <u>withdraws his motion to compel</u>. Accordingly, notwithstanding its representation to this Court and to counsel, *see* Opp'n of SEC to Def. Raines's Mot. to Compel Rule 30(b)(6) Dep. (Dkt. No. 769) at 3, the SEC will not provide what it describes as a "final" decision unless and until Mr. Raines abdicates his rights under the Federal Rules of Civil Procedure.

The SEC's approach cannot be justified by the relevant facts or governing law. Mr. Raines has already addressed the SEC's objections during several telephone calls with counsel for the SEC. As explained in the opening brief, *see* Def. Franklin D. Raines's Mem. in Supp. of Mot. to Compel 30(b)(6) Test. from the SEC (Dkt. No. 766) ("Mot.") at 1-2, the SEC has already decided to deny Mr. Raines's request. It is not a serious claim, therefore, to assert that Mr. Raines's motion to compel is not "ripe" because the SEC will not make a "final decision" unless and until Mr. Raines withdraws his motion—a motion which the law entitles him to file. Further, the law entitles Mr. Raines to challenge the SEC's decision by way of a motion to compel. *See Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) ("[A] challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed and be treated not as an APA action but as a Rule 45 motion to compel . . . ."); *see also Yousuf v. Samantar*, 451 F.3d 248, 254 (D.C. Cir. 2006) ("[T]he Government has no 'established prerogative' not to respond when

subpoenaed."); *SEC v. Selden*, 484 F. Supp. 2d 105, 108 (D.D.C. 2007) (holding federal agencies subject to Rule 30(b)(6) deposition subpoenas).  The SEC's demand that Mr. Raines abdicate his rights under the Federal Rules before the agency makes a "decision" is an unfortunate attempt to circumvent the law of this circuit, *see, e.g.*, *Watts*, 482 F.3d 501, and this Court should not tolerate such a maneuver.

Second, the SEC suggests that Lead Plaintiffs' proposed reliance on the SEC is limited to Mr. Nicolaisen's deposition testimony.  In fact, the Lead Plaintiffs would rely on the SEC's opinions or conclusions regarding the propriety of Fannie Mae's accounting policies and practices and the SEC's complaint against Fannie Mae as well as Mr. Nicolaisen's December 15, 2004 statement and opinion regarding Fannie Mae's application of FAS 133.  *See* Mot. at 1-2.  Based on this misconception, the SEC argues that Mr. Raines's motion is "moot" because the agency has now denied the Lead Plaintiffs' request for Mr. Nicolaisen's testimony.  But that view is both mistaken and premature.  It is mistaken because the Lead Plaintiffs intend to rely on other opinions and conclusions of the SEC; therefore, excluding the deposition testimony of Mr. Nicolaisen cannot resolve the questions presented in Mr. Raines's motion.  It is also premature because the Lead Plaintiffs may yet depose Mr. Nicolaisen:  the Lead Plaintiffs have appealed the SEC's decision, and have reserved their right to move this Court to compel Mr. Nicolaisen's testimony.  *See* Letter from Stanley M. Chesley to Elizabeth M. Murphy (Aug. 20, 2009) (Because "Mr. Nicolaisen . . . has information that is critical to the prosecution of Lead Plaintiffs' case," Plaintiffs intend to petition review of SEC's August 14, 2009 decision declining to authorize deposition testimony from Mr. Nicolaisen.) (attached as Exhibit 1).

\* \* \* \* \*

This dispute is both ripe and relevant, and the Court should either determine that the Lead Plaintiffs may not rely on the opinions or conclusions of the SEC and Mr. Nicolaisen or allow Mr. Raines the opportunity to mount a defense to the Lead Plaintiffs' allegations.

Dated:  August 24, 2009                                   Respectfully submitted,

/s/ Kevin M. Downey
Kevin M. Downey (D.C. Bar No. 438547)
Alex G. Romain (D.C. Bar No. 468508)
Eun Young Choi (D.C. Bar No. 987677)
Antony K. Haynes (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5164 (telephone)
(202) 434-5029 (facsimile)

*Counsel for Defendant Franklin D. Raines*

## CERTIFICATE OF SERVICE

I certify that on August 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on CM/ECF, and caused to be served a copy by e-mail to:

Kathleen Cody, Esq.
Assistant General Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-9612

*Counsel for the Securities and Exchange Commission*

/s/ Alex G. Romain
Alex G. Romain