# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) ) ) | **MDL No. 1668** |
| | ) ) | |
| In Re Fannie Mae Securities Litigation | ) ) ) ) | **Consolidated Civil Action No.: 1:04-CV-01639**<br><br>**Judge Richard J. Leon** |

## LEAD PLAINTIFFS' MOTION TO COMPEL TESTIMONY FROM DONALD NICOLAISEN OR, ALTERNATIVELY, TO QUASH ANY FUTURE DEPOSITION DISCOVERY OF OFHEO BY DEFENDANTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, and for the reasons stated in the accompanying memorandum of law, Lead Plaintiffs respectfully move to compel the U.S. Securities and Exchange Commission ("SEC") to authorize its former Chief Accountant, Donald Nicolaisen, to provide factual deposition testimony in this litigation pursuant to the subpoena duces tecum served by Lead Plaintiffs. The SEC, through Mr. Nicolaisen, conducted a review of Fannie Mae's accounting practices. In connection with that review, Mr. Nicolaisen reviewed documents and other information provided by Defendants Fannie Mae and KPMG and other third parties, and he and other SEC officials, including representatives from the Office of the Chief Accountant, had several meetings and other communications with representatives of Defendants Fannie Mae and KPMG, and other third parties. That review led to the SEC, through Mr. Nicolaisen, ordering Fannie Mae to restate its financial statements filed during the class period because Defendants had violated Statement of the Financial Accounting Standards ("FAS") 91 and 133. Accordingly, Mr. Nicolaisen has factual testimony regarding the scope of

the SEC's review and findings that is materially relevant to the claims and defenses in this action.

If the Court determines not to order the SEC to present Mr. Nicolaisen for deposition testimony, Lead Plaintiffs respectfully request that the Court then quash any future depositions of OFHEO personnel in this litigation pursuant to Rule 45 of the Federal Rules of Civil Procedure. Both of Fannie Mae's regulators – the SEC and OFHEO – reviewed Fannie Mae's accounting and both came to the same conclusion that Defendants had violated generally accepted accounting principles ("GAAP"). The SEC and Defendant Raines[1] both argue that any testimony from the SEC should be prohibited because any testimony relating to the SEC's review and findings that Defendants violated GAAP and issued false financial statements during the class period would be inadmissible under the Federal Rules of Evidence because it is just the agency's *opinion*. If that is the case, then OFHEO's "opinions" should likewise be prohibited.

Defendants have spent enormous amounts of the Court's and parties' time and resources conducting discovery of OFHEO with respect to the nature and scope of its review and its findings. Defendants have deposed at least eight OFHEO personnel to date, and there are currently at least four more depositions of OFHEO personnel scheduled – three out of the four are scheduled for 2 days each. If discovery relating to the review and findings of one of Fannie Mae's regulators – the SEC – is prohibited, then so should discovery relating to the review and findings of Fannie Mae's other regulator – OFHEO.

---

[1] *See* Defendant Franklin D. Raines's Motion to Compel 30(b)(6) Testimony from the Securities and Exchange Commission filed August 4, 2009, Docket No. 766 and Reply Memorandum in Support of Franklin D. Raines's Motion to Compel 30(b)(6) Testimony from the Securities and Exchange Commission filed August 24, 2009, Docket No. 770.

Pursuant to Local Civil Rule 7(m), counsel for Lead Plaintiffs have communicated with counsel for the SEC on several occasions requesting that they authorize Mr. Nicolaisen to be deposed, but the SEC continues to refuse to authorize him to appear.

Dated: August 27, 2009

Respectfully submitted,

ATTORNEY GENERAL FOR
THE STATE OF OHIO RICHARD CORDRAY

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.
/s/ Stanley M. Chesley
Stanley M. Chesley
James R. Cummins (D.C. Bar #OH0010)
Melanie S. Corwin
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
E-mail: jcummins@wsbclaw.com
E-mail: mcorwin@wsbclaw.com
*Special Counsel for the Attorney General of Ohio and Lead Counsel for Lead Plaintiffs*

BERNSTEIN LIEBHARD LLP
Jeffrey D. Lerner
10 East 40th Street
New York, New York 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
E-mail: lerner@bernlieb.com
*Special Counsel for the Attorney General of Ohio and Co-Lead Counsel for Lead Plaintiffs*

COHEN MILSTEIN SELLERS & TOLL P.L.L.C.
/s/ Matthew K. Handley
Daniel S. Sommers (DC Bar #416549)
Matthew K. Handley (DC Bar #489946)
1100 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail: dsommers@cohenmilstein.com
*Local Counsel for Lead Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 27, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are registered on the CM/ECF, and service was accomplished on any of the counsel of record not registered through the CM/ECF system via regular U.S. mail and on the SEC by facsimile and regular U.S. mail.

/s/ Matthew K. Handley         
Matthew K. Handley (DC Bar #489946)

33975