UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

## MEMORADUM ORDER
(March 7, 2011)

Presently before the Court are Lead Plaintiffs' Motion for a Protective Order [#890], Fannie Mae's Motion to Strike Expert Report and to Award Fees and Costs [#891] and Individual Defendants' Motion to Strike Expert Witness, or in the Alternative, to Compel the Immediate Continuation of His Deposition [#892]. These motions arise out of the deposition of former Securities and Exchange Commission ("SEC") Chairman, Harvey Pitt, an expert designated by Lead Plaintiffs, which was scheduled for February 24 and 25, 2011. Early on February 25, 2011, Mr. Pitt, together with Lead Plaintiffs' counsel, made the decision not to proceed any further with his deposition, thereby causing the present litigation. After reviewing the pleadings and hearing oral argument relating to these motions, the Court DENIES Lead Plaintiffs' motion for a protective order and GRANTS defendants' motions to strike. The Court will withhold judgment on Fannie Mae's motion for fees and costs at this time.[1]

Lead Plaintiffs argue that the premature termination of Mr. Pitt's deposition was justified under Federal Rules of Civil Procedure 26(c) and 30(d). In particular, Rule

---

[1] At the appropriate future time, the Court will invite full briefing and hear argument regarding what costs shall be assessed in light of these most unfortunate events.

1

30(d) justifies a deponent's decision to terminate his deposition in the limited circumstance that the deposition was "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." Fed. R. Civ. P. 30(d). Under such a circumstance, the deposition is suspended in order to seek a protective order under Rule 26(c). *Id.* Outside of such circumstance, however, Rule 37(d) allows the court to order sanctions when a deposition is frustrated, even if the deposition is objectionable. Fed. R. Civ. P. 37(d).

Based on the representations of Lead Plaintiffs' counsel during oral argument, however, it turns out, unfortunately, that the deposition of Harvey Pitt was *not* actually terminated because of the manner in which the deposition was being conducted by defendants' counsel. To the contrary, when Mr. Pitt learned for the first time on February 24, 2011 that the SEC's former Chief Accountant, Donald Nicolaisen, had been deposed in 2009 as a fact witness in this case, he was caught off guard and informed Lead Plaintiffs' counsel that evening that he was not willing to continue with his deposition the next day. Thus, although Mr. Pitt had already opined months earlier about Mr. Nicolaisen's testimony before Congress in 2004, he was unwilling to go forward until he reviewed Nicolaisen's 2009 deposition testimony and all relevant documents related thereto.

Of course, the repeated failure by Lead Plaintiffs' counsel to provide Mr. Pitt with Nicolaisen's deposition transcript, both *prior* to the submission of his expert report and *prior* to his deposition, is inexplicable and inexcusable! Indeed, it was Lead Plaintiffs' counsel that had previously initiated the litigation before this Court that resulted in Mr.

2

Nicolaisen having to be deposed. Even worse, however, is the fact that Lead Plaintiffs' counsel filed a Rule 26(c) motion for a protective order that was really nothing more than an artful diversion intended to shift the Court's attention from their two "mistakes" and Mr. Pitt's resulting unwillingness to go forward with the second day of questioning on February 25. Filing such pleadings is an abuse of the litigation process and completely unacceptable, *especially* when Lead Plaintiffs' counsel summarily rejected defendants' counsel's repeated overtures to contact this Court to help resolve the impasse that had occurred.

As a result, this Court finds that the prejudice to defendants caused by the premature termination of Mr. Pitt's deposition is substantial and not curable by simply allowing the deposition to continue anew. At this point, Mr. Pitt has had over a week to review new documents and reevaluate his earlier testimony and expert report, which by his own admission on the morning of February 25, 2011, he could not disentangle from the materials he had not yet received from Lead Plaintiffs' counsel. Moreover, Mr. Pitt's refusal to proceed coupled with Lead Plaintiffs' counsel's misuse of the Rule 26(c) protective order procedure are the type of abusive conduct that warrants a sanction of this magnitude. Accordingly, pursuant to Rule 37(d), therefore, it is hereby

**ORDERED** that Lead Plaintiffs' Motion for a Protective Order [#890] is **DENIED**; and it is further

**ORDERED** that Fannie Mae's Motion to Strike Harvey Pitt's Expert Report [#891] is **GRANTED**; and it is further

3

**ORDERED** that Individual Defendants' Motion to Strike Harvey Pitt as an Expert Witness [#892] is **GRANTED**;[2] and it is further

**ORDERED** that Lead Plaintiffs shall not offer Mr. Pitt as an expert on their behalf.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

---

[2] Individual Defendants' alternative motion to compel the immediate continuation of Mr. Pitt's deposition is, therefore, denied as moot.

4