# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | ) ) ) | **MDL No. 1668** |
| | ) | |
| **In Re Fannie Mae Securities Litigation** | ) ) ) | **Consolidated Civil Action No.: 1:04-CV-01639** **Judge Richard J. Leon** |

## STIPULATION OF SETTLEMENT OF SECURITIES ACTION

This Stipulation of Settlement (the "Stipulation") is made and entered effective May 7, 2013, by and among: (i) Lead Plaintiffs, Ohio Public Employees Retirement System ("OPERS") and State Teachers Retirement System of Ohio ("STRS") (collectively, the "Lead Plaintiffs") for themselves and on behalf of all persons who are members of the Class as defined in the Court's Order on January 7, 2008 (Dkt. # 568) (collectively, the "Plaintiffs"); (ii) Defendant Federal National Mortgage Association ("Fannie Mae"); (iii) the Federal Housing Finance Agency ("FHFA") as Conservator for Fannie Mae; and (iv) Defendant KPMG LLP ("KPMG") (together with Fannie Mae, the "Settling Defendants").[1]

This Stipulation is intended to fully and finally resolve and settle the securities class action captioned *In re Fannie Mae Securities Litigation*, Civil Action No. 04-1639 (RJL) (the "Consolidated Action") pending in the United States District Court, District of Columbia.

Throughout this Stipulation, any capitalized term not immediately defined is defined in accordance with ¶ 1, below.

---

[1] Franklin D. Raines, J. Timothy Howard, and Leanne Spencer (collectively, the "Individuals") were formerly defendants in the Consolidated Action but, in 2012, the Court granted their separate motions for summary judgment, entered judgment in their favor, and dismissed all claims against them. Those judgments of dismissal remain in full force and effect. Accordingly, Messrs. Raines and Howard and Ms. Spencer are not Parties to the Stipulation or Settling Parties as defined herein and join only in the release provisions of this Stipulation set forth *infra* in Section 3.

## THE LITIGATION

A.      Beginning in September 2004, multiple securities class action complaints were filed against Fannie Mae and certain of its officers in this District and others.  These were consolidated in the Consolidated Action.

B.      The Court appointed Lead Plaintiffs in January 2005, and Lead Plaintiffs filed a Consolidated Complaint in March 2005.  In February 2006, the Court denied Fannie Mae's motion to dismiss.

C.      The "Second Amended Consolidated Class Action Complaint" (the "Complaint") was filed on August 14, 2006 against Fannie Mae and Franklin Raines, Timothy Howard, and Leanne Spencer (Raines, Howard, and Spencer being collectively referred to herein as the "Individuals").  It later added claims against Fannie Mae's auditor, KPMG.  Specifically, the Complaint alleged that Fannie Mae, KMPG and the Individuals publicly issued materially false and misleading financial reports and other statements that artificially inflated the price of Fannie Mae's securities, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.  On September 28, 2006, KPMG filed a motion to dismiss, which was denied on January 24, 2007.

D.      In January 2008, following motions and briefing, the Court certified a class composed of purchasers of Fannie Mae's common stock and call options and sellers of Fannie Mae's put options from April 17, 2001 through December 22, 2004 (the "Class Period").  A Notice of Pendency of Class Action was mailed to 958,697 potential class members over several months in 2008, and 239 timely exclusions opting out of the Class were received.

E.    Fact discovery concluded on April 29, 2010, with over 67 million pages of documents produced and 108 fact witnesses deposed.  Expert discovery concluded on May 26, 2011; Lead Plaintiffs had 6 experts, and Fannie Mae, KPMG and the Individuals had 29 experts combined.

F.    Lead Plaintiffs, Settling Defendants and Individuals filed eight summary judgment motions combined in August 2011: two by Lead Plaintiffs, two joint motions by the Settling Defendants and certain Individuals, one motion by KPMG, and one each by the Individuals.  These were argued in June 2012 over the course of four days.  The Court granted summary judgment on the Individuals' motions, entered judgment in the Individuals' favor, and dismissed all claims against the Individuals on September 20, October 16 and November 20, 2012.  The remaining five summary judgment motions remain pending.

G.    After some unsuccessful and sporadic efforts at settlement, the Settling Parties agreed to formal mediation in 2011, using the services of Fred F. Fielding, an experienced mediator with the law firm of Morgan, Lewis & Bockius LLP.  The first meeting with the mediator took place on June 8, 2011.  After a number of meetings over the course of more than a year, on March 20, 2013, with the mediator's assistance, an agreement in principle was reached, which was memorialized in a Memorandum of Understanding signed on April 10, 2013.

**NOW THEREFORE,** without any concession by Lead Plaintiffs that the Consolidated Action lacked merit, and without any concession by Settling Defendants and Individuals of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED** by and among the Parties to the Stipulation, through their respective counsel, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Class and the Parties, the Consolidated Action and

all Settled Class Claims and Parties' Released Claims, as defined below, shall be compromised, settled, released, acquitted and dismissed with prejudice, subject to the following terms and conditions:

## DEFINITIONS

1.     As used in this Stipulation, the terms set forth below shall have the following meanings:

a.     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim to the Claims Administrator and whose claim for recovery has been allowed pursuant to the terms of this Stipulation and the Plan of Allocation approved by the Court.

b.     "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 USC Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official of each State and the Attorney General of the United States.

c.     "Claims Administrator" means The Garden City Group, Inc., subject to Court approval, which shall process proofs of claims and administer the Settlement payments to Authorized Claimants.

d.     "Class" means all purchasers of the publicly traded common stock and call options of Federal National Mortgage Association ("Fannie Mae"), and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001, through December 22, 2004 (the "Class Period") who suffered damages thereby.  Excluded from the Class are (i) the Settling Defendants and the Individuals, (ii) any person who was an officer or director of Fannie Mae or any of its parents or subsidiaries during the Class Period, (iii) the members of the immediate family of each of the Individuals, (iv) any entity in which any of the Settling Defendants or

Individuals had a controlling interest during the Class Period, (v) any parent or subsidiary of Fannie Mae, (vi) any incentive, retirement, stock or other benefit plan that benefited solely the Individuals, and (vii) the legal representatives, heirs, predecessors, successors or assigns of any of the foregoing excluded persons and entities.  Also excluded from the Class are any persons who filed a valid and timely request for exclusion in accordance with the requirements set forth in the court-approved notice previously sent to potential class members and have not opted back in pursuant to Paragraph 10, below.

e.      "Class Distribution Order" means an order of the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator and directing payment of the Net Settlement Fund to Authorized Claimants.

f.      "Class Member" means any person or entity who or which is a member of the Class and is not excluded therefrom.

g.      "Class Period" means the period from April 17, 2001 through and including December 22, 2004.

h.      "Complaint" means the Second Amended Consolidated Class Action Complaint for Violations of Federal Securities Law (Doc. 204), filed August 14, 2006.

i.      "Consolidated Action" means the case captioned *In re Fannie Mae Securities Litigation*, Civil Action No. 04-1639 (RJL), pending in the United States District Court, District of Columbia District and all constituent actions consolidated therewith.

j.      "Court" means the United States District Court for the District of Columbia.

5

k. "Parties' Released Claims" shall mean the claims released by the Lead Plaintiffs, Settling Defendants, FHFA and the Individuals, as set forth in paragraph 3, below.

l. "Effective Date" means the date upon which the Judgment becomes Final.

m. "Escrow Agent" means KeyBank National Association, which will receive, hold and invest the Settlement Fund subject to the terms of this Stipulation and the Escrow Agreement.

n. "Escrow Agreement" means the escrow agreement among Lead Counsel, Fannie Mae, FHFA, KPMG and the Escrow Agent with respect to the Settlement Fund that will govern the management of the Settlement Fund, in the form attached hereto as Exhibit C.

o. "Fee and Expense Application" means the motion and accompanying memorandum by Lead Counsel in connection with their request for an award of attorneys' fees and reimbursement of litigation expenses incurred in prosecuting this case.

p. "Final," with respect to the Judgment, means the later of: (i) if there is an appeal from the Judgment, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to the grant; or (ii) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal from the Judgment, which shall be thirty (30) days after the Judgment is entered on the Court's docket. Any appeal or proceeding seeking subsequent judicial review pertaining solely to the Court's approval of the Plan of Allocation or the Fee and Expense Application shall not affect the time set forth above for the Judgment to become Final.

q.      "Individuals" means collectively former defendants Franklin D. Raines, J. Timothy Howard and Leanne G. Spencer, on whose behalf judgment was entered by the Court and who were dismissed from the Consolidated Action on summary judgment.

r.       "Judgment" means the judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

s.      "Lead Counsel" means the law firm of Markovits, Stock & DeMarco, LLC.

t.      "Lead Plaintiffs" means Ohio Public Employees Retirement System ("OPERS") and State Teachers Retirement System of Ohio ("STRS").

u.      "Net Settlement Fund" means the Settlement Fund less (i) Court awarded attorneys' fees and expenses for the Consolidated Action; (ii) Notice and Administration Expenses; (iii) any required Taxes; and (iv) any other fees or expenses approved by the Court.

v.      "Notice" means the notice of the proposed Settlement, releases, Plan of Allocation, and attorneys' fees and expense applications relating to the Consolidated Action that is to be sent to members of the Class, substantially in the form attached as Exhibit 1 to Exhibit A hereto.

w.      "Notice and Administration Expenses" means all reasonable and necessary expenses actually incurred in connection with the preparation and printing of the Notice with respect to the Settlement of the Consolidated Action; providing notice to the Class by mail, publication and any other means ordered by the Court; reimbursements to nominee owners for forwarding the Notice to their beneficial owners or for providing the names of such beneficial owners to the Claims Administrator; the administrative expenses incurred and fees charged by the Claims Administrator in connection with disseminating the Notice and publishing the

Summary Notice, processing the submitted claims, applying the Plan of Allocation approved by the Court or otherwise administering the Settlement; and corresponding with Class Members.

x.  "Parties" and "Parties in the Consolidated Action" mean Lead Plaintiffs, Fannie Mae, FHFA, KPMG, and the Individuals.

y.  "Parties to the Stipulation" means Lead Plaintiffs, Fannie Mae, FHFA, and KPMG.

z.  "Person" means any natural person or legal entity.

aa.  "Plaintiffs' Counsel" means Lead Counsel, Co-Lead Counsel Bernstein Liebhard LLP, and other firms authorized by Lead Counsel and the Attorney General of Ohio to perform work on the Consolidated Action.

bb.  "Plan of Allocation" means the plan of allocation approved by the Court for allocating the Net Settlement Fund among Authorized Claimants.

cc.  "Preliminary Approval Order" means the order preliminarily approving the Settlement and directing that the Notice be sent to the Class, substantially in the form attached hereto as Exhibit A.

dd.  "Proof of Claim" means the form, including the release of the Settled Class Claims, upon which the Class Members may make a claim seeking a distribution from the Net Settlement Fund, substantially in the form attached as Exhibit 3 to Exhibit A hereto.

ee.  "Recognized Loss" means the amount of a claim by a Settlement Class Member, as defined in the Plan of Allocation.

ff.  "Released Parties" means the Settling Defendants, FHFA, the Individuals and other related individuals and entities as set forth below in paragraph 3(a).

gg.    "Settled Class Claims" means any and all claims by Lead Plaintiffs released pursuant to paragraph 3, below.

hh.    "Settlement" means the resolution of the Consolidated Action against Settling Defendants in accordance with the terms and provisions in this Stipulation.

ii.    "Settlement Amount" means the total principal amount of $153,000,000.

jj.    "Settlement Class" means any person or entity in the Class, plus any person or entity that had previously opted out of the Class but who has opted back in pursuant to Paragraph 10, below.

kk.    "Settlement Class Member" means any person or entity in the Settlement Class.

ll.    "Settlement Fairness Hearing" means the Hearing on Final Approval of Settlement, which is to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application.

mm.    "Settlement Fund" means the $153,000,000 Settlement Amount to be paid in cash by or on behalf of Fannie Mae and KPMG, together with any interest earned thereon.

nn.    "Settling Defendants" means collectively Fannie Mae and KPMG.

oo.    "Settling Parties" means collectively Lead Plaintiffs, Fannie Mae and KPMG.

pp.    "Stipulation" means this Stipulation of Settlement of Securities Action, filed in the Consolidated Action.

qq.    "Summary Notice" means the summary notice of the Settlement and the Settlement Fairness Hearing, intended for publication once in the Wall Street Journal and over

the PR Newswire or similar national business-oriented newswire, or as otherwise ordered by the Court, substantially in the form attached as Exhibit 2 to Exhibit A hereto.

          rr.    "Taxes" means all taxes on the income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

          ss.    "Unknown Claims" means any claims that any Plaintiff does not know or suspect to exist in his, her, its or their favor at the time of the release of the Released Parties which, if known by him, her, it, or them might have affected his, her, its or their settlement with and release of the Released Parties, or might have affected his, her, its, or their decision not to object to this Settlement.  Lead Plaintiffs, Settling Defendants, FHFA and the Individuals acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Class Claims and Parties' Released Claims was separately bargained for and was a key element of the Settlement.

## THE SETTLEMENT CONSIDERATION

    2.    In full and final settlement of the claims that were asserted or could have been asserted in the Consolidated Action against Settling Defendants and/or any director, officer, partner, principal or employee thereof, and in consideration of the releases specified below, Settling Defendants shall pay or cause to be paid, within ten (10) days after entry of the Preliminary Approval Order, a total of $153,000,000 in cash to the Settlement Fund for the benefit of the Settlement Class and to pay the attorneys' fees and expenses described in paragraphs 21-23 of this Stipulation.  Settling Defendants will not be responsible for payment to Lead Plaintiffs or the Settlement Class of any other amount in connection with the Settlement of

the Consolidated Action in excess of $153,000,000.  The Settlement Amount will be paid in the following proportion:  50% by Fannie Mae; 50% by KPMG.  None of the Individuals shall be personally responsible for, or have any obligation with respect to, payment of the Settlement Amount.

## RELEASES AND OTHER OBLIGATIONS

3.      The Plaintiffs, the Settling Defendants, and the Individuals agree to the following:

a.      Plaintiffs shall release and forever discharge the Settling Defendants; FHFA, as conservator for Fannie Mae (but not as conservator of the Federal Home Loan Mortgage Corporation); the Settling Defendants' and FHFA's respective present and former parents, subsidiaries, divisions and affiliates; the present and former partners, principals, employees, officers and directors of each of the Settling Defendants and FHFA; the Individuals; the present and former attorneys, accountants, insurers, and agents of each of the Settling Defendants, FHFA and the Individuals; and the predecessors, heirs, successors and assigns of each of the Settling Defendants, FHFA and the Individuals, if any, (collectively, the "Released Parties"), from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether based in law or equity, on federal, state, local, foreign, statutory or common law, or any other law, rule, or regulation (including, but not limited to, all claims arising out of or relating to any acts, omissions, disclosures, public filings, registration statements, financial statements, audit opinions, or statements by the Settling Defendants, FHFA or the Individuals, including without limitation, claims for negligence, gross negligence, constructive or actual fraud, negligent misrepresentation, conspiracy, or breach of fiduciary duty), whether known or unknown, whether or not concealed or hidden, accrued or not accrued, foreseen or unforeseen, matured or not matured, that were asserted or that could have

been asserted directly, indirectly, representatively or in any other capacity, at any time, in any forum by Plaintiffs against the Released Parties arising out of, based upon, or related in any way to: (a) the purchase or acquisition of Fannie Mae common stock or call options, or the sale or disposition of Fannie Mae put options, by any Plaintiff between April 17, 2001 and December 22, 2004, the allegations that were made or could have been made in the Consolidated Action and any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or that could have been asserted by Plaintiffs in the Consolidated Action; or (b) the Settlement or resolution of the Consolidated Action (including, without limitation, any claim for attorneys' fees by Lead Plaintiffs or any Class Member) (the "Settled Class Claims"). Settled Class Claims shall also include any Unknown Claims. Unknown Claims means any claims that any Plaintiff does not know or suspect to exist in his, her, its or their favor at the time of the release of the Released Parties which, if known by him, her, it, or them might have affected his, her, its or their settlement with and release of the Released Parties, or might have affected his, her, its, or their decision not to object to this Settlement. With respect to any and all Settled Class Claims, the Settling Defendants and Plaintiffs stipulate and agree that Plaintiffs shall be deemed to have expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive any and all provisions, rights and benefits conferred by any law, or principle of common law, which is similar, comparable or equivalent to California

Civil Code § 1542.  Any Plaintiff may hereafter discover facts in addition to or different from those that he, she, it or they now know or believe to exist or to be true with respect to the subject matter of the Settled Class Claims, but the Plaintiffs shall have fully, finally, and forever settled and released any and all Settled Class Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

b.      The Settling Defendants, FHFA, and the Individuals, on behalf of themselves, their affiliates, predecessors, successors, assigns, agents, and employees shall release and forever discharge Plaintiffs; each other; FHFA's predecessor, OFHEO; the respective present and former parents, subsidiaries, divisions and affiliates of the Settling Defendants and FHFA; the present and former partners, principals, employees, officers and directors of each of the Plaintiffs, Settling Defendants and FHFA; the present and former attorneys, accountants, and agents of each of them; and the predecessors, heirs, successors and assigns of each of them, from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether based in law or equity, on federal, state, local, foreign, statutory or common law, or any other law, rule, or regulation (including, but not limited to, all claims arising out of or relating to any acts, omissions, disclosures, public filings, registration statements, financial statements, audit opinions, or statements by the Plaintiffs, Settling Defendants, FHFA or the Individuals, including without limitation, claims for negligence, gross

negligence, constructive or actual fraud, negligent misrepresentation, conspiracy, or breach of fiduciary duty), known and unknown, whether or not concealed or hidden, accrued or not accrued, foreseen or unforeseen, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively or in any other capacity, at any time, in any forum relating to the institution, prosecution and/or resolution of the Consolidated Action (the "Parties' Released Claims").  Nothing in this paragraph shall affect the rights and obligations of the Parties under contracts between Fannie Mae and KPMG or between FHFA and KPMG entered into subsequent to the end of the Class Period in this litigation.

        c.     Final Judgment shall contain a provision that is substantially similar to the following paragraph:

        (i)     Reform Act Bar Order: In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the claims or allegations of the Consolidated Action or any of the Settled Class Claims or Parties' Released Claims (1) by any person or entity against any of the Released Parties, and (2) by any of the Released Parties against any person or entity other than a person or entity whose liability has been extinguished by the settlement of the Released Party, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

        (ii)     If the Final Judgment fails to include the Reform Act Bar Order or if appellate review of the Bar Order is sought and on such review the Bar Order is vacated, modified or reversed, then (1) the Settling Defendants shall have the right to terminate the Settlement and (2) the Individuals shall have the right to rescind their releases of the Settling Defendants, with the Settling Defendants' releases of the Individuals also being rescinded, but if

the Settling Defendants elect not to terminate the Settlement, the Settlement shall remain in full force and effect in all other respects.

        d.     The Parties to the Stipulation agree to withdraw all pending motions filed in or related to the Consolidated Action.  The Parties to the Stipulation further agree to dismiss with prejudice all claims and to waive any rights to file an appeal relating to the Consolidated Action with the exception of the challenge to the Final Rule promulgated by the Federal Housing Finance Agency and published in the Federal Register on June 20, 2011, see Conservatorship and Receivership, 76 Fed. Reg. 35,724 (June 20, 2011), which shall be dismissed without prejudice to file in any unrelated action.  Without admitting or denying liability, the Parties to the Stipulation agree that, based upon publicly available information at the time, the Consolidated Action was filed in good faith, was not frivolous and is being settled voluntarily after consultation with competent legal counsel.  The Parties to the Stipulation agree not to oppose a finding in the Final Judgment that during the course of the Consolidated Action, the Parties to the Stipulation and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

        e.     The judgment of the Court in favor of the Individuals and dismissing all claims against them is unaffected by this Stipulation and will remain fully in force.

        4.     The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Consolidated Action and any and all Settled Class Claims and Parties' Released Claims.

        5.     Upon the Effective Date, Lead Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Settled

Class Claims against each and every one of the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim, and whether or not such Settlement Class Member shares in the Settlement Fund.

6.     The Proof of Claim to be executed by Settlement Class Members shall release all Settled Class Claims against the Released Parties and shall be substantially in the form contained in Exhibit 3 to Exhibit A attached hereto.

## PRELIMINARY AND FINAL COURT APPROVAL

7.     Promptly after execution of this Stipulation, Lead Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of a Summary Notice, substantially in the forms of Exhibits A-1 and A-2 attached hereto.  The Settling Parties shall use reasonable efforts to obtain Court approval of the Settlement.

8.     This Stipulation settling the Consolidated Action will not be finalized or submitted to the Court for approval without the consent of and execution by Lead Plaintiffs, Settling Defendants, FHFA, and the Individuals.

9.     Lead Counsel shall request that, after notice is given, the Court hold the Settlement Fairness Hearing to consider and determine whether to approve the Settlement pursuant to the terms of the Stipulation as fair, reasonable, and adequate, and whether the Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Consolidated Action with prejudice.  At or after the Settlement Fairness Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

10.     Promptly upon entry of the Preliminary Approval Order, Fannie Mae shall provide or cause to be provided to the Claims Administrator, Fannie Mae's shareholder lists as appropriate for providing notice to the Class of this Settlement.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim form to Class Members at their addresses as set forth in the shareholder lists provided by Fannie Mae or as provided by nominee owners.  Lead Counsel will also publish the Summary Notice of the proposed Settlement over PR Newswire or a similar national business-oriented newswire.   Lead Counsel shall be responsible for overseeing the portion of the Notice provided to the Class about the Settlement of the Consolidated Action.   Class Members who previously opted out will be afforded the opportunity to opt back into the Settlement.  A list of Class Members who previously submitted a request for exclusion is attached hereto as Exhibit D.  Other than Fannie Mae's obligation to provide the appropriate shareholder lists referenced above, Settling Defendants and the Individuals shall have no responsibility for providing notice of the Settlement to the Class.

11.     Within ten (10) business days following the Court's entry of the Preliminary Approval Order and pursuant thereto, the Claims Administrator on behalf of the Settling Defendants and the Individuals shall cause to be served upon the appropriate State official of each State and the Attorney General of the United States the CAFA Notice.  The Claims Administrator shall promptly notice all Parties upon service of the CAFA Notice.  All expenses incurred in connection with the preparation and service of the CAFA Notice shall be borne by Settling Defendants and under no circumstances will be borne by the Individuals, FHFA, Plaintiffs' Counsel, Lead Plaintiffs, or the Class, and will not be payable from the Settlement Fund.

12.     After entry of the Preliminary Approval Order and after the Notice is given to the Class and Class Members have had the opportunity described in the Notice to object to the Settlement, the Parties shall promptly jointly request that the Court enter the Final Judgment.

## USE AND ADMINISTRATION OF SETTLEMENT FUND

13.     Except as otherwise provided herein, the Settlement Fund shall remain in escrow until the Judgment becomes Final.  The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or order of the Court.

14.     The Settlement Fund shall be used to pay:  (i) any Taxes; (ii) Notice and Administration Expenses, (iii) Lead Plaintiffs' mediation expenses, (iv) any attorneys' fees and expenses awarded by the Court, (v) any claims of Authorized Claimants determined valid for payment, and (vi) any other expenses ordered by the Court.

15.     The Escrow Agreement shall require the Escrow Agent to invest the monies in the Settlement Fund in United States Treasury Bills and to collect and reinvest all interest accrued thereon, except that any residual cash balances may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States. The Parties to the Stipulation agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for causing the filing of tax returns for the Settlement Fund and causing the payment from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Fannie Mae and KPMG agree to provide promptly to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).

16.     All Taxes shall be paid out of the Settlement Fund, shall be properly reserved and shall be timely paid by the Escrow Agent without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold Fannie Mae and KPMG harmless for Taxes, if any, payable by Fannie Mae and KPMG by reason of the income earned on the Settlement Fund; and Lead Counsel shall cause the Escrow Agent to make such reserves as shall be necessary to cover such indemnity.  Fannie Mae and KPMG shall notify the Escrow Agent promptly if they receive any notice of any claim for Taxes relating to the Settlement Fund.

17.     This is not a claims-made settlement.  As of the Effective Date, the Settling Defendants and their insurers shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Proofs of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If, after the initial and any subsequent distributions to Authorized Claimants in accordance with the Plan of Allocation, there remains a de minimis balance in the Settlement Fund such that an additional distribution is not appropriate, the remaining de minimis balance will be paid as a charitable donation to a charity mutually agreeable to Lead Counsel and Settling Defendants.

18.     Prior to the Effective Date and without further order of the Court, Lead Counsel may expend up to $2,500,000 from the Settlement Fund to pay the Notice and Administration Expenses actually incurred, as well as their share of costs previously incurred in connection with mediation.  In the event the Settlement is not fully consummated, funds from the Settlement

Fund Escrow Account used for these purposes shall not be returned or repaid to Settling Defendants or any other person or entity paying settlement monies on behalf of Settling Defendants.

19.     None of the Settling Defendants, the Individuals or FHFA will be liable for (i) taxes owed, if any, by the Settlement Fund, (ii) the acts of omissions of the Escrow Agent or the Claims Administrator, (iii) the acts or omissions of Lead Counsel in administering the Settlement Fund, or (iv) the management, administration or investment of the Settlement Fund.  The Escrow Agreement shall govern Settling Defendants' responsibilities with respect to the Settlement Fund.

20.     No Person shall have any claim against the Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Plaintiffs' Counsel, based on determination or distributions made substantially in accordance with the Stipulation and Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## ATTORNEYS' FEES AND EXPENSES

21.     Lead Counsel shall submit a Fee and Expense Application, which will contain a request for an award of attorneys' fees and reimbursement of expenses to be distributed from the Settlement Fund, including Lead Plaintiffs' reasonable costs and expenses (including lost wages) directly relating to the representation of the class.  The Settling Defendants, FHFA, and the Individuals have made no agreement with Lead Plaintiffs regarding the Fee and Expense Application and take no position with respect to it.

22.     Any attorneys' fees and expenses awarded by the Court, including interest thereon (as provided in Paragraph 15 of this Stipulation), shall be paid from the Settlement Fund to Lead Counsel within three (3) days after the Judgment becomes Final.  Lead Counsel shall allocate the

attorneys' fees among the Plaintiffs' Counsel authorized to assist in the prosecution of the Consolidated Action in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Consolidated Action.

23.     Any order of the Court or any appellate court with respect to the application for or award of attorneys' fees and expenses to Lead Counsel shall not operate to terminate the Settlement or affect or delay the finality of the Judgment.  Settling Defendants, FHFA and the Individuals have no responsibility or liability for the payment or allocation of attorneys' fees and expenses.

## ADMINISTRATION OF THE SETTLEMENT

24.     Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.  The Claims Administrator shall administer the Settlement under the supervision of the Lead Counsel and the Court.  The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss (as defined in the Plan of Allocation) compared to the total Recognized Loss of all Authorized Claimants.

25.     If the Judgment otherwise becomes Final, the Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  This Stipulation and the Settlement cannot be terminated based on this Court's or any appellate court's ruling with respect to any Plan of Allocation in the Consolidated Action.  Settling Defendants, FHFA and the Individuals take no position with respect to any proposed or approved Plan of Allocation; such Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court

concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

26.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Except for the Notice and Administration Expenses (which shall be payable solely from the Settlement Fund), Settling Defendants, FHFA and the Individuals shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Settlement proceeds or the reviewing or challenging of claims of members of the Class.  The allocation of the Net Settlement Fund among the Settlement Class Members shall be subject to the Plan of Allocation.

27.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Proof of Claim, signed under penalty of perjury, and supported by such documents as are designated therein, including proof of the claimant's loss or such other documents or proof as Lead Counsel, in their discretion, may deem acceptable, subject to the approval of the Court.

b.     All Proofs of Claims must be submitted by the date specified unless such period is extended by order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Proof of Claim by such Settlement Class Member is approved).  A Proof of Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope dated on or before the date specified in the Notice and if mailed first-class postage prepaid and addressed in accordance with the instructions

22

thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

c.      The Claims Administrator shall review each Proof of Claim and determine, in accordance with this Stipulation and Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to final approval by the Court.

d.      Proofs of Claims that do not meet the submission requirements may be rejected.  The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claims it proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant has the right to a review by the Court if the claimant so desires and if the claimant complied with the requirements of subparagraph (e) below.

e.      If any claimant who is notified by the Claims Administrator that the Claims Administrator proposes that his, her or its claim be rejected in whole or in part desires to contest such rejection, such claimant must, within thirty (30) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a claimant provides this required notice of the claimant's desire to contest the rejection and the dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

28.     After the Judgment becomes Final, Lead Counsel will apply to the Court for entry of a Class Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claim submitted herein, approving

any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and directing the payment of the Net Settlement Fund to Authorized Claimants.

29.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing of the Proofs of Claim, no discovery shall be allowed on the merits of the Consolidated Action or of the Settlement.  All costs of any such discovery shall be paid solely from the Settlement Fund, and Settling Defendants, FHFA and the Individuals shall not be responsible for any costs associated with such discovery.

30.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and, unless otherwise ordered by the Court, after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all unresolved objections with respect to all rejected or disallowed claims have been resolved by the Court; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court and all appeals therefrom have been resolved or the time therefore has expired; and (iv) all Notice and Administration Expenses, Taxes, and other costs approved by the Court have been paid.

31.     Payment pursuant to this Stipulation and Plan of Allocation shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members who fail to timely submit a valid Proof of Claim and all Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement

24

Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment entered in the Consolidated Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Class Claims.

32.     All proceedings with respect to the administration, processing and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed question of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## TERMINATION

33.     The Parties to the Stipulation shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other Parties to the Stipulation within ten (10) days of (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve the Stipulation or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals of the Supreme Court of the United States.  As set forth in paragraphs 23 and 25, above, any order of the Court or any appellate court with respect to the application for or award of attorneys' fees and expenses to Lead Counsel or the Plan of Allocation shall not be grounds for termination.

34.     By court-approved notice previously provided to all potential Class Members over several months in 2008, Class Members were afforded the opportunity to opt out of the Class.  In the event the Court orders the Parties to provide Class Members another opportunity to opt out of the Class, Settling Defendants will have the option to terminate this Stipulation and the Settlement if holders of more than an agreed-to amount of the shares eligible to participate in the

Settlement seek to exclude themselves from the Settlement Class.  Settling Defendants must exercise their option to terminate in writing to the other Parties to the Stipulation within twenty (20) business days after the deadline for members of the Class to request exclusion from the Settlement Class, or the option is waived.  Lead Counsel shall have the right to communicate with the holders of such opt-out shares and, if a sufficient number of them withdraw their requests for exclusion so that the percentage of opt-out shares is reduced to a level at or below the agreed-to amount, Settling Defendants' notice of termination shall be deemed withdrawn.

35.     In the event the Settlement is terminated or fails to become effective for any reason, (i) the Settlement shall be without prejudice and none of its terms shall be effective or enforceable except as specifically provided herein, (ii) the Parties to the Stipulation shall revert to their respective status in the Consolidated Action as of March 20, 2013, (iii) except as otherwise expressly provided herein, the Parties in the Consolidated Action shall proceed in all respects as if this Stipulation and any related orders had not been entered, and (iv) the fact and terms of this Stipulation shall not be admissible in any trial of this action.

36.     If the Settlement is terminated pursuant to the terms hereof, the Settlement Fund, together with any interest earned thereon, less any Taxes paid or due with respect to such income, and less any Notice and Administration Expenses actually incurred or paid, shall be returned to Settling Defendants in proportion to their contributions.

## NO ADMISSION OF WRONGDOING

37.     The Settling Defendants do not admit any wrongdoing, fault, liability or damage to Plaintiffs, nor do they admit that they engaged in any wrongdoing or that they committed any violation of law.  In view, however, of the uncertainty and risk of the outcome of any litigation (especially complex securities litigation), the difficulties and substantial expense and length of

time necessary to defend the proceeding—including potentially through trial, post-trial motions and appeals—and to eliminate the burden and expense of further litigation, the Settling Defendants wish to settle the Consolidated Action and put the Settled Class Claims to rest, finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Plaintiffs.  This Stipulation and the terms of the Settlement represent a compromise of disputed claims and the negotiations, discussions, and communications in connection with or leading up to and including the Settlement are not and shall not be construed as admissions or concessions by any Party, either as to any liability or wrongdoing or as to the merits of any claim or defense.  Neither the existence of this Stipulation nor any of its provisions shall be offered into evidence by any Party or its agents in the Consolidated Action or in any other action, arbitration or proceeding as admissions or concessions of liability or wrongdoing of any nature on the part of the other Party, or as admissions or concessions concerning the merits of any claim or defense, other than in connection with any action, motion or proceeding to enforce the terms of this Stipulation.

38.     The Parties to the Stipulation agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure and the Judgment will contain a statement to reflect this compliance.

## **MISCELLANEOUS PROVISIONS**

39.     All of the Exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

40.     Defendant KPMG warrants that it is not now, and will not be at the time of the payment of the Settlement Amount, insolvent, nor will the payment of the Settlement Amount render it insolvent within the meaning of and/or for the purposes of the United States Bankruptcy

Code, including §§ 101 and 547 thereof.  If a case is commenced against KPMG (or any insurer contributing funds to the Settlement Fund on behalf of KPMG) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of KPMG to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, (i) the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Settling Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void *ab initio;* and (ii) this Stipulation shall terminate and the Parties will be subject to the provisions set forth in paragraph 35, above.

41.     Defendant Fannie Mae is in conservatorship, and is entering into this Stipulation and paying its portion of the Settlement Fund with the express approval of its conservator, FHFA.  FHFA has approved the Settlement pursuant to the Director's authority under Title 12, United States Code, Section 4617 and 12 C.F.R. § 1237 as a Final Rule published in the Federal Register on June 20, 2011, see Conservatorship and Receivership, 76 Fed. Reg. 35,724 (June 20, 2011).  In the event of Fannie Mae's receivership or bankruptcy, and the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Fannie Mae to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, (i) the Settling Parties shall jointly move the Court to vacate and set aside the

releases given and the Judgment entered pursuant to this Stipulation, which releases and Judgment shall be null and void *ab initio*; and (ii) this Stipulation shall terminate and the Parties will be subject to the provisions set forth in paragraph 35, above.

42.     The Parties to the Stipulation intend that the Settlement of the Consolidated Action be a final and complete resolution of all disputes asserted or which could be asserted by any Parties in the Consolidated Action in accordance with the terms of the releases contained herein.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

43.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties to the Stipulation or their successors or assigns.

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and Judgment, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation by the other Party.

47.     All agreements made and orders entered during the course of the Consolidated Action relating to the confidentiality of information shall survive this Stipulation.

48.     This Stipulation and its Exhibits, and the agreement contemplated by Paragraph 34, constitute the entire agreement among the Parties concerning the Settlement of the Consolidated Action, and no representations, warranties, or inducements have been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including signature transmitted by facsimile or in PDF format.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

50.     This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the District of Columbia without regard to conflict of laws, except to the extent that federal law requires that federal law govern.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations among the Settling Parties.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full

authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.   The Parties agree that all further proceedings related to the Consolidated Action, as set forth in paragraph 3(d) above shall be stayed during the course of the Settlement proceedings, but shall promptly recommence it the Settlement is not preliminarily or finally approved by the Court or the Settlement does not otherwise become effective.

**IN WITNESS WHEREOF**, the Parties to the Stipulation have caused this Stipulation to be executed by their duly authorized representatives.

Dated:  May 7, 2013

OHIO ATTORNEY GENERAL
MICHAEL DeWINE

MARKOVITS, STOCK & DEMARCO, LLC
*Lead Counsel for the Attorney General of Ohio and Lead Plaintiffs*

By:  s/W.B. Markovits
Joseph T. Deters
W.B. Markovits
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone:  (513) 651-3700
Facsimile:  (513) 665-0219

O'MELVENY & MYERS LLP
*On behalf of Defendant Fannie Mae*

By: s/Jeffrey W. Kilduff
Jeffrey W. Kilduff
Robert M. Stern
Michael J. Walsh, Jr.
1625 Eye Street, N.W.
Washington, DC 20006

Telephone: (202) 383-5300

Facsimile: (202) 383-5414


DUANE MORRIS LLP

*On behalf of Federal Housing Finance Agency*


By: s/Joseph J. Aronica

Joseph J. Aronica

505 9th Street, N.W., Suite 1000

Washington, DC 20004-2166

Telephone: (202) 776-7800

Facsimile: (202) 776-7801


GIBSON, DUNN & CRUTCHER LLP

*On behalf of Defendant KPMG LLP*


By: s/F. Joseph Warin

F. Joseph Warin

1050 Connecticut Avenue, N.W.

Washington, D.C.  20036

Telephone: (202) 955-8500

Facsimile: (202) 467-0539

**ADDITIONAL SIGNATORIES TO RELEASE PROVISIONS – <u>PARAGRAPH 3</u>**

ZUCKERMAN SPAEDER LLP
*On behalf of J. Timothy Howard*

By: <u>s/Eric R. Delinsky</u>
Steven M. Salky
Eric R. Delinsky
1800 M. Street, N.W., Suite 1000
Washington, DC  20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

WILLIAMS & CONNOLLY LLP
*On behalf of Franklin D. Raines*

By: <u>s/Kevin M. Downey</u>
Kevin M. Downey
Alex G. Romain
Joseph M. Terry
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5614
Facsimile: (202) 434-5029

BUCKLEY SANDLER LLP
*On behalf of Leanne G. Spencer*

By: <u>s/David S. Krakoff</u>
David S. Krakoff
Christopher F. Regan
Adam B. Miller
1250 24th Street, N.W.
Washington, DC  20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

# EXHIBIT

# A

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) ) | MDL No. 1668 |
| | ) | |
| In Re Fannie Mae Securities Litigation | ) ) ) | Consolidated Civil Action No.: 1:04-CV-01639 Judge Richard J. Leon |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE,  SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT, AND STAYING NON-SETTLEMENT RELATED PROCEEDINGS

This matter comes before the Court on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, Setting Date for Hearing on Final Approval of Settlement, and Staying Non-Settlement Related Proceedings ("Motion"), and the Stipulation of Settlement dated May 7, 2013 ("Stipulation") entered into by Lead Plaintiffs with Defendant Federal National Mortgage Association ("Fannie Mae"), Defendant KPMG LLP ("KPMG") (collectively, with Fannie Mae, the "Settling Defendants"), and the Federal Housing Finance Agency ("FHFA") (as Conservator for Fannie Mae).[1] The Court has reviewed the Motion and the Stipulation, and attached exhibits, and finds that the Motion should be granted.

All defined terms used in this Order shall have same meanings as set forth in the Stipulation.

**NOW, THEREFORE,** the Court hereby **ORDERS:**

---

[1] Former individual defendants Franklin Raines, Timothy Howard, and Leanne Spencer (the "Individuals") have been dismissed from this Action.  The Individuals are signatories for purposes of the release provisions of the Stipulation, set forth in Paragraph 3 of the Stipulation.

1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Settlement Fairness Hearing described below.  Therefore, the Motion for Preliminary Approval of the Proposed Settlement is GRANTED.

2.      A hearing (the "Settlement Fairness Hearing") shall be held before this Court on _____ at _____a.m. for the following purposes:

a.   To determine whether the proposed Settlement of the Consolidated Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court;

b.   To determine whether a Final Judgment, as defined in the Stipulation, should be entered;

c.   To determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

d.   To determine whether Lead Plaintiffs' application for attorneys' fees and reimbursement of expenses should be approved; and

e.   To rule upon such other matters as the Court may deem appropriate.

3.      The Court approves, as to form and content, the Notice and Summary Notice for publication, attached as Exhibit A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and the publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation

Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

4.      The Complaint was commenced after February 18, 2005.  The Court directs the Settling Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 US.C. §1715.  Counsel for Settling Defendants shall, at or before the Settlement Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5.      The firm of The Garden City Group, Inc. ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

      a.  Fannie Mae shall cooperate, to the extent necessary, in making its transfer records and shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class;

      b.  No later than ____ business days after entry of this Order, Lead Counsel shall cause a copy of the Notice, substantially in the form attached as Exhibit A-1, to be mailed by first class mail to all potential Settlement Class Members who can be identified with reasonable effort;

      c.  Lead Counsel shall cause the Summary Notice, in substantially the form annexed as Exhibit A-2, to be published once in the Wall Street Journal and over the PR Newswire or similar national business oriented newswire, with such publication completed no later than ____ calendar days after mailing of the Notice; and

3

d.  No later than ____ calendar days before the Settlement Fairness Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

6.      Nominees who purchased the securities of Fannie Mae for the beneficial ownership of Settlement Class Members during the Class Period shall send the Notice to all beneficial owners of such Fannie Mae securities within ___ calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ___ calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7.      In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a.  A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than _____ calendar days after the initial mailing of the Notice.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to

4

have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonable available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to

5

act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.   As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

8.   All Settlement Class Members shall be bound by all determinations and judgments in the Consolidated Action concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class and have not opted back in.  The persons and entities who requested exclusion from the Class and who have not opted back in will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to the Settling Defendants in the Consolidated Action.

9.   Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Settled Class Claims against any Released Parties, and all further actions in the Consolidated Action unrelated to determination of approval of the Stipulation shall be stayed.

10.     Any Settlement Class Member may enter an appearance in the Consolidated Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for the Settling Defendants a notice of such appearance no later than _____ calendar days after entry of this Order.  If they do not enter an appearance, they will be represented by Lead Counsel.

11.     Lead Counsel shall submit a Fee and Expense Application no later than ___ calendar days after entry of this Order.

12.     All papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application shall be filed no later than _____ calendar days after entry of this Order.

13.     Any Settlement Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than _____ calendar days after entry of this Order to each of the following:

CLERK OF THE COURT
United States District Court
District of Columbia
Clerk of the Court
E. Barrett Prettyman United States Courthouse
333 Constitution Ave. NW
Washington, D.C. 2000112

7

MARKOVITS, STOCK & DeMARCO, LLC
W. B. Markovits, Esq., Joseph Deters, Esq.
119 East Court St., Suite 530
Cincinnati, Ohio 45202
*Plaintiffs' Lead Counsel*

O'MELVENY & MYERS LLP
Jeffrey W. Kilduff
1625 Eye Street NW
Washington, D.C. 20006
*Counsel for Fannie Mae*

GIBSON, DUNN & CRUTCHER LLP
F. Joseph Warin
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
*Counsel for KPMG*

14.     Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court.  Any papers, in response to any such objections or in further support of the above-named motions shall be filed no later than ____ calendar days before the Settlement Fairness Hearing.

15.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

16.     All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to

8

become effective, remaining funds shall be handled in accordance with ¶¶ 18, 35 and 36 of the Stipulation.

17.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Settlement Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Settlement Defendants or the Released Parties.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

18.     The Court reserves the right to adjourn the date of the Settlement Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiffs and the Settling Defendants, if appropriate, without further notice to the Settlement Class.

Dated: _____, 2013


_____
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

# EXHIBIT

# A - 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| THIS DOCUMENT RELATES TO: In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:  ALL PERSONS AND ENTITIES WHO ARE MEMBERS OF THE CERTIFIED CLASS IN THIS ACTION.
(See definition of the Class set forth in paragraph 1 below).**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiffs, the Ohio Public Employees Retirement System and the States Teachers Retirement System of Ohio (collectively, "Lead Plaintiffs), have reached a proposed settlement of the above-captioned securities class action lawsuit (the "Consolidated Action") for a total of $153,000,000 (one hundred and fifty-three million dollars) in cash that, if approved, will resolve all claims in the Consolidated Action[1].

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Fannie Mae or its counsel. All questions should be directed to Lead Counsel or the Claims Administrator (see ¶ 82 below).**

1.       **Description of the Consolidated Action and Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that the defendants[2] violated the federal securities laws by making materially false and misleading statements and omissions concerning, among other things, Fannie Mae's publicly disclosed financial statements and compliance with Generally Accepted Accounting Principles ("GAAP").  The Second Amended Consolidated Class Action Complaint alleges: (i) that on September 22, 2004, Fannie Mae's regulator, the Office of Federal Housing Enterprise Oversight ("OFHEO") publicly announced that as a result of an investigation into Fannie Mae's accounting policies and internal controls, OFHEO concluded that Fannie Mae and the Individuals had misapplied GAAP to distort financial results and "smooth" earnings growth from quarter to quarter; (ii) that the SEC confirmed that Fannie Mae's accounting practices did not comply with GAAP and advised Fannie Mae to restate its financial statements from 2001 to mid-2004; and (iii) that on December 22, 2004 Fannie Mae announced that it would restate its financial statements from 2001 to mid-2004 by an estimated $9 billion.  As a result of the Settling Defendants' and Individuals' actions, Lead Plaintiffs alleged that the Class had incurred damages.  The Court certified a class on January 7, 2008.  The proposed Settlement, if approved by the United States District Court for the District of Columbia (the "Court"), will settle claims of the following class of persons and entities (the "Class"):

> **All purchasers of the publicly traded common stock and call options of Fannie Mae, and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001 through December 22, 2004 (the "Class Period") who suffered damages thereby (the "Class").  Excluded from the Class are (i) the Settling Defendants, and the Individuals, who were previously dismissed from the case, (ii) any person who was an officer or director of Fannie Mae or any of its parents or subsidiaries during the Class Period, (iii) the members of the immediate family of each of the Individuals (iv) any entity in which any Settling Defendant or Individual had a controlling interest during the Class Period, (v) any parent or subsidiary of Fannie Mae, (vi) any incentive, retirement, stock or other benefit plan that benefited solely the Individuals , and (vii) the legal representatives, heirs, predecessors, successors or assigns of any of the foregoing excluded persons and entities.**

Also excluded from the Class are any Persons who submitted a request for exclusion in connection with the previously mailed Notice of Pendency of Class Action (the "Class Notice") as set forth on Exhibit D to the Stipulation who do not opt-back into the Class (*see* ¶¶ 66-69 below).

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement of Securities Action dated May 7, 2013 (the "Stipulation"), which is available on the website for the Consolidated Action at www.fanniemaesecuritieslitigation.com.

[2] The remaining defendants are the Federal National Mortgage Association ("Fannie Mae") and Fannie Mae's former auditor, KPMG LLP ("KPMG") (collectively, the "Settling Defendants").  The Court granted summary judgment to the former Fannie Mae officers Franklin D. Raines, J. Timothy Howard and Leanne G. Spencer (collectively, the "Individual Defendants") and dismissed them from the Action.  The Individual Defendants are not responsible for any portion of the settlement payment being made to the Class.

2.     **Statement of Class's Recovery**: Subject to Court approval, and as described more fully below, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle all claims based on the purchase or other acquisition of Fannie Mae's publicly traded common stock and call options and/or the sale of put options during the Class Period. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (together, the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any litigation expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed according to a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 7-12 below.

3.     **Estimate of Average Amount of Recovery Per Share**: Lead Plaintiffs' damages expert estimates that approximately 767 million shares of Fannie Mae common stock were purchased during the Class Period and held through a corrective disclosure and therefore were damaged pursuant to Section 10(b) of the Exchange Act. Lead Plaintiffs' damages expert estimates that, if valid claims for all damaged shares are submitted, the average recovery per damaged share of Fannie Mae common stock will be approximately $0.20 per share before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the Settlement. **Class Members should note, however, that the foregoing average recovery per damaged share of Fannie Mae common stock is only an estimate**.  A Class Member's actual recovery will depend on several things, including: (1) the number of claims filed; (2) when Class Members purchased, acquired and/or held their Fannie Mae common stock during the Class Period; and (3) whether Class Members sold their shares of Fannie Mae common stock and, if so, when. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 7-12 below) or such other plan of allocation as may be ordered by the Court.

4.     **Statement of Average Amount of Damages Per Share**: The Lead Plaintiffs and Settling Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Consolidated Action. Among other things, the Settling Defendants deny that they made any materially false or misleading statements or omitted material information. Settling Defendants also assert that they were prepared to establish that the price of Fannie Mae common stock declined in value for reasons not related to the disclosure of any allegedly false or misleading statements. The Plaintiffs and Settling Defendants also disagree on the appropriate methodology for determining damages, if liability were established.  In sum, Settling Defendants do not agree with the assertion that they engaged in any actionable misconduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.     **Statement of Attorneys' Fees and Expenses Sought**: The Consolidated Action has been prosecuted on a wholly contingent basis since its inception in 2004.  Court-appointed Lead Counsel, Markovits, Stock & DeMarco, LLC, along with other firms representing the Lead Plaintiffs (collectively "Plaintiffs' Counsel"), have not received any payment of attorneys' fees for their representation of the Class and have advanced millions of dollars in expenses necessarily incurred in order to prosecute the Action. As set forth in greater detail below (*see* ¶¶ 14-23 below), Plaintiffs' Counsel have taken this case from inception to summary judgment, and were responsible for, among other things: (i) conducting an extensive investigation into the Class's claims; (ii) drafting detailed amended complaints; (iii) successfully opposing  multiple dismissal motions; (iv) successfully briefing Lead Plaintiffs' motion for class certification;(vii) engaging in an extensive discovery program, including participating in approximately 108 fact depositions and reviewing more than 67 million pages of documents; (v) briefing and arguing multiple motions for summary judgment, including Lead Plaintiffs' own motion for partial summary judgment; and (vi) engaging in multiple in-person and telephonic meetings regarding a possible settlement of the Consolidated Action before reaching an agreement in principle to settle on March 20, 2013.

Pursuant to the retention agreement between Lead Counsel and the Ohio Attorney General, on behalf of Lead Plaintiffs, Lead Counsel may apply and seek an award of attorneys' fees and costs incurred in connection with its prosecution of the claims against the Settlement Defendants and the Individuals.  The retention agreement sets a base minimum fee of 7.5%-8.5% of the total recovery amount, after costs and expenses.  Based on a number of factors not specifically set forth in the retention agreement—including the unusual length of this litigation (more than eight years), its difficulty, the extraordinary amount of time expended by the Plaintiffs' Counsel (the fees sought are far less than the lodestar, which is the amount of time expended multiplied by the hourly rates), and a comparison with fee awards in comparable cases—Lead Counsel will be seeking fees above the base minimum. As will be more fully set forth in Lead Counsel's Fee and Expense Application, Lead Counsel, on behalf of themselves and other Plaintiffs' Counsel, will apply to the Court for an award from the Settlement Fund of (i) reimbursement of out-of-pocket expenses incurred in prosecuting the Consolidated Action, not to exceed $17 million plus the costs of settlement administration; (ii) attorneys' fees in an amount not to exceed 22% of the Settlement Fund, after other expenses have been deducted; and (iii) interest on the attorneys' fees and expenses awarded by the Court at the same rate and for the same periods as earned by the Settlement Fund from the date of the deposit of the Settlement Amount until the date the attorneys' fees and expenses are paid by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the average cost per affected share of Fannie Mae common stock will be approximately $0.06 per share.

6.     **Identification of Attorneys' Representatives**: Lead Plaintiffs and the Class are being represented by: W. B. Markovits, Esq. and Joseph Deters, Esq., Markovits, Stock & DeMarco, LLC, 119 East Court St., Cincinnati, Ohio 45202, (513) 651-3700, bmarkovits@msdlegal.com.

7.     **Reasons for the Settlement**: Lead Plaintiffs' principal reason for entering into the Settlement is the substantial cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be balanced against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after a trial of the Consolidated Action and the likelihood of appeals that could last many months, or even years, into the future. The Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM BY: _____, 2013.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Settled Class Claims (as defined in ¶ 60 below) that you have against the Settling Defendants, the Individuals, FHFA, and any related parties (as defined in ¶ 1, above), so it is in your interest to submit a Claim Form. |
| **OPT-BACK INTO THE CLASS BY SUBMITTING A WRITTEN REQUEST TO WITHDRAW YOUR PREVIOUSLY SUBMITTED REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you previously submitted a request for exclusion from the Class in connection with the Class Notice and now want to be part of the Class and be eligible to receive a payment from the Settlement Fund (by submitting a valid Claim Form by the claim filing deadline), you must follow the steps for "Opting-Back Into the Class" as set forth in ¶¶ 66-69 below. If you previously submitted a request for exclusion from the Class in connection with the Class Notice of Pendency of Class Action and wish to remain excluded from the Class, no further action is necessary. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN ____, 2013.** | If you object to the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses, you may (but are not required to) write to the Court and explain why you object.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and you did not previously submit a request for exclusion in connection with the Class Notice, or you have opted back in as set forth in ¶¶ 66-69 below. |
| **GO TO THE HEARING ON ____ 2013 AT ____P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | Filing a written objection and notice of intention to appear by ____, 2013 allows you to speak in Court at the discretion of the Court about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses. If you submit a written objection, you may (but do not have to) attend the Settlement Fairness Hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by ____, 2013, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Consolidated Action. |

---

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4
How Do I Know If I Am Affected By The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5
What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6
How Are Class Members Affected By The Consolidated Action And The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12
What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . Page 12
How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13
Opting-Back Into The Class - What If I Previously Requested Exclusion From The Class And Now Want To Be Eligible
   To Receive A Payment From The Settlement Fund?  How Do I Opt-Back Into The Class? . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13
When And Where Will The Court Decide Whether To Approve The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13
Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . Page 13
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14
Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 15

---

## WHY DID I GET THIS NOTICE?

8.      This Notice is being sent to you pursuant to an Order of the Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Fannie Mae common stock or call options and/or sold put options during the Class Period (*i.e.* April 17, 2001 through December 22, 2004, inclusive).  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, The Garden City Group, Inc. ("GCG"), the claims administrator selected by Lead Plaintiffs and approved by the Court, will distribute payments pursuant to the Settlement after any objections and appeals are resolved.

9.      In a class action lawsuit, under a federal law governing lawsuits such as this one, the Court appoints one or more investors, known as class representatives, to oversee litigation brought on behalf of all investors with similar claims, commonly known as the class or the class members. In this action, the Court has appointed the Ohio Public Employees Retirement System and the

State Teachers Retirement System of Ohio to serve as class representatives, or "Lead Plaintiffs," and has appointed the law firm of Markovits, Stock & DeMarco, LLC as Lead Counsel for Lead Plaintiffs and the Class in the Consolidated Action. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Here, the Court has already certified the Class. Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Class Members, except for any Persons who previously submitted a request for exclusion in connection with the Class Notice who do not opt-back into the Class.

10.     The Court in charge of this case is the United States District Court for the District of Columbia, and the case is known as *In re Fannie Mae Securities Litigation*, MDL No. 1668 (RJL). The Judge presiding over this case is the Honorable Richard J. Leon, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, two of the named plaintiffs are referred to as the Lead Plaintiffs and they are suing on behalf of themselves and the Class, and the remaining defendants are Fannie Mae and KPMG (*see* fn. 2 above). If the Settlement is approved, it will resolve all claims in the Consolidated Action by Class Members against the Settling Defendants and will bring the Consolidated Action to an end.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you that a settlement has been reached in this Consolidated Action and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a Hearing on Final Approval of Settlement to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses (the "Settlement Fairness Hearing").

12.     The Settlement Fairness Hearing will be held on _____, 2013 at ____ p.m., before the Honorable Richard J. Leon, at the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave, NW, Washington, D.C. 20001, to determine:

a)   whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;
b)   whether the Action should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation;
c)   whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;
d)   whether Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court; and
e)   any other relief the Court deems necessary to effectuate the terms of the Settlement.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Consolidated Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. As referenced above, there are millions of shares of Fannie Mae common stock and call and put options as to which claims may be submitted and, thus, the claims process could take substantial time to complete fully and fairly. Please be patient.

---

**WHAT IS THIS CASE ABOUT?**

---

A.     <u>Summary of Procedural History and Background on Lead Plaintiffs' Claims</u>

14.     Beginning in September 2004, multiple securities class action complaints were filed against Fannie Mae and certain of its officers in this District and others. These were consolidated in the Consolidated Action.

15.     The Court appointed pension funds Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio (collectively, "Lead Plaintiffs") as Lead Plaintiffs in January 2005, and Lead Plaintiffs filed a Consolidated Complaint in March 2005. In February 2006, the Court denied Fannie Mae's motion to dismiss.

16.     The "Second Amended Consolidated Class Action Complaint" (the "Complaint"), filed August 14, 2006, alleged that Fannie Mae and the other defendants – Franklin Raines ("Raines"), Timothy Howard ("Howard"), Leanne Spencer ("Spencer"), and KPMG, LLP ("KPMG") – publicly issued materially false and misleading financial reports and other statements that artificially inflated the price of Fannie Mae's securities, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. On September 28, 2006, KPMG filed a motion to dismiss, which was denied on January 24, 2007.

17.     In January 2008, following motions and briefing, the Court certified a Class generally composed of purchasers of Fannie Mae's common stock and call options and sellers of Fannie Mae's put options from April 17, 2001 through December 22, 2004 (the "Class Period"). A Notice of Pendency of Class Action was mailed to potential class members over several months in 2008. There was a mailing of 958,697 notices, and over 20,000 remailings for updated addresses; 239 timely exclusions were received.

18.     Fact discovery concluded on April 29, 2010, with over 67 million pages of documents produced and 108 fact witnesses deposed. Expert discovery concluded on May 26, 2011; Lead Plaintiffs had 6 experts and Fannie Mae, KPMG and the Individuals had 29 experts combined.

19.     The parties filed eight summary judgment motions in August 2011, two by Plaintiffs, two joint motions by Fannie Mae, KPMG and certain of the Individuals, one motion by KPMG, and one each by the Individuals. These were argued in June 2012 over the course of four days. The Court granted summary judgment on the Individuals' motions on September 20, October 16 and November 20, 2012.

**B.**     **The Settlement Negotiations**

20.     After some unsuccessful and sporadic efforts at settlement, the Settling Defendants and Lead Plaintiffs agreed to formal mediation in 2011, using the services of Fred Fielding, an experienced mediator with the law firm of Morgan, Lewis & Bockius LLP. The first meeting with the mediator took place on June 8, 2011.  After a number of meetings over the course of more than a year, on March 20, 2013 the mediator was able to effect an agreement in principle, which was memorialized in a Memorandum of Understanding signed on April 10, 2013.

21.     Based upon their investigation, prosecution and mediation of the case, Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to the Lead Plaintiffs and the other members of the Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of Lead Counsel, each of the Lead Plaintiffs has agreed to settle the claims raised in the Consolidated Action pursuant to the terms and provisions of the Stipulation, after considering (a) the very substantial financial benefit that Lead Plaintiffs and the other members of the Class will receive under the proposed Settlement, (b) the significant risks of continued litigation and trial, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation. The fact that Lead Plaintiffs have agreed to settle the Consolidated Action shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Consolidated Action, or an admission or concession that any of Settling Defendants' affirmative defenses to liability have any merit.

22.     Settling Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Settling Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Settling Defendants, (defined in footnote 2, above), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Settling Defendants have, or could have asserted. The Settling Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

23.     On _____, 2013, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

---

24.     If you are a member of the Class, you are subject to the Settlement unless you are excluded from the Class as set forth below.  The Class consists of:

> **All purchasers of the publicly traded common stock and call options of Fannie Mae, and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001 through December 22, 2004 (the "Class Period") who suffered damages thereby (the "Class"). Excluded from the Class are (i) the Settling Defendants and the Individuals, who were previously dismissed from the case, (ii) any person who was an officer or director of Fannie Mae or any of its parents or subsidiaries during the Class Period, (iii) the members of the immediate family of each of the Individuals, (iv) any entity in which any Settling Defendant or Individuals had a controlling interest during the Class Period, (v) any parent or subsidiary of Fannie Mae, (vi) any incentive, retirement, stock or other benefit plan that benefited solely the Individuals, and (vii) the legal representatives, heirs, predecessors, successors or assigns of any of the foregoing excluded persons and entities.**

Also excluded from the Class are any Persons who submitted a request for exclusion in connection with the Class Notice as set forth on Appendix 1 to the Stipulation who do not opt-back into the Class in accordance with the instructions set forth herein (*see* ¶¶66-69 below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

---

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

---

25.     The principal reason for Lead Plaintiffs' consent to the Settlement is that it provides an immediate and substantial benefit to the Class in the form of a substantial monetary recovery. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly many months, or even years, into the future.

26.     But for the Settlement achieved on March 20, 2013, this Consolidated Action would either have faced potential dismissal upon resolution of the remaining summary judgment motions, or would have proceeded to trial. The claims advanced by the Class in this Consolidated Action involve numerous complex legal and factual issues. If the Consolidated Action were to proceed to trial, Lead Plaintiffs would have to overcome significant defenses. Among other things, the Lead Plaintiffs and Settling Defendants disagree about (i) whether Lead Plaintiffs or the Class have suffered any damages, (ii) whether the price of Fannie Mae common

stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise, (iii) whether Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. The Lead Plaintiffs and Settling Defendants also disagree on the appropriate methodology for determining damages, if liability were established. Lead Plaintiffs and the Class also faced risk based upon the current and future financial situation of Fannie Mae: it is presently in conservatorship and its future is uncertain. Moreover, in related litigation, Lead Plaintiffs challenge a rule recently imposed by Fannie Mae's conservator, Federal Housing Finance Agency ("FHFA"), that, according to FHFA, gives it the power to refuse payment of a securities judgment against Fannie Mae while Fannie Mae is in conservatorship. This Settlement enables the Class to recover without incurring any additional risk or costs.

27.   Settling Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Consolidated Action. Settling Defendants also continue to believe that the claims asserted against them in the Consolidated Action are without merit. Settling Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden and expense of further protracted litigation.

28.   In light of the risks associated with a trial of this Consolidated Action, the monetary amount of the Settlement and the immediacy of this recovery to the Class, Lead Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiffs believe that the Settlement provides a substantial benefit to the Class, namely $153 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Consolidated Action would produce a smaller, or no, recovery after summary judgment or trial and appeals.

---

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

---

29.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither Lead Plaintiffs nor the other members of the Class would recover anything from Settling Defendants. Also, if Settling Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

---

**HOW MUCH WILL MY PAYMENT BE?**

---

30.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

31.   Pursuant to the Settlement, Fannie Mae and KPMG have agreed to pay one hundred fifty-three million dollars ($153,000,000) in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an interest-bearing escrow account. The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and litigation expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

32.   The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

33.   Neither Settling Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Settling Defendants, FHFA and the Individuals shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

34.   Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

35.   Only Class Members will be eligible to share in the distribution of the Net Settlement Fund.

36.   Each Class Member wishing to participate in the distribution must timely submit a valid claim form establishing membership in the Class ("Claim Form"), including all required documentation, postmarked on or before _____, 2013 to the address set forth in the Claim Form that accompanies this Notice.

37.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2013 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Settled Class Claims (as defined in ¶ 60 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Settled Class Claims whether or not such Class Member submits a Claim Form.

38.   Information Required on the Claim Form: Among other things, each Claim Form must state and provide sufficient documentation for the claimant's position in Fannie Mae common stock and/or call or put options as of the beginning of the Class

Period, all transactions in Fannie Mae common stock and/or call or put options during the Class Period, and the claimant's closing position in Fannie Mae common stock and/or call or put options on the date specified in the Claim Form.

39.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim.

40.     Persons and entities that either are excluded from the Class by definition or whose names appear on Appendix 1 to the Stipulation because they previously submitted a request for exclusion in connection with the Class Notice who do not elect to opt-back into the Class, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

### A.      Preliminary Matters

41.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

42.     In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the amount of estimated alleged artificial inflation in the per share closing prices of Fannie Mae common stock as well as call or put options that purportedly was proximately caused by Settling Defendants' alleged misrepresentations and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Settling Defendants' alleged misrepresentations and material omissions, Lead Plaintiffs' damages expert considered price changes in Fannie Mae common stock and call or put options in reaction to certain public announcements regarding Fannie Mae in which such misrepresentations and material omissions were alleged to have been finally revealed to the market (which are termed "corrective disclosures"), adjusting for price changes that were attributable to market or industry forces, the allegations in the Complaint and the evidence developed in support thereof, as advised by Lead Counsel.

43.     The dates of the price reactions to the alleged corrective disclosures that removed artificial inflation from the prices of Fannie Mae common stock and call or put options are: (a) September 22, 2004 (the date Fannie Mae released the OFHEO examination summary points and announced the SEC inquiry); (b) September 23, 2004 (the trading date following the  release, after the market closed on September 22, 2004, of the interim OFHEO Report); (c) September 24, 2004 (the trading date following the filing by Fannie Mae, after the market closed on September 23, 2004, of a Form 8-K disclosing modifications to the employment agreements with top executives); (d) September 30, 2004 (the date a possible DOJ criminal investigation was announced); (e) December 16, 2004 (the trading date following the release of information, after the market closed on December 15, 2004, that the SEC Chief Accountant advised Fannie Mae that he believed that its accounting did not comply in material respects with GAAP and that Fannie Mae should restate its financials); and (f) December 23, 2004 (the trading date following the filing by Fannie Mae, after the market closed on December 22, 2004, of its Form 8-K with the SEC, indicating that it would restate its financials).  Lead Plaintiffs' expert also found the following dates during the Class Period as to which it was reasonable to conclude that fraud-related misrepresentations caused inflation to increase: (a) June 16, 2003 (the trading date following a public statement released by Fannie Mae, after the market closed on June 13, 2003, assuring investors that Fannie Mae's accounting was proper); (b) July 30, 2003 (the date of a public statement that Fannie Mae had suffered collateral damage from Freddie Mac accounting problems, stating that Fannie Mae did not "do any of those things."); (c) October 6, 2004 (the date of Congressional testimony by Fannie Mae executives strongly denying OFHEO allegations); and (d) October 7, 2004 (the date analysts made positive comments regarding the Congressional testimony of Fannie Mae executives).

44.     Recognized Loss amounts under Section 10(b) of the Exchange Act are based primarily on the change in the level of alleged artificial inflation in the prices of Fannie Mae common stock and call or put options at the time of purchase or acquisition and at the time of sale. Accordingly, in order to have a Recognized Loss Amount under Section 10(b), a Class Member who purchased his, her or its shares of Fannie Mae common stock or call options and/or sold put options prior to September 22, 2004 must have held his, her or its shares of Fannie Mae common stock or call options through at least the opening of trading on September 22, 2004. With respect to shares of Fannie Mae common stock or call options purchased or put options sold on September 22, 2004 through the close of trading on December 22, 2004, those securities must have been held through at least one of the subsequent alleged corrective disclosure dates.

45.     Because the Net Settlement Fund is less than the total losses suffered by Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants.

### B.      Eligible Securities

46.     The Fannie Mae securities ("Eligible Securities") for which an Authorized Claimant may be entitled to receive a distribution from the Net Settlement Fund consists of the following:

- Common stock (CUSIP No. 313586109)

- Exchange-traded call and put options (listed in Exhibits 1 and 2)[3]

**C.      Additional Definitions**

47.      This Plan is based on the following additional definitions (listed alphabetically):

a)   An "Authorized Claimant" is a Class Member who is entitled under this Plan to share in the distribution of the Net Settlement Fund and who submits a timely and valid Proof of Claim.

b)   The "Class Period" is the time period between April 17, 2001 and December 22, 2004, inclusive.

c)   "Deflation" means the amount by which the price of a put option on Fannie Mae common stock was allegedly undervalued on each day in the Class Period because of the alleged false statements and omissions.

d)   "Inflation" is the amount by which the price of Fannie Mae common stock and call options on Fannie Mae common stock were allegedly overvalued on each day in the Class Period because of the alleged false statements and omissions.

e)   "Inflation Loss" is the amount of loss calculated based on the amount of Inflation in the price of Fannie Mae common stock and call options, or Deflation in the price of Fannie Mae put options, based on the methodology described below.

f)   "Inflation Gain" is the amount of gain calculated based on the amount of Inflation in the price of Fannie Mae common stock and call options, or Deflation in the price of Fannie Mae put options, based on the methodology described below.

g)   A "Net Inflation Loss" for each Claimant will be computed by adding up all Inflation Losses and subtracting all Inflation Gains for all transactions in Eligible Securities.

h)   A "Net Trading Loss" for each Claimant will be computed by adding up all Trading Losses and subtracting all Trading Gains for all transactions in Eligible Securities.

i)   A "purchase" is the acquisition of an Eligible Security by any means other than a gift, inheritance, or operation of law (as discussed below).

j)   "Purchase Amount" is the Purchase Price Per Share multiplied by the number of shares of Fannie Mae common stock or options purchased by a Claimant during the Class Period.

k)   "Purchase Price Per Share" is the amount paid per share (or per option) by a Claimant to purchase shares of Fannie Mae common stock or options.

l)   "Recognized Claim" is the amount of the Net Settlement Fund that an Authorized Claimant is entitled to after calculation of the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

m)   "Recognized Loss" is the amount of a claim under this Plan and is the number used to calculate an Authorized Claimant's Recognized Claim.

n)   A "sale" is the disposition of an Eligible Security by any means other than a gift, inheritance or operation of law (as discussed below).

o)   "Sale Price Per Share" is the amount received per share (or per option) by a Claimant upon the sale of shares of Fannie Mae common stock or options.

p)   "Sales Proceeds" equals the number of shares of common stock or options purchased during the Class Period by a Claimant multiplied by (i) Sale Price Per Share if sold during the Class Period; or (ii) the Holding Price per share (as described below), if unsold at the end of the Class Period.

q)   "Trading Gain" means the amount by which the Sales Proceeds exceeds the Purchase Amount for each transaction by a Claimant in an Eligible Security.

r)   "Trading Loss" means the amount by which the Purchase Amount exceeds the Sales Proceeds for each transaction by a Claimant in an Eligible Security.

**D.      Principles**

48.      This Plan is based on the following principles, among others:

---

[3] Exhibits 1 and 2 exclude those options that expired before September 22, 2004, the date of the price reaction to the first alleged corrective disclosure. Class Members who purchased call options (or wrote put options), which are excluded from Exhibits 1 and 2, do not have a claim compensable from the Net Settlement Fund with respect to those particular securities.

a) *Authorized Claimants*: Authorized Claimants must have purchased or otherwise acquired an Eligible Security during the Class Period.  Further, in order for the Authorized Claimant to share in the distribution of the Net Settlement Fund, the Eligible Security must have declined (or increased for put options) due to disclosure corrective of the alleged false statements and omissions resulting in a decline in the amount of inflation (or deflation for put options), and, in any case, the Authorized Claimant must have suffered a Net Inflation Loss and a Net Trading Loss as described below.

b) *FIFO Matching*:  For purposes of computing Inflation Losses (and Inflation Gains), and Trading Losses (and Trading Gains) for a Claimant's multiple purchases or sales of an Eligible Security, purchases will be matched to sales using the "first-in/first out" (FIFO) inventory method, which matches sales to purchases based on the dates of those transactions.  Specifically, when any Proof of Claim includes a sale of an Eligible Security during the Class Period, the earliest sale will be matched first against the Claimant's opening position on the first day of the Class Period, if any, and then matched chronologically thereafter against each purchase or acquisition during the Class Period. Sales matched to an Eligible Security from a Claimant's opening position are excluded from the calculation of Inflation Loss (or Inflation Gain) and Trading Loss (or Trading Gain).

c) *Effect of shares acquired from the exercise of call options*: Fannie Mae common stock acquired during the Class Period through the exercise of an exchange-traded call option shall be treated as a purchase of Fannie Mae common stock on the date of exercise.  The purchase price paid for such stock shall be the closing price of Fannie Mae common stock on the date of exercise.

d) *Effect of shares assigned from the exercise of put options*: Fannie Mae common stock acquired during the Class Period pursuant to the exercise of an exchange-traded put option shall be treated as a purchase of Fannie Mae common stock on the date of exercise.  The purchase price received for such stock shall be the closing price of Fannie Mae common stock on the date of exercise.

e) *Treatment of acquisition of shares of an Eligible Security by means of a gift, inheritance or operation of law*:  If a Claimant acquired an Eligible Security by means of a gift, inheritance or operation of law, the purchase date for that acquisition will be the original date of purchase and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of those shares of Fannie Mae common stock or options.  To the extent that any Eligible Security that was sold during the Class Period and was originally purchased prior to the beginning of or after the end of the Class Period, and there was no taxable event or change in cost basis at the time of transfer during the Class Period, the Class Member's Inflation Loss (or Inflation Gain) and Trading Loss (or Trading Gain) for that acquisition shall be zero.

f) *Treatment of disposition of shares of an Eligible Security by means of a gift, inheritance or operation of law*:  If a Claimant disposed of an Eligible Security by means of a gift, inheritance or operation of law, the sale date for that disposition will be the date of sale by the Transferee and not the date of transfer, unless the transfer resulted in a taxable event or other change in the cost basis of the Eligible Security.  To the extent that an Eligible Security that was purchased during the Class Period and was disposed of by means of a gift, inheritance or operation of law during the Class Period and the Transferee did not subsequently sell that Eligible Security during the Class Period, and there was no taxable event or change in cost basis at the time of transfer during the Class Period, the Class Member's Inflation Loss (or Inflation Gain) and Trading Loss (or Trading Gain) for that disposition shall be zero.

**E.    Computation of Net Inflation Loss and Net Trading Loss**

49.    Fannie Mae Common Stock (Inflation Loss/Inflation Gain):

Inflation Loss: For each purchase of Fannie Mae common stock during the Class Period, the Inflation Loss for each purchase transaction will be computed (using FIFO matching of purchases to sales) as follows (but not less than zero):

a) *if sold during the Class Period*, the number of shares purchased (matched to such sales in such transaction) multiplied by the lesser of: (i) the Purchase Price Per Share minus the Sale Price Per Share; or (ii) the amount by which the Inflation per share at purchase as shown in Table A below exceeds the Inflation per share at sale shown in Table A;

b) *if held as of the close of trading on December 22, 2004*, the number of shares purchased multiplied by the lesser of: (i) the Purchase Price Per Share minus the Holding Price per share of $69.62 (the closing price on December 23, 2004); or (ii) the Inflation per share at purchase shown in Table A.

Inflation Gain: For each purchase of Fannie Mae common stock during the Class Period, the Inflation Gain for each purchase transaction will be computed (using FIFO matching of purchases to sales) as follows (but not less than zero):

a) *if sold during the Class Period*,  the number of shares purchased (matched to such sales in such transaction) multiplied by the amount by which the Inflation per share at sale as shown in Table A below exceeds the Inflation per share at purchase shown in Table A;

b) *if held as of the close of trading on December 22, 2004*, the Inflation Gain is zero.

9

| Table A - Inflation Per Share of Fannie Mae Common Stock | | |
|---|---|---|
| *Period Start* | *Period End* | *Inflation at Time of Purchase or Sale* |
| April 17, 2001 | June 15, 2003 | $5.52 |
| June 16, 2003 | July 29, 2003 | $7.99 |
| July 30, 2003 | September 21, 2004 | $9.10 |
| September 22, 2004 | September 22, 2004 | $6.07 |
| September 23, 2004 | September 23, 2004 | $3.84 |
| September 24, 2004 | September 29, 2004 | $2.04 |
| September 30, 2004 | October 5, 2004 | $0.00 |
| October 6, 2004 | October 6, 2004 | $1.29 |
| October 7, 2004 | December 15, 2004 | $3.09 |
| December 16, 2004 | December 22, 2004 | $1.60 |

50.     Fannie Mae Call Options (Inflation Loss/Inflation Gain): Exchange-traded options are typically traded in units called contracts.  Each contract entitles the option buyer/owner to 100 shares of the underlying stock upon exercise or expiration.  For options, a unit is an option with one hundred shares of Fannie Mae Common Stock as the underlying security.

Inflation Loss: For publicly traded call options on Fannie Mae common stock purchased or otherwise acquired during the Class Period (and not purchased to close a written call), the Inflation Loss for each purchase transaction will be computed (using FIFO matching) as follows (but not less than zero):

a)  *if closed out or settled during the Class Period*, the number of call options  purchased (matched to such sales in such transaction) multiplied by the lesser of: (i) the purchase price per call option minus the proceeds received upon the settlement or closing of the call option ($0.00 for options that expired unexercised) multiplied by 100; or (ii) the amount by which Inflation per call option at purchase as shown in Exhibit 1 exceeds the Inflation per call option when settled or closed out as shown in Exhibit 1 multiplied by 100;

b)  *if open as of the close of trading on December 22, 2004*, the number of call options purchased or otherwise acquired multiplied by the lesser of: (i) the purchase price per call option minus the Holding Price per call option as shown in Exhibit 1 multiplied by 100; or (ii) the Inflation per call option at purchase as shown in Exhibit 1 multiplied by 100.

c)  In the case where the publicly traded call option was exercised for Fannie Mae common stock, the proceeds received upon the settlement of the option  equals the intrinsic value of the option using Fannie Mae common stock's closing price on the date the option was exercised.

Inflation Gain: For publicly traded call options on Fannie Mae common stock purchased or otherwise acquired during the Class Period (and not purchased to close a written call), the Inflation Gain for each purchase transaction will be computed (using FIFO matching) as follows (but not less than zero):

a)  *if closed out or settled during the Class Period*, the number of call options purchased (matched to such closing transactions) multiplied by the amount by which the Inflation per call option when settled or closed out as shown in Exhibit 1 exceeds the Inflation per call option at purchase as shown in Exhibit 1 multiplied by 100;

b)  *if open as of the close of trading on December 22, 2004*, the Inflation Gain equals zero.

51.     Fannie Mae Put Options (Inflation Loss/Inflation Gain):

Inflation Loss: For publicly traded put options on Fannie Mae common stock written during the Class Period, the Inflation Loss for each transaction will be computed (using FIFO matching) as follows (but not less than zero):

a)  *if closed out or settled during the Class Period*,  the number of put options written (matched to such closing transactions) multiplied by the lesser of: (i) the amount paid upon the settlement or closing of the put option ($0.00 for options that expired unexercised) minus the price for which the put option was sold multiplied by 100; or (ii) the amount by which Deflation per put option when sold as shown in Exhibit 2 exceeds the Deflation per put option when settled  or closed out as shown in Exhibit 2 multiplied by 100;

b)  *if open as of the close of trading on December 22, 2004*, the number of put options written multiplied by the lesser of: (i) the Holding Price per put option as shown in Exhibit 2 minus the price for which the put option was sold multiplied

by 100; or (ii) the Deflation per put option when sold as shown in Exhibit 2 multiplied by 100.

  c) In the case where the publicly traded put option was exercised for Fannie Mae common stock, the amount paid upon the settlement of the option equals the intrinsic value of the option using Fannie Mae common stock's closing price on the date the option was exercised.

Inflation Gain: For publicly traded put options on Fannie Mae common stock written during the Class Period, the Inflation Gain for each transaction will be computed (using FIFO matching) as follows (but not less than zero):

  a) *if closed out or settled during the Class Period*, the number of put options written (matched to such closing transactions) multiplied by the amount by which the Deflation per put option when settled  or closed out as shown in Exhibit 2  exceeds the Deflation per put option when sold as shown in Exhibit 2 multiplied by 100;

  b) *if open as of the close of trading on December 22, 2004*, the Inflation Gain equals zero.

  52. <u>Net Inflation Loss</u>: Net Inflation Loss for a Claimant is the sum of all Inflation Losses minus all Inflation Gains for all transactions in Eligible Securities.  If a Claimant has a Net Inflation Loss greater than zero for all of Claimant's purchases of Eligible Securities, then the Claims Administrator will compute the Trading Loss/Trading Gain, as indicated below.

  53. <u>Trading Loss/Trading Gain:</u>

Common Stock/Call Options: For each purchase of Fannie Mae common stock and call options purchased during the Class Period, the Trading Loss/Trading Gain for each transaction (using FIFO matching of purchases to sales) will be computed as follows:

  a) *if sold on or before December 22, 2004*, the Trading Loss/Trading Gain equals the Purchase Amount minus the Sales Proceeds; or

  b) *if held (or open) as of the close of trading on December 22, 2004*, the Trading Loss/Trading Gain equals: (i) the Purchase Amount minus (ii) the number of shares of Fannie Mae common stock held multiplied by $69.62, the Holding Price per share of Fannie Mae common stock, or the number of open call options multiplied by the Holding Price per call option as shown in Exhibit 1.

Put Options: For each writing of Fannie Mae put options during the Class Period, the Trading Loss/Trading Gain for each writing transaction (using FIFO matching of sales to purchases) will be computed as follows:

  a) *if closed out or settled on or before December 22, 2004*, the Trading Loss/Trading Gain equals the Purchase Amount minus the Sales Proceeds; or

  b) *if open as of the close of trading on December 22, 2004*, the Trading Loss/Trading Gain equals the number of open put options multiplied by the holding price per put option as shown in Exhibit 2 minus the Sales Proceeds.

Additional Trading Loss/Trading Gain Provisions:

  a) If the Trading Loss/Trading Gain is greater than zero, then the Claimant has a Trading Loss for that transaction.  If the Trading Loss/Trading Gain is less than zero, then the Claimant has a Trading Gain for that transaction.

  b) Net Trading Loss for each Claimant will be the sum of all Trading Losses and Trading Gains for all transactions in Eligible Securities for that Claimant.

  c) If a Claimant has a Net Trading Loss greater than zero and a Net Inflation Loss for all of the Claimant's transactions in Eligible Securities, the Claims Administrator will compute the Recognized Loss (and Recognized Claim), as indicated below.  If a Claimant has a Net Trading Loss less than or equal to zero, wherein the total Trading Gains exceed or are equal to total Trading Losses for the transactions in Eligible Securities, the Claimant will not be eligible to receive a distribution from the Net Settlement Fund.

**F.** **Recognized Loss and Recognized Claim**

  54. <u>Recognized Loss:</u> For transactions in Eligible Securities, if a Claimant has a Net Inflation Loss and a Net Trading Loss, the Recognized Loss for each Claimant will be the lesser of such Claimant's: (i) Net Inflation Loss; or (ii) Net Trading Loss. ***Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund.  It is not the actual amount an Authorized Claimant can expect to recover.***

  55. <u>Recognized Claim:</u> The Recognized Claim for an Authorized Claimant will be based on the Claimant's pro-rata share of the Net Settlement Fund.  The Claimant's Recognized Claim will be calculated by multiplying the Net Settlement Fund by a fraction, the numerator of which is the Claimant's Recognized Loss for transactions in Eligible Securities, and the denominator of which is the aggregate Recognized Losses of all Authorized Claimants for all transactions in Eligible Securities.  The Recognized Claim Amount received by an Authorized Claimant will exceed his, her, or its Recognized Loss only in the unlikely event that the Net Settlement Fund exceeds the aggregate Total Recognized Losses of all Authorized Claimants.

  56. Payments made pursuant to this Plan of Allocation above shall be conclusive against all Authorized Claimants.  No

Person shall have any claim against the Plaintiffs, Lead Counsel or any experts and consultants retained by Plaintiffs or Lead Counsel; any claims administrator; or Settling Defendants, FHFA or the Individuals (or any person designated by Plaintiffs' Lead Counsel or Settling Defendants, FHFA, the Individuals or any of their respective Counsel) based on distributions made substantially in accordance with this Plan or further orders of the Court. Claimants who fail to complete and file a valid and timely Proof of Claim form shall be barred from participating in distributions from the Net Settlement Fund, unless the Court otherwise orders. Class Members who do not submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation.

57.    The Court has reserved jurisdiction to modify, amend or alter the Plan of Allocation without further notice to anyone, and to allow, disallow or adjust any Claimant's claim to ensure a fair and equitable distribution of settlement funds.

58.    Distributions will be made to Authorized Claimants whose claims entitle them to a payment of no less than $10.00 after all claims have been processed and after the Court has finally approved the Settlement.

---

### HOW ARE CLASS MEMBERS AFFECTED BY THE CONSOLIDATED ACTION AND THE SETTLEMENT?

---

59.    If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Settling Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, will fully and finally release, to the fullest extent that the law permits their release in this Consolidated Action, all Settled Class Claims (as defined in ¶ 60 below).

60.    "Settled Class Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether based in law or equity, on federal, state, local, foreign, statutory or common law, or any other law, rule, or regulation (including, but not limited to, all claims arising out of or relating to any acts, omissions, disclosures, public filings, registration statements, financial statements, audit opinions, or statements by the Settling Defendants, FHFA or the Individuals, including without limitation, claims for negligence, gross negligence, constructive or actual fraud, negligent misrepresentation, conspiracy, or breach of fiduciary duty), whether known or unknown, whether or not concealed or hidden, accrued or not accrued, foreseen or unforeseen, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively or in any other capacity, at any time, in any forum by Plaintiffs against the Released Parties arising out of, based upon, or related in any way to: (a) the purchase or acquisition of Fannie Mae common stock or call options, or the sale or disposition of Fannie Mae put options, by any Plaintiff between April 17, 2001 and December 22, 2004, the allegations that were made or could have been made in the Consolidated Action and any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or that could have been asserted by Plaintiffs in the Consolidated Action; or (b) the Settlement or resolution of the Consolidated Action (including, without limitation, any claim for attorneys' fees by Lead Plaintiffs or any Class Member) (the "Settled Class Claims"). Settled Class Claims shall also include any Unknown Claims. Unknown Claims means any claims that any Plaintiff does not know or suspect to exist in his, her, its or their favor at the time of the release of the Released Parties which, if known by him, her, it, or them might have affected his her, its or their settlement with and release of the Released Parties, or might have affected his, her, its, or their decision not to object to this Settlement. Settled Class Claims also include any claims of any person or entity that submitted a request for exclusion as set forth in Appendix 1 to the Stipulation and who does not opt back into the Class. For the sake of clarity, no claims are being released with respect to securities not covered by the Court-certified Class definition. Additionally, Settled Class Claims do not include claims relating to the enforcement of the Settlement.

61.    With respect to any and all Settled Class Claims, the Settling Defendants and Plaintiffs stipulate and agree that Plaintiffs shall be deemed to have expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall expressly waive any and all provisions, rights and benefits conferred by any law, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Any Plaintiff may hereafter discover facts in addition to or different from those that he, she, it or they now know or believe to exist or to be true with respect to the subject matter of the Settled Class Claims, but the Plaintiffs shall have fully, finally, and forever settled and released any and all Settled Class Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

---

\* Pursuant to its Order Preliminarily Approving Proposed Settlement and Providing for Notice dated _____, 2013, the Court is not ordering that Class Members be provided with a second opportunity to exclude themselves from the Class.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

---

62.    Lead Counsel a n d other Lead Plaintiffs' counsel have not received any payment for their services in pursuing

claims against the Settling Defendants on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel, on behalf of themselves and all other Plaintiffs' counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in the amount of up to 22% of the Settlement Fund, after other costs and expenses have been deducted. At the same time, Lead Counsel, on behalf of themselves and all other Plaintiffs' counsel, also intend to apply for the reimbursement of litigation expenses not to exceed $17 million plus the costs of settlement administration, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of litigation expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

63.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2013**. A Claim Form is included with this Notice, or you may obtain one from the website for this Consolidated Action, www.fanniemaesecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the claims administrator, GCG, toll free at (800) 961-2373. Please retain all records of your ownership of and transactions in Fannie Mae securities, as they may be needed to document your Claim. If you are excluded from the Class by definition or you previously submitted a request for exclusion in connection with the Class Notice and do not opt-back into the Class in accordance with the instructions set forth in ¶¶66-69 below, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

64.     As a Class Member, you are represented by the Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

65.     If you are a Class Member who has not previously submitted a request for exclusion in connection with the Class Notice and you wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

**OPTING-BACK INTO THE CLASS – WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT FUND? HOW DO I OPT-BACK INTO THE CLASS?**

---

66.     If you previously submitted a request for exclusion from the Class in connection with the Class Notice (*see* Appendix 1 to the Stipulation), you may elect to opt-back into the Class and be eligible to receive a payment from the Settlement.

67.     If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the claims administrator, GCG, at (800) 961-2373 for assistance.

68.     In order to opt-back into the Class, you, individually or through counsel, must submit a written Request to Opt-Back Into the Class to GCG, addressed as follows: *In re Fannie Mae Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9987, Dublin, Ohio 43017-5987. This request must be *received* no later than _____, 2013. Your Request to Opt-Back Into the Class must (a) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in the *In re Fannie Mae Securities Litigation*, Civ. Action No. 04-1639 (RJL)"; and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

69.     You may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.

**PLEASE NOTE: OPTING-BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU OPT-BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

70.     Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.

71.     The Settlement Fairness Hearing will be held on _____, 2013 at ____p.m. before the Honorable Richard J. Leon, at the E. Barrett Prettyman United States Courthouse, Courtroom ____, 333 Constitution Ave. NW, Washington, D.C. 20001. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing

without further notice to the members of the Class.

72.     Any Class Member who did not submit a request for exclusion from the Class in connection with the Class Notice may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk of the Court at the address set forth below on or before ____, 2013. You must also serve the papers on Lead Counsel for the Class and Settling Defendants' Counsel at the addresses set forth below so that the papers are **received** on or before ____, 2013.

| Clerk's Office<br>United States District Court<br>District of Columbia<br>Clerk of the Court<br>E. Barrett Prettyman United States Courthouse<br>333 Constitution Ave. NW<br>Washington, D.C. 20001 | **Lead Counsel for the Class**<br><br>**Markovits, Stock & DeMarco, LLC**<br>W.B. Markovits, Esq. Joseph Deters, Esq.<br>119 E. Court St., Suite 530<br>Cincinnati, Ohio 45202<br>*Counsel for Lead Plaintiffs* | **Settling Defendants' Counsel**<br><br>**O'Melveny & Myers LLP**<br>Jeffrey W. Kilduff<br>1625 Eye Street NW<br>Washington, D.C. 20006<br>*Counsel for Fannie Mae*<br><br>**Gibson, Dunn & Crutcher LLP**<br>F. Joseph Warin<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>*Counsel for KPMG* |
|---|---|---|

73.     Any objection to the Settlement (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objector's membership in the Class such as the number of shares of Fannie Mae common stock and the number of call or put options on Fannie Mae common stock that the objecting Class Member purchased, otherwise acquired, held and/or sold during the relevant periods as well as the dates and prices of each such purchase, acquisition and/or sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses if you previously submitted a request for exclusion from the Class in connection with the Class Notice or if you are not a member of the Class.

74.     You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Settling Defendants' Counsel at the addresses set forth above so that it is **received** on or before ____, 2013. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

76.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Settling Defendants' Counsel at the addresses set forth above so that the notice is **received** on or before ____, 2013.

77.     The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time with Lead Counsel.

78.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
|---|

79.     In the Class Notice you were advised that, if, for the beneficial interest of any person or entity other than yourself, you purchased Fannie Mae securities, purchased call options and/or sold Fannie Mae put options during the Class Period for the beneficial interest of a person or entity other than yourself, you must within twenty (20) days of your receipt of that Notice, either (a) provide to the Notice Administrator the name and last known address of each person or entity for whom you purchased Fannie Mae common stock, purchased call options and/or sold Fannie Mae put options during the Class Period or (b) request additional copies of this Notice from the Notice Administrator, which would be provided to you free of charge, and forward this Notice directly to the beneficial owners of the securities referred to herein.

80.     If you chose the first option, GCG will send a copy of the Notice and the Claim Form to the beneficial owners whose names and addresses you previously supplied. Unless you believe that you purchased, acquired or held any of the relevant securities for beneficial owners whose names you did not previously provide to GCG, you need do nothing further at this time. If you believe that you did purchase, acquire or hold any of the relevant securities for beneficial owners whose names you did not previously provide to GCG, you must within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Fannie Mae Securities Litigation*, c/o The Garden City Group, Inc., P.O. Box 9987, Dublin, Ohio 43017-5987. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website for this Consolidated Action, www.fanniemaesecuritieslitigation.com, or by calling the claims administrator, GCG, toll-free at (800) 961-2373.

81.     If you chose the second option, *i.e.*, you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Consolidated Action. If you elected that option, GCG will forward the same number of this Notice and Claim Form (together, the "Notice Packet") to you to send to the beneficial owners. If you require more copies than you previously requested, please contact GCG toll-free at (800) 961-2373 and let them know how many additional Notice Packets you require.  You must mail the Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the packets. Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing GCG with proper documentation supporting the expenses for which reimbursement is sought.

**CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

82.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Consolidated Action, you are referred to the papers on file in the Consolidated Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Ave, NW, Washington, D.C. 20001.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website for this Consolidated Action, www.fanniemaesecuritieslitigation.com. All inquiries concerning this Notice or the Claim Form should be directed to GCG or Lead Counsel at:

*In re Fannie Mae Securities Litigation*
c/o The Garden City Group, Inc.
P.O. Box 9987
Dublin, Ohio 43017-5987
(800) 961-2373
www.fanniemaesecuritieslitigation.com

and/or

**Markovits, Stock & De Marco, LLC**
W. B. Markovits, Esq., Joseph Deters, Esq.
119 East Court St., Suite 530
Cincinnati, Ohio 45202
(513) 651-3700
bmarkovits@msdlegal.com

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**
**DO NOT CALL OR WRITE FANNIE MAE AND ITS COUNSEL REGARDING THIS NOTICE.**
**DO NOT CALL OR WRITE FANNIE MAE OR KPMG OR THEIR COUNSEL REGARDING THE NOTICE.**

Dated: _____, 2013                    By Order of the Clerk of Court United States
                                                 District Court for the District of Columbia

**Exhibit 1**
**Fannie Mae Inflation Per Call Option**

| *OPTION TERMS* | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | *INFLATION PER CALL OPTION* | | | | | | | | | |
| Expiration Date | Exercise Price | 4/17/01 - 6/15/03 | 6/16/03 - 7/29/03 | 7/30/03 - 9/21/04 | 9/22/04 | 9/23/04 | 9/24/04 - 9/29/04 | 9/30/04 - 10/5/04 | 10/6/04 | 10/7/04 - 12/15/04 | 12/16/04 - 12/22/04 | Holding Price |
| 10/16/04 | $ 50.00 | --- | --- | --- | --- | --- | $ 2.02 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 55.00 | --- | --- | $ 8.86 | $ 5.88 | $ 3.71 | $ 1.97 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 60.00 | --- | --- | $ 8.35 | $ 5.38 | $ 3.30 | $ 1.73 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 65.00 | --- | --- | $ 6.81 | $ 3.99 | $ 2.19 | $ 1.10 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 70.00 | --- | --- | $ 4.15 | $ 1.74 | $ 0.66 | $ 0.23 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 75.00 | --- | --- | $ 1.63 | $ 0.29 | $ 0.05 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 80.00 | --- | --- | $ 0.25 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 85.00 | --- | --- | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 90.00 | --- | --- | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 50.00 | --- | --- | --- | --- | --- | $ 1.90 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 55.00 | --- | --- | --- | --- | --- | $ 1.81 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 60.00 | --- | --- | $ 7.66 | $ 4.90 | $ 2.96 | $ 1.55 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 65.00 | --- | --- | $ 6.33 | $ 3.75 | $ 2.11 | $ 1.07 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 70.00 | --- | --- | $ 4.27 | $ 2.09 | $ 1.02 | $ 0.47 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 75.00 | --- | --- | $ 2.09 | $ 0.71 | $ 0.28 | $ 0.10 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 80.00 | --- | --- | $ 0.60 | $ 0.11 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 85.00 | --- | --- | $ 0.11 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 90.00 | --- | --- | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 12/18/04 | $ 45.00 | --- | --- | $ 8.60 | $ 5.72 | $ 3.62 | $ 1.91 | $ 0.00 | $ 0.00 | $ 1.49 | --- | n/a |
| 12/18/04 | $ 50.00 | --- | --- | $ 8.47 | $ 5.61 | $ 3.53 | $ 1.87 | $ 0.00 | $ 0.00 | $ 1.49 | --- | n/a |
| 12/18/04 | $ 55.00 | --- | --- | $ 8.13 | $ 5.32 | $ 3.31 | $ 1.74 | $ 0.00 | $ 0.00 | $ 1.49 | --- | n/a |
| 12/18/04 | $ 60.00 | --- | --- | $ 7.43 | $ 4.72 | $ 2.84 | $ 1.48 | $ 0.00 | $ 0.00 | $ 1.49 | --- | n/a |
| 12/18/04 | $ 65.00 | --- | --- | $ 6.18 | $ 3.67 | $ 2.09 | $ 1.07 | $ 0.00 | $ 0.27 | $ 1.47 | --- | n/a |
| 12/18/04 | $ 70.00 | --- | --- | $ 4.37 | $ 2.28 | $ 1.19 | $ 0.58 | $ 0.00 | $ 0.00 | $ 0.73 | --- | n/a |
| 12/18/04 | $ 75.00 | --- | --- | $ 2.44 | $ 1.03 | $ 0.48 | $ 0.22 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 80.00 | --- | --- | $ 1.00 | $ 0.32 | $ 0.14 | $ 0.06 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 85.00 | --- | --- | $ 0.27 | $ 0.05 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 90.00 | --- | --- | $ 0.07 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 1/22/05 | $ 40.00 | --- | --- | $ 8.58 | $ 5.70 | $ 3.61 | $ 1.91 | $ 0.00 | $ 1.27 | $ 3.07 | $ 1.59 | $ 29.70 |

**Exhibit 1**
**Fannie Mae Inflation Per Call Option**

| OPTION TERMS | | INFLATION PER CALL OPTION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Expiration Date | Exercise Price | 4/17/01 - 6/15/03 | 6/16/03 - 7/29/03 | 7/30/03 - 9/21/04 | 9/22/04 | 9/23/04 | 9/24/04 - 9/29/04 | 9/30/04 - 10/5/04 | 10/6/04 | 10/7/04 - 12/15/04 | 12/16/04 - 12/22/04 | Holding Price |
| 1/22/05 | $ 45.00 | $ 5.56 | $ 7.61 | $ 8.48 | $ 5.63 | $ 3.56 | $ 1.88 | $ 0.00 | $ 1.38 | $ 3.08 | $ 1.59 | $ 24.70 |
| 1/22/05 | $ 50.00 | $ 5.51 | $ 7.46 | $ 8.27 | $ 5.46 | $ 3.42 | $ 1.81 | $ 0.00 | $ 1.42 | $ 3.08 | $ 1.60 | $ 19.75 |
| 1/22/05 | $ 55.00 | $ 5.31 | $ 7.13 | $ 7.87 | $ 5.12 | $ 3.17 | $ 1.66 | $ 0.00 | $ 1.44 | $ 3.01 | $ 1.55 | $ 14.80 |
| 1/22/05 | $ 60.00 | $ 4.82 | $ 6.49 | $ 7.14 | $ 4.51 | $ 2.72 | $ 1.42 | $ 0.00 | $ 1.48 | $ 2.90 | $ 1.52 | $ 9.90 |
| 1/22/05 | $ 65.00 | $ 3.94 | $ 5.43 | $ 5.98 | $ 3.59 | $ 2.08 | $ 1.07 | $ 0.00 | $ 1.49 | $ 2.64 | $ 1.40 | $ 5.20 |
| 1/22/05 | $ 70.00 | $ 2.69 | $ 4.00 | $ 4.44 | $ 2.44 | $ 1.34 | $ 0.67 | $ 0.00 | $ 0.95 | $ 1.76 | $ 0.99 | $ 1.55 |
| 1/22/05 | $ 75.00 | $ 1.36 | $ 2.48 | $ 2.83 | $ 1.37 | $ 0.71 | $ 0.34 | $ 0.00 | $ 0.03 | $ 0.50 | $ 0.29 | $ 0.18 |
| 1/22/05 | $ 80.00 | $ 0.28 | $ 1.21 | $ 1.47 | $ 0.62 | $ 0.30 | $ 0.15 | $ 0.00 | $ 0.00 | $ 0.09 | $ 0.05 | $ 0.00 |
| 1/22/05 | $ 85.00 | $ 0.00 | $ 0.44 | $ 0.64 | $ 0.25 | $ 0.13 | $ 0.06 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 1/22/05 | $ 90.00 | $ 0.00 | $ 0.08 | $ 0.22 | $ 0.07 | $ 0.03 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 1/22/05 | $ 95.00 | --- | --- | $ 0.06 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 2/19/05 | $ 55.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.41 | $ 15.75 |
| 2/19/05 | $ 60.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.35 | $ 10.00 |
| 2/19/05 | $ 65.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.23 | $ 5.60 |
| 2/19/05 | $ 70.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.92 | $ 2.10 |
| 2/19/05 | $ 75.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.43 | $ 0.65 |
| 2/19/05 | $ 80.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.12 | $ 0.15 |
| 2/19/05 | $ 85.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.00 | $ 0.00 |
| 3/19/05 | $ 45.00 | --- | --- | $ 8.35 | $ 5.54 | $ 3.49 | $ 1.85 | $ 0.00 | $ 1.17 | $ 2.92 | $ 1.52 | $ 24.80 |
| 3/19/05 | $ 50.00 | --- | --- | $ 8.10 | $ 5.34 | $ 3.34 | $ 1.77 | $ 0.00 | $ 1.25 | $ 2.88 | $ 1.49 | $ 19.85 |
| 3/19/05 | $ 55.00 | --- | --- | $ 7.67 | $ 4.97 | $ 3.07 | $ 1.61 | $ 0.00 | $ 1.28 | $ 2.80 | $ 1.46 | $ 15.00 |
| 3/19/05 | $ 60.00 | --- | --- | $ 6.93 | $ 4.38 | $ 2.64 | $ 1.38 | $ 0.00 | $ 1.29 | $ 2.65 | $ 1.38 | $ 10.30 |
| 3/19/05 | $ 65.00 | --- | --- | $ 5.86 | $ 3.54 | $ 2.08 | $ 1.07 | $ 0.00 | $ 1.19 | $ 2.31 | $ 1.22 | $ 6.15 |
| 3/19/05 | $ 70.00 | --- | --- | $ 4.51 | $ 2.56 | $ 1.44 | $ 0.73 | $ 0.00 | $ 0.84 | $ 1.67 | $ 0.91 | $ 2.80 |
| 3/19/05 | $ 75.00 | --- | --- | $ 3.08 | $ 1.61 | $ 0.86 | $ 0.42 | $ 0.00 | $ 0.34 | $ 0.88 | $ 0.49 | $ 0.93 |
| 3/19/05 | $ 80.00 | --- | --- | $ 1.85 | $ 0.88 | $ 0.45 | $ 0.21 | $ 0.00 | $ 0.00 | $ 0.30 | $ 0.17 | $ 0.20 |
| 3/19/05 | $ 85.00 | --- | --- | $ 0.94 | $ 0.40 | $ 0.20 | $ 0.10 | $ 0.00 | $ 0.00 | $ 0.08 | $ 0.04 | $ 0.00 |
| 3/19/05 | $ 90.00 | --- | --- | $ 0.43 | $ 0.18 | $ 0.09 | $ 0.04 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 3/19/05 | $ 95.00 | --- | --- | $ 0.15 | $ 0.04 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

**Exhibit 1**
**Fannie Mae Inflation Per Call Option**

| OPTION TERMS | | INFLATION PER CALL OPTION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Expiration Date | Exercise Price | 4/17/01 - 6/15/03 | 6/16/03 - 7/29/03 | 7/30/03 - 9/21/04 | 9/22/04 | 9/23/04 | 9/24/04 - 9/29/04 | 9/30/04 - 10/5/04 | 10/6/04 | 10/7/04 - 12/15/04 | 12/16/04 - 12/22/04 | Holding Price |
| 6/18/05 | $ 55.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 2.68 | $ 1.40 | $ 15.40 |
| 6/18/05 | $ 60.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 2.49 | $ 1.31 | $ 11.00 |
| 6/18/05 | $ 65.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 2.15 | $ 1.14 | $ 7.20 |
| 6/18/05 | $ 70.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.66 | $ 0.89 | $ 4.00 |
| 6/18/05 | $ 75.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.09 | $ 0.59 | $ 1.90 |
| 6/18/05 | $ 80.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.58 | $ 0.31 | $ 0.75 |
| 6/18/05 | $ 85.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.26 | $ 0.13 | $ 0.25 |
| 1/21/06 | $ 40.00 | --- | $ 7.06 | $ 7.93 | $ 5.25 | $ 3.30 | $ 1.75 | $ 0.00 | $ 1.07 | $ 2.77 | $ 1.44 | $ 29.90 |
| 1/21/06 | $ 50.00 | --- | $ 6.62 | $ 7.39 | $ 4.82 | $ 3.00 | $ 1.58 | $ 0.00 | $ 1.15 | $ 2.61 | $ 1.36 | $ 20.80 |
| 1/21/06 | $ 55.00 | --- | $ 6.19 | $ 6.89 | $ 4.44 | $ 2.74 | $ 1.44 | $ 0.00 | $ 1.11 | $ 2.46 | $ 1.28 | $ 16.60 |
| 1/21/06 | $ 60.00 | --- | $ 5.62 | $ 6.26 | $ 3.97 | $ 2.42 | $ 1.27 | $ 0.00 | $ 1.04 | $ 2.25 | $ 1.18 | $ 12.85 |
| 1/21/06 | $ 65.00 | --- | $ 4.93 | $ 5.49 | $ 3.42 | $ 2.06 | $ 1.08 | $ 0.00 | $ 0.94 | $ 1.99 | $ 1.05 | $ 9.40 |
| 1/21/06 | $ 70.00 | --- | $ 4.15 | $ 4.64 | $ 2.82 | $ 1.67 | $ 0.87 | $ 0.00 | $ 0.79 | $ 1.67 | $ 0.89 | $ 6.55 |
| 1/21/06 | $ 75.00 | --- | $ 3.34 | $ 3.76 | $ 2.22 | $ 1.29 | $ 0.67 | $ 0.00 | $ 0.62 | $ 1.32 | $ 0.71 | $ 4.25 |
| 1/21/06 | $ 80.00 | --- | $ 2.57 | $ 2.92 | $ 1.67 | $ 0.96 | $ 0.48 | $ 0.00 | $ 0.45 | $ 0.98 | $ 0.52 | $ 2.58 |
| 1/21/06 | $ 85.00 | --- | --- | $ 2.16 | $ 1.20 | $ 0.68 | $ 0.35 | $ 0.00 | $ 0.28 | $ 0.67 | $ 0.36 | $ 1.45 |
| 1/21/06 | $ 90.00 | --- | --- | $ 1.55 | $ 0.83 | $ 0.47 | $ 0.23 | $ 0.00 | $ 0.15 | $ 0.44 | $ 0.23 | $ 0.83 |
| 1/21/06 | $ 95.00 | --- | --- | $ 1.06 | $ 0.55 | $ 0.30 | $ 0.15 | $ 0.00 | $ 0.08 | $ 0.28 | $ 0.15 | $ 0.48 |
| 1/20/07 | $ 50.00 | --- | --- | $ 6.93 | $ 4.51 | $ 2.81 | $ 1.49 | $ 0.00 | $ 1.08 | $ 2.45 | $ 1.27 | $ 21.75 |
| 1/20/07 | $ 60.00 | --- | --- | $ 5.95 | $ 3.80 | $ 2.34 | $ 1.23 | $ 0.00 | $ 0.96 | $ 2.13 | $ 1.11 | $ 14.60 |
| 1/20/07 | $ 70.00 | --- | --- | $ 4.72 | $ 2.94 | $ 1.77 | $ 0.93 | $ 0.00 | $ 0.78 | $ 1.69 | $ 0.89 | $ 9.00 |
| 1/20/07 | $ 80.00 | --- | --- | $ 3.43 | $ 2.06 | $ 1.22 | $ 0.63 | $ 0.00 | $ 0.55 | $ 1.20 | $ 0.64 | $ 5.00 |
| 1/20/07 | $ 90.00 | --- | --- | $ 2.28 | $ 1.32 | $ 0.77 | $ 0.39 | $ 0.00 | $ 0.33 | $ 0.76 | $ 0.40 | $ 2.63 |

**Exhibit 2**
**Fannie Mae Deflation Per Put Option**

| OPTION TERMS | | DEFLATION PER PUT OPTION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Expiration Date | Exercise Price | 4/17/01 - 6/15/03 | 6/16/03 - 7/29/03 | 7/30/03 - 9/21/04 | 9/22/04 | 9/23/04 | 9/24/04 - 9/29/04 | 9/30/04 - 10/5/04 | 10/6/04 | 10/7/04 - 12/15/04 | 12/16/04 - 12/22/04 | Holding Price |
| 10/16/04 | $ 50.00 | --- | --- | --- | --- | --- | $ 0.00 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 55.00 | --- | --- | $ 0.19 | $ 0.19 | $ 0.19 | $ 0.10 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 60.00 | --- | --- | $ 0.69 | $ 0.69 | $ 0.56 | $ 0.30 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 65.00 | --- | --- | $ 2.26 | $ 2.08 | $ 1.65 | $ 0.94 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 70.00 | --- | --- | $ 4.95 | $ 4.33 | $ 3.18 | $ 1.83 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 75.00 | --- | --- | $ 7.40 | $ 5.70 | $ 3.72 | $ 2.04 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 80.00 | --- | --- | $ 8.87 | $ 5.99 | $ 3.76 | $ 2.04 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 85.00 | --- | --- | $ 8.98 | $ 6.00 | $ 3.77 | $ 2.04 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 10/16/04 | $ 90.00 | --- | --- | $ 8.98 | $ 6.00 | $ 3.77 | $ 2.04 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 50.00 | --- | --- | --- | --- | --- | $ 0.09 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 55.00 | --- | --- | --- | --- | --- | $ 0.21 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 60.00 | --- | --- | $ 1.27 | $ 1.12 | $ 0.88 | $ 0.49 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 65.00 | --- | --- | $ 2.65 | $ 2.29 | $ 1.72 | $ 0.96 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 70.00 | --- | --- | $ 4.69 | $ 3.87 | $ 2.72 | $ 1.52 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 75.00 | --- | --- | $ 6.74 | $ 5.10 | $ 3.36 | $ 1.83 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 80.00 | --- | --- | $ 8.04 | $ 5.59 | $ 3.56 | $ 1.91 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 85.00 | --- | --- | $ 8.50 | $ 5.70 | $ 3.61 | $ 1.93 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 11/20/04 | $ 90.00 | --- | --- | $ 8.60 | $ 5.74 | $ 3.62 | $ 1.94 | $ 0.00 | $ 0.00 | --- | --- | n/a |
| 12/18/04 | $ 45.00 | --- | --- | $ 0.10 | $ 0.10 | $ 0.10 | $ 0.06 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 50.00 | --- | --- | $ 0.28 | $ 0.28 | $ 0.23 | $ 0.13 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 55.00 | --- | --- | $ 0.73 | $ 0.64 | $ 0.50 | $ 0.28 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 60.00 | --- | --- | $ 1.51 | $ 1.30 | $ 0.98 | $ 0.55 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 65.00 | --- | --- | $ 2.82 | $ 2.36 | $ 1.72 | $ 0.96 | $ 0.00 | $ 0.00 | $ 0.00 | --- | n/a |
| 12/18/04 | $ 70.00 | --- | --- | $ 4.63 | $ 3.73 | $ 2.60 | $ 1.44 | $ 0.00 | $ 0.00 | $ 0.76 | --- | n/a |
| 12/18/04 | $ 75.00 | --- | --- | $ 6.51 | $ 4.90 | $ 3.25 | $ 1.76 | $ 0.00 | $ 0.07 | $ 1.45 | --- | n/a |
| 12/18/04 | $ 80.00 | --- | --- | $ 7.85 | $ 5.52 | $ 3.54 | $ 1.90 | $ 0.00 | $ 0.00 | $ 1.46 | --- | n/a |
| 12/18/04 | $ 85.00 | --- | --- | $ 8.42 | $ 5.68 | $ 3.60 | $ 1.94 | $ 0.00 | $ 0.00 | $ 1.45 | --- | n/a |
| 12/18/04 | $ 90.00 | --- | --- | $ 8.61 | $ 5.74 | $ 3.61 | $ 1.94 | $ 0.00 | $ 0.00 | $ 1.45 | --- | n/a |
| 1/22/05 | $ 40.00 | --- | --- | $ 0.14 | $ 0.10 | $ 0.08 | $ 0.04 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

**Exhibit 2**
**Fannie Mae Deflation Per Put Option**

| OPTION TERMS | | DEFLATION PER PUT OPTION | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Expiration Date | Exercise Price | 4/17/01 - 6/15/03 | 6/16/03 - 7/29/03 | 7/30/03 - 9/21/04 | 9/22/04 | 9/23/04 | 9/24/04 - 9/29/04 | 9/30/04 - 10/5/04 | 10/6/04 | 10/7/04 - 12/15/04 | 12/16/04 - 12/22/04 | Holding Price |
| 1/22/05 | $ 45.00 | $ 0.00 | $ 0.08 | $ 0.25 | $ 0.20 | $ 0.16 | $ 0.09 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 1/22/05 | $ 50.00 | $ 0.00 | $ 0.26 | $ 0.50 | $ 0.42 | $ 0.31 | $ 0.18 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 1/22/05 | $ 55.00 | $ 0.07 | $ 0.62 | $ 0.95 | $ 0.80 | $ 0.59 | $ 0.33 | $ 0.00 | $ 0.00 | $ 0.04 | $ 0.00 | $ 0.10 |
| 1/22/05 | $ 60.00 | $ 0.62 | $ 1.33 | $ 1.75 | $ 1.45 | $ 1.06 | $ 0.59 | $ 0.00 | $ 0.00 | $ 0.15 | $ 0.06 | $ 0.18 |
| 1/22/05 | $ 65.00 | $ 1.56 | $ 2.44 | $ 2.97 | $ 2.41 | $ 1.72 | $ 0.95 | $ 0.00 | $ 0.00 | $ 0.44 | $ 0.19 | $ 0.48 |
| 1/22/05 | $ 70.00 | $ 2.87 | $ 3.94 | $ 4.58 | $ 3.60 | $ 2.49 | $ 1.37 | $ 0.00 | $ 0.34 | $ 1.32 | $ 0.61 | $ 1.80 |
| 1/22/05 | $ 75.00 | $ 4.22 | $ 5.50 | $ 6.23 | $ 4.67 | $ 3.11 | $ 1.69 | $ 0.00 | $ 1.27 | $ 2.58 | $ 1.33 | $ 5.40 |
| 1/22/05 | $ 80.00 | $ 5.26 | $ 6.73 | $ 7.56 | $ 5.38 | $ 3.47 | $ 1.86 | $ 0.00 | $ 1.49 | $ 3.03 | $ 1.58 | $ 10.38 |
| 1/22/05 | $ 85.00 | $ 5.77 | $ 7.43 | $ 8.34 | $ 5.69 | $ 3.61 | $ 1.93 | $ 0.00 | $ 1.40 | $ 3.03 | $ 1.58 | $ 15.40 |
| 1/22/05 | $ 90.00 | $ 5.82 | $ 7.65 | $ 8.63 | $ 5.76 | $ 3.63 | $ 1.95 | $ 0.00 | $ 1.44 | $ 3.07 | $ 1.58 | $ 20.40 |
| 1/22/05 | $ 95.00 | --- | --- | $ 8.70 | $ 5.78 | $ 3.65 | $ 1.95 | $ 0.00 | $ 1.40 | $ 3.07 | $ 1.58 | $ 25.40 |
| 2/19/05 | $ 55.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.06 | $ 0.15 |
| 2/19/05 | $ 60.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.11 | $ 0.35 |
| 2/19/05 | $ 65.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.28 | $ 0.88 |
| 2/19/05 | $ 70.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.66 | $ 2.30 |
| 2/19/05 | $ 75.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.23 | $ 6.10 |
| 2/19/05 | $ 80.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.60 | $ 10.85 |
| 2/19/05 | $ 85.00 | --- | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.60 | $ 15.60 |
| 3/19/05 | $ 45.00 | --- | --- | $ 0.35 | $ 0.30 | $ 0.23 | $ 0.13 | $ 0.00 | $ 0.00 | $ 0.06 | $ 0.03 | $ 0.13 |
| 3/19/05 | $ 50.00 | --- | --- | $ 0.68 | $ 0.56 | $ 0.41 | $ 0.23 | $ 0.00 | $ 0.00 | $ 0.09 | $ 0.04 | $ 0.23 |
| 3/19/05 | $ 55.00 | --- | --- | $ 1.19 | $ 0.97 | $ 0.71 | $ 0.39 | $ 0.00 | $ 0.00 | $ 0.19 | $ 0.10 | $ 0.40 |
| 3/19/05 | $ 60.00 | --- | --- | $ 1.99 | $ 1.60 | $ 1.15 | $ 0.63 | $ 0.00 | $ 0.00 | $ 0.38 | $ 0.18 | $ 0.80 |
| 3/19/05 | $ 65.00 | --- | --- | $ 3.10 | $ 2.44 | $ 1.71 | $ 0.94 | $ 0.00 | $ 0.11 | $ 0.76 | $ 0.37 | $ 1.65 |
| 3/19/05 | $ 70.00 | --- | --- | $ 4.44 | $ 3.41 | $ 2.33 | $ 1.27 | $ 0.00 | $ 0.46 | $ 1.40 | $ 0.68 | $ 3.30 |
| 3/19/05 | $ 75.00 | --- | --- | $ 5.84 | $ 4.32 | $ 2.87 | $ 1.56 | $ 0.00 | $ 0.96 | $ 2.17 | $ 1.09 | $ 6.50 |
| 3/19/05 | $ 80.00 | --- | --- | $ 7.01 | $ 5.00 | $ 3.24 | $ 1.75 | $ 0.00 | $ 1.30 | $ 2.72 | $ 1.40 | $ 10.85 |
| 3/19/05 | $ 85.00 | --- | --- | $ 7.84 | $ 5.41 | $ 3.46 | $ 1.85 | $ 0.00 | $ 1.32 | $ 2.86 | $ 1.47 | $ 15.70 |
| 3/19/05 | $ 90.00 | --- | --- | $ 8.27 | $ 5.59 | $ 3.54 | $ 1.89 | $ 0.00 | $ 1.32 | $ 2.91 | $ 1.51 | $ 20.65 |
| 3/19/05 | $ 95.00 | --- | --- | $ 8.46 | $ 5.65 | $ 3.57 | $ 1.91 | $ 0.00 | $ 1.28 | $ 2.90 | $ 1.50 | $ 25.70 |

**Exhibit 2**
**Fannie Mae Deflation Per Put Option**

| *OPTION TERMS* | | *DEFLATION PER PUT OPTION* | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Expiration Date** | **Exercise Price** | **4/17/01 - 6/15/03** | **6/16/03 - 7/29/03** | **7/30/03 - 9/21/04** | **9/22/04** | **9/23/04** | **9/24/04 - 9/29/04** | **9/30/04 - 10/5/04** | **10/6/04** | **10/7/04 - 12/15/04** | **12/16/04 - 12/22/04** | **Holding Price** |
| 6/18/05 | $ 55.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.32 | $ 0.16 | $ 0.90 |
| 6/18/05 | $ 60.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.54 | $ 0.26 | $ 1.58 |
| 6/18/05 | $ 65.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 0.89 | $ 0.44 | $ 2.75 |
| 6/18/05 | $ 70.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.38 | $ 0.68 | $ 4.60 |
| 6/18/05 | $ 75.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 1.94 | $ 0.98 | $ 7.50 |
| 6/18/05 | $ 80.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 2.43 | $ 1.25 | $ 11.30 |
| 6/18/05 | $ 85.00 | --- | --- | --- | --- | --- | --- | --- | --- | $ 2.72 | $ 1.41 | $ 15.80 |
| 1/21/06 | $ 40.00 | --- | $ 0.37 | $ 0.52 | $ 0.40 | $ 0.28 | $ 0.16 | $ 0.00 | $ 0.02 | $ 0.13 | $ 0.07 | $ 0.63 |
| 1/21/06 | $ 50.00 | --- | $ 0.97 | $ 1.23 | $ 0.94 | $ 0.65 | $ 0.36 | $ 0.00 | $ 0.07 | $ 0.33 | $ 0.17 | $ 1.48 |
| 1/21/06 | $ 55.00 | --- | $ 1.45 | $ 1.78 | $ 1.35 | $ 0.92 | $ 0.50 | $ 0.00 | $ 0.13 | $ 0.50 | $ 0.25 | $ 2.28 |
| 1/21/06 | $ 60.00 | --- | $ 2.05 | $ 2.46 | $ 1.85 | $ 1.26 | $ 0.69 | $ 0.00 | $ 0.21 | $ 0.72 | $ 0.36 | $ 3.35 |
| 1/21/06 | $ 65.00 | --- | $ 2.77 | $ 3.26 | $ 2.42 | $ 1.64 | $ 0.89 | $ 0.00 | $ 0.32 | $ 1.00 | $ 0.50 | $ 4.85 |
| 1/21/06 | $ 70.00 | --- | $ 3.57 | $ 4.14 | $ 3.04 | $ 2.03 | $ 1.10 | $ 0.00 | $ 0.47 | $ 1.33 | $ 0.67 | $ 6.90 |
| 1/21/06 | $ 75.00 | --- | $ 4.38 | $ 5.04 | $ 3.64 | $ 2.41 | $ 1.31 | $ 0.00 | $ 0.65 | $ 1.68 | $ 0.85 | $ 9.55 |
| 1/21/06 | $ 80.00 | --- | $ 5.16 | $ 5.87 | $ 4.18 | $ 2.74 | $ 1.48 | $ 0.00 | $ 0.84 | $ 2.03 | $ 1.03 | $ 12.80 |
| 1/21/06 | $ 85.00 | --- | --- | $ 6.60 | $ 4.63 | $ 3.00 | $ 1.61 | $ 0.00 | $ 0.98 | $ 2.32 | $ 1.19 | $ 16.65 |
| 1/21/06 | $ 90.00 | --- | --- | $ 7.17 | $ 4.95 | $ 3.18 | $ 1.70 | $ 0.00 | $ 1.09 | $ 2.52 | $ 1.29 | $ 21.00 |
| 1/21/06 | $ 95.00 | --- | --- | $ 7.61 | $ 5.20 | $ 3.32 | $ 1.77 | $ 0.00 | $ 1.13 | $ 2.63 | $ 1.36 | $ 25.75 |
| 1/20/07 | $ 50.00 | --- | --- | $ 1.49 | $ 1.10 | $ 0.74 | $ 0.40 | $ 0.00 | $ 0.13 | $ 0.43 | $ 0.22 | $ 2.68 |
| 1/20/07 | $ 60.00 | --- | --- | $ 2.53 | $ 1.85 | $ 1.24 | $ 0.67 | $ 0.00 | $ 0.26 | $ 0.77 | $ 0.39 | $ 5.15 |
| 1/20/07 | $ 70.00 | --- | --- | $ 3.79 | $ 2.73 | $ 1.81 | $ 0.98 | $ 0.00 | $ 0.45 | $ 1.23 | $ 0.62 | $ 8.90 |
| 1/20/07 | $ 80.00 | --- | --- | $ 5.09 | $ 3.60 | $ 2.35 | $ 1.27 | $ 0.00 | $ 0.69 | $ 1.71 | $ 0.87 | $ 14.60 |
| 1/20/07 | $ 90.00 | --- | --- | $ 6.18 | $ 4.28 | $ 2.75 | $ 1.47 | $ 0.00 | $ 0.91 | $ 2.14 | $ 1.09 | $ 21.85 |

# EXHIBIT

# A - 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

IN RE FANNIE MAE SECURITIES LITIGATION

THIS DOCUMENT RELATES TO: MDL No. 1668, Consolidated Civil Action No. 04-1639 (RJL), ECF CASE

**SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**To:  All purchasers of the publicly traded common stock and call options of Fannie Mae, and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001 through December 22, 2004 (the "Class Period") who suffered damages thereby (the "Class").**[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

PLEASE DO NOT CONTACT FANNIE MAE OR KPMG OR THEIR COUNSEL REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW, RATHER THAN TO FANNIE MAE, KPMG OR THE COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Columbia, that Court-appointed Lead Plaintiffs, the Ohio Public Employees Retirement System and the State Teachers Retirement System of Ohio, on behalf of themselves and the Court-certified Class, in the above-captioned class action (the "Consolidated Action") have reached a proposed settlement of the Consolidated Action with defendants Fannie Mae and KPMG (collectively, the "Settling Defendants") for $153,000,000 that, if approved, will resolve all claims in the Consolidated Action.

A hearing will be held on _____ at ____ p.m. before the Honorable Richard J. Leon, in the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Ave. NW, Washington, D.C. 20001, to determine: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; (ii) whether the Consolidated Action should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation of Settlement;  (iii) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; (iv) whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and (v) any other relief the Court deems necessary to effectuate the terms of the Settlement.

If you are a member of the Class, your rights will be affected by the pending Consolidated Action and the Settlement, and you may be entitled to a share in the Settlement Fund.  If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation, (II) Settlement Fairness Hearing, and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Fannie Mae Securities Litigation*, c/o GCG, PO Box 9987, Dublin, OH 43017-5987, (800) 961-2373. Copies of the Settlement Notice and Proof of Claim Form can also be downloaded from the website for the Consolidated Action, www.fanniemaesecuritieslitigation.com, or from Lead Counsel's website.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form *postmarked* no later than _____.  If you are a Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution from the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Consolidated Action.

If you previously submitted a request for exclusion from the Class in connection with the Notice of Pendency of Class Action ("Class Notice") and you wish to remain excluded, no further action is required.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and you want to opt-back into the Class and be eligible to receive a payment from the Settlement Fund, you must submit a request to opt-back into the Class in writing such that it is *received* no later than _____, in accordance with the instructions set forth in the Settlement Notice.  If you previously submitted a request for exclusion from the Class in connection with the Class Notice and do not opt-back into the Class in accordance with the instructions set forth in the Settlement Notice, you will not be bound by any judgments or orders entered by the Court in the Consolidated Action and you will not be eligible to share in the net proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and representative counsel for the Settling Defendants such that they are received no later than _____, in accordance with the instructions set forth in the Settlement Notice.

Inquiries, other than requests for the Settlement Notice, may be made to:

Markovits, Stock & DeMarco, LLC
W. B. Markovits
Joseph Deters
119 East Court St.
Suite 530
Cincinnati, OH 45202

Requests for the Settlement Notice should be made to:

*Fannie Mae Securities Litigation*
c/o GCG
PO Box 9987
Dublin, OH 43017-5987
(800) 961-2373
www.fanniemaesecuritieslitigation.com

By Order of the Court
_____

[1]  Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request.  A complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to in this notice and available at www.fanniemaesecuritieslitigation.com.

## MECHANICAL SPECIFICATIONS

| | |
|---|---|
| File Name: Fannie_Mae_Master.indd | Body Copy Font Size/Leading: 7/7.5 |
| Publication: WSJ | Total Word Count: 987 |
| Ad Unit: 4c (5.37) x 8" | Create Date/Time: 5/3/13 at 9:30 am |
| Headline Font: Times Lt Std. | Operator: KS |
| Headline Font Size/Leading: 7/7.5 | Last Edit Time: 5/3/13 at 4:46 pm |
| Body Copy: Times Lt Std | Operator: TOC |

# EXHIBIT

# A - 3



**FNM**

| Must be<br>Postmarked<br>No Later Than<br>_____ |
|---|

**In re Fannie Mae Securities Litigation**
**c/o The Garden City Group, Inc.**
**P.O. Box 9987**
**Dublin, Ohio 43017-5987**
**(800) 961-2373**

Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I - CLAIMANT IDENTIFICATION | 2 |
| PART II - SCHEDULE OF TRANSACTIONS IN COMMON STOCK | 3 |
| PART III - SCHEDULE OF TRANSACTIONS IN CALL OPTIONS | 4 |
| PART IV - SCHEDULE OF TRANSACTIONS IN PUT OPTIONS | 5 |
| PART V - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS | 6 |
| PART VI - RELEASES AND CERTIFICATION | 7 |

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

## PART I - CLAIMANT IDENTIFICATION

**Last Name (Claimant)**

**First Name (Claimant)**

**Last Name (Beneficial Owner if Different From Claimant)**

**First Name (Beneficial Owner)**

**Last Four Digits of the Beneficial Owner's Employer Identification Number or Social Security Number**[1]

**Last Name (Joint Beneficial Owner)**

**First Name (Joint Beneficial Owner)**

**Company/Other Entity (If Claimant Is Not an Individual)**

**Contact Person (If Claimant is Not an Individual)**

**Trustee/Nominee/Other**

**Account Number (If Claimant Is Not an Individual)**

**Trust/Other Date (If Applicable)**

**Address Line 1**

**Address Line 2 (If Applicable)**

**City**

**State**

**Zip Code**

**Foreign Province**

**Foreign Country**

**Foreign Zip Code**

**Telephone Number (Day)**

**Telephone Number (Night)**

**Email Address** (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

---

**IDENTITY OF CLAIMANT (check only one box):**

☐ **Individual**   ☐ **Joint Owners**   ☐ **Estate**   ☐ **Corporation**   ☐ **Trust**   ☐ **Partnership**

☐ **Private Pension Fund**   ☐ **Legal Representative**

☐ **IRA, Keogh, or other type of individual retirement plan** (indicate type of plan, mailing address, and name of current custodian)

☐ **Other** (specify, describe on separate sheet)

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.fanniemaesecuritieslitigation.com or you may e-mail the Claims Administrator at eClaim@gcginc.com. Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account informa-tion.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.

[1]The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identi-fication Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II - SCHEDULE OF TRANSACTIONS IN COMMON STOCK

**A.**   **BEGINNING HOLDINGS:**  Number of shares of common stock held at the close of trading on **April 16, 2001:** If none, write "zero" or "0".

Shares

**B.**   **PURCHASES:**  Purchases of common stock (from **April 17, 2001** through **December 22, 2004**, inclusive) (Must be documented).

| Trade Date List Chronologically (Month/Day /Year) | Number of Shares Purchased | Price per Share | Total Amount Paid (Excluding taxes, fees, other commissions) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.**   **SALES:**  Sales of common stock (from **April 17, 2001** through **December 22, 2004**, inclusive).  (Must be documented.)

| Trade Date List Chronologically (Month/Day /Year) | Number of Shares Sold | Price per Share | Total Amount Received (Excluding taxes, fees, other commissions) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**D.**   **ENDING HOLDINGS:**   Number of shares of common stock held after the close of trading on **December 22, 2004**.  If none, write "zero" or "0" (Must be documented).

Shares

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX

IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

## PART III - SCHEDULE OF TRANSACTIONS IN CALL OPTIONS

4

**A.  BEGINNING HOLDINGS:** At the close of trading on **April 16 2001**, the following call options on Fannie Mae common stock were owned.

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Purchase Price Per Contract | Total Amount Paid (excluding commissions, taxes, and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / | | | . | . | | / |
| / | | | . | . | | / |
| / | | | . | . | | / |

**B.  PURCHASES:** I made the following purchases of call option contracts between **April 17, 2001** and **December 22, 2004**, inclusive (Must be documented).

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Purchase Price Per Contract | Total Amount Paid (excluding commissions, taxes, and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / | | | . | . | | / |
| / | | | . | . | | / |
| / | | | . | . | | / |

**C.  SALES:** I made the following sales of the above call option contracts that were purchased between **April 17, 2001** and **December 22, 2004**, inclusive (include all such sales no matter when they occurred) (Must be documented).

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Total Amount Received (excluding commissions, taxes, and fees) |
|---|---|---|---|---|
| / | | | . | . |
| / | | | . | . |
| / | | | . | . |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐  IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

# PART IV - SCHEDULE OF TRANSACTIONS IN PUT OPTIONS

**5**

**A.  BEGINNING HOLDINGS:**  At the close of trading on **April 16, 2001**, the following put options written on Fannie Mae common stock were open.

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Total Net Amount Received (excluding commissions, taxes, and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**B.  SALES (WRITING) OF PUT OPTIONS:**  I wrote (sold) put option contracts between **April 17, 2001** and **December 22, 2004**, inclusive, as follows (Must be documented).

| Date of Writing (Sale) (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Total Net Amount Received (excluding commissions, taxes, and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
|  /  /  |  |  |  |  |  |  /  /  |
|  /  /  |  |  |  |  |  |  /  /  |
|  /  /  |  |  |  |  |  |  /  /  |
|  /  /  |  |  |  |  |  |  /  /  |

**C.  COVERING TRANSACTIONS (REPURCHASES):**  I made the following repurchases of the above put option contracts that I wrote (sold) between **April 17, 2001** and **December 22, 2004, inclusive (include all repurchases no matter when they occurred)** (Must be documented).

| Date of Repurchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Price Paid Per Contract | Total Net Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|---|
|  /  /  |  |  |  |  |
|  /  /  |  |  |  |  |
|  /  /  |  |  |  |  |
|  /  /  |  |  |  |  |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐  IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED



## PART V - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Columbia with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of the Final Order and Judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of Fannie Mae securities during the relevant period and know of no other Person having done so on my (our) behalf.

## PART VI - RELEASES AND CERTIFICATION

1.   With respect to the Settlement, I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Settled Class Claims each and all of the Released Parties as those terms and terms related thereto are defined in the accompanying Notice.

2.   Each release shall be of no force or effect unless and until the Court approves the respective Stipulation and the Effective Date (as defined in the applicable Stipulation) has occurred.

3.   I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to these releases or any other part or portion thereof.

4.   I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, and sales in the Fannie Mae securities requested above and that occurred during the relevant time periods and the number of securities held by me (us) at the relevant time periods.

5.   I (We) hereby warrant and represent that I (we) am (are) not excluded from the Class as defined herein and in the Notice.


I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____

_____.

                     (Month) (Year)                      (City, State, Country)


_____      _____

Signature of Claimant                                   Date

_____

Print name of Claimant here


_____      _____

Signature of Joint Claimant, if any                            Date

_____

Print name of Joint Claimant here

| REMINDER CHECKLIST |
|---|

1.    Please sign the Proof of Claim and Release.

2.    Remember to attach only copies of supporting documentation.

3.    Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

4.    Keep a copy of the completed Proof of Claim and documentation for your records.

5.    The Claims Administrator will acknowledge receipt of your Proof of Claim Form by regular or electronic mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard or e-mail. If you do not receive an acknowledgment postcard or e-mail within 60 days, please call the Claims Administrator toll free at **(800) 961-2373.**

6.    If you move, please send the Claims Administrator your new address.

7.    **Do not use highlighter on the Claim Form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
_____ AND MUST BE MAILED TO:

In re Fannie Mae Securities Litigation
c/o The Garden City Group, Inc.
P.O. Box 9987
Dublin, Ohio 43017-5987
(800) 961-2373

# EXHIBIT

# B

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | )<br>)<br>) | **MDL No. 1668** |
| | | |
| **In Re Fannie Mae Securities Litigation** | )<br>)<br>)<br>) | **Consolidated Civil Action No.: 1:04-CV-01639**<br>**Judge Richard J. Leon** |

## [PROPOSED] JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement, and Providing for Notice dated _____, 2013 ("Preliminary Approval Order"), on the application of the Settlings Parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated May 7, 2013 ("Stipulation"), and, following a hearing on _____, 2013 before this Court to consider the applications of the Settling Parties.  The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED AND ORDERED:**

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meaning as set forth in the Stipulation unless set forth differently herein.  The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully herein.

2.     The Court has jurisdiction over the subject matter of the Consolidated Action and all parties to the Consolidated Action, including all Settlement Class Members.

3.      The Court finds that due and adequate notice was given in 2008 to potential class members of their right to opt out of the Class.  The Court further finds that because all potential class members previously received Court-approved notice over several months in 2008 and were previously afforded the opportunity to opt out of the Class, the parties need not provide potential class members another opportunity to opt out of the Class.

4.      The Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and the Fee and Expense Application, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Settlement Class Members:

  a.  constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort;

  b.  was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (ii) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they were not excluded from the Settlement Class; (iii) their right to opt back into the Settlement Class if they had previously elected to opt out; and (iv) the binding effect of the proceedings, rulings, orders and judgment in this Consolidated Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. fully satisfied all the applicable requirements of Fed. R. Civ. P. 23, due process, and all other applicable laws.

5.     The Settlement Class excludes those persons who timely and validly filed requests for exclusion from the Class pursuant to Court-approved notice sent to class members in 2008. A list of such persons who filed timely, completed and valid requests for exclusion from the Class is attached hereto as Exhibit 1.  These persons who previously opted out have had the opportunity to opt back into the Settlement.  Persons who filed timely, completed and valid requests for exclusion from the Class and who have not availed themselves of the opportunity to opt back into the Settlement are not bound by this Judgment or the terms of the Stipulation, and may pursue their own individual remedies against Settling Defendants, the Individuals and the other Released Parties.  Such Persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

6.     Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiffs and all Settlement Class Members based on, among other things:  the Settlement resulted from arm's length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Settlement Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties, in particular experienced

Plaintiffs' Counsel, and the absence of any objection not overruled by the Court from any Settlement Class Member to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment in this Consolidated Action.

7. This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

8. This Court, having considered the Fee and Expense Application, hereby awards Plaintiffs' Counsel attorneys' fees equal to _____% of the Settlement Fund (including interest accrued thereon) after other expenses have been deducted, and reimbursement of their out-of-pocket expenses in the amount of $_____, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and the costs incurred by Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks undertaken by Plaintiffs' Counsel and the contingent nature of their employment; (d) the quality of the work performed by

Plaintiffs' Counsel in this Consolidated Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members through the Settlement; and (g) the absence of any objections from Settlement Class Members not previously overruled by the Court to the Fee and Expense Application.  The Court also finds that the Fee and Expense Application is proper as the expenses incurred by Plaintiffs' Counsel, including the costs of experts, were reasonable and necessary in the prosecution of the Consolidated Action on behalf of Settlement Class Members.  The attorneys' fees awarded and expenses reimbursed above shall be paid to Lead Counsel as provided in the Stipulation, for allocation to Plaintiffs' Counsel.

9.      Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members.

10.      All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in the Consolidated Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Lead Plaintiffs' or Plaintiffs' Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice, administration of the Settlement, and payment of Lead Plaintiffs' mediation expenses.

11.      Pursuant to Fed. R. Civ. P. 23(c)(3), all Class Members who have not filed timely, completed and valid requests for exclusion from the Class are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

12.      The Released Parties are hereby released and forever discharged from any and all of the Settled Class Claims and Parties' Released Claims.  All Settlement Class Members are

hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Parties, regardless of whether or not such Settlement Class Member executes a Proof of Claim form.  All Settlement Class Members are bound by paragraph 3 of the Stipulation and are hereby forever barred any enjoined from taking any action in violation of that provision.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the claims or allegations of the Consolidated Action or any of the Settled Class Claims or Parties' Released Claims (a) by any person or entity against any of the Released Parties, and (b) by any of the Released Parties against any other person or entity, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable ("Reform Act Bar Order").

14.     If appellate review of the Reform Act Bar Order is sought and on such review the Reform Act Bar Order is vacated, modified or reversed, then the Settling Defendants shall have the right to terminate the Settlement.

15.     The Court hereby dismisses with prejudice the Consolidated Action and all of the Settled Class Claims and Parties' Released Claims against each and all Released Parties and Lead Plaintiffs and without costs to any of the Settling Parties as against the others.

16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of the Settled Class Claims, or of any wrongdoing or liability of the Settling Defendants or Individuals; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or Individuals in any

6

civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreement embodied therein.  Released Parties may file the Stipulation and/or this Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

18.     Without affecting the finality of this Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining application for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all Parties to the Stipulation for the purposes of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

19.     Neither appellate review nor modification of the Plan of Allocation set forth in the Notice, nor any action in regard to the Fee and Expense Application, shall affect the finality of

any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.     This Judgment and Order is a Judgment in the Consolidated Action as to all claims asserted.  This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

Dated: _____, 2013


_____
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

# EXHIBIT

# C

**ESCROW AGREEMENT**

This Escrow Agreement is made this 7th day of May 2013, among Markovits, Stock & DeMarco, LLC, Lead Counsel for the Class ("Lead Counsel"), O'Melveny & Myers, LLP, Counsel for Fannie Mae, Duane Morris, Counsel for the Federal Housing Finance Agency ("FHFA") as Conservator for Fannie Mae, Gibson, Dunn & Crutcher, LLP, Counsel for KPMG LLP ("KPMG") (collectively O'Melveny & Myers, LLP, Duane Morris and Gibson, Dunn & Crutcher, LLP  are "Defense Counsel") and KeyBank National Association ("Escrow Agent").

<u>Recitals</u>

A.      This Escrow Agreement governs the deposit, investment and disbursement of the settlement funds that, pursuant to the Stipulation dated May 7, 2013 (the "Stipulation") attached as Exhibit 1 to Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, Setting Date for Hearing on Final Approval of Settlement, and Staying Non-Settlement Related Proceedings, entered into between and among the Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio for themselves and on behalf of all persons who are members of the Class as defined in the Court's Order of January 7, 2008 (Dkt. #568), Fannie Mae,  the Federal Housing Finance Agency as Conservator for Fannie Mae, KPMG LLP (collectively Fannie Mae and KPMG are referred to as "Settling Defendants") and others, will be paid to settle the securities class action captioned *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation MDL No. 1668 and Consolidated  Civil Action No: 1:04-CV-01639* (the "Securities Action"), pending in United States District Court for the District of Columbia (the "Court").

B.      Pursuant to the terms of the Stipulation, Settling Defendants have agreed to pay or cause to be paid the total amount of One Hundred Fifty Three Million Dollars ($153,000,000) in cash (the "Settlement Amount") in settlement of the claims brought against Settling Defendants in the Securities Action.

C.      The Settlement Amount, together with any interest accrued thereon, is to be deposited into escrow, invested and used to satisfy payments to Authorized Claimants, payments for attorneys' fees and expenses, payments for tax liabilities, and other costs pursuant to the terms of the Stipulation.

D.      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Stipulation filed in the class action.

**<u>Agreement</u>**

1.      <u>Appointment of Escrow Agent</u>.   The Escrow Agent is hereby appointed to receive, invest and disburse the Settlement Amount upon the terms and conditions provided in this Escrow Agreement, the Stipulation and any other exhibits or schedules later annexed hereto and made a part hereof.

2.     The Escrow Account.  The Escrow Agent shall establish and maintain an escrow investment account designated as the "In re Fannie Mae Securities Litigation –Settlement Fund" (the "Escrow Account").   Pursuant to the Stipulation, Settling Defendants shall cause the Settlement Amount to be deposited into the Escrow Account within ten (10) business days of the entry of Preliminary Approval of the Settlement by the Court.  Escrow Agent shall receive the Settlement Amount into the Escrow Account; the Settlement Amount and all interest accrued thereon shall be referred to herein as the "Settlement Fund."  The Settlement Fund shall be held and invested on the terms and subject to the limitations set forth herein, and shall be released by Escrow Agent in accordance with the terms and conditions hereinafter set forth and set forth in the Stipulation and in orders of the Court approving the disbursement of the Settlement Fund.

3.     Investment of Settlement Fund.  Escrow Agent shall invest the Settlement Fund exclusively in United States Treasury Bills with a maturity date no greater than 180 days, and collect and reinvest all interest accrued thereon, except that any residual cash balances of less than \$100,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States of America.  All investments will be executed through KeyBank's Investment Department on a best effort basis with no guarantee of investment yield or return.

4.     Escrow Funds Subject to Jurisdiction of the Court.  The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the Fund shall be distributed, pursuant to the Stipulation and on further order(s) of the Court.

5.     Tax Treatment & Report.  The Settlement Fund shall be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  Lead Counsel and, as required by law, Settling Defendants, shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation, including the "relation-back election" under Treas. Reg. § 1.468B-1(j)(2) if necessary to the earliest permitted date.  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund shall be Lead Counsel.  Lead Counsel shall timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1.  Escrow Agent shall timely and properly prepare and file any informational and other tax returns necessary or advisable with respect to the Settlement Funds at the direction of Lead Counsel, and the distributions and payments therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. §1.468B-2(1).

6.     Tax Payments of Settlement Fund.  All Taxes with respect to the Settlement Fund, as more fully described in the Stipulation, shall be treated as and considered to be a cost of administration of the Settlement Fund and the Escrow Agent shall timely pay such Taxes out of the Settlement Fund, as appropriate, without prior order of the Court, as directed by Lead Counsel.  Escrow Agent shall be responsible for the timely and proper preparation and delivery of any necessary documentation for signature by all necessary parties, and the timely filing of all tax returns and other tax reports required by law.  The Escrow Agent may engage an accounting firm or tax preparer to assist in the preparation of any tax reports or the calculation of any tax payments due as set forth in Sections 5 and 6, and the expense of such assistance shall be paid from the Settlement Fund.  The Settlement Fund shall indemnify and hold Settling Defendants harmless

2

for any taxes that may be deemed to be payable by Settling Defendants by reason of the income earned on the Settlement Fund, and Escrow Agent shall establish such reserves as are necessary to cover the tax liabilities of the Settlement Fund and the indemnification obligations imposed by this paragraph. If the Settlement Fund is returned to Settling Defendants pursuant to the terms of the Stipulation, Settling Defendants shall provide Escrow Agent with properly completed Forms W-9.

7.      Disbursement Instructions

(a)      Lead Counsel may, without further order of the Court or authorization by Defense Counsel, instruct Escrow Agent to disburse the funds necessary to pay all reasonable and necessary costs and expenses of notice of the Settlement and settlement administration, as well as Lead Counsel's share of costs previously incurred in connection with mediation not to exceed two million five hundred thousand dollars ($2,500,000).     This disbursement instruction(s) must be authorized by W.B. Markovits or Joseph T. Deters for Lead Counsel.

(b)      Disbursements other than those described in paragraph 7(a), including disbursements for distribution of Class Settlement Funds, must be authorized by an order of the Court, or the joint written consent of W.B. Markovits or Joseph T. Deters for Lead Counsel, Jeffrey W. Kilduff or Robert M. Stern for Fannie Mae, Joseph J. Aronica for FHFA, and F. Joseph Warin or Andrew S. Tulumello for KPMG.

(c)      In the event funds transfer instructions are given (other than in writing at the time of execution of this Agreement), whether in writing, by facsimile, e-mail, telecopier or otherwise, Escrow Agent will seek confirmation of such instructions by telephone call back to the person or persons designated in subparagraphs (a) and (b) above only if it is reasonably necessary, and Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated.   It will not be reasonably necessary to seek confirmation if Escrow Agent receives written letters authorizing a disbursement from each of the law firms required in subparagraphs (a) and (b), as applicable, on their letterhead and signed by one of the persons designated in subparagraphs (a) and (b).   To assure accuracy of the instructions it receives, Escrow Agent may record such call backs.  If Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it shall not execute the instruction until all issues have been resolved.   The persons and telephone numbers for call backs may be validly changed only in a writing that (i) is signed by the party changing its notice designations, and (ii) is received and acknowledged by Escrow Agent.   Lead Counsel and Defense Counsel agree to notify Escrow Agent of any errors, delays or other problems within 30 days after receiving notification that a transaction has been executed.  If it is determined that the transaction was delayed or erroneously executed as a result of Escrow Agent's error, Escrow Agent's sole obligation is to pay or refund the amount of such error and any amounts as may be required by applicable law.  Any claim for interest payable will be at the then-published rate for United States Treasury Bills having a maturity of 91 days.

8.      Termination of Settlement.  If the Stipulation terminates in accordance with its terms, Lead Counsel and Defense Counsel shall jointly notify Escrow Agent of the termination of the Stipulation.  Upon such notification, the balance of the Settlement Fund, together with any

interest earned thereon, less any costs and expenses of notice of the Settlement and settlement administration, as well as Lead Counsel's share of costs previously incurred in connection with mediation paid and actually incurred in accordance with the terms of the Stipulation but not yet paid, and any unpaid Taxes due, as determined by Lead Counsel and Defense Counsel, shall be returned to Settling Defendants in accordance with instruction from Defense Counsel.

9.    Fees.  Escrow Agent agrees to waive its fee. Escrow Agent shall be reimbursed for all out-of-pocket expenses. All expenses of Escrow Agent shall be paid solely from the Settlement Fund.  The Escrow Agent may pay itself such expenses from the Settlement Fund only after such expenses have been approved for payment by Lead Counsel.  If Escrow Agent is asked to provide additional services, such as the preparation and administration of payments issued to Authorized Claimants, a separate agreement will be entered into.

10.    Duties, Liabilities and Rights of Escrow Agent.  This Escrow Agreement sets forth all of the obligations of Escrow Agent, and no additional obligations shall be implied from the terms of this Escrow Agreement or any other agreement, instrument or document.

(a)    Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by Lead Counsel or Defense Counsel, as provided herein, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order.  Escrow Agent may act in reliance upon any signature which is reasonably believed by it to be genuine, and may assume that such person has been properly authorized to do so.

(b)    Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected to the extent Escrow Agent acts in accordance with the reasonable opinion and instructions of counsel.  Escrow Agent shall have the right to reimburse itself for reasonable legal fees and reasonable and necessary disbursements and expenses actually incurred from the Escrow Account only (i) upon approval by Lead Counsel and Defense Counsel or (ii) pursuant to an order of the Court.

(c)    The Escrow Agent, or any of its affiliates, is authorized to manage, advise, or service any money market mutual funds in which any portion of the Settlement Fund may be invested.

(d)    Escrow Agent is authorized to hold any treasuries held hereunder in its Federal Reserve account.

(e)    Escrow Agent shall not bear any risks related to the investment of the Settlement Fund in accordance with the provisions of paragraph 3 of this Escrow Agreement, except for liability, damage or losses arising out of its negligence or misconduct as adjudicated by a court of competent jurisdiction.

(f)    Upon distribution of all of the funds in the Escrow Account pursuant to the terms of this Escrow Agreement and any orders of the Court, Escrow Agent shall be relieved

4

of any and all further obligations and released from any and all liability under this Escrow Agreement, except as otherwise specifically set forth herein.

      11.    <u>Non-Assignability by Escrow Agent</u>.   Escrow Agent's rights, duties and obligations hereunder may not be assigned or assumed without the written consent of Lead Counsel and Defense Counsel.

      12.    <u>Resignation of Escrow Agent</u>.  Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 120 days prior written notice to the parties to the Escrow Agreement herein.  On the effective date of such resignation, Escrow Agent shall deliver this Escrow Agreement together with any and all related instruments or documents and all funds in the Escrow Account to the successor Escrow Agent, subject to this Escrow Agreement.  If a successor Escrow Agent has not been appointed prior to the expiration of 120 days following the date of the notice of such resignation, then Escrow Agent may petition the Court for the appointment of a successor Escrow Agent, or other appropriate relief.  Any such resulting appointment shall be binding upon all of the parties to this Escrow Agreement.

      13.    <u>Notices</u>.  Notice to the parties hereto shall be in writing and delivered by hand-delivery, facsimile, electronic mail or overnight courier service, addressed as follows:

          If to Lead Counsel:        W. B. Markovits, Esq.
                                  Joseph T. Deters, Esq.
                                  Markovits, Stock & DeMarco, LLP
                                  119 East Court Street
                                  Suite 530
                                  Cincinnati, OH 45202
                                  (513) 651-3700
                                  wbmarkovits@msdlegal.com

If to Defense Counsel    Jeffrey W. Kilduff, Esq.
for Fannie Mae :        Robert M. Stern, Esq.
                         O'Melveny & Myers LLP
                         1625 Eye Street, N.W.
                         Washington, D.C. 20006
                         (202) 383-5300
                         jkilduff@omm.com

                         and

If to Counsel for
FHFA:                    Joseph J. Aronica, Esq.
                         Duane Morris
                         595 9th Street, NW
                         Suite 1000
                         Washington, D.C. 20004
                         (202) 776-7824
                         jjaronica@duanemorris.com

                         and

If to Defense Counsel    F. Joseph Warin, Esq.
for KPMG:           Andrew S. Tulumello, Esq.
                         Gibson, Dunn & Crutcher, LLP
                         1050 Connecticut Avenue, N.W.
                         Washington, D.C. 20036
                         (202) 955-8500
                         fwarin@gibsondunn.com

                         and

If to Escrow Agent:    KeyBank National Association
                         127 Public Square
                         Corporate Escrow department, 7th Floor
                         Cleveland, Ohio 44114
                         Attn: Joyce A. Apostolec, Vice President
                         (216) 689-3855

      15.   <u>Patriot Act Warranties</u>.  Lead Counsel hereby acknowledges receiving from Defense Counsel the representations and warranties, substantially similar in form and in substance to the following, concerning the Settlement Funds that Defense Counsel will deliver for deposit with the Escrow Agent:

6

(a)      Settling Defendants hereby acknowledge that they seek to comply with all applicable laws concerning money laundering and related activities.   In furtherance of those efforts, Settling Defendants hereby represent, warrant, and agree that, to the best of their knowledge:

(i)      none of the cash or property that it has paid, will pay or will contribute to the Settlement Fund has been or shall be derived from, or related to, an activity that is deemed criminal under United States law; and

(ii)      no contribution or payment by it to the Escrow Account shall cause Escrow Agent to be in violation of the United States Bank Secrecy Act, the United States Money Laundering Control Act of 1986 or the United States International Money Laundering Abatement and Anti-Terrorist Financing Act of 2001.

(b)      Settling Defendants agree to promptly notify Escrow Agent if any of the foregoing representations cease to be true and accurate.  Settling Defendants agree to provide to Escrow Agent any additional information regarding itself or any insurers contributing to the Settlement Fund which is reasonably necessary or appropriate for the Escrow Agent to ensure its compliance with all applicable laws concerning money laundering and similar activities, subject to any confidentiality obligations (recognized or permitted by law) that may restrict or prohibit Settling Defendants from providing such information.  Escrow Agent agrees to keep any information provided by Settling Defendants pursuant to this paragraph confidential, and will not disclose such information to any other party except to the extent necessary or appropriate to ensure compliance with all applicable laws concerning money laundering and similar activities; provided, however, that Escrow Agent shall give notice to Defense Counsel as soon as practicable in the event it expects that such a disclosure will become necessary.

(c)      Settling Defendants agree that if at any time Escrow Agent determines that any of the foregoing representations are incorrect with respect to it, or if otherwise required by applicable law or regulation related to money laundering and similar activities, Escrow Agent may undertake whatever actions are reasonably appropriate to ensure compliance with applicable law or regulation.

16.      Entire Agreement.  This Escrow Agreement, including all Schedules and Exhibits hereto, constitutes the entire agreement and understanding of the parties hereto.   Any modification of this Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.  To the extent this Escrow Agreement conflicts in any way with the Stipulation, the provisions of the Stipulation shall govern.

17.      Governing Law.  This Escrow Agreement shall be governed by the law of the State of Ohio in all respects.   The parties hereto submit to the jurisdiction of the Court, in connection with any proceedings commenced regarding this Escrow Agreement, including, but not limited to, any interpleader proceeding or proceeding Escrow Agent may commence pursuant to this Escrow Agreement for the appointment of a successor escrow agent, and all parties hereto submit to the jurisdiction of such Court for the determination of all issues in such

proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

18.     Termination of Escrow Account.  The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Stipulation and this Escrow Agreement.

19.     Miscellaneous Provisions.

(a)     Counterparts.  This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)     Further Cooperation.  The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c)     Non-Waiver.  The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

KEYBANK NATIONAL ASSOCIATION, as Escrow Agent

By: _____

Title _____


MARKOVITS, STOCK & DEMARCO, LLC, Lead Counsel

By: _____



O'MELVENY & MYERS LLP, Defense Counsel for Fannie Mae

By: _____

DUANE MORRIS, counsel for FHFA as Fannie Mae Conservator


By: _____


GIBSON, DUNN & CRUTCHER, LLP, Defense Counsel for KPMG LLP


By: _____

proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

18.     Termination of Escrow Account.   The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Stipulation and this Escrow Agreement.

19.     Miscellaneous Provisions.

(a)     Counterparts.   This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)     Further Cooperation.   The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c)     Non-Waiver.   The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

KEYBANK NATIONAL ASSOCIATION, as Escrow Agent

By: _____

Title _____

MARKOVITS, STOCK & DEMARCO, LLC, Lead Counsel

By: _____

O'MELVENY & MYERS LLP, Defense Counsel for Fannie Mae

By: _____

8

proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

18.    <u>Termination of Escrow Account</u>.  The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Stipulation and this Escrow Agreement.

19.    <u>Miscellaneous Provisions</u>.

(a)    <u>Counterparts</u>.  This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)    <u>Further Cooperation</u>.  The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c)    <u>Non-Waiver</u>.  The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

KEYBANK NATIONAL ASSOCIATION, as Escrow Agent

By: _____

Title _____

MARKOVITS, STOCK & DEMARCO, LLC, Lead Counsel

By: _____

O'MELVENY & MYERS LLP, Defense Counsel for Fannie Mae

By: _____

8

proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

18.   Termination of Escrow Account.   The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Stipulation and this Escrow Agreement.

19.   Miscellaneous Provisions.

(a)   Counterparts.   This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)   Further Cooperation.   The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c)   Non-Waiver.   The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

KEYBANK NATIONAL ASSOCIATION, as Escrow Agent

By: _____
    TERRENCE J. STONE
Title _VICE PRESIDENT_____


MARKOVITS, STOCK & DEMARCO, LLC, Lead Counsel

By: _____


O'MELVENY & MYERS LLP, Defense Counsel for Fannie Mae

By: _____

8

DUANE MORRIS, counsel for FHFA as Fannie Mae Conservator

By: _____

GIBSON, DUNN & CRUTCHER, LLP, Defense Counsel for KPMG LLP

By: _____

DUANE MORRIS, counsel for FHFA as Fannie Mae Conservator

By: _____


GIBSON, DUNN & CRUTCHER, LLP, Defense Counsel for KPMG LLP

By: _____

# EXHIBIT

# D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re Federal National Mortgage Association )
Securities, Derivative, and "ERISA"        ) MDL No. 1668
Litigation                                 )
_____    ) Consolidated Civil Action No. 1:04-cv-01639
                                           ) Judge Richard J. Leon
In re Fannie Mae Securities Litigation     )
                                           )

## DECLARATION OF JOSE FRAGA REGARDING
## DISSEMINATION OF THE NOTICE OF PENDENCY OF CLASS ACTION
## AND PUBLICATION OF SUMMARY NOTICE

Jose C. Fraga declares and states as follows:

1.      I am a Senior Director of Operations of The Garden City Group, Inc.

("GCG"), the Court-appointed Notice Administrator in the above-captioned action (the

"Action"). I have personal knowledge of the facts stated herein and if called upon, I

could and would competently testify thereto. I am submitting this declaration at the

request of Class Counsel.

## I.      INTRODUCTION

2.      Pursuant to the Order Directing Dissemination of the Notice of

Pendency of Class Action to the Class dated June 24, 2008 and entered June 27, 2008

(the "Dissemination Order"), this Court charged GCG with disseminating the Notice of

Pendency of Class Action (the "Notice") to potential class members in accordance with

the terms of the Dissemination Order within 45 days from the entry of the

Dissemination Order. The Dissemination Order also provided for GCG to cause the

Summary Notice to be published in the national edition of *The Wall Street Journal* on

or before 45 days from the entry of the Dissemination Order.

3.    As detailed below, GCG has thus far disseminated more than 900,000 copies of the Notice pursuant to the Dissemination Order.

4.    The deadline for submitting requests for exclusion from the Class (as defined below) was September 23, 2008. GCG received 239 timely requests for exclusion.

## II.    PUBLICATION OF SUMMARY NOTICE

5.    On August 8, 2008, within 45 days of the entry of the Dissemination Order, GCG published the Summary Notice (the "Summary Notice") in the national edition of the *Wall Street Journal*, pursuant to the terms of the Dissemination Order. A copy of the Summary Notice as published is attached hereto as Exhibit A.

6.    On August 8, 2008, the Summary Notice was also published by The Depository Trust Company ("DTC") on its LENS system. DTC is a member of the U.S. Federal Reserve and a registered clearing agency with the Securities and Exchange Commission. DTC was created to reduce costs and provide clearing and settlement efficiencies by immobilizing securities and making "book-entry" changes to ownership of the securities. LENS is accessible to any DTC participant, including nominees whose customers have positions in Fannie Mae securities. The DTC thus provided nominees with another method of obtaining information about the Notice of the pendency of the Action.

## III.    MAILING OF THE NOTICE

### A.    Mailing of the Notice of Pendency of Class Action

7.    Pursuant to the Dissemination Order, GCG was responsible for disseminating the Notice to potential members of the Class listed on the shareholder list

2

provided by Fannie Mae or who otherwise could be identified with reasonable effort. The "Class" is defined in the Notice and the January 7, 2008 Memorandum Opinion of the Court as "all purchasers of the publicly traded common stock and call options of Fannie Mae, and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001 through December 22, 2004, (the "Class Period") who suffered damages thereby (the "Class").

8.      On July 9, 2008, GCG received from Fannie Mae's counsel a shareholder list from Fannie Mae's transfer agent containing the names and addresses of 40,351 persons or entities listed as record transferees of Fannie Mae common stock during the Class Period and an even greater period from January 2, 1998 (before the Class Period) through May 23, 2006 (after the end of the Class Period). GCG entered these names and addresses into the GCG database created for this Action.

9.      GCG caused the names and addresses of the 40,351 record holders identified above to be preprinted on the Notice, a copy of which is attached as Exhibit B. These Notices were disseminated to potential Class Members by first-class mail on July 25, 2008, within 45 days after entry of the Dissemination Order.

10.      Some beneficial owners of Fannie Mae securities are not known to any of the parties to this Action because they are not the "record" owners of the securities, but rather the securities are held of record in "street name," meaning in the name of the brokerage firm or other nominee (or their clearing firms) that purchased the securities on behalf of their customers, the beneficial purchasers. Pursuant to the Dissemination Order, GCG was required to give notice to these nominee owners, and the nominee owners could then either (i) request, within 7 days of receipt of the notice, additional

3

copies of the Notice from GCG and to forward those copies to their beneficial owners, or (ii) provide GCG, within 7 days of receipt of the notice, with a list of the names and last known addresses of the beneficial owners so GCG could mail copies of the Notice to those beneficial owners.

11.     Over the course of its 20-year history, GCG has created and maintained a Nominee Database which contains the names and addresses of 2,641 of the largest and most common brokerage firms, banks, institutions and other nominee purchasers (the "Nominee Database"). GCG continuously updates its Nominee Database with new addresses, new Nominees and/or new branches and eliminates duplicate or obsolete addresses when identified.

12.     On July 25, 2008, GCG also mailed Notices to all 2,641 Nominees in its proprietary Nominee Database, in an effort to have those Nominees assist in getting copies of the Notice to any customers that are potential members of the Class.

13.     After the initial mailing of the Notice, GCG received an additional 593,438 names and addresses of potential Class members from individuals or nominee purchasers, in various formats, requesting that Notices be mailed to these individuals. GCG promptly mailed copies of the Notice, by first-class mail, to each of the 593,438 names and addresses provided to GCG..

14.     GCG also received 18 requests from brokers and other nominees for 281,148 additional copies of the Notice, so they could forward them to their customers. GCG promptly provided these brokers and nominees with the requested number of Notices.

**B.   Treatment of Returned Mail**

15.    As a result of its mailings, GCG received returned mail from the U.S. Postal Service.   18,089 Notices were returned to GCG with forwarding addresses. These packages were promptly re-mailed to the updated addresses.  In addition, 42,709 Notices were returned as undeliverable without a forwarding address.  On a periodic basis, GCG ran these undeliverable records through the United States Postal Service's National Change of Address ("NCOA") database to see if updated address information was available.  When the NCOA search was successful, GCG promptly re-mailed Notices to those potential Class members.  To date, GCG has re-mailed 23,013 Notices to updated addresses identified through an NCOA search.

**C.   Development of the Fannie Mae Class Action Hotline**

16.    Working with Class Counsel and for the convenience of potential members of the Class, GCG established a 24-hour toll-free case-specific telephone hotline to answer questions from potential members of the Class and receive requests for additional copies of the Notice and change of address notifications (1-800-738-0213). GCG also posted a copy of the Notice on its Website.  These resources enabled potential members of the Class to obtain information about the pendency of the Action and to access relevant documents.

17.    Once a caller connects to the hotline, he or she hears a recorded Interactive Voice Response system ("IVR") which provides information to callers about the pending Action, allows callers to request a copy of the Notice by mail, and assists callers in how to go about reporting a change of address.  The hotline became operational on July 25, 2008.

18.    GCG received 399 calls to the hotline.   17 Notices were mailed in response to requests made directly to GCG through the hotline.

19.    In total, 958, 697 Notices have been promptly disseminated by GCG to potential Class members by first-class mail.

## IV.    REPORT ON EXCLUSION REQUESTS RECEIVED

20.    Paragraph 19 of the Notice informed potential Class members that if they wanted to exclude themselves from the Class, they were required to mail a letter requested exclusion postmarked no later than September 23, 2008 to: Fannie Mae Securities Litigation, Exclusions, c/o The Garden City Group, Inc., P.O. Box 9290, Dublin, OH 43017-4690

21.    GCG received 239 timely exclusions requests.  Attached as Exhibit C is a report listing all of the individuals and/or entities who timely requested exclusion from the Class.

22.    In addition, GCG received 24 untimely exclusion requests that were postmarked after the September 23, 2008 deadline.  Attached as Exhibit D is a report listing all of the individuals and/or entities who filed untimely exclusion requests.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 20th day of November 2008 at Melville, New York.

_____
Jose C. Fraga

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668<br>Consolidated Civil Action No. 04-1639 (RJL) |
| In re Fannie Mae Securities Litigation | |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

TO:  ALL PERSONS WHO PURCHASED PUBLICLY TRADED COMMON STOCK AND CALL OPTIONS OF FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") AND/OR SOLD PUBLICLY TRADED FANNIE MAE PUT OPTIONS DURING THE PERIOD FROM APRIL 17, 2001 THROUGH DECEMBER 22, 2004, INCLUSIVE, WHO SUFFERED DAMAGES THEREBY (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Columbia ("the Court") of the pendency of this consolidated class action lawsuit seeking to pursue remedies under the federal securities laws ("the Action").

The Class does not include non-U.S. residents who purchased or sold Fannie Mae common stock or options on non-U.S. exchanges.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED. If you have not yet received the full printed Notice of Pendency of Class Action, you may obtain copies of this document by contacting:

Fannie Mae Securities Litigation
c/o The Garden City Group, Inc.
Notice Administrator
PO Box 9269
Dublin, OH 43017-4669
1-800-738-0211

If you are a Class member and do not exclude yourself from the Class, you will be bound by all orders and any judgment in the Action. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than September 23, 2008.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

By Order of the Court

## AFFIDAVIT

**STATE OF TEXAS** )
                     ) ss:
**CITY AND COUNTY OF DALLAS)**

I, Erin Ostenson, being duly sworn, depose and say that I am the Advertising Clerk of the

Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general

circulation throughout the United States, and that the Notice attached to this Affidavit has

been regularly published in THE WALL STREET JOURNAL for national distribution

for <u>one</u> insertion(s) on the following date(s): <u>8/8/08</u>; advertiser: <u>Fannie Mae.</u>; and that the

foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
_____ day of _____ , _____

_____
Notary Public

# EXHIBIT B

**Fannie Mae Securities Litigation**
c/o The Garden City Group, Inc.
Notice Administrator
PO Box 9269
Dublin, OH 43017-4669

**<u>IMPORTANT PAPERS ENCLOSED</u>**

**Return Service Requested**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

**NOTICE OF PENDENCY OF CLASS ACTION**

TO:      **ALL PERSONS WHO PURCHASED PUBLICLY TRADED COMMON STOCK AND CALL OPTIONS OF FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") AND/OR SOLD PUBLICLY TRADED FANNIE MAE PUT OPTIONS DURING THE PERIOD FROM APRIL 17, 2001 THROUGH DECEMBER 22, 2004, INCLUSIVE, WHO SUFFERED DAMAGES THEREBY.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT UNLESS YOU EXPRESSLY EXCLUDE YOURSELF FROM THE CLASS IN WRITING PURSUANT TO THE INSTRUCTIONS BELOW.**

      **YOU ARE HEREBY NOTIFIED** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Columbia ("the Court") of the pendency of this consolidated class action lawsuit seeking to pursue remedies under the federal securities laws ("the Action").

      This is not a notice of a settlement.  This Notice is to advise you of the pendency of a securities class action, the claims asserted by the Class (defined below in paragraph 1), and your rights in connection with the Action.  This Notice is not an expression of an opinion by the Court as to the merits of any of the claims or defenses asserted by either side in this Action.

**Definition of the Certified Class**

1.      On January 7, 2008, the Court entered an order certifying this Action as a class action on behalf of a class defined as follows:

      All purchasers of the publicly traded common stock and call options of Fannie Mae, and sellers of Fannie Mae publicly traded put options during the period from April 17, 2001, through December 22, 2004 (the "Class Period") who suffered damages thereby (the "Class").  Excluded from the Class are (i) the Defendants (defined below in paragraph 3), (ii) any person who was an officer or director of Fannie Mae or any of its parents or subsidiaries during the Class Period, (iii) the members of the immediate family of each of the Individual Defendants (defined below in paragraph 3), (iv) any entity in which any Defendant had a controlling interest during the Class Period, (v) any parent or subsidiary of Fannie Mae, (vi) any incentive, retirement, stock or other benefit plan that benefited solely the Individual Defendants, and (vii) the legal representatives, heirs, predecessors, successors or assigns of any of the foregoing excluded persons and entities.

2.      If you purchased publicly traded common stock and/or call options of Fannie Mae, or sold Fannie Mae publicly traded put options during the Class Period, and suffered damages thereby, you are deemed a member of the Class (a "Class Member").

3.      This Notice is not being provided to non-U.S. resident purchasers of Fannie Mae common stock and call options, and sellers of Fannie Mae put options, who bought Fannie Mae common stock and call options or sold Fannie Mae put options on exchanges located outside the United States and such individuals and entities shall not benefit from any recovery by the Class or be bound by any judgment for Defendants in this Action.

**Description of the Action**

4.      Named parties in the Action:

      a.      The Class is represented by the Court appointed Class Representatives and Lead Plaintiffs, Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio (collectively "Lead Plaintiffs").

      b.      Defendants are Fannie Mae, former Fannie Mae officers Franklin D. Raines, Timothy Howard, and Leanne G. Spencer (Raines, Howard, and Spencer are referred to herein collectively as the "Individual Defendants"), and Fannie Mae's former auditor, KPMG LLP ("KPMG") (Fannie Mae, the Individual Defendants and KPMG are referred to herein collectively as the "Defendants").

5.      Lead Plaintiffs seek to recover damages sustained by members of the Class as a result of claims arising from alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC").

6.      Lead Plaintiffs allege that Defendants inflated the value of Fannie Mae securities by making a series of materially false and misleading statements and omissions concerning, among other things, Fannie Mae's track record of reporting steady and stable quarter to quarter earnings growth and Fannie Mae's compliance with Generally Accepted Accounting Principles ("GAAP").  The Second Amended Complaint states that on September 22, 2004, Fannie Mae's regulator, the Office of Federal Housing Enterprise Oversight ("OFHEO") publicly announced that as a result of an investigation into Fannie Mae's accounting policies and internal controls, OFHEO concluded that Fannie Mae and the Individual Defendants had intentionally misapplied GAAP to distort financial results and "smooth" earnings growth from quarter to quarter; that the SEC confirmed that Fannie Mae's accounting practices did not comply with GAAP and advised Fannie Mae to restate its financial statements from 2001 to mid-2004; and that on December 22, 2004 (the last day of the Class Period) Fannie Mae announced that it would restate its financial statements from 2001 to mid-2004 by an estimated $9 billion. As a result of Defendants' actions, Lead Plaintiffs allege that the Class has incurred damages.

7.      Defendants deny that they violated the federal securities laws.  Defendants have also asserted certain affirmative defenses to the claims alleged in this case.

### Status of the Litigation

8.      This Action consolidates numerous actions that were first brought in this Court against Fannie Mae and the Individual Defendants (collectively, the "Fannie Mae Defendants") on September 23, 2004.

9.      Pursuant to provisions of the Private Securities Litigation Reform Act of 1995 and by Order dated January 13, 2005, the Court appointed the Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio as the Lead Plaintiffs in the Action.

10.     On March 4, 2005, Lead Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint") against the Fannie Mae Defendants. On May 3, 2005, the Fannie Mae Defendants filed motions to dismiss the Complaint.  On February 10, 2006, the Court denied the Fannie Mae Defendants' motions to dismiss.

11.     On August 14, 2006, Lead Plaintiffs filed a Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") to include two additional defendants:  Fannie Mae's former external auditor, KPMG, and Goldman, Sachs & Co. ("Goldman Sachs").   On September 28, 2006, KPMG filed its motion to dismiss the Second Amended Complaint.  On November 13, 2006, Goldman Sachs filed its motion to dismiss the Second Amended Complaint. On January 24, 2007, the Court denied KPMG's motion to dismiss.  On May 8, 2007, the Court granted Goldman Sachs' motion to dismiss.

12.     On May 17, 2006, Lead Plaintiffs moved to certify a class.  After briefing and oral argument, the Court certified the Class (as defined above) on January 7, 2008.  The Court also appointed the Lead Plaintiffs to serve as Class Representatives and approved Lead Counsel Waite, Schneider, Bayless & Chesley Co. L.P.A. and Co-Lead Counsel Bernstein Liebhard & Lifshitz, LLP as Class Counsel.

13.     The parties are currently engaged in discovery, which includes, among other things, the review and analysis of documents, deposing witnesses, and expert discovery.

### Your Rights as a Class Member

14.     This Notice is given to you in the belief that you may be a member of the Class whose rights may be affected by this Action. You have the right to remain a Class Member or to exclude yourself from the Class.

15.     **IF YOU WISH TO REMAIN A CLASS MEMBER, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME.**

16.     If you remain a Class Member, you will be bound by any judgment in this Action, whether it is favorable or unfavorable.  If there is any recovery, whether resulting from a trial or settlement, you may be entitled to share in the proceeds, less such costs, expenses, and attorneys' fees as the Court may allow out of any such recovery.  If you remain a Class Member and the Defendants or any other defendant who may be joined in the Action prevail in the Action, you will not be able to pursue an individual lawsuit on your own with regard to any of the issues arising in this Action.  In the event of a recovery by the Class, you will be required to prove your membership in the Class and your trading of Fannie Mae common stock, call options, and put options during the Class Period.   In addition, if you are shareholder residing outside the United States, you will be required to provide documentary evidence that you purchased Fannie Mae common stock or call options, or sold Fannie Mae publicly traded put options on an exchange physically located inside the United States such as, for example, the New York Stock Exchange or the Chicago Board Options Exchange.

17.     If you remain in the Class, your rights will be represented by Lead Plaintiffs and by Lead and Co-Lead Counsel, who are:

| ATTORNEY GENERAL OF OHIO | WAITE, SCHNEIDER, BAYLESS & | BERNSTEIN LIEBHARD & LIFSHITZ, LLP |
|---|---|---|
| Nancy H. Rogers | CHESLEY CO., L.P.A. | Stanley D. Bernstein, Esq. |
| State Office Tower | Stanley M. Chesley, Esq. | 10 East 40th Street |
| 30 East Broad Street, 17th Floor | 1513 Fourth & Vine Tower | 22nd Floor |
| Columbus, Ohio 43215 | Cincinnati, Ohio 45202 | New York, New York 10016 |
| (614) 466-4320 | (513) 621-0267 | (212) 779-1414 |

18.     If you remain a Class Member, you will not be personally responsible for Lead Plaintiffs' attorneys' fees or costs.  Any fees or expenses ultimately allowed by the Court to Lead Plaintiffs' counsel will be payable out of the recovery in the Action, if any.

19.     <u>How to Exclude Yourself from the Class:</u>  In the event you wish to <u>exclude</u> yourself from the Class, you must submit a written request setting forth the name and address of the person or entity requesting exclusion and stating that such person or entity requests exclusion from the Class in <u>In re Fannie Mae Securities Litigation</u>, No. Civ. 04-1639 (RJL), and the request must be signed by such person or entity.  Requests for Exclusion must be mailed to the Notice Administrator at:

Fannie Mae Securities Litigation Exclusions
c/o The Garden City Group, Inc.
Notice Administrator
PO Box 9290
Dublin, OH 43017-4690

To be effective, your Request for Exclusion must be mailed to the Notice Administrator by September 23, 2008.  Do <u>not</u> request exclusion if you wish to participate in this Action as a Class Member.

20.     If you exclude yourself from the Class, you will not be bound by any judgment in this Action, nor will you be entitled to share in any recovery in this Action, should any recovery be obtained by the Class, but you may individually pursue any legal rights you may have against any of the Defendants.

21.     If you do not request exclusion from the Class by September 23, 2008 you will be considered a Class Member, and you will be bound by any final judgment in this Action.

22.     If you do not request exclusion from the Class, you may, if you so desire, at your own expense, enter an appearance in the Action through an attorney of your own choice by filing a Notice of Appearance with the Court.

**Right to Examine Court Papers**

23.     This Notice does not fully describe all of the claims and contentions of the parties.  The pleadings and other papers filed in this Action are available for inspection by you or your attorney during business hours at the Office of the Clerk of Court, United States District Court for the District of Columbia, 1225 E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, DC 20001. **PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE CLERK'S OFFICE.**  All inquiries regarding this Action should be addressed to the Notice Administrator at the address below or to Lead Plaintiffs' counsel at the addresses listed above.

**Please Keep Your Address Current**

24.     To assist the Court and the parties in maintaining accurate lists of Class Members, you are requested to mail notice of any changes in your address to the Notice Administrator at the address listed below.

**Special Notice to Securities Brokers**

25.     If you purchased Fannie Mae securities, purchased call options and/or sold Fannie Mae put options during the Class Period for the beneficial interest of a person or entity other than yourself, you are directed to, within twenty (20) days of your receipt of this Notice, either (a) provide to the Notice Administrator the name and last known address of each person or entity for whom you purchased Fannie Mae common stock, purchased call options and/or sold Fannie Mae put options during the Class Period or (b) request additional copies of this Notice from the Notice Administrator, which will be provided to you free of charge, and forward this Notice directly to the beneficial owners of the securities referred to herein.  If you select option (a) above, the Notice Administrator will cause copies of this Notice to be forwarded to each beneficial owner so designated.  You are entitled to reimbursement for your reasonable expenses actually incurred in complying with the foregoing, including reasonable postage expenses and the reasonable costs of ascertaining the names and addresses of beneficial owners.  Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation.

Fannie Mae Securities Litigation
c/o The Garden City Group, Inc.
Notice Administrator
PO Box 9269
Dublin, OH 43017-4669
1-800-738-0213

DATED:  July 25, 2008                                                                    By Order of the Court

# EXHIBIT C

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  1   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1123062 ABBRACCIAMENTO, | MS&CO C/F LOUIS ABBRACCIAMENTO IRA STD/ROLLOVER-SPOUSAL 06/23/98 96 BISMARK AVE VALLEY STREAM NY | | 08/10/08 | |

Associated Claims

| 1040375 ADVENT VENTURE | ADVENT VENTURE PARTNERS LLP A/C ADVENT PRIVATE EQUITY FUND 11B 25 BUCKINGHAM GATE LONDON UK SW1E 6LD | | 08/12/08 | |

Associated Claims

| 1252275 AERED, OMER L | OMER L AERED & PAULINE F AERED 116 DONNA DR SYLVESTER GA | | 09/04/08 | |

Associated Claims

| 2516 ANTHONY, JOE F | JOE F ANTHONY & BETTY M ANTHONY JTWROS 11010 EAST 85TH PLACE TULSA OK | | 09/23/08 | |

Associated Claims

| 1001003 ARENT, JACQUELI | JACQUELINE ARENT 18 CHAPEL HILL DR BRENTWOOD NY | | 09/17/08 | |

Associated Claims

| 2329 ARMSTRONG, DORO | DOROTHY Y ARMSTRONG 213 HARVEY AVE LINCRAFT NJ | | 09/23/08 | |

Associated Claims

| 1001853 BARNEKO, MELVIN | MELVIN K BARNEKO & ALICE M BARNEKO JT TEN, 305 EVANS AVENUE VALPARAISO IN | | 08/04/08 | |

Associated Claims

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2026670 BARTECEK, IRMA | IRMA L KRUSHELNYSKY BARTECEK<br>2724 ALLEN AVE<br>UNION NJ | | 09/22/08 | |

Associated Claims

| 1456186 BENAZZI, GILBER | GILBERT BENAZZI<br>CGM IRA ROLLOVER CUSTODIAN<br>3305 163RD STREET<br>FLUSHING NY | | 09/18/08 | |

Associated Claims

| 1002531 BENTLEY, GRACE | GRACE V BENTLEY<br>15 MONROE HEIGHTS<br>CORTLAND NY | | 09/04/08 | |

Associated Claims

| 1002567 BERGEMANN, PAUL | PAUL C BERGEMANN &<br>EDNA C BERGEMANN JT TEN.<br>14465 S E WEBSTER RD<br>MILWAUKIE OR | | 08/21/08 | |

Associated Claims

| 1344930 BERGER, SARA | SARA BERGER JTWROS<br>36 PRICEWOODS COURT<br>ST LOUIS MO | | 09/11/08 | |

Associated Claims

| 1188185 BIESIADECKI, TH | FMT CO CUST IRA<br>FBO THEODORE F BIESIADECKI<br>2550 CONSTANCE DR<br>MANASQUAN NJ | | 09/11/08 | |

Associated Claims

| 1002933 BINKERD, JEAN | JEAN BINKERD<br>8033 ORATORIO PLACE<br>CHARLOTTE NC | | 08/28/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page   3   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1294585 BLACKMAR, L SHI | L SHIRLEY BLACKMAR<br>THE BLACKMAR TRUST<br>13373 N PLAZA DEL RIO BLVD<br>APPT 3309<br>PEORIA AZ | | 09/09/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1251519 BORN, MARGARET | MARGARET J BORN<br>2712 WHIPPOORWILL DRIVE<br>CHARLESTON IL | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1380448 BOYER, RAYMOND | RAYMOND J BOYER<br>6479 SW 87 STREET<br>OCALA FL | | 09/15/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2502 BRATTION, CHARL | CHARLES H BRATTION<br>3616 WINBOURNE DRIVE<br>SUFFOLK VA | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1147795 BRONEC, ROBERT | MORGAN STANLEY DW INC CUST FOR<br>ROBERT B BRONEC<br>IRA STANDARD  DATED 01/11/00<br>143 STEEPLECHASE WAY<br>SOUTHERN PINES NC | | 08/13/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2371 BROWN, GEORGE C | GEORGE C BROWN<br>25 SIDNEY STREET<br>APT #1<br>STRATFORD CT | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1004278 BROWN, ROY | ROY BROWN &<br>FLORA JEAN BROWN JT TEN.<br>PO BOX 190<br>VIRDEN MB R0M 2C0 | | 08/21/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2021845 BRUCKNER, EVA J | EVA J BRUCKNER<br>1955 28TH ST<br>COOS BAY OR | | 09/03/08 | |

Associated Claims

| 1484458 BUCHER, WHEATLE | MR WHEATLEY G BUCHER<br>CGM IRA CUSTODIAN<br>11701 NE 140TH PL<br>KIRKLAND WA | | 09/22/08 | |

Associated Claims

1484549  WHEATLEY G BUCHER CGM IRA ROLLOVER CUSTODIA

| 1089935 BURGARD, EDWARD | MORGAN STANLEY DW INC CUST FOR<br>EDWARD BURGARD<br>IRA STANDARD  DATED 05/14/04<br>249 PORT DR UNIT 6<br>KIMBERLING CITY MO | | 08/13/08 | |

Associated Claims

| 1329192 BUTCHAR JR, STA | STANLEY P BUTCHAR JR<br>STANLEY BUTCHAR JT TEN<br>1437 SOUTHVIEW DR<br>BLUEFIELD WV | | 09/19/08 | |

Associated Claims

| 1355446 BUTIKOFER, PETE | PETER BUTIKOFER<br>BREITENBRAIN 59<br>CH-3032<br>HINTERKAPPELEN  SWITZERLAND<br>S AA | | 09/17/08 | |

Associated Claims

| 1274469 BUTLER, EUGENE | EUGENE B BUTLER<br>3850 RIVER RUN TRL<br>BIRMINGHAM AL | | 09/03/08 | |

Associated Claims

1158040  WACHOVIA BANK FBO EUGENE B BUTLER

| 2001896 CAMPBELL, NELLI | NELLIE GETTYS CAMPBELL TRUST<br>NELLIE GETTYS CAMPBELL TTEE<br>301 CALVERT AVE<br>CLINTON SC | | 09/02/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1585420 CARPENTER, BRUC | BRUCE K CARPENTER &<br>JEANNETTE E CARPENTER<br>DECLARATION OF TR<br>DTD 6-23-98 BRUCE K CARPENTER &<br>JEANNETTE E CARPENTER TTEES<br>14601 NW 151ST BLVD<br>ALACHUA FL | | 09/23/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2596 CARVALLO, PAULO | PAULO AND SONIA B CARVALLO<br>RUA-ENRICO DE MARTINO<br>285 CEP<br>SAO PAULO | | 09/22/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1292099 CAYA, KAREN ANN | KAREN ANN CAYA<br>CHARLES SCHWAB & CO INC CUST<br>153 WALNUT STREET<br>EAST AURORA NY | | 09/16/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1217127 CHAPMAN, LEONAR | LEONARD L CHAPMAN TTEE<br>CHAPMAN FAMILY TRUST<br>U/A/D 10-5-90<br>6089 BUCKSKIN LANE<br>ROSEVILLE CA | | 09/08/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1424608 CHERNER, JAY Y | JAY Y CHERNER<br>FIRST CHIROPRACTIC   SEP IRA<br>RBC DAIN RAUSCHER CUSTODIAN<br>5355 PENN AVE S<br>MINNEAPOLIS MN | | 09/22/08 | |

Associated Claims

1424609   JAY Y CHERNER JW SELIGMAN       1424610   JAY Y CHERNER VOYAGUER

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1193206 CHRISTISON, TER | FMTC CUSTODIAN - ROTH IRA<br>FBO TERESA S CHRISTISON<br>1245 KIMBOLTON DRIVE<br>CARY NC | | 09/13/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1110485 CHRISTO, IRENE | MS&CO C/F<br>IRENE M CHRISTO<br>IRA ROLLOVER   DATED 02/13/97<br>92 ROUTE 134<br>SOUTH DENNIS MA | | 08/25/08 | |

Associated Claims

EXC1T
EXC1T020

**Timely Requests for Exclusion**
FANNIE MAE SECURITIES LITIGATION

Page  6   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1421642 CLARK, BONITA | BONITA CLARK<br>INDIVIDUAL RETIREMENT ACCOUNT<br>RBC DAIN RAUSCHER CUSTODIAN<br>HAYS ADV<br>606 E MYRLE<br>LONGVIEW TX | | 09/23/08 | |

Associated Claims

1421643   BONITA CLARK INDIVIDUAL RETIREMENT ACCOUNT

| 1200074 CLARKSON, MARIO | MARION S CLARKSON<br>204 CORONADO CIR<br>KERRVILLE TX | | 09/03/08 | |

Associated Claims

| 1092765 COBENA, LAWRENC | MS&CO C/F<br>LAWRENCE J COBENA<br>IRA ROLLOVER  DATED 03/20/02<br>3640 RUE NICHOLE<br>NEW ORLEANS LA | | 08/13/08 | |

Associated Claims

| 1006770 COLEGROVE, WHIT | WHITNEY ROBERT COLEGROVE<br>211 MUIRWOOD VILLAGE DR<br>DELAWARE OH | | 08/11/08 | |

Associated Claims

| 1006782 COLEMAN, LUNA | LUNA COLEMAN<br>6420 WINDERMERE CIR<br>ROCKVILLE MD | | 08/04/08 | |

Associated Claims

376      MAURICE W. COLEMAN 6420 WINDERMERE CIRCLE

| 1298449 COMBINE, MACKLI | MACKLIN K COMBINE OR<br>DORTHA L COMBINE<br>COMBINE FAMILY TRUST<br>736 STEPHEN RD<br>BURBANK CA | | 09/12/08 | |

Associated Claims

| 2492 CONNER, BETTY A | BETTY A CONNER<br>6945 BLACK WALNUT CT<br>ROANOKE VA | | 09/23/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  7  of  35
13-Nov-08  4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1553767 COURSEN, MARJOR | MARJORIE W COURSEN<br>TOD DONALD COURSEN<br>SUBJECT TO STA TOD RULES<br>5305 REMINGTON DRIVE<br>ALEXANDRIA VA | | 09/18/08 | |

Associated Claims

1581284   MARJORIE W COURSEN AND DONALD COURSEN JTWRO

| | | | | |
|---|---|---|---|---|
| 1301276 COX, MARY PATRI | MARY PATRICIA COX<br>COX FAMILY TRUST<br>37 MONTECITO DR<br>CORONA DEL MAR CA | | 09/04/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1250436 COX, MAXINE T | MAXINE T COX TTEE<br>U/A DTD 5/14/2001<br>MAXINE COX REVOCABLE<br>LIVING TRUST<br>2921 MANCHESTER DRIVE<br>JANESVILLE WI | | 09/02/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1007408 CRAFTER, TERESA | TERESA T CRAFTER<br>3211 WYNCROFT PL<br>NORCROSS GA | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1528402 CROOK, STEPHEN | STEPHEN E CROOK  AND<br>MARCIA THOMPSON-CROOK  JTWROS<br>LAZARD GLOBAL<br>28 MEXICO ROAD<br>OLEY PA | | 09/18/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1268202 CROSS, DAVID G | DAVID G CROSS<br>CHARLES SCHWAB & CO INC CUST<br>5938 QUAIL RUN DR<br>INDIANAPOLIS IN | | 09/02/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1007644 CROXFORD, MARY | MARY E CROXFORD<br>PO BOX 26413<br>MINNEAPOLIS MN | | 09/08/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  8   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2003399 DAVIS, JUANITA | JUANITA E DAVIS<br>307 3RD STREET<br>WERNERSVILLE PA | | 09/04/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1269508 DELA LTD | DELA LTD<br>A PARTNERSHIP<br>C/O BURRITT S HUBBARD, JR<br>11306 ST ANDREWS WAY<br>CONCORD OH | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1402580 D'ELIA, MICHAEL | MICHAEL D'ELIA<br>535 FAIRBANKS STREET<br>PHILLIPSBURG NJ | | 09/10/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1008653 DENNIS, ELISE C | ELISE C DENNIS<br>8 LAWN AVE<br>NORTHAMPTON MA | | 08/19/08 | |

Associated Claims

1186327   ELISE C DENNIS 8 LAWN AVE

| | | | | |
|---|---|---|---|---|
| 1276378 DINELLI, G | G DINELLI & D DINELLI<br>THE DINELLI REVOCABLE LIVING T<br>2005 HARRY E YARNELL CT<br>BAKERSFIELD CA | | 09/03/08 | |

Associated Claims

1021474   G BRUNO DINELLI & DORIS J DINELLI      1051867   MS&CO C/F G BRUNO DINELLI
1276336   G BRUNO DINELLI CHARLES SCHWAB & CO INC CUS

| | | | | |
|---|---|---|---|---|
| 1219832 DONOVAN, MARY K | A G EDWARDS & SONS C/F<br>MARY K DONOVAN<br>IRA ACCOUNT<br>51 METACOMET DRIVE<br>MERIDEN CT | | 09/13/08 | |

Associated Claims

1219838   MARY K DONOVAN TTEE RAYMOND E DONOVAN TRUST

| | | | | |
|---|---|---|---|---|
| 1583247 DOOLIN, WILLIAM | WILLIAM C DOOLIN<br>8903 E FUNSTON<br>GPM ACCOUNT<br>WICHITA KS | | 09/22/08 | |

Associated Claims

EXC1T
EXC1T020

**Timely Requests for Exclusion**
FANNIE MAE SECURITIES LITIGATION

Page  9   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1292796 DULAWA, KATHRYN | KATHRYN ESTELLA DULAWA<br>KATHRYN ESTELLA DULAWA LIVING<br>156 PLANTATION CIRCLE S<br>PONTE VEDRA BEACH FL | | 08/30/08 | |

Associated Claims

| 1295942 DULAWA, LEOPOLD | LEOPOLDO DULAWA<br>CHARLES SCHWAB & CO INC CUST<br>156 PLANTATION CIR S<br>PONTE VEDRA BEACH FL | | 08/30/08 | |

Associated Claims

| 1538082 DUNBAR, CAROL K | CAROL K. DUNBAR<br>CGM IRA CUSTODIAN<br>1065 149TH PLACE SE<br>BELLEVUE WA | | 09/18/08 | |

Associated Claims

1537822   CAROL K DUNBAR TTEE WILLIAM G DUNBAR DISCLA

| 1009738 DURFEE, AUDREY | AUDREY N DURFEE<br>4920 LOCUST ST NE 103<br>ST PETERSBURG FL | | 08/08/08 | |

Associated Claims

| 1009985 EDWARDS JR, J O | J O EDWARDS JR<br>5813 NORTH OAK TREE RD<br>EDMOND OK | | 09/12/08 | |

Associated Claims

| 1010124 ELDER, JOSEPHIN | JOSEPHINE J ELDER<br>29059 MAGNOLIA DRIVE<br>BIG PINE KEY FL | | 08/29/08 | |

Associated Claims

| 1010224 ELTANAL, RIVA S | RIVA SY ELTANAL<br>PO BOX 4154<br>SCOTTSDALE AZ | | 08/04/08 | |

Associated Claims

1010225   RONALD S ELTANAL PO BOX 4154        1010226   RONALD SY ELTANAL CUST ROSSANA S ELTANAL UT
1010227   RYAN S ELTANAL PO BOX 4154        1022636   MARILYN S ELTANAL + JULIETO P ELTANAL

EXC1T
EXC1T020

**Timely Requests for Exclusion**
FANNIE MAE SECURITIES LITIGATION

Page 10 of 35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1135843 EVERETTE, JANET | MS&CO C/F<br>JANET W EVERETTE<br>IRA ROLLOVER  DATED 02/17/99<br>2717 YEOMANS LANTERN COURT<br>ANNAPOLIS MD | | 08/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 834 EWT, LLC | EWT, LLC<br>9242 BEVERLY BLVD<br>SUITE 300<br>ATTN: SHIRLEY SCHEKER,<br>CORPORATE COUNSEL<br>BEVERLY HILLS CA | | 08/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1303929 FEINSTEIN, MORR | MORRIS I FEINSTEIN<br>CHARLES SCHWAB & CO INC CUST<br>1805 HAWTHORNE AVE<br>HAVERTOWN PA | | 08/30/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2193 FERNAND, GERALD | GERALDINE T FERNAND<br>37 RIGGS PLACE<br>SOUTH ORANGE NJ | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1382682 FERNUNG, LESTER | LESTER J FERNUNG IRA<br>1400 S. L STREET<br>ELWOOD IN | | 09/18/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1081676 FISHWICK, SHIRL | MS&CO C/F<br>SHIRLEY L FISHWICK<br>IRA STD/ROLLOVER DTD 11/22/00<br>1530 CREEKSIDE COVE<br>WHEATON IL | | 08/29/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1054572 FLORES, PATRICK | PATRICK & CAROLINE FLORES TTEES<br>O/T PATRICK E & CAROLINE A<br>FLORES<br>FMLY TRUST DTD 05/16/1995<br>1829 HIGHLAND BLVD<br>HAYWARD CA | | 08/21/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1135104 FOREMAN, ROY M | ROY M FOREMAN & CANDACE P FOREMAN JT TEN 53 OFFSHORE LANE BERLIN MD | | 08/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1138774 FRAGOSO, LEILA | LEILA VELOSO NERY FRAGOSO & ALEXANDRE NERY FRAGOSO JT TEN RUA ALVARENGA PEIXOTO 854 1001 LOURDES BELO HORIZONTE-MG-BRASIL-CEP:30180-120 | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2493 GABRIEL, BARBAR | BARBARA A. GABRIEL 55 OCEAN AVENUE APT 12-B MONMOUTH BEACH NJ | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1441844 GAGNE, ROLAND A | ROLAND A. GAGNE CGM IRA CUSTODIAN 1333 CANDLEWOOD DRIVE COLUMBUS OH | | 09/16/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1012298 GALEN, EVAN H | EVAN H GALEN PO BOX 161 GREAT FALLS VA | | 08/07/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1191543 GIBSON, CURTIS | FMT CO CUST IRA ROLLOVER FBO CURTIS S GIBSON 5556 ATTICA AVE CINCINNATI OH | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1434996 GOSLINE, MAXINE | MAXINE GOSLINE TTEE FBO GOSLINE FAMILY TRUST U/A/D 8/22/05 PM ACCT 1700 BRONSON WAY #41 KALAMAZOO MI | | 09/17/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1429201 GUSTAFSON, WILL. | WILLIAM A GUSTAFSON<br>AKIKO O. GUSTAFSON<br>COMM PROP<br>19308 200TH AVE NE<br>WOODINVILLE WA | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1436377 HALL, ELAINE L | ELAINE L HALL<br>717 MAIDEN CHOICE LANE ST509<br>BALTIMORE MD | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1014614 HAND, NOEL H | NOEL H HAND &<br>LILLIAN J HAND JT TEN,<br>1134 ADOBE NORTE AVE<br>FALLBROOK CA | | 08/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1014754 HARDY, ERNEST E | ERNEST E HARDY &<br>JANE E HARDY JT TEN,<br>215 ENFIELD FALLS RD<br>ITHACA NY | | 08/04/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1014772 HARKEY, ELIZABE | ELIZABETH P HARKEY<br>9601 SOUTHBROOK DR APT 317-E<br>JACKSONVILLE FL | | 09/15/08 | |

Associated Claims

1330506   ELIZABETH P HARKEY 9601 SOUTHBROOK DR APT E

| | | | | |
|---|---|---|---|---|
| 1014856 HARRIS, KATHERI | KATHERINE J HARRIS<br>TR UA 01/08/96 HARRIS FAMILY<br>EXEMPTION A TRUST,<br>124 ALLEGRO DR<br>SANTA CRUZ CA | | 08/04/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2156 HAWAII EMPLOYER | HAWAII EMPLOYERS' MUTUAL<br>INSURANCE CO<br>C/O ROBERT L. DOVE, CEO<br>1003 BISHOP STREET<br>SUITE 1000<br>HONOLULU HI | | 09/19/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1015262 HEATH, DAVID S | DAVID S HEATH<br>403 DESERTMARTIN WAY<br>CHESAPEAKE VA | | 08/06/08 | |

Associated Claims

| 2014 HENSON, HAROLD | HAROLD & ILSE HENSON<br>9110 BELVOIR WOODS PKWY<br>APT. 126<br>FT BELVOIR VA | | 09/18/08 | |

Associated Claims

| 1225182 HESS, JOAN M | JOAN M HESS<br>TOD ACCOUNT<br>363 FAIRWAY AVENUE<br>CHILLICOTHE OH | | 09/02/08 | |

Associated Claims

| 2023630 HILL, ROBERT | ROBERT J HILL TESTAMENTARY<br>TRUST<br>HELEN C AND ROBERT W HILL<br>UAD 5/25/00<br>MANAGER J P MORGAN<br>505 E LANCASTER AVE APT 417<br>ST DAVIDS PA | | 09/03/08 | |

Associated Claims

| 1511505 HOFFMAN, MARJOR | MARJORIE NYBERG HOFFMAN, TTEE<br>MARJORIE NYBERG HOFFMAN TRUST<br>U/A/D 05/28/96<br>2181 BROADMORE AVENUE<br>SAN PABLO CA | | 09/16/08 | |

Associated Claims

| 1179827 HOOVER, ELIZABE | ELIZABETH B HOOVER IRA<br>RAYMOND JAMES & ASSOC INC CSDN<br>(LCCG)<br>415 BLAKE DR<br>FORT WAYNE IN | | 09/04/08 | |

Associated Claims

1177084   JOSEPH R HOOVER IRA DELAWARE CHARTER GTY &

| 1324320 HORTON, VERN HI | VERN HICKS HORTON &<br>SUZANNE B HORTON<br>5750 COCHISE DR<br>MISSOULA MT | | 09/13/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2694 HSBC BANK USA, | HSBC BANK USA, N.A<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2691 HSBC CAPITAL (U | HSBC CAPITAL (USA) INC<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2692 HSBC MARKETS (N | HSBC MARKETS (NY) INC<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2689 HSBC MARKETS (U | HSBC MARKETS (USA) INC<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2695 HSBC NATIONAL B | HSBC NATIONAL BANK USA<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2690 HSBC SECURITIES | HSBC SECURITIES (USA) INC<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2696 HSBC TRUST COMP | HSBC TRUST COMPANY (DELAWARE),<br>N.A.<br>26525 NORTH RIVERWOODS BLVD<br>ATTN: DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2693 HSBC USA INC | HSBC USA INC<br>26525 NORTH RIVERWOODS BLVD<br>ATTN  DANIEL L MONTENARO<br>METTAWA IL | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1488684 HUGHES, CYNTHIA | CYNTHIA L HUGHES<br>3835 WEST 525 SOUTH<br>TRAFALGAR IN | | 09/05/08 | |

Associated Claims

1165173  CYNTHIA L HUGHES 3835 W 525 S

| | | | | |
|---|---|---|---|---|
| 1106163 HUGHES, THOMAS | THOMAS EDWARD &<br>STELLA MAE HUGHES, CO-TTEE<br>U/A DTD 02/21/2002<br>P O BOX 194<br>SHIPMAN IL | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1254285 HYDE, CECILE | CECILE HYDE<br>79 RUE MOUNTAIN<br>PR<br>SUTTON QC  J0E 2K0<br>CANADA | | 09/15/08 | 1B2FZXB |

Associated Claims

1254218  CECILE HYDE 79 RUE MOUNTAIN      1254284  CECILE HYDE 79 RUE MOUNTAIN

| | | | | |
|---|---|---|---|---|
| 1017285 JAHNKE, RICHARD | RICHARD P JAHNKE &<br>LOUISE M JAHNKE<br>TR UA 09/20/94 RICHARD & LOUISE<br>JAHNKE LIVING TRUST,<br>1002 HAWTHORN DR<br>WAUKESHA WI | | 08/04/08 | |

Associated Claims

1017286  RICHARD P JAHNKE + LOUISE M JAHNKE JT TEN,

| | | | | |
|---|---|---|---|---|
| 1267022 JARAMILLO, DALI | DALIA A JARAMILLO<br>JARAMILLO TRUST<br>2442 TRAMWAY TERRACE COURT NE<br>ALBUQUERQUE NM | | 09/02/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1300735 JEWELL, MARY A | MARY A JEWELL<br>DESIGNATED BENE PLAN/TOD<br>P O BOX 661596<br>SACRAMENTO CA | | 09/04/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1226915 JOHNS, AUBREY W | AUBREY W JOHNS & HELEN L JOHNS JT TEN 4058 WOODSIDE DRIVE APT #12 HARRISONBURG VA | | 09/17/08 | |

Associated Claims

| 1041185 JOHNSTON, MARY | MARY JOHNSTON OR MR. PALMER (PAL) JOHNSTON 9132 141 ST NW EDMONTON AB  T5R 0L4 EDMONTON | | 08/28/08 | |

Associated Claims

| 1286124 JUSTIN, JEANETT | JEANETTE C JUSTIN JEANETTE CLAIRE JUSTIN LIVING 55 FIELDSTONE DR S BURLINGTON VT | | 09/02/08 | |

Associated Claims

1286123   JEANETTE C JUSTIN CHARLES SCHWAB & CO INC C

| 1018440 KAPPES, IRWIN J | IRWIN J KAPPES & IRENE KAPPES JT TEN, 522 NORTHSHORE TINTON FALLS NJ | | 08/14/08 | |

Associated Claims

| 1303931 KAUFMAN, MORRIS | MORRIS KAUFMAN & MIRIAM KAUFMAN 9421 SUNRISE LAKES BLVD #205 SUNRISE FL | | 08/30/08 | |

Associated Claims

| 842 KAYYEM, JON | JON KAYYEM (IFIN, LP & HI CHARITABLE REM) 1137 PARKVIEW AVENUE PASADENA CA | ( )  - (626) 584-5900 (W) | 08/21/08 | |

Associated Claims

| 1285930 KEATING, JEAN A | JEAN A KEATING CHARLES SCHWAB & CO INC CUST 3494 MONTE HERMOSO UNIT P LAGUNA WOODS CA | | 09/02/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  17   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1412620 KELLEY, HERBERT | HERBERT L KELLEY<br>TRADITIONAL IRA<br>20476 TIMBERLINE CT<br>BEND OR | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1412619 KELLEY, JOAN | JOAN KELLEY<br>TRADITIONAL IRA<br>20476 TIMBERLINE CT<br>BEND OR | | 09/17/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1227853 KERR, CLARK R | CLARK R KERR &<br>BILLIE S KERR JTTEN<br>9260 E SUMMER TRAIL<br>TUCSON AZ | | 08/30/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1328460 KESEY, RAY | RAY KESEY<br>367 EMMA CALL COURT<br>DECATUR TX | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1452394 KISSELL, DONALD | DONALD A. KISSELL<br>CGM IRA ROLLOVER CUSTODIAN<br>PM ACCOUNT<br>7019 REED COURT<br>ARVADA CO | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1059079 KNEGO, BARBARA | BARBARA J KNEGO TTEE<br>GEORGE J KNEGO MARITAL TR U/A<br>DTD 04/09/1991<br>601 VAN NESS #232<br>SAN FRANCISCO CA | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1309307 KORTE, RUTH & G | RUTH KORTE & GERALD KORTE<br>KORTE FAMILY TRUST OF 1988<br>185 SKYWAY<br>VALLEJO CA | | 09/02/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1228495 KOUBA, NORMAN R | A G EDWARDS & SONS C/F NORMAN R KOUBA IRA ACCOUNT 1603 SHADYBROOK ROAD WILMINGTON DE | | 09/04/08 | |

Associated Claims

| 1020017 KURZAWA, WALTER | WALTER B KURZAWA 50 LACEY RD APT A-124 WHITING NJ | | 08/05/08 | |

Associated Claims

| 1305759 LAMBERT, ORETHA | ORETHA L LAMBERT LAMBERT 1996 UNIT TRUST 975 VISTA DE LA MESA DR SANTA BARBARA CA | | 08/30/08 | |

Associated Claims

| 1188799 LAWRENCE, PAULA | FMT CO CUST IRA FBO PAULA A LAWRENCE 605 MELDAHL LN NORTHFIELD MN | | 09/03/08 | |

Associated Claims

| 1281167 LE, HUYEN | HUYEN LE & THUONG DANG 1121 DONAHUE DR PLEASANTON CA | | 09/08/08 | |

Associated Claims

| 1229241 LEADERS, MARY L | MARY LOU LEADERS TOD ACCOUNT 1014 WARWICK COURT SUN CITY CNTR FL | | 09/11/08 | |

Associated Claims

| 1020870 LEIDECKER, GEOR | GEORGE LEIDECKER 33734 GROVEMORE RD CAPE VINCENT NY | | 08/30/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1020900 LEMERT, ABNER B | ABNER B LEMERT & ANN A LEMERT JT TEN, 602 EAGLE RD CEDAR VALE KS | | 09/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1073571 LIEBELT, DEVONN | MS&CO C/F DEVONNE JEAN LIEBELT ACCESS ACP-S IRA ROLLOVER  DATED 03/24/95 3337 SOUTH RAMONA DR SANTA ANA CA | | 08/14/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1021415 LITTLE, DOLORES | DOLORES M LITTLE NORTH HILLS APT 150 532 JANEWAY DR NORRISTOWN PA | | 08/18/08 | |

Associated Claims

1809170  DOLORES M LITTLE TOD SUSAN J LITTLE SUBJECT

| | | | | |
|---|---|---|---|---|
| 25191 LOMBARDI, CELIA | MLPF&S CUST FPO CELIA M LOMBARDI IRA FBO CELIA M. LOMBARDI 719 PA WALKER ROAD LEESBURG FL | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1152257 LUDWIG JR, GLEN | GLENN W LUDWIG JR 2810 LOCKPORT ROAD SANBORN NY | | 08/25/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2357 LUETKE, ARTHUR | ARTHUR F. LUETKE, TTEE WILLIAM V. LUETKE TRUST 4914 MCDANIEL LANE MC FARLAND WI | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1478340 LUKE, EDWARD C | EDWARD C  LUKE AND BARBARA J  LUKE JTWROS MDA ACCOUNT 2246 WOODBLUFF WAY AUGUSTA GA | | 09/15/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  20   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1107050 LYNN, JANET W | JANET W LYNN<br>2626 E AURORA RD<br>APT V-109<br>TWINSBURG OH | | 09/18/08 | |

Associated Claims

| 1022037 MAC, LAIYING | LAIYING MAC<br>2913 SURFRIDER AVE<br>VENTURA CA | | 09/22/08 | |

Associated Claims

| 1142149 MACERATA, DOMEN | MS&CO C/F<br>DOMENICA M MACERATA<br>MGD IRA STANDARD   DATED 09/30/97<br>1704 WEST 39TH STREET<br>ERIE PA | | 08/20/08 | |

Associated Claims

| 1462152 MADDEN, ADELE G | ADELE G MADDEN<br>NWQ INVESTMENT ACVE<br>14 FALCONBRIDGE DRIVE<br>PITTSFORD NY | | 09/17/08 | |

Associated Claims

| 1022316 MAKI SR, WILLIA | WILLIAM H MAKI SR &<br>FLORA R MAKI JT TEN,<br>7261 SCARLET OAK DRIVE<br>ROANOKE VA | | 07/31/08 | |

Associated Claims

| 1479905 MAMLIN, BETTY J | BETTY JEAN MAMLIN TTEE<br>FBO BETTY JEAN MAMLIN<br>U/A/D 9/7/93<br>625 BILTMORE WAY #603<br>CORAL GABLES FL | | 09/18/08 | |

Associated Claims

| 1278680 MANN, GORDON K | GORDON K MANN<br>GORDON K MANN REVOCABLE<br>TRUST<br>PO BOX 211<br>BARTLETT NH | | 09/09/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1061053 MARPLE, EVA M | EVA M MARPLE, TTEE<br>EUGENE F & EVA MARPLE FAMILY<br>TRUST<br>1065 RIKER ST<br>UNIT 5<br>SALINAS CA | | 09/18/08 | |

Associated Claims

| 1364576 MARTINO, JOSEPH | JOSEPHINE J MARTINO<br>NWQ MANAGED<br>6577 CHESAPEAKE RUN<br>CINCINNATI OH | | 09/13/08 | |

Associated Claims

1364506  JOSEPHINE J MARTINO WELLS FARGO MANAGED

| 1455742 MATEO, AIDA | AIDA MATEO<br>205 WEST END AVE<br>APT 11 F<br>NEW YORK NY | | 09/17/08 | |

Associated Claims

1455743  AIDA MATEO FS-RITTENHOUSE/LG CAP GWTH BAL

| 1023028 MATRIX CAPITAL | MATRIX CAPITAL BANK<br>NKA UNITED WESTERN BANK<br>700 17TH ST, SUITE 2100<br>ATTN: DENNIS SANTISTEVAN<br>DENVER CO | | 08/22/08 | |

Associated Claims

| 1030682 MAYER, ROLF | ROLF MAYER & ROSE C MAYER<br>TR UA 09/26/90 THE ROLF MAYER<br>REVOCABLE TRUST,<br>550 COEUR DE ROYAL 103<br>ST LOUIS MO | | 09/11/08 | |

Associated Claims

1314846  ROLF MAYER & ROSE C MAYER ROLF MAYER REVOCA

| 1023205 MAZZONE, LYNNE | LYNNE J MAZZONE<br>6700 S BRAINARD AVE APT 330<br>COUNTRYSIDE IL | | 08/01/08 | |

Associated Claims

| 1384179 MCCLUNEY, MARY | MARY ANN MCCLUNEY<br>80 CRESTLINE RD<br>STRAFFORD PA | | 09/15/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1023460 MCDONALD, MARY | MARY E MCDONALD<br>2923 WAGON WAY<br>GRAND JCT CO | | 08/05/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1527716 MCGILL, THEODOR | THEODORA MCGILL  TTEE<br>FBO THEODORA MCGILL<br>U/A/D 12/18/01<br>PM ACCOUNT<br>3909 17TH ST, NE<br>WASHINGTON DC | | 09/16/08 | |

Associated Claims

1527717  THEODORA MCGILL CGM IRA CUSTODIAN

| | | | | |
|---|---|---|---|---|
| 1179890 MCMINN, J C | J C MCMINN IRA<br>RAYMOND JAMES & ASSOC INC CSDN<br>2809 LYNN ST<br>NEWPORT AR | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1343251 MECARO, LOUIS J | LOUIS J MECARO<br>PO BOX 375<br>BEAVER PA | | 09/16/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1024162 METCALF, ROY L | ROY L METCALF &<br>MARGUERITE G METCALF JT TEN,<br>2545 S W TERWILLIGER BLVD<br>APT 520<br>PORTLAND OR | | 08/02/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2517 MILLER, PHYLLIS | PHYLLIS M  MILLER, TTEE<br>FAMILY TRUST<br>5645 BUYSERIE ROAD, NE<br>SAINT PAUL OR | | 09/23/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1024609 MILSON, ELAINE | ELAINE MILSON<br>THE MILSON TRUST U-A 02-7-90<br>221 ROSEMONT<br>GREEN BAY WI | | 08/04/08 | |

Associated Claims

**Timely Requests for Exclusion**
FANNIE MAE SECURITIES LITIGATION

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1254767 MORGAN, ALICE H | ALICE H MORGAN, TTEE<br>MORGAN FAMILY REV LIVING TRUST<br>4917 RAVENSWOOD DR<br>APT 561<br>SAN ANTONIO TX | | 09/11/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1025247 MORROW, DAVID | DAVID MORROW +<br>MILDRED MORROW JT TEN,<br>PO BOX 725<br>HEBRON OH | | 09/19/08 | |

Associated Claims

1415065  DAVID MORROW 460 OLD RANCH ROAD

| | | | | |
|---|---|---|---|---|
| 1301387 MORTON, MARYANN | MARYANNE MORTON<br>CHARLES SCHWAB & CO INC CUST<br>1103 LINN DR<br>CARLISLE PA | | 09/22/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1277893 MUELLER, GERALD | GERALD C MUELLER &<br>BARBARA J MUELLER<br>1418 MAYFAIR<br>CHAMPAIGN IL | | 09/05/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1025486 MULLEN, SYLVIA | SYLVIA MARY MULLEN<br>205 COUNTRY CLUB RD<br>CRESSON PA | | 08/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1146866 MURBACH, NELLE | NELLE R. MURBACH AND<br>JOHN R. MURBACH JTWROS<br>1441 PARKSIDE DRIVE<br>ALLIANCE OH | | 08/14/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1356559 MURPHY, LAURA H | LAURA H MURPHY<br>1448 PRAIRIE LANE<br>DERBY KS | | 09/15/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1025680 MUTH, BONNIE L. | BONNIE L MUTH<br>CUST MEGHAN ELIZABETH MUTH<br>UTMA KS,<br>3930 E BLAKE<br>WICHITA KS | | 08/07/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1022884 NASH, MARY D | MARY D NASH<br>TR UA 10/30/87 MARY D NASH REV<br>LIVING TRUST<br>1400 NE 2ND AVE, APT 1410<br>PORTLAND OR | | 09/15/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1273115 NONNEMAN, ELAIN | ELAINE M NONNEMAN<br>500 WALL ST APT 1615<br>SEATTLE WA | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1273830 NOREM, ELSIE J | ELSIE J NOREM<br>THE NOREM FAMILY TRUST<br>3591 SACRAMENTO DR<br>APT 3<br>SN LUIS OBISP CA | | 09/03/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1026798 OKEEFE, GLORIA | GLORIA J OKEEFE &<br>TIMOTHY J OKEEFE JT TEN,<br>5732 TIGER WOODS DR<br>MILTON FL | | 08/30/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1026867 OLIVA, EURICO & | EURICO & OLGA M OLIVA<br>19 FAIRMONT DRIVE<br>DANBURY CT | | 09/12/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2309 O'NEIL, THOMAS | THOMAS D O'NEIL TTEE<br>2323 LANCASTER RD<br>AKRON OH | | 09/23/08 | |

Associated Claims

EXC1T
EXC1T020
Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION
Page 25   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1409783 ORSA, PAULA E | PAULA E ORSA<br>MGD A/C - RORER (B)<br>4116 NEOSHO AVENUE<br>LOS ANGELES CA | | 09/15/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2016 PALESCANDOLO, V | VERONICA E PALESCANDOLO<br>58 LOWERY LANE<br>MENDHAM NJ | | 09/20/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1437667 PAPPAS, HELEN | HELEN PAPPAS<br>CGM IRA CUSTODIAN<br>3671 BERKSHIRE DR<br>BLOOMFIELD HILLS MI | | 09/16/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1343393 PECK, MARY A | MARY A PECK TTEE<br>MARY A PECK TRUST<br>TRUST DATE 03/31/98<br>PO BOX 53<br>COLUMBIA CT | | 09/19/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1028042 PEPPELL, NEIL E | NEIL E PEPPELL &<br>THERESA A PEPPEL JT TEN.<br>1491 KINGSTREAM DR<br>HERNDON VA | | 09/02/08 | |

Associated Claims

1028041   NEIL E PEPPELL 1491 KINGSTREAM DRIVE       1028043   NEIL E PEPPELL & THERESA A PEPPELL JT TEN.
1028044   TED PEPPELL & THERESA A PEPPELL JT TEN.

| | | | | |
|---|---|---|---|---|
| 1272823 PETERSON JR, ED | EDWARD T PETERSON JR<br>ALICE R PETERSON 1992 IRREVOCA<br>837 PUEBLO DR<br>FRANKLIN LAKES NJ | | 09/20/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1059435 PHIPPEN, DOROTH | DOROTHY E PHIPPEN TTEE<br>THE DOROTHY E. PHIPPEN 2003<br>TRUST<br>U/A DTD 02/04/2003<br>4793 CENTRAL AVE<br>FREMONT CA | | 08/22/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page 26 of 35
13-Nov-08 4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1028523 PINTO, GRACY | GRACY PINTO<br>CUST KEVINA PINTO<br>UTMA CA<br>53 N BLISS AVE<br>CLOVIS CA | | 07/29/08 | |

Associated Claims

| 1028962 PRELLWITZ, MARY | MARY JANE PRELLWITZ<br>998 100TH ST<br>AMERY WI | | 08/06/08 | |

Associated Claims

| 2518 PRUNER, ORIN G | ORIN G PRUNER TTEE & BARBARA A<br>PRUNER TT<br>PRUNER LIVING TRUST<br>78-505 VIA MELODIA<br>LA QUINTA CA | | 09/23/08 | |

Associated Claims

| 2192 PURNELL, JOAN T | JOAN T. PURNELL<br>1030 SCOTT DRIVE<br>#C35<br>PRESCOTT AZ | | 09/22/08 | |

Associated Claims

| 2343 PYNDUS, DOLLIE | DOLLIE T. PYNDUS<br>8631 CEDARBRAKE DRIVE<br>HOUSTON TX | | 09/23/08 | |

Associated Claims

| 1526530 RAHNER, CECILIA | CECILIA A RAHNER<br>LAUREL CAPITAL ADVISORS<br>76 1/2 OCEAN AVE<br>MANASQUAN NJ | | 09/20/08 | |

Associated Claims

1526170   CECILIA A RAHNER 1838 INVESTMENT ADVISORS

| 1526072 RAHNER, ERWIN F | ERWIN F RAHNER<br>76 1/2 OCEAN AVENUE<br>MANASQUAN NJ | | 09/20/08 | |

Associated Claims

1526545   ERWIN F RAHNER 1838 INVESTMENT ADVISORS

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1504532 REA, DARLENE A | DARLENE A REA TTEE<br>FBO REA FAMILY TRUST<br>U/A/D 08/03/99<br>10002 W SANDSTONE DRIVE<br>SUN CITY AZ | | 09/17/08 | |

Associated Claims

| 1029796 REILLY, JOHN | JOHN REILLY<br>263 VOORHIS AVE<br>RIVER EDGE NJ | | 07/28/08 | |

Associated Claims

| 1571411 REYNOLDS, EDITH | EDITH A REYNOLDS<br>FS/OPPENHIEMER CAP-BALANCED<br>302 GARDENIA DRIVE<br>WHITING NJ | | 09/23/08 | |

Associated Claims

| 1571410 REYNOLDS, IVY G | IVY G REYNOLDS<br>FS/OPPENHIEMER CAP-BALANCED<br>302 GARDENIA DRIVE<br>WHITING NJ | | 09/22/08 | |

Associated Claims

| 1166087 RICHARDSON, DIA | DIANE RICHARDSON IRA<br>RAYMOND JAMES & ASSOC INC CSDN<br>3327 DAIRY LOU DR<br>HERNDON VA | | 09/19/08 | |

Associated Claims

| 1030865 ROSENCRANS, THO | THOMAS L ROSENCRANS &<br>CHRISTINE A ROSENCRANS JT TEN.<br>13505 GERTRUDE ST<br>OMAHA NE | | 07/30/08 | |

Associated Claims

| 1105900 ROSS, DONALD M | DONALD M ROSS TTEE<br>DONALD M ROSS REV TRUST U/A<br>DTD 08/10/2000<br>1271 WASHINGTON RD<br>ROCHESTER HLS MI | | 08/18/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  28   of   35
13-Nov-08  4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1133957 RUDD, SHIRLEY A | MS&CO C/F<br>SHIRLEY ANNE RUDD<br>IRA STD/ROLLOVER DTD 03/09/04<br>11852 GARNET CIRCLE<br>GARDEN GROVE CA | | 08/25/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1090228 RUPEL, DOROTHY | DOROTHY D RUPEL TTEE<br>THE THEODORE J RUPEL &<br>DOROTHY D RUPEL TR DTD 5/5/95<br>7838 E JEFFERSON AVE<br>DENVER CO | | 08/18/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1090226 RYDEN, CAROL E | MS&CO C/F<br>CAROL E RYDEN<br>IRA STANDARD  DATED 03/08/95<br>11608 MARION ST<br>NORTHGLENN CO | | 08/20/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1371703 SCHERMER, HILAR | HILARY R SCHERMER OR<br>JOHN R SCHERMER  CO-TRUSTEES<br>U/W ALFRED B SCHERMER DTD<br>011983 FBO JOHN R SCHERMER TR<br>169-F TREASURE WAY<br>SAN ANTONIO TX | | 09/19/08 | |

Associated Claims

1399481   HILARY R SCHERMER OR MARILYN S. TESSMER CO-

| | | | | |
|---|---|---|---|---|
| 1238413 SCHMIDT, ALMA | ALMA SCHMIDT TTEE<br>VICTOR LANGENBERG TRUST<br>U/A DTD 2/25/85<br>3394 COUNTY RD<br>227<br>FULTON MO | | 09/15/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1401585 SCHNEIDER, JACK | JACK R SCHNEIDER<br>IRA ROLLOVER<br>9355 ADMIRAL LOWELL PLACE NE<br>ALBUQUERQUE NM | | 09/18/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1032098 SCHNEIDER, SHER | SHERRILL L SCHNEIDER<br>17303 LONGVIEW DR<br>SMITHFIELD VA | | 08/07/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1400129 SCHWABENLAND, H | HAROLD F. SCHWABENLAND & VIOLET L. SCHWABENLAND CO-TTEES FBO SCHWABENLAND FAMILY TRUST U/A/D 10/19/88 1300 MAYFIELD RD #61A SEAL BEACH CA | | 09/19/08 | |

Associated Claims

| 1032354 SCOTT, HUGH A | HUGH A SCOTT 81 WOODLAWN LANE NORTH AUGUSTA SC | | 07/30/08 | |

Associated Claims

| 1412618 SEIDEL, EMIL C | EMIL C SEIDEL & JEAN B SEIDEL, TRUSTEES FOR THE SEIDEL REVOCABLE FAMILY TRUST U/A/D 10/31/88 21115 WILDERNESS WAY BEND OR | | 09/20/08 | |

Associated Claims

| 1329767 SHAFFER, MARLIN | MARLIN R SHAFFER TOD SUBJECT TO STA TOD RULES 1957 HUBBARD AVE SALT LAKE CITY UT | | 09/13/08 | |

Associated Claims

| 1508941 SHAFFER, MARY L. | MARY LOU SHAFFER CGM IRA CUSTODIAN MANAGED ACCT (NFJ) 2977 CALLE GAUCHO SAN CLEMENTE CA | | 09/20/08 | |

Associated Claims

| 1032783 SHARP, JAMES H | JAMES H SHARP & LIDA E SHARP JT TEN, RR 1 BOX 162 NORTON KS | | 07/30/08 | |

Associated Claims

| 1032903 SHELLEY, FLOREN | FLORENCE D SHELLEY 14 BROOKRIDGE NEW ROCHELLE NY | | 09/04/08 | |

Associated Claims

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1265854 SIGAFOOS, CORIN | CORINNE BALDWIN SIGAFOOS & ANN S DUNCAN 2154 RIVER CLIFF DRIVE ROSWELL GA | | 09/10/08 | |

Associated Claims

| 1165064 SIPPERLY, DAVID | DAVID V SIPPERLY 68 EMMETT LN WAKEFIELD RI | | 09/15/08 | |

Associated Claims

| 1239643 SMALL, BARTON L | A G EDWARDS & SONS C/F BARTON L SMALL IRA ACCOUNT 14725 DAUGHERTY ROAD FOLEY AL | | 09/03/08 | |

Associated Claims

| 1239640 SMALL, CATHERIN | A G EDWARDS & SONS C/F CATHERINE E SMALL IRA ACCOUNT 14725 DAUGHERTY ROAD FOLEY AL | | 09/03/08 | |

Associated Claims

| 1273613 SMALLFELT, ELIZ | ELIZABETH S SMALLFELT 2930 COWLEY WAY UNIT 207 SAN DIEGO CA | | 09/04/08 | |

Associated Claims

| 1033669 SMITH, DARLENE | DARLENE F SMITH 109 CHARTSEY STREET UPPER MARLBORO MD | | 08/05/08 | |

Associated Claims

| 1336043 SMITH, DOROTHY | DOROTHY ELIZABETH WILBER SMITH PAG/IAS/SELIGMAN 9204 LINKMEADOW DRIVE AUSTIN TX | | 09/15/08 | 281-05339 |

Associated Claims

1592007   DOROTHY ELIZABETH WILBER SMITH PAG/IAS/SELI   1592008   DOROTHY ELIZABETH WILBER SMITH PAG/IAS/ROXB

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1547883 SNYDER, WILLIAM | WILLIAM L. SNYDER<br>CGM IRA CUSTODIAN<br>815 TWIN OAKS DRIVE<br>HUMMELSTOWN PA | | 09/16/08 | |

Associated Claims

| 1078357 SOCHA, LAWRENCE | MS&CO C/F<br>LAWRENCE SOCHA<br>IRA ROLLOVER  DATED 09/13/00<br>708 HINMAN DRIVE UNIT 148<br>BIRCHWOOD WI | | 08/19/08 | |

Associated Claims

| 2526 SPAULDING, POLL | POLLY WARD SPAULDING<br>PO BOX 2336<br>NEW LONDON NH | | 09/23/08 | |

Associated Claims

| 1064019 SPEARS, AUDIE | MORGAN STANLEY DW INC CUST FOR<br>AUDIE SPEARS<br>IRA STANDARD  DATED 05/19/99<br>4707 NORTHGLEN STREET<br>GRANITE BAY CA | | 08/12/08 | |

Associated Claims

| 1122945 STEARN, KENNETH | KENNETH STEARN &<br>MAXINE STEARN JT TEN<br>32 INDEPENDENCE DRIVE<br>E BRUNSWICK NJ | | 08/12/08 | |

Associated Claims

| 1306636 STEINLE, PATRIC | PATRICIA L STEINLE<br>CHARLES SCHWAB & CO INC CUST<br>1516 BRIMFIELD DR<br>SEWICKLEY PA | | 09/09/08 | |

Associated Claims

| 1131861 STINSON, A DONA | MORGAN STANLEY DW INC CUST FOR<br>A DONALD STINSON<br>IRA ROLLOVER  DATED 07/26/04<br>944 SOUTH OLD CENTRAL RD<br>GREENVILLE AL | | 09/19/08 | |

Associated Claims

| | Timely Requests for Exclusion<br>FANNIE MAE SECURITIES LITIGATION | | | Page 32 of 35<br>13-Nov-08 4:06 PM |

| IdNo Description | Name/Address | Phone No | Postmark<br>Date | Acct No |
|---|---|---|---|---|
| 1252853 STONAKER, CLYDE | CLYDE HAMPSON STONAKER &<br>MARY CATHERINE STONAKER TTEES<br>U/A DTD 7/6/98<br>STONAKER FAMILY LIVING TRUST<br>2900 DEAN DR<br>FT COLLINS CO | | 08/30/08 | |

Associated Claims

| 1241010 STUART, MYREE L | MYREE L STUART<br>P.O. BOX 12<br>HAYES VA | | 09/05/08 | |

Associated Claims

| 1168533 SUMMERS, JERRY | JERRY L SUMMERS IRA<br>RAYMOND JAMES & ASSOC INC CSDN<br>40 HEBRON COURT<br>P O BOX 76<br>ELK MILLS MD | | 09/02/08 | |

Associated Claims

| 1287095 SUTTON, JESSE T | JESSE TUCKER SUTTON<br>JESSE TUCKER SUTTON REVOCABLE<br>144 W MAIN ST<br>PO BOX 38<br>NEW MARKET MD | | 09/16/08 | |

Associated Claims

| 1181915 TASSELL, ANNA L | ANNA L TASSELL TTEE<br>ANNA L TASSELL TRUST<br>MARSICO<br>2575 HARKNESS ST<br>SACRAMENTO CA | | 08/30/08 | |

Associated Claims

| 1113288 TEFFT, ELEANOR | ELEANOR W TEFFT<br>30 GOVERNORS WAY<br>UNIT 559<br>TOPSHAM ME | | 08/20/08 | |

Associated Claims

| 1036385 TOWNSEND, JEAN | JEAN ELLEN TOWNSEND<br>2330 MAPLE RD APT 196<br>WILLIAMSVILLE NY | | 09/06/08 | |

Associated Claims

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1272174 TROMBORG, EVELY | EVELYN R TROMBORG, TTEE<br>ERIK T TROMBORG FAMILY TRUST<br>9930 COLUMBUS AVE S<br>BLOOMINGTON MN | | 09/11/08 | |

Associated Claims

| 1036648 TUCK, HAROLD JO | HAROLD JOHN TUCK<br>C/O NZ GUARDIAN TRUST CO LTD<br>PO BOX 1934<br>AUCKLAND NZL 1015 | | 09/05/08 | |

Associated Claims

| 1036867 UMPHRES, T E | T E UMPHRES &<br>LILLIAN G UMPHRES JT TEN,<br>12128 HIBLER DR<br>CREVE COEUR MO | | 08/05/08 | |

Associated Claims
1036868   T EDWARD UMPHRES + LILLIAN G UMPHRES JT TEN

| 1036988 UZYCH, LEO UZYC | LEO UZYCH TOD EVA UZYCH<br>SUBJECT TO STA TOD RULES,<br>103 CANTERBURY DRIVE<br>WALLINGFORD PA | | 07/29/08 | |

Associated Claims

| 1330143 VAN DONGE, MARY | MARY KAY VAN DONGE, ROTH IRA<br>SCOTTRADE INC CUST<br>1006 KATHY'S PL<br>ELK CITY OK | | 09/10/08 | |

Associated Claims
1331036   MARY KAY VAN DONGE, IRA SCOTTRADE INC CUST       2016140   MARY KAY VAN DONGE, IRA PERSING LLC AS CUST

| 2279 WADE, ROBERT R | ROBERT R. WADE<br>265 WINDWOOD CIRCLE<br>SEQUIN TX | | 09/22/08 | |

Associated Claims

| 2491 WALSH, JAMES C | JAMES C. WALSH<br>8073 STATE ROUTE 17C<br>ENDICOTT NY | | 09/23/08 | |

Associated Claims

EXC1T
EXC1T020

Timely Requests for Exclusion
FANNIE MAE SECURITIES LITIGATION

Page  34   of   35
13-Nov-08   4:06 PM

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct  No |
|---|---|---|---|---|
| 1301359 WEAVER, MARY | MARY WEAVER<br>CHARLES SCHWAB & CO INC CUST<br>1655 DUSTIN CADE DR<br>NEW BRAUNFELS TX | | 09/03/08 | |

Associated Claims

| 1038134 WEBB, RICHARD W | RICHARD W WEBB &<br>MARY A WEBB JT TEN,<br>5970 MONTEREY CT<br>FAYETTEVILLE NC | | 08/08/08 | |

Associated Claims

| 1869 WETEKAMM, JULES | JULES WETEKAMM<br>820 S ORLANDO AVE<br>APT B<br>COCOA BEACH FL | | 09/15/08 | |

Associated Claims

| 1077662 WINDER, DAVID A | DAVID A WINDER TTEE<br>DAVID A WINDER TRUST<br>DTD 3/31/89<br>1610 S POMONA C-13<br>FULLERTON CA | | 09/02/08 | |

Associated Claims

| 1244797 WOLFF, NANCY J | NANCY J WOLFF TTEE<br>NANCY J WOLFF REV LVG<br>TRUST U/A DTD 2/10/93<br>SEL ADV/CAPSTONE<br>3732 CADBURY CIRCLE<br>VENICE FL | | 08/30/08 | |

Associated Claims

| 1316534 YOSHIYAMA, SUEK | SUEKO & TAKEO YOSHIYAMA<br>YOSHIYAMA FAMILY TRUST<br>1277 HILLSIDE ST<br>MONTEREY PARK CA | | 09/10/08 | |

Associated Claims

| 2190 YOUNG, ANNE & D | DONALD N  YOUNG & ANNE L<br>YOUNG JTWROS<br>6028 INDRIO RD M3<br>FORT PIERCE FL | | 09/18/08 | |

Associated Claims

EXC1T                         Timely Requests for Exclusion                    Page  35    of    35
EXC1T020                  FANNIE MAE SECURITIES LITIGATION                     13-Nov-08   4:06 PM

|  |  |  | Postmark |  |
| IdNo Description | Name/Address | Phone No | Date | Acct  No |
| 1040230 ZIMPEL, SHIRLEY | SHIRLEY A ZIMPEL | | 08/21/08 | |
| | 12303 LAKEWOOD CT | | | |
| | FORT MYERS FL | | | |

Associated Claims

Total 239

| EXC1L | EXC1L | | | Page 1 of 5 |
| EXC1L023 | FANNIE MAE SECURITIES LITIGATION | | | 28-Oct-08 5:41 PM |

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2661 ANADARKO PETROL | ANADARKO PETROLEUM CORPORATION P.O. BOX 1330 HOUSTON TX 77251 | | 10/13/08 | |

Associated Claims

| 2505 ARNSMAN, VIVIAN | VIVIAN ARNSMAN 2968 134TH AVENUE HOPKINS MI 49328 | | 09/24/08 | |

Associated Claims

| 2523 BARR, J. CHARLE | J. CHARLES E. BARR 222 PEDDLERS ROAD GUILFORD CT 06437 | | 09/24/08 | |

Associated Claims

| 2528 BEEKMAN, DIANA | DIANA M. BEEKMAN 184 LINCOLN PLACE BROOKLYN NY 11217 | | 09/29/08 | |

Associated Claims

| 2595 BOYLE, JOSEPH T | JOSEPH T. BOYLE 156 CHESHIRE WAY NAPLES FL 34110 | | 10/02/08 | |

Associated Claims

# EXHIBIT D

EXC1L
FANNIE MAE SECURITIES LITIGATION

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2597 CARPENTER, ROYA | ROYAL E CARPENTER 967-3 SHIMONOMOTO HIGASHI-MATSUYAMA-SHI SAITAMA-KEN | | 09/30/08 | |

Associated Claims

| 1562797 CARTER, MARJORI | MARJORIE L CARTER 3319 W 23RD AVE SPOKANE WA 99224 | | | |

Associated Claims

| 1341817 CHILDS JR, DENN | DENNIS A CHILDS JR FRANCES S CHILDS JTWROS 1116 FEARRINGTON POST PITTSBORO NC 27312 | | 09/29/08 | |

Associated Claims

| 1420058 CORLEY, DEBRA | DEBRA CORLEY 7 HARVANN RD NORWALK CT 06850 | | 09/24/08 | |

Associated Claims

| 2527 GEIGER, FRANK M | FRANK M. GEIGER 517 ARNOLD STREET APT. 1 PHILADELPHIA PA 19111 | | 09/27/08 | |

Associated Claims

| EXC1L | EXC1L | | | | Page 3 of 5 |
|---|---|---|---|---|---|
| EXC1L023 | FANNIE MAE SECURITIES LITIGATION | | | | 28-Oct-08 5:41 PM |

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 1538019 KELTS, DONALD I | DONALD I KELTS<br>CGM IRA CUSTODIAN<br>14016 SE 283RD PL<br>KENT WA 98042 | | 10/09/08 | |

Associated Claims

| 2503 MCCARTHY, VIRGI | VIRGINIA V. MCCARTHY<br>150 OVERTON DRIVE<br>ATLANTA GA 30342 | | 09/24/08 | |
|---|---|---|---|---|

Associated Claims

| 1023642 MCKEOWN, RACHEL | RACHEL MCKEOWN<br>1315 CENTENNIAL DR SE<br>SALEM OR 97302 | | 09/26/08 | |
|---|---|---|---|---|

Associated Claims

| 2520 MILORD, PAUL J. | PAUL J. MILORD<br>3114 OLIVE ROAD<br>HOMEWOOD IL 60430 | | 09/24/08 | |
|---|---|---|---|---|

Associated Claims

| 2508 MORRIS, JAMES F | JAMES F & PAULA T MORRIS<br>5236 SILVER RUN LANE<br>SALISBURY MD 21801 | | 09/24/08 | |
|---|---|---|---|---|

Associated Claims

**EXC1L**

**FANNIE MAE SECURITIES LITIGATION**

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2522 MORRIS, TAYLOR | TAYLOR P. MORRIS<br>10232 ROCKVILLE PIKE<br>ROCKVILLE MD 20852 | | 09/26/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2646 OTTERSEN SR, WI | WILLIAM OTTERSEN SR.<br>4 MOUNTAIN LAUREL RDG<br>UNCASVILLE CT 06382 | | 10/08/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1167526 R, FREDERICK | FREDERICK R ANDERSON IRA(RFS)<br>RAYMOND JAMES & ASSOC INC CSDN<br>5466 LAMBERT TOWN RD<br>BRIDGEWATER VA 22812 | | 09/24/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2530 ROBINSON, RICHA | RICHARD ROBINSON<br>3927 DUNN STREET<br>GROVES TX 77619 | | 09/26/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1201801 ROMANA, NATALIA | NATALIA ROMANA CUST<br>LARYSSA HUSIAK UTMA CA<br>2126 38TH ST<br>ASTORIA NY 11105 | | 09/25/08 | |

Associated Claims

| EXC1L | EXC1L | | Page 5 of 5 |
| EXC1L023 | FANNIE MAE SECURITIES LITIGATION | | 28-Oct-08  5:41 PM |

| IdNo Description | Name/Address | Phone No | Postmark Date | Acct No |
|---|---|---|---|---|
| 2529 SEALOVER, ARLEN | ARLENE SEALOVER<br>COUNTRY MEADOWS #1054<br>4905 EAST TRINDLE ROAD<br>MECHANICSBURG PA 17050 | | 09/29/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2622 TRSTENSKY, FRAN | FRANK G TRSTENSKY<br>520 SOUTH 2ND ST<br>APT 508<br>SPRINGFIELD IL 62701 | | 10/07/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 2521 WHITEWATER ROCK | WHITEWATER ROCK & SUPPLY<br>PROFIT SHARING/401K PLAN<br>IRENE BANKUS, TRUSTEE<br>58645 OLD HIGHWAY 60<br>WHITEWATER CA 92282 | | 09/25/08 | |

Associated Claims

| | | | | |
|---|---|---|---|---|
| 1588390 ZAHN, EDWARD L | EDWARD L ZAHN &<br>MARY JANE ZAHN CO-TTEES<br>EDWARD L & MARY JANE ZAHN REV<br>TRUST<br>U/A DTD 8-15-97<br>8103 ROBINBROOK ST<br>RICHLAND MI 49083 | | 09/25/08 | |

Associated Claims

Total 24