UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) MDL No. 1668 ) |
| In Re Fannie Mae Securities Litigation | ) ) Consolidated Civil Action No.: 1:04-CV-01639 ) Judge Richard J. Leon ) |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT, AND STAYING NON-SETTLEMENT RELATED PROCEEDINGS

This matter comes before the Court on Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, Setting Date for Hearing on Final Approval of Settlement, and Staying Non-Settlement Related Proceedings ("Motion"), and the Stipulation of Settlement dated May 7, 2013 ("Stipulation") entered into by Lead Plaintiffs with Defendant Federal National Mortgage Association ("Fannie Mae"), Defendant KPMG LLP ("KPMG") (collectively, with Fannie Mae, the "Settling Defendants"), and the Federal Housing Finance Agency ("FHFA") (as Conservator for Fannie Mae).[1] The Court has reviewed the Motion and the Stipulation, and attached exhibits, and finds that the Motion should be granted.

All defined terms used in this Order shall have same meanings as set forth in the Stipulation.

**NOW, THEREFORE,** the Court hereby **ORDERS:**

---

[1] Former individual defendants Franklin Raines, Timothy Howard, and Leanne Spencer (the "Individuals") have been dismissed from this Action. The Individuals are signatories for purposes of the release provisions of the Stipulation, set forth in Paragraph 3 of the Stipulation.

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Settlement Fairness Hearing described below. Therefore, the Motion for Preliminary Approval of the Proposed Settlement is GRANTED.

2. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on October 31st at 11 a.m. for the following purposes:

   a. To determine whether the proposed Settlement of the Consolidated Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court;

   b. To determine whether a Final Judgment, as defined in the Stipulation, should be entered;

   c. To determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

   d. To determine whether Lead Plaintiffs' application for attorneys' fees and reimbursement of expenses should be approved; and

   e. To rule upon such other matters as the Court may deem appropriate.

3. The Court approves, as to form and content, the Notice and Summary Notice for publication, attached as Exhibit A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and the publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation

Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

4. The Complaint was commenced after February 18, 2005. The Court directs the Settling Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 US.C. §1715. Counsel for Settling Defendants shall, at or before the Settlement Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5. The firm of The Garden City Group, Inc. ("Claims Administrator") is hereby appointed, under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Fannie Mae shall cooperate, to the extent necessary, in making its transfer records and shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class;

   b. No later than 15 business days after entry of this Order, Lead Counsel shall cause a copy of the Notice, substantially in the form attached as Exhibit A-1, to be mailed by first class mail to all potential Settlement Class Members who can be identified with reasonable effort;

   c. Lead Counsel shall cause the Summary Notice, in substantially the form annexed as Exhibit A-2, to be published once in the Wall Street Journal and over the PR Newswire or similar national business oriented newswire, with such publication completed no later than 2 calendar days after mailing of the Notice; and

3

  d. No later than 14 calendar days before the Settlement Fairness Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

6. Nominees who purchased the securities of Fannie Mae for the beneficial ownership of Settlement Class Members during the Class Period shall send the Notice to all beneficial owners of such Fannie Mae securities within 7 calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within 7 calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

  a. A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked or delivered no later than 175 calendar days after the initial mailing of the Notice. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to

have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonable available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to

        act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    c.  As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

8.    All Settlement Class Members shall be bound by all determinations and judgments in the Consolidated Action concerning the Settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class and have not opted back in.  The persons and entities who requested exclusion from the Class and who have not opted back in will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to the Settling Defendants in the Consolidated Action.

9.    Pending final determination of whether the Stipulation should be approved, Plaintiffs' Counsel, Plaintiffs, and Settlement Class Members are barred and enjoined from commencing or prosecuting any action asserting any Settled Class Claims against any Released Parties, and all further actions in the Consolidated Action unrelated to determination of approval of the Stipulation shall be stayed.

10. Any Settlement Class Member may enter an appearance in the Consolidated Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for the Settling Defendants a notice of such appearance no later than 105 calendar days after entry of this Order. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Lead Counsel shall submit a Fee and Expense Application no later than 70 calendar days after entry of this Order.

12. All papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application shall be filed no later than 70 calendar days after entry of this Order.

13. Any Settlement Class Member may appear and show cause, if he, she, or it has any, why the proposed Settlement should not be approved as fair, reasonable and adequate, why the Plan of Allocation should not be approved as fair and equitable, why Lead Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than 105 calendar days after entry of this Order to each of the following:

CLERK OF THE COURT
United States District Court
District of Columbia
Clerk of the Court
E. Barrett Prettyman United States Courthouse
333 Constitution Ave. NW
Washington, D.C. 2000112

MARKOVITS, STOCK & DeMARCO, LLC
W. B. Markovits, Esq., Joseph Deters, Esq.
119 East Court St., Suite 530
Cincinnati, Ohio 45202
*Plaintiffs' Lead Counsel*

O'MELVENY & MYERS LLP
Jeffrey W. Kilduff
1625 Eye Street NW
Washington, D.C. 20006
*Counsel for Fannie Mae*

GIBSON, DUNN & CRUTCHER LLP
F. Joseph Warin
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
*Counsel for KPMG*

14. Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than 20 calendar days before the Settlement Fairness Hearing.

15. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order(s) of the Court.

16. All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to

become effective, remaining funds shall be handled in accordance with ¶¶ 18, 35 and 36 of the Stipulation.

17.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Settlement Defendants or the other Released Parties, that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of any of the Settlement Defendants or the Released Parties.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

18.  The Court reserves the right to adjourn the date of the Settlement Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Lead Plaintiffs and the Settling Defendants, if appropriate, without further notice to the Settlement Class.

Dated: June 7th, 2013

_____
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

9