UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In re Fannie Mae Securities Litigation | Consolidated Civil Action No. 04-1639 (RJL) |

FILED
DEC 0 6 2013
Clerk, U.S. District and Bankruptcy Courts

## ORDER AND FINAL JUDGMENT
December 5, 2013 [## 1092, 1093]

This matter came before the Court for hearing pursuant to this Court's June 7, 2013 Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, Setting Date for Hearing on Final Approval of Settlement, and Staying Non-Settlement Related Proceedings ("Preliminary Approval Order") [Dkt. # 1090], on the application of the Settling Parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement of Securities Action ("Stipulation"), dated May 7, 2013. The Court held a hearing to consider the applications of the Settling Parties ("Fairness Hearing") on October 31, 2013. Having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.  This Judgment incorporates by reference the definitions in the Stipulation,

and all terms used herein shall have the same meaning as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of the Consolidated Action and all parties to the Consolidated Action, including all Settlement Class Members.

3. The Court finds that due and adequate notice was given in 2008 to potential class members of their right to opt out of the Class. The Court further finds that because all potential class members previously received Court-approved notice over several months in 2008 and were previously afforded the opportunity to opt out of the Class, the parties need not provide potential class members another opportunity to opt out of the Class.

4. The Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and the Fee and Expense Application, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Settlement Class Members:

    a. constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort;

    b. was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) their right to object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (ii) their

right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they were not excluded from the Settlement Class; (iii) their right to opt back into the Settlement Class if they had previously elected to opt out; and (iv) the binding effect of the proceedings, rulings, orders and judgment in this Consolidated Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

   c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

   d. fully satisfied all the applicable requirements of Fed. R. Civ. P. 23, due process, and all other applicable laws.

  5. The Settlement Class excludes those persons who timely and validly filed requests for exclusion from the Class pursuant to Court-approved notice sent to class members in 2008. These persons who previously opted out have had the opportunity to opt back into the Settlement. Persons who filed timely, completed and valid requests for exclusion from the Class and who have not availed themselves of the opportunity to opt back into the Settlement are not bound by this Judgment or the terms of the Stipulation, and may pursue their own individual remedies against Settling Defendants, the Individuals and the other Released Parties. Such persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

  6. Pursuant to Fed. R. Civ. P. 23(e), and for the reasons stated in the accompanying Memorandum Opinion, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable,

and adequate to, and is in the best interests of, Lead Plaintiffs and all Settlement Class Members. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment in this Consolidated Action.

7. This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable for the reasons stated in the accompanying Memorandum Opinion. The Court directs Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

8. This Court, having considered the Fee and Expense Application, hereby awards Plaintiffs' Counsel attorneys' fees equal to 22% of the Settlement Fund (including interest accrued thereon) after other expenses have been deducted, and reimbursement of their out-of-pocket expenses in the amount of $15,294,860.78, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Counsel as provided in the Stipulation. The Court finds, for the reasons stated in the accompanying Memorandum Opinion, that the amount of attorneys' fees awarded herein is fair and reasonable. The Court also finds that the amount of expense reimbursement awarded herein is fair and reasonable as the expenses incurred by

Plaintiffs' Counsel, including the costs of experts, were reasonable and necessary in the prosecution of the Consolidated Action on behalf of Settlement Class Members. The attorneys' fees awarded and expenses reimbursed above shall be paid to Lead Counsel as provided in the Stipulation, for allocation to Plaintiffs' Counsel.

9. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members.

10. All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in the Consolidated Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Lead Plaintiffs' or Plaintiffs' Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice, administration of the Settlement, and payment of Lead Plaintiffs' mediation expenses.

11. Pursuant to Fed. R. Civ. P. 23(c)(3), all Class Members who have not filed timely, completed and valid requests for exclusion from the Class are thus Settlement Class Members who are bound by this Judgment and by the terms of the Stipulation.

12. The Released Parties are hereby released and forever discharged from any and all of the Settled Class Claims and Parties' Released Claims. All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Parties, regardless of whether or not such Settlement Class Member executes a Proof of Claim form. All Settlement Class Members are bound

by paragraph 3 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the claims or allegations of the Consolidated Action or any of the Settled Class Claims or Parties' Released Claims (a) by any person or entity against any of the Released Parties, and (b) by any of the Released Parties against any other person or entity, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable ("Reform Act Bar Order").

14.     If appellate review of the Reform Act Bar Order is sought and on such review the Reform Act Bar Order is vacated, modified or reversed, then the Settling Defendants shall have the right to terminate the Settlement.

15.     The Court hereby dismisses with prejudice the Consolidated Action and all of the Settled Class Claims and Parties' Released Claims against each and all Released Parties and Lead Plaintiffs and without costs to any of the Settling Parties as against the others.

16.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed or may be used as an admission of, or evidence of, the validity of any of the Settled Class Claims, or of any wrongdoing or liability of the Settling Defendants or Individuals; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or Individuals in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreement embodied therein. Released Parties may file the Stipulation and/or this Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.  The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

18.  Without affecting the finality of this Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining application for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all Parties to the Stipulation for the purposes of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

19.  Neither appellate review nor modification of the Plan of Allocation set

forth in the Notice, nor any action in regard to the Fee and Expense Application, shall affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. This Judgment and Order is a Judgment in the Consolidated Action as to all claims asserted. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

_____
RICHARD J. LEON
United States District Judge