# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** ) ) ) | **MDL No. 1668** |
| **In Re Fannie Mae Securities Litigation** ) ) ) ) | **Consolidated Civil Action No.: 1:04-CV-01639** <br> **Judge Richard J. Leon** |

## LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' NOTIFICATION OF FINAL DISTRIBUTION AND MOTION TO AUTHORIZE FEES AND EXPENSES

i

I. **BACKGROUND**

On October 30, 2014, Lead Plaintiffs sought Court approval of the proposed class distribution. [Dkt. Nos. 136 & 136-1]. This Court approved the proposed class distribution on November 10, 2014. [Dkt. No. 1137]. The Court's November 10, 2014 Class Distribution Order ("Distribution Order") permitted distribution of 90% of the Net Settlement Fund to Authorized Claimants. [*Id*. at 3]. The remaining 10% of the settlement funds was held in reserve and would be made payable to such "eligible Claims-in-Process received through and including October 29, 2014" on a *pro rata* basis who were not Claims Paid in Full, and would be distributed through a Reserve Distribution. [*Id*. at 4]. The Court approved the Reserve Distribution on July 6, 2015. Garden City Group ("GCG"), then completed the Reserve Distribution under the Court's July 6, 2015 Reserve Distribution Order.

The November 10, 2014 Distribution Order also calls for a Final Distribution after the Reserve Distribution is complete. [Dkt. 1137, at 6]. Through the Final Distribution, "any funds remaining in the Net Settlement Fund, whether by reason of tax refunds, uncashed checks, or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be redistributed to Authorized Claimants whose claims are not Claims Paid in Full, have cashed their initial distributions, and who would receive at least $10.00 from such redistribution." *Id.* Furthermore, Lead Counsel's additional fees and expenses incurred in the administration of the settlement and executing the any distributions are payable from the Final Distribution. *Id*.

Approximately $10,068,021.08 remains available from the Net Settlement Fund for distribution under the Final Distribution. Plaintiffs request the Court's approval of fees and

expenses in the amount of $16,175.81 so that the Net Settlement Fund, minus these approved fees and expenses, can be distributed through a Final Distribution.

It is likely that after the Final Distribution some amounts will remain in the Net Settlement Fund, primarily by reason of uncashed checks or tax refunds.  Pursuant to the November 10, 2014 Distribution Order, if these amounts are less than $100,000 (after payment of taxes, if any), they will be distributed to a charitable organization designated by Lead Counsel and approved by Settling Defendants and the Court.  *Id.*  If the amounts are more than $100,000, then if cost effective and feasible the claims administrator will make a subsequent distribution. *Id.*

## II.     ARGUMENT

### A. The Court Should Approve Lead Counsel's Additional Fees and Expenses for Administration of the Settlement Fund.

The Distribution Order authorized payment of additional fees and expenses incurred in administering the Final Distribution to Authorized Claimants. [Dkt. 1137, at 4]. Per the Distribution Order, Lead Counsel has incurred additional fees and expenses and submit them for the Court's approval.

Lead Counsel has continued to work on behalf of the Class through administering the Net Settlement Fund, communicating with potential Class Members when requested, working with GCG to answer potential Class Member questions and disputed claims, and maintaining the Fannie Mae email inbox. [Markovits Decl., at ¶9].  Lead Counsel has not been paid for fees and expenses incurred from June 26, 2015 to September 14 29, 2016. During this time, Lead Counsel has incurred $15,360.00 in fees and $815.81 in expenses, totaling $16,175.81, working on behalf of the Class. [*Id.* at ¶8]. Lead Counsel seeks an award of additional fees and expenses in this amount.

2

**VII.    CONCLUSION**

For the foregoing reasons, Lead Plaintiffs respectfully request that this Court issue the accompanying proposed Order granting the relief sought herein.

Respectfully submitted,

MARKOVITS, STOCK & DEMARCO, LLC

s/ W.B. Markovits
W.B. Markovits
s/Joseph T. Deters
Joseph T. Deters
Paul M. De Marco
Christopher D. Stock
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
E-mail: bmarkovits@msdlegal.com
E-mail: jdeters@msdlegal.com
E-mail: pdemarco@msdlegal.com
E-mail: cstock@msdlegal.com

*Special Counsel for the Attorney General of Ohio and Lead Counsel for Lead Plaintiffs*

BERNSTEIN LIEBHARD LLP
Stanley Bernstein
10 East 40th Street
New York, New York 10016
Telephone:  (212) 779-1414
Facsimile: (212) 779-3218
Email:  Bernstein@bernlieb.com
*Special Counsel for the Attorney General of Ohio and Co-Lead Counsel for Lead Plaintiffs*

COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel S. Sommers (D.C. Bar #416549)
1100 New York Avenue, N.W.
Washington, D.C. 20005

Telephone: (202) 408-4600
Facsimile: (202) 408-4699
dsommers@cohenmilstein.com
*Local Counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF.

s/ Daniel S. Sommers
Daniel S. Sommers (D.C. Bar #416549)
COHEN MILSTEIN SELLERS & TOLL PLLC