UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | ) ) ) ) | MDL No. 1668 |
| **In Re Fannie Mae Securities Litigation** | ) ) ) ) ) | Consolidated Civil Action No.: 1:04-CV-01639 Judge Richard J. Leon |

### DECLARATION OF W.B. MARKOVITS IN SUPPORT OF LEAD PLAINTIFFS' NOTIFICATION OF FINAL DISTRIBUTION AND MOTION TO AUTHORIZE FEES AND EXPENSES

I, W.B. Markovits, do hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 the following:

1. I am a partner in the law firm of Markovits, Stock & DeMarco, LLC ("MSD"), Lead Counsel on behalf of the Class in this Consolidated Action.[1]  I am familiar with the facts set forth herein, and if called upon to do so, I could and would testify competently to them.

2. I make this declaration in support of Lead Plaintiffs' Notification of Final Distribution and Motion to Authorize Fees and Expenses.

3. MSD has worked with Garden City Group throughout the claims administration process to ensure claims are processed and Class Member inquiries are addressed.

4. On October 30, 2014, Lead Counsel submitted a Motion for a Class Distribution Order and Response to the Court's October 17, 2014 Order [Dkt. No. 1136]. This Court issued a Class Distribution Order ("Distribution Order") on November 10, 2014 approving Lead Plaintiff's Motion for Class Distribution. [Dkt. No. 1137].

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Stipulation of Settlement of Securities Action filed May 7, 2013 (the "Stipulation") [Dkt. # 1087-1].

1

5. The Court's Distribution Order allowed distribution of 90% of the Net Settlement Fund to Authorized Claimants. [*Id.*, at 3]. The remaining 10% of the Net Settlement Fund was held in reserve to be made payable to "eligible Claims-in-Process received through and including October 29, 2014" on a pro rata basis who were not Claims paid un fill and would be distributed through a Reserve Distribution. [*Id.*, at 4].

6. The Distribution Order notes that "subsequent distributions (if any) will also be used to pay additional approved fees and expenses." [*Id.*, at 4].

7. Also, the Distribution Order directs that a Final Distribution of "any funds remaining in the Net Settlement Fund, whether by reason of tax refunds, uncashed checks, or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be redistributed to Authorized Claimants whose claims are not Claims Paid in Full, have chased their initial distributions, and who would receive at least $10.00 from such redistribution." [*Id.*].

8. From June 26, 2015 through September 14, 2016, MSD incurred $15,360.00 in fees and $815.81 in expenses, for a total of $16,175.81, while administering the settlement and executing distributions. Exhibit A to this Declaration includes MSD invoice for such fees and expenses.

9. MSD has performed the following tasks from June 26, 2015 through September 14, 2016 in administering the settlement: communicated with Class Members regarding the status of the claims and potential distributions, consulted with GCG regarding the status of claims and distribution to Class Members, reviewed inquiries from potential Class Members submitted to MSD via phone and email, tracked distributions made to Authorized Claimants

from the Net Settlement Fund, submitted updates to Lead Plaintiffs, and GCG's recommended distributions, and attended a status conference with this Court.

10. The amount from the Net Settlement Fund available for Final Distribution is approximately $10,068,021.08.

11. GCG is prepared to execute a Final Distribution, but is awaiting this Court's determination of Lead Plaintiffs' Motion to Authorize Fees and Expenses, because any approved fees and expenses will be deducted from the Net Settlement Fund prior to Final Distribution. Lead Counsel will continue to perform services necessary to finalize this settlement distribution, but do not intend to bill for further time and expense unless unexpected circumstances arise that call for significant expenditures

I declare under the penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct. Executed this 22nd day of September, 2016, in Cincinnati, Ohio.

/s/ W.B. Markovits
W.B. Markovits, Esq.